IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CHELSEA L. DAVIS**

v.

**MCKOOL SMITH P.C.; GECESC ASSOCIATES LLC**

Civ. Action No. __14-3962__

TO THE HONORABLE PRESIDING JUDGE:

## TITLE VII COMPLAINT

1. Chelsea L. Davis (hereinafter referred to as "Chelsea Davis") is the attorney issued TX Bar No. 24059652, who timely brought her complaint against MCKOOL SMITH P.C. and GECESC Associates LLC for cause, and now brings this civil action to be set for a complete jury trial. Chelsea Davis is a victim of unlawful sexual harassment and discrimination and files this Title VII Complaint to commence a civil action against McKool Smith P.C. Chelsea Davis does not consent to proceed before a magistrate judge.

2. Attorney TX Bar No. 24059652 has been licensed to practice law in the State of Texas since 2007 and was admitted to practice before the United States District Court for the Northern District of Texas in 2007. Attorney TX Bar No. 24059652 hereby limits the admissibility of statements made pro-se.

3. During Chelsea Davis's employment with McKool Smith P.C. and GECESC Associates LLC, Chelsea Davis was unlawfully sexually harassed to an extreme degree and discriminated against based on her sex. McKool Smith P.C. and GECESC Associates LLC paid her less than

**TITLE VII COMPLAINT**                                                                                                        1

similarly situated males in the same position doing the same work with the same level of experience, which constitutes unlawful wage discrimination. Chelsea Davis timely filed her complaint within one hundred and eighty days of the sexual harassment she experienced by McKool Smith P.C. and GECESC Associates LLC and timely filed her complaint of wage discrimination. She continued to complain about the unlawful hostile work environment to which she was subjected and the sexual harassment she suffered. Title VII and other state and federal laws prohibit McKool Smith P.C.'s wrongful conduct and provide Chelsea Davis with cumulative causes of action and civil remedies.

4. Neither the doctrine of res judicata nor any law, rule or order bars Chelsea L. Davis from litigating the claims asserted herein against McKool Smith P.C. and GECESC Associates LLC. Chelsea Davis pleads the discovery rule as a precaution, as any delay from timely filing to present is due to the misconduct of McKool Smith P.C. and GECESC Associates LLC. This document is to be considered as a whole such that each fact asserted herein supports each claim/complaint/cause of action under Title VII for relief.

5. McKool Smith A PROFESSIONAL CORPORATION is a Texas corporation with a principal place of business at 300 Crescent Court, Ste. 1500, Dallas, TX 75205. Gary Eden is the registered agent at the same address. McKool Smith P.C. has already been served simultaneously with summons and this complaint.

6. GECESC Associates LLC is an entity used by McKool Smith P.C. to avoid liability for sexual harassment claims and maintains an office at the same address. GECESC Associates LLC may be served with summons and complaint simultaneously at the offices of McKool Smith P.C. at 300 Crescent Court, Ste. 1500, Dallas, TX 75205. The identity of GECESC Associates

LLC was previously unknown and was referred to as "BOC."

7. The claims herein raise a federal question jurisdiction pursuant to 28 U.S.C. §1331 because Chelsea Davis asserts claims arising under federal statutes. Wage discrimination, for example, under the Equal Pay Act is a federal question that gives rise to a civil claim for which the law and equity provide Chelsea Davis a right to relief and a civil remedy.

8. McKool Smith P.C. and GECESC Associates LLC have committed acts within the state of Texas and within this judicial district giving rise to this action and each has established minimum contacts with the forum such that the exercise of jurisdiction over each of McKool Smith P.C. and GECESC Associates LLC would not offend traditional notions of fair play and substantial justice.

9. Chelsea Davis exhausted her administrative remedies and filed suit within the statutory limitations period.

10. When Chelsea Davis was working, Samuel Baxter, a shareholder of McKool Smith P.C. and officer of GECESC Associates LLC, came into Chelsea Davis's office and Samuel Baxter forced her to show him her breasts. Samuel Baxter sexually harassed Chelsea Davis and forced her, by force, fraud or coercion, to engage in sexual conduct with him. He forced her to pull down her shirt or pull up her skirt for him to see and touch her as a condition of her employment. Samuel Baxter made unwanted sexual advances toward Chelsea Davis. Chelsea Davis was subjected to a hostile work environment. Chelsea Davis has been segregated, classified, and discriminated against because she is a female.

11. McKool Smith P.C. paid Chelsea Davis less than male employees of McKool Smith P.C. and on a continuing basis. McKool Smith P.C. willfully discriminated against Chelsea Davis by

paying her less than males. McKool Smith P.C. discriminated against Chelsea Davis based on her sex. Chelsea Davis is entitled to recover lost wages, liquidated damages, reasonable costs and all attorneys fees.

