IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:14-cv-03962-P |
| MCKOOL SMITH, P.C., et al., | § § § | |
| Defendants. | § | |

## DEFENDANT'S EMERGENCY MOTION TO SEAL
## AND BRIEF IN SUPPORT THEREOF

Defendant McKool Smith P.C. ("McKool Smith"), files this Emergency Motion to Seal the Complaint in this action [Doc. No. 1], and any subsequent filing by Plaintiff Chelsea L. Davis ("Davis"), and in support thereof, would show the Court the following:

## INTRODUCTION

1. This action is the latest effort in what can only be described as Davis's campaign of litigation extortion. This is at least the *ninth* lawsuit initiated by Plaintiff over the last 15 months against McKool Smith and/or Samuel Baxter ("Baxter"), a McKool Smith shareholder.[1] These lawsuits are nothing more than a thinly-disguised effort to blackmail McKool Smith and Baxter, among others, with the threat of public defamation by her false and lurid allegations. For the most part, as soon as McKool Smith or Baxter responded in some manner to Davis's various filings, she voluntarily dismissed her claims only to re-file them a short time later, either in the same or a

---

[1] Davis also recently filed an arbitration against McKool Smith and GECESP Associates, LLC ("GECESP"), as well as a wage claim with the Texas Workforce Commission against GECESP.

1

different court. This abuse of the legal system by Davis ultimately resulted in the entry of an order of sanctions by the 298th Judicial District Court of Dallas County in December 2013 in one of the multiple suits she has filed against McKool Smith. Specifically, the 298th District Court (a) awarded McKool Smith $10,000 in monetary sanctions and $65,000 in attorneys' fees, and (b) dismissed Davis's claims with prejudice. [App. 003-006.][2]

2.  Davis then began using this Court for her vexatious lawsuits. Specifically, on December 19, 2013, Davis removed a case she herself had filed two months before in the 254th Judicial District Court of Dallas County, which was assigned to Judge Godbey as Civil Action No. 3:13-cv-4926. A week later, Magistrate Judge Tolliver issued a *sua sponte* recommendation that such case be remanded to the 254th District Court, which was adopted by Judge Godbey. [App. 007-011.] Davis's response was to then file a new Complaint in a separate case against McKool Smith in this Court, Civil Action No. 3:14-cv-000056 (the "Prior Federal Action"), in which she escalated her false and scurrilous allegations. The Prior Federal Action was originally assigned to Judge Boyle, who transferred it to Judge Godbey. On September 30, 2014, Judge Godbey dismissed Davis's claims against McKool Smith based on *res judicata*. [App. 012-020.]

3.  Importantly, each time Davis has previously filed pleadings in the state courts containing lewd and libelous allegations similar to those set forth in the Complaint, each of the presiding judges entered an order sealing such pleadings. [App. 021-030.]

---

[2] The consecutively paginated Appendix in Support of Motion to Seal has been filed contemporaneously herewith.

2

Similarly, Judge Godbey entered an order sealing Davis's filings in both the removed action and the Prior Federal Action until the case could be decided on the merits. [App. 031-033.] Undeterred by these prior sealing orders, and now two orders dismissing her claims against McKool Smith with prejudice, Davis continues to attempt to evade such sealing orders by amending pleadings and re-filing cases. Apparently, Davis's only goal is to keep trying to smear the reputations of McKool Smith and Baxter in the hopes that they will finally capitulate and pay her money as she has repeatedly demanded. Like the other courts that have had to deal with these tactics, this Court should seal the Complaint in order to prevent unjustified and irreparable harm to McKool Smith and Baxter.

## ARGUMENT

4. Although the federal courts have long recognized the presumption that the public has the right to inspect judicial records, that right is not absolute. *SEC v. Van Waeyenberghe*, 990 F2d 845, 848 (5th Cir. 1993). "'Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" *Id.* (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). The courts have relied on a balancing test in making this determination:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," ***such as the use of records to gratify private spite, promote public scandal, circulate libelous statements***, or release trade secrets.

*Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (emphasis added); *see also Goodman v. Las Vegas Metro. Police Dept.*, No. 2:11-cv-01447, 2013 WL 5743638, at *3 (D. Nev. Oct. 16, 2013)(sealing part of record alleging that individual was associated with prostitution).

5. Here, the Court need only review the salacious allegations of the Complaint, particularly against the backdrop of Davis's prior litigation conduct, to recognize that this test has been satisfied and there are compelling reasons for sealing the record here. Davis's Complaint is intended *only* for improper purposes; Judge Godbey has already dismissed these same claims against McKool Smith on the merits.[3] Davis is bent on using the judicial system not to obtain redress for any legal injury, but to besmirch the reputations of McKool Smith and Baxter. Moreover, Davis seeks to subvert the multiple sealing orders that have been repeatedly entered by the state courts and Judge Godbey. The Court should not assist Davis in this effort, but should instead seal the Complaint as those other courts have previously done.

6. Davis's vitriol and determination to gain publicity for her outlandish allegations appear to be increasing. She obviously hopes each time she files a new suit that her allegations can be circulated via the various legal reporting services before McKool Smith (or the Court) can do anything about it. McKool Smith therefore requests emergency, expedited consideration of this Motion to Seal, in order to protect its legitimate reputational interests and prevent the dissemination of such falsehoods.

---

[3] Davis has filed a Notice of Appeal from Judge Godbey's ruling, as well as various post-judgment motions to vacate or reconsider.

4

## RELIEF REQUESTED

7. McKool Smith respectfully requests that the Court enter an order sealing the Complaint, together with any further filings by Davis herein, and award such other and further relief to which McKool Smith shows itself to be entitled.

**FIGARI & DAVENPORT, L.L.P.**

By: */s/ Don Colleluori*
    A. Erin Dwyer
    State Bar No. 06302700
    Erin.dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.colleluori@figdav.com

3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
Tel: 214/ 939-2000
Fax: 214/ 939-2090

ATTORNEYS FOR
McKOOL SMITH, P.C.

## CERTIFICATE OF CONFERENCE

The undersigned attempted to confer with Plaintiff on November 9, 2014, regarding the foregoing Motion, but has received no response. Due to the emergency nature of the relief requested herein, further efforts to confer would prejudice movant and the Motion is therefore presented to the Court for a determination.

*/s/ Don Colleluori*
Don Colleluori

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system on this 10th November, 2014.

/s/ Don Colleluori<br>
Don Colleluori