IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:14-cv-03962-P |
| | § | |
| MCKOOL SMITH, P.C., et al., | § | |
| | § | |
| Defendants. | § | |

**APPENDIX IN SUPPORT OF DEFENDANT'S
EMERGENCY MOTION TO SEAL AND BRIEF IN SUPPORT THEREOF**

| Tab | Description |
|---|---|
| 1 | Amended Order Dismissing All Claims With Prejudice, Imposing Sanctions, and Enjoining Further Filings |
| 2 | Findings, Conclusions, and Recommendation |
| 3 | Dismissal Order |
| 4 | State Court Sealing Orders |
| 5 | Federal Court Sealing Orders |

**FIGARI & DAVENPORT, L.L.P.**

By: /s/ Don Colleluori
    A. Erin Dwyer
    State Bar No. 06302700
    Erin.dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.colleluori@figdav.com

    3400 Bank of America Plaza
    901 Main Street, LB 125
    Dallas, Texas 75202-3796
    Tel: 214/ 939-2000
    Fax: 214/ 939-2090

    ATTORNEYS FOR
    McKOOL SMITH, P.C.

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system on this 10th November, 2014.

/s/ Don Colleluori
Don Colleluori

**TAB 1**

345m 000388

Cause No. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT |
| | § | |
| MCKOOL SMITH, P.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## AMENDED ORDER DISMISSING ALL CLAIMS WITH PREJUDICE, IMPOSING SANCTIONS, AND ENJOINING FURTHER FILINGS

On December 26, 2013, came on for hearing Defendants' Second Motion for Sanctions (the "Motion"). Although duly served with a copy of the Motion and an Order to Appear and Show Cause why the Court should not grant the Motion, and impose sanctions, based on the conduct detailed in the Motion, Plaintiff Chelsea Davis ("Davis") failed to respond to the Motion or appear at the hearing thereon.

Based on the conduct detailed in the Motion, Defendants seek the imposition of sanctions on Davis in the form of an Order (1) modifying the prior orders of dismissal so as to dismiss Davis's claims against Defendants with prejudice; (2) enjoining Davis from filing further lawsuits against Defendants; (3) imposing a monetary sanction of $10,000.00, and (4) awarding Defendants all of their costs and attorneys' fees incurred in connection with these cases, together with reasonable fees in the event of any appeal.

Based on the evidence and argument introduced at the hearing, ~~the Court finds and~~ concludes that Plaintiff has repeatedly ~~filed, and~~ dismissed, numerous lawsuits against ~~Defendants in multiple courts asserting the same or related claims, with no intention of~~

---

prosecuting these ~~various suits but instead for the purpose of harassing Defendants;~~ and that such filings were an effort ~~by Davis~~ to forum shop and evade sealing and stay orders of this and ~~other courts solely to generate publicity.~~

The Court ~~further~~ finds that Davis has acted in bad faith, and abused the judicial system, by repeatedly violating sealing and stay orders entered by this Court; improperly communicating with the Court on an ex parte basis, and by uninvited emails despite being instructed not to do so; filing groundless pleadings, motions, and other documents, including filing lawsuits in multiple courts on the same day alleging the exact same claims as were already pending before other courts, filing additional lawsuits naming different defendants on the same claims so as to avoid sealing and/or transfer orders, and filing discovery or groundless motions in cases already dismissed; making groundless accusations of misconduct against counsel and the judiciary, including forgery and corruption; and delivering numerous vile, obscene and offensive email communications to opposing counsel and Defendants.

