# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

**CHELSEA L. DAVIS,**

      **Plaintiff,**

**v.**                                   **Case No. 3:14-CV-3962-N-BK**

**MCKOOL SMITH, P.C., et al,**

      **Defendants.**

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order 3*, this cause is before the Court for pretrial management. For the reasons that follow, it is recommended that the District Court *sua sponte* **DISMISS** this case **WITH PREJUDICE**.

Plaintiff sues Defendants for violations of Title VII of the Civil Rights Act, the Fair Labor Standards Act ("FLSA"), and 42 U.S.C. § 1981.[1] Doc. 1 at 1-2, 5-7. In particular, she claims that (1) she was paid less than similarly situated male attorneys who had the same experience and were performing the same work as she was; (2) Samuel Baxter, a shareholder with McKool Smith, sexually harassed and assaulted her as a condition of her job, thereby creating a hostile and *quid pro quo* work environment; and (3) she was not paid overtime wages for hours worked in excess of 40 hours per week in violation of the FLSA. Doc. 1 at 1-3, 5-7.

The claims in this case and many others in which Plaintiff is involved as a party arise from her former employment as an attorney with the law firm McKool Smith. *See, e.g.*, *Davis v. McKool Smith*, Case No. 13-cv-04926-N-BK; *Davis v. McKool Smith*, Case No. 14-cv-03975-M-

---

[1] Plaintiff alleges that Defendant GECESC Associates LLC is an entity used by McKool Smith P.C. to avoid liability for sexual harassment claims and that the Defendants maintain offices at the same address. Doc. 1 at 2. For the sake of convenience, the Court will refer to the two entities, collectively, as Defendants.

BK; *Davis v. Ware*, Case No. 14-xc-03963-K; *Crow v. Davis*, Case No. 14-cv-01964-N-BF; *Ware v. Davis*, Case No. 14-cv-01963-N-BH; *Davis v. McKool Smith*, Case No. 14-cv-0056-N-BK; *Davis v. Ackman*, Case No. 13-cv-04973-N-BK. Plaintiff also has filed various cases in state court stemming from her employment with McKool Smith, including *Davis v. Baxter*, which was removed to the Eastern District of Texas. *Davis v. Baxter*, Case No. 13-cv-514-RC.

Upon review of the complaint filed in the instant action and the record in Case No. 14-cv-56-N-BK ("*Davis I*"), the Court concludes that the instant case is barred as duplicative and should be dismissed as such. In *Davis I*, Plaintiff sued McKool Smith and an entity that she claimed was McKool Smith's parent entity. *Davis I*, 14-cv-56-N-BK, Doc. #1 at 1-2. Among other allegations, Plaintiff claimed in that case that (1) she was paid less than males while she worked at McKool Smith; (2) Samuel Baxter sexually harassed and assaulted her as a condition of her job, thereby creating a hostile and *quid pro quo* work environment; and (3) she was not paid overtime wages for hours worked in excess of 40 hours per week in violation of the FLSA. *Davis I*, 14-cv-56-N-BK, Doc. #1 at 2-4, 7, 9-10, 13-14, 17-18.

The District Judge in *Davis I* ruled that Plaintiff's complaint was barred by *res judicata* because she had raised or could have raised the same claims against McKool Smith in an earlier state court lawsuit that had been resolved on the merits against her. *Davis I*, Case No. 14-cv-56-N-BK, Doc. #14 at 4-7. Because the instant case raises the same allegations that Plaintiff raised in *Davis I*, this case should be dismissed with prejudice as duplicative. *See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993)* (noting that a district court is "fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff.").

Moreover, Plaintiff, as a licensed and practicing attorney, should have been aware of the facts and law noted above. Indeed, the Court holds her to a higher standard than it does a typical *pro se* plaintiff.[2] Plaintiff is forewarned that if she continues to file frivolous pleadings, she risks harsh sanctions up to and including sanctions under Rule 11 of the Federal Rules of Civil Procedure and being barred from filing future cases and notices of removal in the Northern District of Texas. FED. R. CIV. P. 11(b) (providing that the presentation to the court of a pleading, written motion, or other paper by a party constitutes a certification that, to the best of the person's knowledge, (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or will likely have such support upon further investigation). For the foregoing reasons, it is recommended that the District Court *sua sponte* **DISMISS** this case **WITH PREJUDICE**.

**SO RECOMMENDED** on November 17, 2014.

‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that Plaintiff has twice removed cases in which she was a defendant to this court, and the court dismissed the actions because it was apparent from the state court petition that no federal subject matter jurisdiction existed. *See Harlan v. Crow*, Case No. 14-cv-1964 at Doc. 8; *Ware v. Davis*, Case No. 14-cv-1963-N at Doc. 7. On this date, the Court also has recommended that another of Plaintiff's recent complaints against McKool Smith be *sua sponte* dismissed with prejudice in that Plaintiff alleged no basis for federal subject matter jurisdiction, and she impermissibly requested that this Court effectuate the transfer of a closed case from another district court to this court. *See Davis v. McKool Smith*, Case No. 14-cv-3975-N-BK.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE