IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO.  3:14-CV-03962-N-BK |
| | § | |
| MCKOOL SMITH P.C.; | § | |
| GECESC ASSOCIATES LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' EMERGENCY MOTION FOR SANCTIONS AND FOR PRELIMINARY AND PERMANENT INJUNCTION AND BRIEF IN SUPPORT

Defendants McKool Smith, P.C. ("McKool Smith) and GECESP Associates, LLC (incorrectly named herein as "GECESC Associates, LLC ") file this motion for sanctions and for a preliminary and permanent injunction barring Plaintiff Chelsea L. Davis ("Davis") from instituting any action or proceeding in any district court in the Fifth Circuit without express permission of this Court, and in support thereof, would show the Court the following:

### FACTUAL BACKGROUND

1.      For more than a year, McKool Smith and others have been inundated by frivolous and duplicative lawsuits filed by Davis.  Davis is a licensed Texas attorney who briefly worked as an associate at McKool Smith from March 2010 through January 2011. Beginning in August 2013, Davis began filing a series of lawsuits against McKool Smith and Samuel F. Baxter ("Baxter"), a McKool Smith shareholder.  All told, Davis has filed

at least *eleven* suits against McKool Smith, Baxter, or both in that time period. [App. 003.] These actions have been filed in the state courts in both Dallas and Collin counties, as well as the federal courts in the Northern and Eastern Districts of Texas. [*Id.*]

2. Although Davis voluntarily dismissed a number of these lawsuits, her claims against McKool Smith and Baxter have also been adjudicated on the merits by several courts. First, on December 27, 2013, the 298th Judicial District Court of Dallas County (the "298th District Court") entered an order sanctioning Davis for her abuse of the judicial system. [App. 004.] Davis's misconduct, which was detailed in McKool Smith's motion for sanctions, included violating court orders, filing lawsuits in multiple courts, filing discovery and groundless motions in cases that had already been dismissed, and sending numerous offensive and obscene emails to opposing parties and their counsel. [App. 004, 012-054.] Based on this conduct, the 298th District Court imposed monetary sanctions on Davis and dismissed all of her claims against McKool Smith with prejudice. [App. 004, 009-011.] Davis appealed the 298th District Court's judgment, but the Dallas Court of Appeals dismissed her appeal on October 29, 2014. [App. 004, 055-057.]

3. Shortly after the 298th District Court ruled, Davis filed a new lawsuit against McKool Smith in this Court, CA No. 3:14-cv-00056. On September 30, 2014, the Court dismissed Davis's claims against McKool Smith in that case on *res judicata* grounds based on the judgment entered by the 298th District Court. [App. 004, 058-065.]

4. Meanwhile, Davis had also filed suit against Baxter and others (including the presiding judge of the 298th District Court) in the 429th District Court of Collin County, Texas (the "429th District Court"). [App. 005, 066-084.] On October 31, 2014, the 429th District Court dismissed Davis's claims against Baxter in that case with prejudice. [App. 005, 085-088.] Following a severance [App. 005, 089-091], the 429th District Court's judgment dismissing Davis's claims against Baxter is now final.

5. Undeterred, on November 7, 2014, Davis filed this lawsuit against McKool Smith and "GECESC Associates LLC,"[1] re-alleging the same cause of action arising out of her brief employment at McKool Smith that had already been dismissed. [Doc. 1.] *Sua sponte,* on November 17, 2014, Magistrate Judge Toliver entered Findings, Conclusions, and Recommendations that this case be dismissed with prejudice, noting that it was duplicative of the suit previously dismissed by this Court. Judge Toliver also noted that:

> Plaintiff is forewarned that if she continues to file frivolous pleadings, she risks harsh sanctions up to and including sanctions under *Rule 11 of the Federal Rules of Civil Procedure* and being barred from filing future cases and notices of removal in the Northern District of Texas.

[Doc. 14 at p. 3.]

6. This stern warning had zero effect on Davis. Indeed, just two days later, on November 19, 2014, Davis filed a new action in the Eastern District of Texas, CA No.