12. There is equitable tolling of any statute of limitations with respect to Chelsea Davis's causes of action to the extent any tolling is necessary. Chelsea Davis pleads the discovery rule due to the misconduct of McKool Smith P.C. Chelsea Davis is not precluded from litigating the same causes of action against the same or different actors.

13. The effect of the practices complained of herein has been to deprive Chelsea Davis of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

14. At all material times, McKool Smith P.C. acted, directly or indirectly, in the interest of an employer with respect to Chelsea Davis. At all times, McKool Smith P.C. has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). *See* Fair Labor Standards Act ("FLSA"), 29 U.S.C.S. § 207. At all times, McKool Smith P.C. has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times, McKool Smith P.C. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). At all times, Chelsea Davis was an individual

**TITLE VII COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　4

employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Chelsea Davis has worked for McKool Smith P.C. from within the last two years. Despite misclassifying Chelsea Davis as an independent contractor, McKool Smith P.C. controlled all aspects of Chelsea Davis's work. Specifically, Chelsea Davis was required to wear certain clothing and identify the company name on filings. In addition, McKool Smith P.C. assigned Chelsea Davis's work and her schedule. Chelsea Davis was required to adhere to the schedule McKool Smith P.C. McKool Smith P.C., also dictated the manner in which Chelsea Davis performed her job duties as well as how much Chelsea Davis was to be paid for each job. Chelsea Davis was paid a fixed amount for each job regardless of the number of hours she worked. Chelsea Davis routinely worked over 40 hours per week. However, she was not paid wages and overtime for doing so. McKool Smith P.C. knew that Chelsea Davis worked in excess of 40 hours per week and allowed and directed her to do so. Chelsea Davis is entitled to receive minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 hours per work week.

15.     Title VII makes it illegal for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin [ ] or to limit, segregate, or classify its employees [ ] in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a) (2010). Chelsea Davis is the victim of quid pro quo and hostile work environment sexual harassment and discrimination based on her sex under state and federal law

with respect to her compensation, terms, conditions and privileges of employment.

16. McKool Smith P.C. and GECESC Associates LLC, through its agents, supervisors, or employees violated Chelsea Davis's civil rights in violation of 42 U.S.C. §1981 and Title VII, by discriminating against her with respect to her compensation, terms, conditions, and/or privileges of employment, because of Chelsea Davis's sex, limiting, segregating, or classifying its employees in any way which would deprive or tend to deprive Chelsea Davis of employment opportunities, and otherwise adversely affecting her status as an employee, because of her sex. These violations consisted of discrimination of a continuous nature during her employment with McKool Smith P.C. and GECESC Associates LLC from April 2010 to present. McKool Smith P.C. and GECESC Associates LLC, through its agents, supervisors, and/or employees, discriminated against Chelsea Davis, which led to the loss and impairment in whole or in part, of the wages, benefits, privileges, and/or terms and conditions of employment.

17. Chelsea Davis is an employee within the meaning of Title VII and belongs to a class protected under the statute. 42 U.S.C. § 2000e(f).

18. McKool Smith P.C. is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b).

19. McKool Smith P.C. intentionally discriminated against Chelsea Davis because of her sex in violation of Title VII. 42 U.S.C. § 2000e-2.

20. McKool Smith P.C. as an employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs unlawfully discriminated against Chelsea Davis because of her sex in admission to, or employment in, any program established to provide apprenticeship or other training.

**TITLE VII COMPLAINT** 6

21. McKool Smith P.C. and GECESC Associates LLC willfully discriminated against Chelsea Davis by paying her less than males in her position and denying her wages and promotions on the basis of her sex in violation of the Equal Pay Act. McKool Smith P.C. and GECESC Associates LLC's wage discrimination led to the loss and impairment in whole or in part, of the wages, benefits, privileges, and/or terms and conditions of employment.

22. Chelsea Davis seeks a declaratory judgment of no liability to McKool Smith P.C. and GECESC Associates LLC.

23. McKool Smith P.C. and GECESC Associates LLC's conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Chelsea Davis in her occupation, trade and business. Because of McKool Smith P.C. and GECESC Associates LLC' unlawful conduct, Chelsea Davis has incurred out-of-pocket expenses, which include litigation costs and other expenses.

24. As a direct and proximate result of McKool Smith P.C. and GECESC Associates LLC's conduct, Chelsea Davis suffered:

   a. loss of earnings in the past;
   b. loss of earnings in the future; and
   c. loss of employee entitled benefits.