Davis' abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders. These actions are sanctionable as violations of Tex. Civ. Prac. And Rem. Code §§10.001(1) and (3), and pursuant to the Court's inherent power. It is, therefore, accordingly

ORDERED that the Motion is hereby granted in ~~its entirety~~ *Part* and the Court's prior *and* Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order; it is further

ORDERED that all claims asserted by Davis herein against these Defendants be and the same are hereby DISMISSED WITH PREJUDICE; it is further

ORDERED that Davis pay to Defendants the sum of $10,000.00 as a sanction; it is further

ORDERED that Defendants have and recover from Davis the sum of $65,000.00 as reasonable and necessary attorney's fees and expenses incurred by them as a result of Davis' sanctionable misconduct; it is further

*EGT*

~~ORDERED that Davis be, and she hereby is, enjoined from any further filing against Defendants of the claims dismissed herein.~~

SIGNED this ___27___ day of December, 2013.

_Emily A. Tobolek_
JUDGE PRESIDING

**TAB 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CHELSEA DAVIS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **Civil Action No. 3:13-CV-4926-N-BK** |
| | § | |
| **MCKOOL SMITH, P.C.,** *et al.,* | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. A review of the pleadings reveals that this case was improperly removed from the state court. Thus, it should be **REMANDED,** *sua sponte*.[1]

Plaintiff filed her Notice of Removal in this case on December 18, 2013, seeking to remove the state court action she filed in the 254th District Court of Dallas County to this Court on the basis of diversity jurisdiction. (Docs. 1, 4, 11, 12). Under the law, however, she may not do so.

Any civil action brought in a state court of which the district court also has jurisdiction "may be removed by the <u>defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In this case, Plaintiff has attempted to remove her own action from the state court in which she filed it, which is clearly not permitted by the removal statute. 28 U.S.C.

---

[1] Although there is no binding precedent in this Circuit addressing whether a Magistrate Judge may adjudicate remands, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases). Accordingly, the undersigned will issue a recommendation, rather than a final order in this case.

APP. 008

§ 1441(a). Accordingly, because the notice of removal was improperly filed, this case must be remanded to the 254th District Court of Dallas County.

## RECOMMENDATION

For the foregoing reasons, the Court should *sua sponte* **REMAND** this action to the state court.

**SO RECOMMENDED** on December 26, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

APP. 009

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHELSEA DAVIS,                          §
                                        §
            Plaintiff,                   §
v.                                      §          Civil No. 3:13-CV-4926-N-BK
                                        §
MCKOOL SMITH, P.C. et al.,              §
                                        §
            Defendant.                   §

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation in

this case. No objections were filed. The District Court reviewed the proposed findings,

conclusions and recommendation for plain error. Finding none, the Court ACCEPTS the

Findings, Conclusions and Recommendation of the United States Magistrate Judge.

SO ORDERED.


SIGNED February 11, 2014.



DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

APP. 011

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHELSEA DAVIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil No. 3:13-CV-4926-N-BK** |
| | § | |
| **MCKOOL SMITH, P.C. et al.,** | § | |
| | § | |
| **Defendant.** | § | |

## JUDGMENT

This action came on for consideration by the court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED, ADJUDGED, AND DECREED that Plaintiff's case is *sua sponte* REMANDED to the 254th District Court of Dallas County.

IT IS FURTHER ORDERED that the Clerk shall transmit a true copy of this judgment and the order accepting the Findings, Conclusions and Recommendation of the United States Magistrate Judge, to counsel for the parties.

SIGNED February 11, 2014.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**TAB 3**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0056-N |
| | § | |
| MCKOOL SMITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Defendant McKool Smith's motion to dismiss ("Def.'s Mot.

Dismiss") [Doc. 8]. For the following reasons, the Court grants the motion.

### I. THE EMPLOYMENT DISPUTE

As both parties acknowledge, the claims in this action arise from Plaintiff Chelsea

Davis's former employment with McKool Smith. *See* Def.'s Mot. Dismiss 3; Pl.'s Opp'n

13 [9]. Davis states claims for sex discrimination; disability discrimination; racial

discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false

imprisonment; quantum meruit and unjust enrichment; assault and battery and conspiracy to

commit assault and battery; wrongful termination; breach of contract; intentional infliction

of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and

retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate

various constitutional and statutory rights; sexual assault, aggravated sexual assault, federal

assault, and sexual abuse; violation of 18 U.S.C. § 247; and violation of 18 U.S.C. § 1592.