---

[1] As noted, this is apparently a misnomer of an entity known as GECESP Associates, LLC ("GECESP"). GECESP is an investment partnership in which a handful of McKool Smith shareholders and employees are principals, but which has no other affiliation or relationship with the law firm. Davis has previously sought to add GECESP to CA No. 3:14-CV-00056, which the Court had already dismissed. Davis also submitted an arbitration demand and a wage claim with the Texas Workforce Commission against GECESP.

4:14-cv-00754, against McKool Smith and Baxter. [App. 005-006, 092-118.] This new lawsuit is likewise duplicative of the numerous suits filed by Davis in the past, including the cases dismissed with prejudice by this Court, the 298th District Court, and the 429th District Court.

7. Moreover, Davis was not satisfied with defying Magistrate Judge Toliver's warning by filing just one lawsuit. Instead, on November 21, 2014, Davis filed yet another lawsuit in the Eastern District of Texas, CA No. 2:14-cv-01065, against "GECESC Associates LLC." [App. 006, 119-129.] Once again, this suit merely repeats Davis's same lurid and false allegations against McKool Smith and Baxter as the basis for her claims against GECESP.

8. Finally, Davis is not content with just filing new duplicative lawsuits. She also continues to file increasingly bizarre pleadings and motions in cases that have already been dismissed or otherwise disposed of. For example, on November 21, 2014, Davis filed a "Motion to Transfer, Consolidate, Sever, Change Venue, Remove, Remand, and/or Reopen Case; and for Anti-Suit Injunction to Stay State Court 'Proceedings'" in this case. [Doc. 15.] This filing is virtually incomprehensible and is merely a further effort to harass Defendants and waste the Court's time and resources. Significantly, around the same time, Davis filed the same motion in CA No. 3:13-cv-04926 [App. 006, 130-136], a case in which the Court entered a final judgment of remand more than 9 months ago. [App. 006, 137-140.]

9.      The judges of the Eastern District have likewise been bombarded by this nonsense.  For example, on November 21, Davis filed similar motions in CA No. 4:13-cv-514 [App. 006, 141-157], a case against Baxter that she voluntarily dismissed more than a year ago.  [App. 006, 158-159.]  In that case, Davis repeatedly attempted to vacate her own voluntary dismissal, which ultimately caused Judge Clark to enter an order directing the Clerk not to accept any further filings from Davis in that case without first obtaining leave.  [*Id.*]  Obviously, Davis has ignored this order as well by her recent filings in that case.[2]

10.     Finally, on November 24, 2014, Davis filed yet another Complaint in this Court, this time naming as defendants not just McKool Smith, Baxter, and Ware, but also the State Bar of Texas, four state court judges, and various lawyers who have represented McKool Smith, Baxter, and Ware in these various cases, including the undersigned. [App. 007, 173-202.]

11.     The time has come to put an end to Davis's shameful abuse of the judicial process.  The Court should enter an order sanctioning Davis, dismissing this case with prejudice, and enjoining her from instituting any further actions or proceedings in any district court in the Fifth Circuit without first obtaining permission to do so from this Court. Further, since Davis has shown that she will ignore and try to evade even an order

---

[2] Davis's willful defiance of Court orders has also been on display in the 254th Judicial District Court of Dallas County ("254th District Court"), where Davis previously brought an action against Baxter and Leslie D. Ware ("Ware").  In a sanction order entered in that case, Davis was ordered not to contact Baxter, Ware, or their families. [App. 007, 160-163.]  Davis promptly violated this order multiple times, which led to the filing of a motion for contempt.  [App. 007, 164-167.]  Davis failed to comply with two orders to appear at a show cause hearing on this contempt charge, and the 254th District Court was required to issue a *capias* for her arrest.  [App. 007, 168-172.]

of this nature, the Court should direct the clerks in the each of the federal districts in Texas to deactivate Davis's credentials to use the Electronic Case Filing ("ECF") system and to deny her any further access to the ECF in the future.