25. For purposes of an award of exemplary damages based on malice, the wrongful acts of one or more McKool Smith P.C. and GECESC Associates LLC were done maliciously, oppressively, and with the intent to harm Chelsea Davis. Chelsea Davis is therefore entitled to exemplary damages appropriate to punish and set an example of one or more of McKool Smith P.C. and GECESC Associates LLC.

26.    Chelsea Davis demands a jury trial.

27.    WHEREFORE, PREMISES CONSIDERED, Chelsea Davis prays that judgment be entered against McKool Smith P.C. and GECESC Associates LLC for:

    a. Permanent injunction enjoining McKool Smith P.C. and GECESC Associates LLC, its agents, successors, employees, and those acting in consort with McKool Smith P.C. and GECESC Associates LLC from engaging in any employment practice which discriminates on the basis of FMLA needs, disability, sex and race discrimination;

    b. back pay, front pay in lieu of reinstatement, loss of earnings in the past, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

    c. compensatory damages for job search related expenses, lost wages, and lost benefits;

    d. front pay in an amount of $100,000 per month for no less than two years from the date of judgment;

    e. punitive damages;

    f. prejudgment interest to compensate her for the lost use of the money in a damages award during the time lapse between the accrual of Chelsea Davis's claim and the date of the judgment at the maximum rate allowable by law,

    g. postjudgment interest to compensate her for the lost use of the money in a damages award that accrues from the date the judgment is signed until the

    date the judgment is satisfied at the legal rate,

h. court costs, including clerk fees and service fees, court reporter fees, and other costs and attorney fees permitted by law, and

i. such other and further relief to which Chelsea Davis deems herself justly entitled.

        Respectfully submitted,

        /s/Chelsea L. Davis
        Chelsea L. Davis
        TX BAR NO. 24059652
        CHELSEA DAVIS P.C.
        [REDACTED]
        [REDACTED]
        Telephone: (469) 426-5850
        Facsimile: (469) 533-0466
        cdavis@chelseadavispc.com

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHELSEA L. DAVIS

## DEFENDANTS
MCKOOL SMITH P.C.

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
DON COLLELUORI, ERIN DWYER, FIGARI & DAVENPORT LLC
901 Main St. Ste. 3400
Dallas, TX 75202, t. 214-939-2007, f. 214-939-2090

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII and Equal Pay Act
Brief description of cause:
sexual harassment and wage discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 100,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE Hon. Jane Boyle
DOCKET NUMBER 3:14-cv-0056-B

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
/s/Chelsea L. Davis

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| CHELSEA L. DAVIS | ) |
|---|---|
| *Plaintiff* | ) ) ) |
| v. | ) Civil Action No.  14-3962 |
| MCKOOL SMITH P.C.; GECESC ASSOCIATES LLC | ) ) ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MCKOOL SMITH P.C.
300 CRESCENT COURT, STE. 1500
DALLAS, TX 75201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  CHELSEA L. DAVIS
2068 MEADOW VIEW DR.
PRINCETON, TX 75407

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____                                             _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| CHELSEA L. DAVIS<br><br>*Plaintiff*<br><br>v.<br>MCKOOL SMITH P.C.;<br>GECESC ASSOCIATES LLC<br><br>*Defendant* | )<br>)<br>)<br>)  Civil Action No.   14-3962<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* GECESC ASSOCIATES LLC
300 CRESCENT COURT, STE. 1500
DALLAS, TX 75201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  CHELSEA L. DAVIS
2068 MEADOW VIEW DR.
PRINCETON, TX 75407

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____           _____
*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

Chelsea L. Davis
Plaintiff

v.

McKool Smith P.C.; GECESC Assoc. LLC
Defendant

14-3962
Civil Action No.

## CERTIFICATE OF INTERESTED PERSONS
(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

Chelsea L. Davis

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
*Please separate names with a comma. Only text visible within box will print.*

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
*Please separate names with a comma. Only text visible within box will print.*

All shareholders of McKool Smith P.C. and McKool Smith Hennigan P.C.;
Leslie Ware, The Ware Firm LLC, PanOptis IP LLC, PanOptis Patent Management LLC,
Harlan R. Crow.

| | |
|---|---|
| Date: | |
| Signature: | /s/Chelsea L. Davis |
| Print Name: | Chelsea L. Davis |
| Bar Number: | 24059652 |
| Address: | 25 Highland Park Vlg., 100-830 |
| City, State, Zip: | Dallas, TX 75205 |
| Telephone: | 469-426-5850 |
| Fax: | 469-533-0466 |
| E-Mail: | cdavis@chelseadavispc.com |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil/Other Documents/Certificate of Interested Persons

## *Certificate of Service*

On Nov. 7, 2014 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

                                                                                    s/ Chelsea L. Davis