ORDER – PAGE 1

APP. 013

On December 2, 2013, in an earlier lawsuit, Davis sued McKool Smith in the 298th Judicial District Court of Dallas County.[1] The state court ultimately dismissed the case with prejudice. McKool Smith now moves this Court to dismiss the complaint in this action.

## II. THE STANDARD FOR DISMISSAL

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations

---

[1] When considering a motion to dismiss for failure to state a claim, the Court may consider, in addition to the facts contained in the complaint, "matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). "Courts may take notice of the judicial record in prior related proceedings." *Reneker v. Offill*, 2010 WL 1541350, at *5 (N.D. Tex. 2010).

APP. 014

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss . . . ." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

### III. THE COURT GRANTS MCKOOL SMITH'S MOTION TO DISMISS

#### *A. Res Judicata Standard*

McKool Smith first argues that Davis's claims are barred by res judicata. Under the principles of res judicata, a plaintiff cannot relitigate claims "that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Federal courts apply state res judicata law when determining the effect of a prior state court judgment. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In Texas, res judicata applies where the following elements are met: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250

APP. 015

S.W.3d 78, 86 (Tex. 2008) (citation omitted); *see also Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011).

### B. Res Judicata Bars Davis's Claims

*1. There Was a Final Judgment on the Merits.* – On December 27, 2013, in response to a motion for sanctions, the judge in the state court action entered an order dismissing all of Davis's claims in that action with prejudice. *See* Def.'s Mot. Dismiss App. 004–006. That dismissal was a final judgment on the merits. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."). That the court issued the order as a sanction does not change the fact that it is a final judgment. *See id.* (dismissal with prejudice as a discovery sanction was a final judgment with preclusive effect); *Logan v. First Bank of Hous., Tex.*, 736 S.W.2d 927, 930–31 (Tex. App. – Beaumont 1987, writ ref'd n.r.e.) (same).

Davis contends that the state court lacked jurisdiction to enter the order. Davis argues that, because she took a nonsuit of her claims on December 4, 2013 and the court dismissed her claims without prejudice the same day, the court was without jurisdiction over the merits of her claims as of that date. This argument is contrary to the law. A state trial court has plenary power to act for thirty days following its dismissal of a case. *See* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d

APP. 016

594, 595–56 (Tex. 1996) (trial court had authority during its plenary jurisdiction to grant motion for sanctions that was filed following a dismissal in accordance with nonsuit). "A trial court's power to modify its judgment is virtually absolute during the period of its plenary power." *In re Provine*, 312 S.W.3d 824, 829 (Tex. App. – Houston [1st Dist.] 2009, no pet.). Davis took nonsuit of her claims and the case was dismissed without prejudice on December 4, 2013. Less than 30 days later, on December 27, 2013, the state court entered an amended order dismissing all claims with prejudice and imposing sanctions. *See* Def.'s Mot. Dismiss App. 004–006 (ordering that "the Court's prior Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order"). Because this action occurred within 30 days of the initial order, it fell within the court's plenary power. Accordingly, the state court judgment was a final judgment on the merits by a court of competent jurisdiction for the purposes of res judicata.

   **2. The Parties in Both Lawsuits Are Identical.** – In both the state court action and this action, Chelsea Davis sued McKool Smith. Davis does not dispute that this element of res judicata has been established. *See* Pl.'s Opp'n 12. The second element of res judicata is accordingly satisfied.