## ARGUMENT

12. Federal district courts have inherent power to impose pre-filing injunctions to deter vexatious, abusive, and harassing litigation. *See, e.g., Baum v. Blue Mountain Ventures, LLC*, 513 F.3d 181, 186 (5th Cir. 2008) (holding that a district court has inherent power to grant a pre-filing injunction prohibiting parties from filing suit in district or bankruptcy courts in the federal circuit where the issuing court is located). This power is part of the court's inherent power to protect its judgments and control its dockets. *Id.* In determining whether a pre-filing injunction is appropriate, courts evaluate four factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* The traditional standards for injunctive relief, such as irreparable injury and inadequate remedy at law, are inapplicable to a pre-filing injunction against a vexatious litigant. *Id.*

13. In this case, all four factors argue strongly in favor of enjoining Davis from filing further lawsuits in federal court without the express permission of this Court. Davis's history shows that she simply files the same vexatious, harassing, and duplicative

lawsuit *ad naseum*. At least two courts, the 298th District Court and the 429th District Court have already found that she has no good faith basis for pursuing the litigation, but simply intends to harass. The Court need only take judicial notice of the file in this and the other cases in the Northern and Eastern Districts in order to reach the same conclusion. There is no good faith basis on which Davis could possibly argue that she is entitled to continue filing the same lawsuit over and over, regardless of how many times it has been dismissed by various courts. Moreover, most of her post-complaint filings in these cases consist of little more than gibberish. The Court would not long indulge such filings even from a pro se lay plaintiff. As Magistrate Judge Toliver previously noted, Davis is held to a higher standard as an attorney, and the Court should not tolerate this nonsense any longer.

14. Davis's repeated filings impose significant burdens on both the Courts and the Defendants. The undersigned counsel for Defendants have expended literally hundreds of hours over the last 15 months having to respond to Davis's antics. Given the salacious and defamatory nature of her allegations, Defendants have had to repeatedly and expeditiously move to have Davis's pleadings sealed each time she files a new lawsuit. Further, Davis has taken up the time of court personnel and judges in numerous courts, who must deal with her innumerable filings.

15. Finally, no alternative sanction is sufficient. The 298th District Court imposed significant financial sanctions on Davis for her conduct, which have had no deterrent effect. Moreover, several courts, including this one, have already dismissed her

claims against McKool Smith and Baxter with prejudice; thus, additional orders dismissing her claims with prejudice – usually the ultimate sanction – will do nothing to prevent further misbehavior.  Finally, Magistrate Judge Toliver specifically warned Davis that her conduct could result in further sanctions, including a pre-filing injunction, which warning she promptly and brazenly ignored.  Davis is simply undeterred by financial or other consequences.  Only a pre-filing injunction can stop her.

16. In her Findings, Conclusions, and Recommendations, Magistrate Judge Toliver suggested that a pre-filing injunction would prevent Davis only from further filings in the Northern District.  Davis's immediate response in filing two new cases in the Eastern District demonstrates that a broader injunction is necessary.  *Baum* holds that the Court can enjoin Davis from filing in any federal court located within the Fifth Circuit.  Such relief is appropriate here.

17. Defendants request expedited consideration of this request for preliminary injunction.  The need for immediate relief is obvious.  In just the one week that has passed since Magistrate Judge Toliver's warning, Davis has filed three more duplicative and frivolous lawsuits, as well as numerous nonsense pleadings and motions in active and terminated cases.  Unless the Court steps in promptly and issues a preliminary injunction, this abuse will continue and Defendants will be forced to waste significantly more time and money responding to Davis's frivolous filings.

## CONCLUSION

18. For all of the foregoing reasons, McKool Smith and GECESP request that, upon notice to Davis and expedited hearing, the Court enter an order enjoining Davis from instituting any action or proceeding in any district court in the Fifth Circuit without first obtaining permission to do so from this Court, denying her any further access to the ECF system, and dismissing this case with prejudice

Respectfully submitted,

By: *Don Colleluori*
    A. Erin Dwyer
    State Bar No. 06302700
    Erin.Dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.Colleluori@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000 - Telephone
(214) 939-2090 - Facsimile

ATTORNEYS FOR
McKOOL SMITH, P.C. AND
GECESP ASSOCIATES, LLC

## CERTIFICATE OF CONFERENCE

The undersigned attempted to confer with Plaintiff by email regarding the foregoing Motion, but Plaintiff has not responded. Due to the expedited nature of the relief requested, further efforts to confer would prejudice Defendants, and the Motion is therefore presented to the Court for a determination.

*Don Colleluori*
Don Colleluori

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system on this 25th day of November, 2014.

*Don Colleluori*
Don Colleluori