   **3. This Action Is Based on the Same Claims That Davis Raised or Could Have Raised in the State Court Action.** – Courts applying Texas law use the transactional test to determine whether two suits involve the same cause of action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). In applying this test, "a final judgment on an

APP. 017

action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) (citation omitted). Determining the scope of the transaction of the prior suit "requires 'an analysis of the factual matters that make up the gist of the complaint, without regard to the form of the action.'" *Daccach*, 217 S.W.3d at 449 (quoting *Barr*, 837 S.W.2d at 631). The Court should "giv[e] weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr*, 837 S.W.2d at 631 (citation omitted) (internal quotation marks omitted). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.* at 630.

Here, both actions arise from the employment relationship between Davis and McKool Smith as well as allegations of Leslie Ware's and Samuel Baxter's misconduct. *Compare* Pl.'s Compl., *with* Pl.'s Opp'n App. 005–014 ("Pl.'s State Ct. Pet."). Davis alleges facts regarding her employment with McKool Smith in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 10–13, and in her Complaint, *see* Pl.'s Compl. 2–3, 9–10. Davis also alleges facts regarding the misconduct of Ware and Baxter in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 11, 13, 14, and in her Complaint, *see* Pl.'s Compl. 3–4, 5–6, 7. In examining "the factual matters that make up the gist of the" State Court Petition, the scope

APP. 018

of the transaction in the state court action was Davis's employment with McKool and the alleged actions of Ware and Baxter.

Although Davis asserts additional claims in this action that she did not assert in the state court action, she *could have* asserted the claims in the state court action. As Texas law makes clear, "[t]he scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which *arise out of the same subject matter* and which *might have been litigated in the first suit*." *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979) (emphasis added) (citations omitted). The fact that Davis chose not to assert these additional claims is irrelevant for the purposes of claim preclusion because the relevant inquiry is whether the claims asserted by plaintiff *could have been litigated* in the state lawsuit. All of the claims asserted in this action could have been asserted in the state action because they all arise from the transactions at issue in the state court action – specifically, her employment with McKool Smith and the alleged misconduct of Ware and Baxter. Accordingly, res judicata precludes Davis from asserting these claims in this case.

## CONCLUSION

For the foregoing reasons, the Court grants McKool Smith's motion to dismiss.

APP. 019

Signed September 30, 2014.

David C. Godbey

United States District Judge

# TAB 4

| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| Applicant | § | |
| | § | |
| | § | |
| v. | § | |
| | § | 254TH JUDICIAL DISTRICT |
| | § | |
| LESLIE D. WARE AND | § | |
| SAMUEL F. BAXTER | § | |
| Respondents | § | DALLAS COUNTY, TEXAS |

### ORDER TO SEAL COURT RECORDS

On this date the Court considered the agreement of the parties to seal the above styled file in this matter.

IT IS THEREFORE ORDERED that all documents bearing Cause No. DF13-19281 and styled "Chelsea L. Davis, Applicant v. Leslie D. Ware and Samuel F. Baxter, Respondents" are sealed, except those documents that are required by law to be recorded in the minutes of the Court. IT IS FURTHER ORDERED that the file shall not be opened by or released to anyone for any reason except by the attorney of record for each party or on appropriate court order for good cause shown.

SIGNED on 10/18/13.

_Don Thurers_
Associate Judge
254th District Court
JUDGE PRESIDING

ORDER TO SEAL COURT RECORDS                           PAGE SOLO

APP. 022

CAUSE NO. DC-13-12834-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| McKOOL SMITH P.C., | § | |
| SAMUEL F. BAXTER, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING EMERGENCY SUPPLEMENTAL MOTION FOR TEMPORARY SEALING ORDER AND MOTION TO STAY

The Court, having considered Defendants' Emergency Supplemental Motion for Temporary Sealing Order and Motion to Stay, finds that (1) the requirements of TEX. R. CIV. P. 76a(5) have been satisfied and that the temporary sealing order previously entered herein should be amended as follows, and (2) that there is good cause to waive the 3 day notice of hearing requirement of Tex. R. Civ. P. 21. It is therefore

ORDERED that Plaintiff's First Amended Petition ("Petition"), together with (1) any subsequent amendment or supplement to the Petition, and (2) any other filing containing similar allegations to the Petition that Plaintiff attempts to file in the above-captioned action, is hereby placed under seal until such time as the hearing on Defendants' Motion for Permanent Sealing Order shall is held on December 6, 2013 at 4:00 p.m. (the "Sealing Hearing"). It is further

ORDERED that, until the Sealing Hearing and the hearing on Defendants' motion to transfer this action to the 254th Judicial District Court, this action is hereby stayed for all purposes other than matters relating to the motion to seal.

SO ORDERED this _6_ day of November, 2013.

_____
JUDGE PRESIDING

CAUSE NO. 429-04835-2013

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 429TH JUDICIAL DISTRICT OF |
| | § | |
| McKOOL SMITH P.C., | § | |
| | § | |
| Defendant. | § | |
| | § | COLLIN COUNTY, TEXAS |

### ORDER GRANTING MOTION FOR SEALING ORDER

The Court, having considered Defendant's Motion for Temporary and Permanent Sealing Order, finds that (1) the requirements of TEX. R. CIV. P. 76a have been satisfied and that a sealing order should be entered, and (2) there is good cause to waive the 3 day notice of hearing requirement of TEX. R. CIV. P. 21.

It is therefore ORDERED that Plaintiff's Original Petition in the above-captioned action is hereby placed under seal.

SO ORDERED this ____ day of December, 2013.

_____
JUDGE PRESIDING

ORDER GRANTING MOTION FOR SEALING ORDER -- Solo Page

APP. 025

CAUSE NO. DC-13-14215-M

CHELSEA L. DAVIS,                    §    IN THE DISTRICT COURT
                                     §
    Plaintiff,                       §
                                     §
v.                                   §    298ᵀᴴ JUDICIAL DISTRICT OF
                                     §
McKOOL SMITH P.C.,                   §
                                     §
    Defendant.                       §
                                     §    DALLAS COUNTY, TEXAS

### ORDER GRANTING MOTION FOR
### TEMPORARY SEALING ORDER AND TRANSFERRING CASE



    The Court, having considered Defendant's Motion for Temporary Sealing Order and to Transfer, finds that (1) the requirements of TEX. R. CIV. P. 76a(5) have been satisfied and that a temporary sealing order should be entered, and (2) there is good cause to waive the 3-day notice of hearing requirement of TEX. R. CIV. P. 21. The Court further finds that Defendant's request for a transfer is well-taken and should be GRANTED.

    It is therefore

    ORDERED that Plaintiff's Original Petition in the above-captioned action is hereby placed under seal. It is further

    ORDERED that Cause No. DC-13-14215-M and styled Chelsea L. Davis v. McKool Smith P.C., filed in the 298ᵗʰ Judicial District Court of Dallas County, Texas, shall be transferred to the 254ᵗʰ Judicial District Court of Dallas County, Texas, for consolidation with Cause No. DF-13-19281, Chelsea L. Davis v. Leslie D. Ware and

APP. 026

Samuel F. Baxter, and the Clerk is ordered to take all actions required to effect such immediate transfer.

SO ORDERED this 4 day of December, 2013.

_____
JUDGE PRESIDING

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LESLIE D. WARE, HARLAN R. | § | COLLIN COUNTY, TEXAS |
| CROW, SAMUEL F. BAXTER, | § | |
| EMILY TOBOLOWSKY, DONALD | § | |
| TURNER, JAMES MARTIN, | § | |
| LAWRENCE J. FRIEDMAN, JOHN | § | |
| DOES 1-20, AND JANE DOES 1-20, | § | |
| | § | |
| Defendants. | § | 429TH JUDICIAL DISTRICT |

## ORDER GRANTING PERMANENT SEALING ORDER

On the 23rd day of October 2014 came on to be heard Defendant Samuel F.

Baxter's Motion for Permanent Sealing Order (the "Motion"). The Court, having

considered the Motion, the pleadings, and evidence on file, the case law and

statutory authority provided by counsel, the evidence presented at the hearing, and

the arguments of counsel and Plaintiff, finds that the Motion should be

GRANTED. The Court specifically finds and concludes that a specific, serious,

and substantial interest exists for the protection of Defendant's personal and business

reputation and to prevent Plaintiff from utilizing the judicial process to publicly

humiliate, embarrass, and harass Defendant and others. The Court further finds that

this interest clearly outweighs the presumption of openness and any probable

adverse effect that sealing will have upon the general public health and or safety

APP. 028

and that no less restrictive means than sealing records will adequately and effectively protect this interest.

IT IS THEREFORE ORDERED that Defendant Samuel F. Baxter's Motion for Permanent Sealing Order is GRANTED.

IT IS FURTHER ORDERED that all of the notice requirements set forth in Rule 76a(3) of the Texas Rules of Civil Procedure have been met, in that, public notice of this hearing was posted more than fourteen (14) days in advance of the hearing and that a verified copy of the posted notice was filed with the clerk of the court and with the clerk of the Supreme Court of Texas.

IT IS FURTHER ORDERED that the standard for sealing court records set forth in 76a(1) of the Texas Rules of Civil Procedure has been met and the Court further finds that the time period for which this Order is to be sealed is for the entire time of the pendency of the lawsuit, including the time covered by the Temporary Sealing Order and permanently continues after this litigation has terminated, *or until further Order of the Court.* *JW*

IT IS FURTHER ORDERED that all court records as that term is defined in Rule 76a(2) of the Texas Rules of Civil Procedure are included in this Order Granting Permanent Sealing Order. *Specifically, all documents of any nature filed in connection with this cause No. 429-03449-2014, settlement agreements not filed of record that meet the requirements of Rule 76a (2)(b), + discovery not filed records per Rule 76a (2)(c).* *JW*

IT IS FURTHER ORDERED that all documents bearing Cause No. 429-03449-2014 and styled *Chelsea L. Davis v. Leslie D. Ware, Harlan R. Crow,*

APP. 029

*Samuel F. Baxter, Emily Tobolowsky, Donald Turner, James Martin, Lawrence J. Friedman, John Does 1-20, and Jane Does 1-20* are permanently sealed, except those documents that are required by law to be recorded in the minutes of the Court. *Court reporter records in this case are sealed, including testimony & exhibits, until further Order of the Court.* ⟨initials⟩

IT IS FURTHER ORDERED that the file shall not be opened by or released to anyone for any reason except Court personnel, the parties or the attorneys of record for each party or on appropriate Court Order for good cause shown.

SIGNED this 27th day of October 2014.

_____
JUDGE PRESIDING

**TAB 5**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-4926-N |
| | § | |
| MCKOOL SMITH, P.C., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

This Order addresses Defendant McKool Smith P.C.'s motion to seal [15] and Defendant Crow's motion to seal [17]. Pending disposition on the merits of those motions the Court orders that all further filings in this case be made under seal and that all items previously docketed in this case be sealed, with the exception of the Magistrate Judge's Findings, Conclusions, and Recommendation of December 26, 2013 and this Order.

Signed January 9, 2014.

David C. Godbey
United States District Judge

ORDER – SOLO PAGE

APP. 032

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHELSEA L. DAVIS,           §
                            §
        Plaintiff,          §
                            §
v.                          §           Civil Action No. 3:14-CV-0056-N
                            §
MCKOOL SMITH, *et al.*,     §
                            §
        Defendants.         §

## ORDER

This Order addresses Defendant McKool Smith P.C.'s motion to seal [5]. Pending

disposition on the merits of the motion the Court orders that all further filings in this case be

made under seal and that all items previously docketed in this case be sealed, with the

exception of this Order.

Signed January 10, 2014.

David C. Godbey
United States District Judge

ORDER – PAGE 1