IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:14-CV-03962-N-BK |
| | § | |
| MCKOOL SMITH P.C.; | § | |
| GECESC ASSOCIATES LLC, | § | |
| | § | |
| Defendant. | § | |

## APPENDIX IN SUPPORT OF DEFENDANT'S
## EMERGENCY MOTION FOR SANCTIONS AND FOR PRELIMINARY
## AND PERMANENT INJUNCTION AND BRIEF IN SUPPORT

| Tab | Description |
|---|---|
| A | Declaration of Donald Colleluori |

Respectfully submitted,

By: _/s/ Don Colleluori_
      A. Erin Dwyer
      Lead Attorney
      State Bar No. 06302700
      Erin.dwyer@figdav.com
      Don Colleluori
      State Bar No. 04581950
      Don.colleluori@figdav.com

**FIGARI & DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202-3796
214/ 939-2000 - Telephone
214/ 939-2090 - Facsimile

ATTORNEYS FOR McKOOL SMITH,
P.C. and GECESP ASSOCIATES, LLC

**APPENDIX IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION
FOR SANCTIONS AND FOR PRELIMINARY AND BRIEF IN SUPPORT**                    **PAGE 1**

**APP 001**

# TAB A

APP 002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CA NO.   3:14-CV-03962-N-BK |
| | § | |
| MCKOOL SMITH P.C.; | § | |
| GECESC ASSOCIATES LLC, | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF DONALD COLLELUORI

1.     My name is Donald Colleluori.  I am over eighteen (18) years of age and am otherwise competent to testify to the matters stated hereinafter.  I have personal knowledge of the facts set forth herein, all of which are true and correct.

2.     I am an attorney licensed to practice law in the State of Texas.  I am a partner in the law firm of Figari & Davenport, LLP and am one of the counsel of record for Defendants McKool Smith P.C. ("McKool Smith") and GECESP Associates, LLC ("GECESP") in this action.  I have also been one of the counsel representing McKool Smith in multiple other lawsuits filed against that firm and one of its shareholders, Samuel F. Baxter ("Baxter") by Plaintiff Chelsea L. Davis ("Davis").

3.     Since August 2013, Davis has filed more than ten lawsuits against McKool Smith and/or Baxter.  These actions have been filed in the state courts in both Dallas and Collin counties, as well as the federal courts in the Northern and Eastern Districts of Texas.

---

4.     Although Davis voluntarily dismissed a number of the lawsuits she filed against McKool Smith and Baxter, several cases have been adjudicated on the merits. First, on December 27, 2013, the 298th Judicial District Court of Dallas County (the "298th District Court") entered an order in Cause No. DC-13-14215, sanctioning Davis for her abuse of the judicial system. A true and correct copy of the 298th District Court's order is attached as Exhibit 1. McKool Smith's motion for sanctions in that case, a true and correct copy of which is attached as Exhibit 2, detailed Davis's misconduct, which included violating court orders, filing lawsuits in multiple courts, filing discovery and groundless motions in cases that had already been dismissed, and sending numerous offensive and obscene emails to opposing parties and their counsel. Based on this conduct, the 298th District Court imposed monetary sanctions on Davis and dismissed all of her claims against McKool Smith with prejudice. Davis appealed the 298th District Court's judgment, but the Dallas Court of Appeals dismissed her appeal on October 29, 2014. True and correct copies of the Court of Appeals' Memorandum Opinion and Judgment are attached as Exhibit 3.

5.     Shortly after the 298th District Court ruled, Davis filed a new lawsuit against McKool Smith in this Court, CA No. 3:14-cv-00056. On September 30, 2014, the Court entered an order dismissing Davis's claims against McKool Smith in that case on *res judicata* grounds based on the judgment entered by the 298th District Court. A true and correct copy of this dismissal order is attached as Exhibit 4.

6.     On or about September 5, 2014, Davis filed another lawsuit, Cause No. 429-03449-2014, against Baxter and others (including the presiding judge of the 298th District Court) in the 429th District Court of Collin County, Texas (the "429th District Court"). A true and correct copy of Davis's original petition in that case, without exhibits, is attached as Exhibit 5. On October 31, 2014, the 429th District Court dismissed Davis's claims against Baxter in that case with prejudice. Following a severance, the 429th District Court's judgment dismissing Davis's claims against Baxter is now final. True and correct copies of the 429th District Court's dismissal order and severance order are attached as Exhibit 6.

7.     On November 7, 2014, Davis filed this lawsuit against McKool Smith and "GECESC Associates LLC," which is apparently a reference to GECESP. Davis previously sought to add GECESP to CA No. 3:14-cv-00056, but the Court struck her amended complaint, which was filed without leave of Court after the order dismissing McKool Smith had already been entered. Davis has also submitted an arbitration demand and a wage claim with the Texas Workforce Commission against GECESP.

8.     On November 17, 2014, Magistrate Judge Toliver entered, *sua sponte,* Findings, Conclusions and Recommendations that this case be dismissed with prejudice, noting that it was duplicative of CA No. 3:14-cv-00056, which the Court had already ordered be dismissed.

9.     Two days later, on November 19, 2014, Davis filed a new action in the Eastern District of Texas, CA No. 4:14-cv-00754, against McKool Smith and Baxter. A

true and correct copy of Davis's complaint in that case is attached as Exhibit 7. Then, on November 21, 2014, Davis filed yet another lawsuit in the Eastern District of Texas, CA No. 2:14-cv-01065, against "GECESC Associates LLC." A true and correct copy of Davis's Title VII Complaint and Complaint for Wrongful Injunction in that case is attached as Exhibit 8.

10.     Davis also continues to file motions and pleadings in cases that have long been dismissed or terminated. For example, on November 21, 2014, Davis filed a "Motion to Transfer, Consolidate, Sever, Change Venue, Remove, Remand, and/or Reopen Case; and for Antisuit Injunction to Stay State Court 'Proceedings'" in CA No. 3:13-cv-04926-N-BK, a true and correct copy of which is attached as Exhibit 9. However, the Court remanded that case to the 254th Judicial District Court of Dallas County ("254th District Court") more than 9 months ago. True and correct copies of Magistrate Judge Toliver's recommendation for remand and the Court's order and judgment are attached as Exhibit 10. Also on November 19 and 21, 2014, Davis filed similar motions in several other cases, including CA No. 4:13-cv-514. True and correct copies of Davis's motions in that Eastern District case are attached as Exhibit 11. Significantly, Davis voluntarily dismissed her claims against Baxter in that case over a year ago, but repeatedly attempted to vacate the order of dismissal, which ultimately caused the Court to enter an order, a true and correct copy of which is attached as Exhibit 12, directing the Clerk not to accept any further filings from Davis without express leave of Court.

11.     Davis also previously brought an action against Baxter and Leslie D. Ware ("Ware") in the 254th District Court.  In a sanction order entered in that case, a true and correct copy of which is attached hereto as Exhibit 13, Davis was ordered not to contact Baxter, Ware, or their families. Shortly thereafter, Ware filed a motion to hold Davis in contempt for repeatedly violating this order, a true and correct copy of which is attached hereto as Exhibit 14.  Davis failed to comply with two orders to appear at a show cause hearing on this contempt charge, and the 254th District Court has twice issued a *capias* for her arrest, true and correct copies of which are attached as Exhibit 15.  As of the date of this declaration, the contempt hearing in the 254th District Court has not been held.

12.     Finally, on November 24, 2014, as this Declaration was being prepared, Davis filed yet another Complaint in this Court, this time naming as defendants not just McKool Smith, Baxter, and Ware, but also the State Bar of Texas, four state court judges, and various lawyers who have represented McKool Smith, Baxter, and Ware in these various cases, including the undersigned.  A true and correct copy of Davis's latest Complaint is attached as Exhibit 16.

13.     Since September 2013, Figari & Davenport has spent in excess of 500 hours representing McKool Smith in connection with the multiple lawsuits Davis has filed against McKool Smith or Baxter.

I declare, under penalty of perjury, that the foregoing is true and correct.

---

Executed on this 25th day of November, 2014.

_____
Donald Colleluori

345M 000388

### Cause No. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT |
| | § | |
| MCKOOL SMITH, P.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### AMENDED ORDER DISMISSING ALL CLAIMS WITH PREJUDICE, IMPOSING SANCTIONS, AND ENJOINING FURTHER FILINGS

On December 26, 2013, came on for hearing Defendants' Second Motion for Sanctions (the "Motion"). Although duly served with a copy of the Motion and an Order to Appear and Show Cause why the Court should not grant the Motion, and impose sanctions, based on the conduct detailed in the Motion, Plaintiff Chelsea Davis ("Davis") failed to respond to the Motion or appear at the hearing thereon.

Based on the conduct detailed in the Motion, Defendants seek the imposition of sanctions on Davis in the form of an Order (1) modifying the prior orders of dismissal so as to dismiss Davis's claims against Defendants with prejudice; (2) enjoining Davis from filing further lawsuits against Defendants; (3) imposing a monetary sanction of $10,000.00, and (4) awarding Defendants all of their costs and attorneys' fees incurred in connection with these cases, together with reasonable fees in the event of any appeal.

Based on the evidence and argument introduced at the hearing, the Court finds and concludes that Plaintiff has repeatedly filed, and dismissed, numerous lawsuits against Defendants in multiple courts asserting the same or related claims, with no intention of

---

AMENDED ORDER DISMISSING CLAIMS, ETC.

**EXHIBIT**

1

prosecuting these various suits but instead for the purpose of harassing Defendants; and that such filings were an effort by Davis to forum shop and evade sealing and stay orders of this and other courts solely to generate publicity.

The Court further finds that Davis has acted in bad faith, and abused the judicial system, by repeatedly violating sealing and stay orders entered by this Court; improperly communicating with the Court on an ex parte basis, and by uninvited emails despite being instructed not to do so; filing groundless pleadings, motions, and other documents, including filing lawsuits in multiple courts on the same day alleging the exact same claims as were already pending before other courts, filing additional lawsuits naming different defendants on the same claims so as to avoid sealing and/or transfer orders, and filing discovery or groundless motions in cases already dismissed; making groundless accusations of misconduct against counsel and the judiciary, including forgery and corruption; and delivering numerous vile, obscene and offensive email communications to opposing counsel and Defendants.

Davis' abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders. These actions are sanctionable as violations of Tex. Civ. Prac. And Rem. Code §§10.001(1) and (3), and pursuant to the Court's inherent power. It is, therefore, accordingly

---

AMENDED ORDER DISMISSING CLAIMS, ETC.

ORDERED that the Motion is hereby granted in ~~its entirety~~ *Part* and the Court's prior Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order; it is further

ORDERED that all claims asserted by Davis herein against these Defendants be and the same are hereby DISMISSED WITH PREJUDICE; it is further

ORDERED that Davis pay to Defendants the sum of $10,000.00 as a sanction; it is further

ORDERED that Defendants have and recover from Davis the sum of $65,000.00 as reasonable and necessary attorney's fees and expenses incurred by them as a result of Davis' sanctionable misconduct; it is further

~~ORDERED that Davis be, and she hereby is, enjoined from any further filing against Defendants of the claims dismissed herein.~~

SIGNED this __27__ day of December, 2013.

Emily A. Tobolek

JUDGE PRESIDING

AMENDED ORDER DISMISSING CLAIMS, ETC.

PAGE 3



FILED

13 DEC 16 PM 1:52

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

DEPUTY



# SEALED FILING

### Cause No. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT |
| | § | |
| MCKOOL SMITH, P.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' SECOND MOTION FOR SANCTIONS

A. Erin Dwyer
State Bar No. 06302700
Don Colleluori
State Bar No. 04581950
FIGARI & DAVENPORT, L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
Tel:  214/939-2000
Fax; 214/939-2090

ATTORNEYS FOR DEFENDANT
MCKOOL SMITH, P.C.



EXHIBIT

2

Cause No. DC-13-14215-M

| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT |
| | § | |
| MCKOOL SMITH, P.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' SECOND MOTION FOR SANCTIONS

Samuel F. Baxter ("Baxter") and McKool Smith, P.C. (the "Firm") file this motion requesting the Court to sanction Plaintiff Chelsea L. Davis ("Davis") pursuant to Tex. Civ. Prac. & Rem. Code § 10.001 *et seq.* and the Court's inherent power, and in support thereof would respectfully show as follows:

### Introduction

For almost two months now, Davis has abused the judicial system to conduct an unrelenting campaign of harassment against Baxter, the Firm, and their counsel. To date she has filed half a dozen, essentially identical, cases against these Defendants in Dallas and Collin Counties. As evidenced by her subsequent non-suits of all of these cases, Davis has no intention of prosecuting her frivolous claims, and instead is using the courts for an improper purpose: to generate false publicity in aid of her extortion attempts. Along the way, Davis has deliberately circumvented the random case assignment system in Dallas County; routinely ignored court orders; filed groundless pleadings or motions, and other documents containing false accusations; sent obscene and offensive e-mails to opposing counsel; repeatedly communicated ex parte with the Court despite being

APP 013

instructed not to do so; and published statements accusing the Dallas judiciary of corruption.

Davis's conduct is outrageous. It is the type of conduct that, if tolerated, breeds disrespect for and threatens the integrity of our judicial system. It therefore warrants the severest of sanctions.

### The Pertinent Facts as to Davis's Misconduct

1.      On October 28, 2013, Davis filed Cause No. DC-13-12834-M against Baxter and the Firm. Although the petition revealed that Davis had recently filed two other lawsuits against Baxter, one in Collin County and another just two weeks earlier in the 254th District of Dallas County (the "First Filed Action"), the case was assigned to this Court. Pursuant to the governing local rules and common law, Defendants filed a motion to transfer the case to the family court for consolidation with the First Filed Action.

### Davis Violates the Sealing Orders and Stay

2.      Due to the salacious nature of Davis's allegations,[1] which had already been pled in the First Filed Action and were repeated in this Court solely to evade an existing sealing order entered by the family court, Defendants asked this Court to likewise seal Davis's petition. On October 30, following an emergency hearing, the Court ordered that the petition be placed under seal until the hearing on Defendants' Motion for Permanent Sealing Order.

---

[1] In addition to Davis's ridiculously frivolous claims against Defendants for "human trafficking" and "compelling prostitution," Davis's petition included allegations of misdeeds by Les Ware, Harlan Crow and other prominent Dallasites.

3.      Four days later, and notwithstanding the Court's temporary sealing order, Davis filed an amended petition without placing it under seal. Defendants immediately filed an emergency supplemental motion for temporary sealing and sought a stay to prevent Davis from attempting to evade the two sealing orders by making subsequent filings in this case. After a hearing at which Davis failed to appear, the Court entered a supplemental sealing order and stayed the action for all purposes until "the Sealing Hearing and the hearing on Defendant's Motion to Transfer this action to the 254th Judicial District Court."

4.      One week after the Court entered the supplemental sealing order, and notwithstanding the court-ordered stay of all proceedings, Davis filed a so-called "Motion to Deny Transfer and to Sever and Opposition to Defendant's Emergency Motion to Stay." Included as part of this motion was another draft petition against Baxter, which Davis again filed without having it placed under seal. The draft petition contained essentially the same allegations included in her previously-filed petitions in this Court and the First Filed Action, all of which had been sealed. Defendants responded with a motion for sanctions because Davis had not obtained an order lifting the stay before she filed the draft petition; she did not file the draft petition under seal; and the proposed draft appeared to have no purpose other than to evade the sealing order.

### The Transfer Hearings and Court Warnings

5.      On November 18, the Court held a hearing on Davis's motion to prevent transfer and Defendant's motion seeking sanctions for Davis's violation of the sealing orders and stay. . At the conclusion of the hearing, the Court neither granted nor denied

the sanctions motion, but she reminded Davis that her petition and amended petition had been sealed by the Court and the case was stayed pending the transfer hearing in the 254th District Court; therefore, she should not file any more papers in the case until then.

6.     The Court did deny Davis's request for an order prohibiting transfer of the case to the family court for consolidation with the First Filed Action. When Davis advised the Court that she would simply non-suit her case and re-file it to avoid transfer if the Court denied her motion, the Court warned her that she could not avoid transfer in this fashion because, while a plaintiff is always free to non-suit her claims, any lawsuit Davis re-filed with the same or similar allegations would again be assigned to this Court in conformity with local rules designed to prevent forum shopping.

7.     Following the hearing, and in light of Davis's threat to harass Defendants by non-suiting then re-filing her claims, Defendants' counsel sent Davis an e-mail warning her that Defendants would seek sanctions for any such future filings that were not placed under seal. *See* Exhibit A attached. That same afternoon, Davis sent an unsolicited e-mail to the Court in which she falsely and groundlessly accused Defendants' counsel of "lying to you." The Court immediately responded by instructing Davis to send no more unsolicited e-mails to the Court. *See* Exhibit B attached. That evening, in a vain effort to avoid transfer, Davis non-suited her claims against Baxter, leaving intact the remaining claims she had asserted against the Firm.

8.     Having failed to convince the Court to prohibit transfer of the case, and unable to block transfer simply by non-suiting part of the case, Davis then sent an offensive e-mail to Angie Bain, one of Baxter's attorneys, in which she essentially

---

conceded the motion to transfer. *See* Exhibit C attached (delivered the day before the scheduled transfer hearing in the 254th District Court). Fifteen minutes after communicating her intention to "quit," however, and unbeknownst to Defendants' counsel, Davis improperly e-mailed the Court again, but this time on an ex parte basis without copying opposing counsel. *See* Exhibit D attached. The Court immediately advised Defendants' counsel of this ex parte communication, and instructed Davis a second time to cease her e-mail communications with the Court.

9.     Davis responded to the Court's chastisement by sending yet another offensive – and this time threatening – email to Ms. Bain. *See* Exhibit E attached. When Ms. Bain responded with a request that Davis confine her future e-mails to the case and forego any further personal attacks and profanity, Davis replied "go fuck yourself," called Ms. Bain "a little bitch," and expressed her wish that Bain die on the way to the courthouse for the transfer hearing. *See* Exhibit F attached.

10.     On November 20 the family court ordered that Cause No. 13-12834 be transferred for consolidation with the First Filed Action. Davis did not appear at the hearing in the family court on the motion for transfer. Thereafter, this Court entered a ministerial order effecting transfer of the case.

### Davis Ramps Up Her Outrageous Behavior and Abuse of the System

11.     During the three weeks since the case was transferred to family court, Davis has (a) publicly accused the Dallas judiciary of corruption; (b) besieged counsel with an onslaught of vulgar, obscene, and offensive e-mails; (c) made additional, ex parte communications with the Court; (d) questioned the validity of court orders and labeled

one as a forgery; and (e) repeatedly filed the same lawsuit over and over again in multiple courts in a deliberate attempt to avoid the sealing orders and the court-ordered transfer of her claims to the family court.

12.     Immediately after learning that the First Filed Action had been transferred, for example, Davis logged on to her Facebook account to post an unsubstantiated, false, and slanderous public statement accusing the Dallas judges of corruption.  *See* Exhibit G attached.

13.     Davis's unrelenting disparagement of opposing counsel in vicious, obscene and disgusting e-mails has likewise continued unabated.  *See* Exhibit H.  This bad faith conduct includes the following highly offensive, obscene statements directed at counsel and their clients:

- "EAT FECES OFF DADDY'S DICK ... YOU BITCH WHORE MOTHER FUCKING CUNT. I HATE YOU."

- "SEND A COURIER TO THE GOD DAMN COURTHOUSE TO FILE THIS FOR ME TODAY YOU ASSHOLES. I CANNOT AFFORD THE $24 TO DRIVE TO FUCKING DALLAS TO DO THIS MYSELF AND YOU FUCKS HAD THE CASE SEALED SO THAT I CANNOT FILE IT ONLINE. I HATE YOU MOTHER FUCKERS.  GO FUCK YOURSELF."

- "Fuck you.  You're not deposing me in the morning. I'm requesting depositions for a real lawsuit, not your family court bullshit.  I don't have time for your bullshit."

14.     Other e-mails sent to Ms. Bain and Don Colleluori are so outrageous and disgusting that decency prevents their repetition.  Copies of these vulgarities, however,

are attached hereto as Exhibit I.  Because these shameful e-mails were sent in the context of the multiple lawsuits Davis has filed, opposing counsel had no choice but to read each of these abusive, embarrassing, and harassing e-mails.

15.     Davis has also continued her bad faith attempts to gerrymander the choice of forum and avoid the sealing orders by repetitive filing of the same suit.  In each case, Davis simply non-suits her new lawsuit whenever she is faced with the prospect that the case will be transferred or sealed, thereby demonstrating the groundless nature of her filings and tacitly acknowledging their improper purpose.  Since November 20, when the family court ordered the transfer, Davis has, among other things:

    a.    in violation of this Court's stay and temporary sealing order, filed an unsealed "Second Amended Petition" in Cause No. 13-12834;

    b.    filed a "Motion to Vacate" the transfer order entered in that case, in which she alleges the Court was "despicably" attempting to "cover-up" crimes by the Firm;

    c.    commenced two new, identical lawsuits against the Firm, which were filed within twelve minutes of each other on December 2 in Dallas County and Collin County, and that allege the same facts and assert the same claims as those already pending elsewhere;

    d.    attempted to vacate the dismissal of an earlier federal lawsuit she filed against Baxter in which she had asserted many of the same claims; and

e.      most recently, commenced a lawsuit detailing the same facts and

allegations with respect to Baxter and the Firm, but naming a

different defendant as an artifice to avoid transfer.[2]

16.    Once the Court learned that Davis had filed a second lawsuit assigned to

this Court, Cause No. 13-14215, only days after the previously-filed lawsuit was

transferred, and that the petition in this second suit had likewise been filed unsealed, she

notified all counsel that she was available for an emergency hearing on December 4. *See*

Exhibit J attached. Davis responded to that notice with yet another unsolicited e-mail to

the Court in which she questioned the validity of the Court's "unstamped orders." *See*

Exhibit K attached.

17.    As a result of Davis's newly-filed lawsuit, Defendants were required to

prepare and file yet another motion to seal and for transfer. After receiving the Court's

notice, Defendants' counsel advised Davis by e-mail they would present their motion to

the Court at a hearing that afternoon. Defendants' McKinney counsel likewise filed a

motion to seal in the Collin County case and notified Davis of an emergency hearing they

had scheduled in that case. Without notifying either group of opposing counsel, Davis

then non-suited both the Dallas and Collin County cases.

18.    Unaware of the non-suit, Defendants' counsel appeared at the courthouse

for the scheduled hearing in the Dallas suit. The Court advised Defendants' counsel that

Davis had filed a notice of non-suit, then an amended notice of non-suit, and that she was

---

[2] This recent suit, filed against Harlan Crow, has also now been sealed and likewise transferred to the 254th District
Court.

still in the clerk's office. Counsel located Davis and invited her to attend the hearing, but Davis refused. At the ensuing hearing, the Court entered a temporary sealing order, followed by an order of non-suit.

19.     When Defendants' counsel approached Davis in the courthouse hallway to invite her to the hearing, he also attempted to hand her an order compelling her deposition that had been entered by the 254th District Court. Davis refused to accept service of that order. But Davis did not, in turn, serve counsel with or even advise him that she had just filed a hand-written letter to the Court. Davis made no later attempt to serve counsel with that filing either.[3] This "Motion," a copy of which is attached as Exhibit L, makes the wholly unsubstantiated and false accusation that Defendants' counsel forged Judge Turner's signature to the order of transfer.

20.     There appears to be no end in sight to this lunacy. Since the Court entered the order of non-suit in Cause No. 13-14215, Davis has filed a motion to withdraw the non-suit, a motion for entry of a discovery control plan (although no suit was pending at the time), and, immediately thereafter, another notice of non-suit!  She has also commenced the above-described groundless suit against Crow, and served a Rule 202 Petition seeking depositions of Les Ware and Lawrence Friedman.

## ARGUMENT AND AUTHORITIES

Chapter 10 of the Texas Civil Practice & Remedies Code authorizes the imposition of sanctions for frivolous pleadings and motions. Among other things, it

---

[3]  Counsel discovered this ex parte communication/unserved motion that was filed with the Court only when it was later attached to a motion Davis filed in federal court seeking to vacate its dismissal of her lawsuit against Baxter in that forum. That groundless motion, constituting yet another attempt to abuse the process to obtain a different forum, has already been denied by Judge Clark of the Eastern District.

provides that the signing of a pleading or motion constitutes a certificate by the signatory that "the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation." Tex. Civ. Prac. & Rem. Code § 10.001(1) (Vernon 2012). If the Court determines that a person has signed a pleading or motion in violation of Section 10.001, it may impose a sanction on that person, a party represented by that person, or both. *Id.* § 10.004(a). If sanctions are levied pursuant to a motion filed under the statute, the Court may also award attorneys' fees and expenses to the party presenting the motion. *Id.* § 10.002(c).

A trial court also has inherent power to sanction for abuses of the judicial power that are not expressly covered by rule or statute. *See In re Bennett*, 960 S.W. 2d 35, 40 (Tex. 1997); *Kutch v. Del Mar College*, 831 S.W. 2d 506, 510 (Tex. App. – Corpus Christi 1992, no writ). This includes the power to sanction a party for failure to comply with a valid court order, *Kutch*, 831 S.W. 2d at 510, and the power to discipline an attorney's behavior. *In re Bennett*, 960 S.W. 2d at 40; *Clark v. Bres*, 217 S.W. 3d 501, 512 (Tex. App. – Houston [14th Dist.] 2006, pet. denied). Indeed, a court may call upon this inherent power at any time "to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Eichelberger v. Eichelberger*, 582 S.W. 2d 395, 398-99 (Tex. 1979). In doing so, a court is not limited to considering only the specific violation for which sanctions are finally imposed, but it may consider everything that has occurred during the history of the litigation. *Clark*, 217 S.W. 3d at 512 (emphasis added).

Davis's bad faith and outrageous conduct towards counsel and the Court, her callous and repeated disregard of court orders, her groundless and false accusations of forgery and judicial corruption, and her flagrant abuse of the judicial process through multiple case filings and non-suits – designed to avoid transfer and sealing orders solely for the purpose of harassing Defendants – all cry out for the imposition of severe sanctions.

Texas courts have not hesitated to impose sanctions to punish or deter conduct similar to Davis's. *In re Bennett* involved two attorneys' use of multiple filings and non-suits of the same case to deliberately circumvent a county's random case assignment system. Finding that "[t]his type of conduct, if tolerated, breeds disrespect for and threatens the integrity of our judicial system," the Texas Supreme Court approved a trial court's imposition of a $10,000 monetary sanction against each attorney. 960 S.W. 2d at 40. Important for our purposes here, the Supreme Court expressly held that the trial court had plenary power to impose the sanctions even after plaintiffs had filed their non-suits. 960 S.W. 2d at 38.

In another case, a trial court awarded sanctions of $10,000 and attorney fees and costs of $50,000 against an attorney who, after having one suit dismissed for lack of personal jurisdiction, immediately filed the same lawsuit in three additional counties without changing any of the jurisdictional allegations. *Corea v. Bilek*, 362 S.W. 3d 820 (Tex. App. – Amarillo 2012, no pet.). Much like Davis's threat to simply non-suit and re-file here as a means of avoiding transfer, the attorney in *Corea* sent an e-mail threatening that he would continue to chase the defendant "to the ends of the earth."

And, after a motion for sanctions was filed in that suit, the plaintiff, like Davis, filed a motion for non-suit. Finding that the filing of two other lawsuits in different Texas counties on the same day was evidence of an intention to harass, *id.* at 827, the appellate court affirmed the sanction award and held that the filings were groundless and filed in bad faith or for purposes of harassment. *Id.*

So too here. Davis has now filed the same lawsuit against Baxter and/or the Firm at least six (6) times in multiple counties, only to later non-suit her cases when faced with a court sealing order, transfer order, or order of stay. Indeed, exactly like *Corea*, Davis filed the identical suit twice against the Firm in two different counties on the same day. Because these filings had no legal purpose, given the pending First Filed Action, they were plainly intended solely for purposes of harassment and avoidance of court orders. Hence, they are sanctionable under both Chapter 10 and the Court's inherent power.

Other filings made by Davis provide additional grounds for sanctions. For example, Davis's allegation of forgery in her handwritten motion filed with the Court is entirely unsubstantiated and demonstrably false. Davis had no basis for this groundless accusation, and by signing the filed motion she ran afoul not only of § 10.001(1), but also § 10.001(3) (signature on motion constitutes certificate that each factual contention has evidentiary support). Not only did Davis fail to appear at the hearing in the First Filed Action during which the court granted the motion to transfer, she clearly made no investigation or inquiry as to what the court did before leveling her false claim.

Equally, perhaps even more, troubling is Davis' improper, abusive, and bad faith communications with counsel and the Court. Even putting aside her ex parte

communications and unsolicited e-mails to the Court, and her charges of judicial corruption, her atrocious and bizarre communications with counsel alone justify extraordinary sanctions.

In *Clark v. Bres*, 217 S.W. 3d 501 (Tex. App. – Houston [14th Dist.] 2006, pet. denied), the court sanctioned counsel for abusive and contumacious conduct during a deposition. One year later, in a different case, the same appellate court upheld a $162,000 monetary sanction a trial court levied against a party who filed numerous groundless pleadings in bad faith or for improper purposes, abused the discovery process, and engaged in conduct intended to disrupt proceedings. *Broesche v. Jacobsen*, 218 S.W. 3d 267, 275-76 (Tex. App. – Houston [14th Dist] 2007, pet. denied). Both cases hold that a trial court has inherent power to sanction for an abuse of the judicial process, and the trial court is entitled to consider everything that has occurred in the litigation in assessing sanctions. *Broesche*, 218 S.W 3d at 276-77; *Clark*, 217 S.W. 3d at 515. The sanctionable conduct addressed in *Broesche* and *Clark* pales in comparison to the heinous and false accusations Davis has made against the lawyers and judges here, and the numerous opprobrious e-mails she authored and sent.

Davis's transparent forum shopping and attempted avoidance of the transfer orders also warrants severe sanctions. Under far less egregious circumstances, courts have even dismissed a party's claims with prejudice for abusing the system in this fashion. Just last year, for example, the Dallas Court of Appeals upheld a trial court's order awarding monetary sanctions and dismissing a case with prejudice after a plaintiff non-suited her case once it was transferred consistent with a prior forum determination. *See Lugo v. St.*

*Julian*, 2012 Tex. App. LEXIS 4777 (Tex. App. – Dallas, June 14, 2012, no pet.). Dismissal is also appropriate when a party has exhibited flagrant bad faith or callous disregard for discovery rules or court orders, thereby raising the inference that a party's claims lack merit. *See Kutch*, 831 S.W. 2d at 511, *citing Transamerica Natural Gas v. Powell*, 811 S.W. 2d 913, 918 (Tex. 1991). In *Kutch*, the appellate court reversed the "with prejudice" aspect of the trial court's dismissal sanction only after finding that the party's omission was not motivated by flagrant bad faith or callous disregard for the trial court's order. 831 S.W 2d at 513. The same cannot be said of Davis. Her actions are not simply bad judgment or negligence; they are instead the "conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Falk & Mayfield, L.L.P. v. Molzan*, 974 S.W.2d 821, 828 (Tex. App. – Houston [14th Dist.] 1998, pet denied).

Sanctions may be imposed for a variety of reasons and their function can be compensatory, punitive or deterrent in nature. *Transamerica*, 811 S.W. 2d at 922 (Gonzalez, J., concurring). All three types of sanctions are proper here. Monetary sanctions are appropriate to compensate Defendants for the costs they incurred as a result of Davis's misconduct. And dismissal of her claims with prejudice is the only effective deterrent. Enough is enough.

## CONCLUSION

As a result of the foregoing, Defendants respectfully pray that the Court set a hearing on this motion and enter its order requiring Davis to appear and show cause why she should not be sanctioned for the conduct describe above and that, at the conclusion of such hearing, the Court enter its Order (1) modifying her order of dismissal so as to

---

dismiss Davis's claims against Baxter and the Firm with prejudice; (2) enjoining Davis from filing further lawsuits against Baxter and the Firm; (3) imposing a monetary sanction of $10,000.00 and (4) awarding Defendants all of their costs and attorneys' fees incurred in connection with these cases, in an amount to be proved at the hearing, together with reasonable fees in the event of any appeal; and (5) such further relief, general or special, legal or equitable, to which Defendants may be entitled.

Respectfully submitted,

By: _____
A. Erin Dwyer
State Bar No. 06302700
Don Colleluori
State Bar No. 04581950

FIGARI & DAVENPORT, L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
Tel: 214/939-2000
Fax: 214/939-2090

ATTORNEYS FOR DEFENDANT
MCKOOL SMITH, P.C.

## CERTIFICATE OF SERVICE

I certify that on this 16th day of December, 2013, a true and correct copy of the foregoing document was sent via facsimile and certified mail, return receipt requested, to Chelsea L. Davis, 25 Highland Park Village, Suite 100-830, Dallas, Texas 75205.

_____
A. Erin Dwyer

APP 027

# EXHIBIT A

**Erin Dwyer**

From:        Don Colleluori
Sent:        Monday, November 18, 2013 12:21 PM
To:          Chelsea Davis
Cc:          Erin Dwyer
Subject:     Cause No. 13-12834; Davis v McKool Smith, et al.

Ms. Davis, at the conclusion of the hearing on your motion today, you indicated your intent to non-suit this action and then re-file it. As Judge Tobolowsky advised you, the Dallas County Local Rules (1.06-1.08) state that any such re-filing would be subject to transfer back to the 298th District Court. Moreover, Judge Tobolowsky has previously ruled that any amended or supplemental pleading or other filing containing the allegations set forth in your current pleading are subject to the temporary sealing order currently in place and may only be filed under seal. Please be advised, therefore, that if you intend to follow through on your threat to non-suit and re-file, any petition in that new case should likewise be filed under seal. If you fail to do so, Defendants intend to pursue any and all available remedies, including sanctions against you.

Don Colleluori
Figari & Davenport, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
214-939-2007 (Direct)
214-939-2090 (Fax)
don.colleluori@figdav.com

1

# EXHIBIT B

APP 030

**Don Colleluori**

| | |
|---|---|
| From: | Emily Tobolowsky [etobolowsky@dallascourts.org] |
| Sent: | Monday, November 18, 2013 1:58 PM |
| To: | Chelsea Davis; Don Colleluori |
| Subject: | RE: DF-13-19281 is dismissed |

It is not appropriate to communicate with the Court by electronic mail unless specifically requested. Please do not do so again. Thank you.

Judge Emily G. Tobolowsky

---

**From:** Chelsea Davis [mailto:cdavis@chelseadavispc.com]
**Sent:** Monday, November 18, 2013 1:33 PM
**To:** Emily Tobolowsky; Don Colleluori
**Subject:** DF-13-19281 is dismissed

Judge,

The temporary ex parte protective order expired on Oct. 30th - case dismissed. There is no action pending in that court. Also, I have not been served in any new matter for which Leslie Ware seeks a protective order. This is not an argument - it's a fact.

**Defendants' attorneys are lying to you.** There is no action for which to stay the present case. The hearing set on Nov. 20th was set improperly by Defendants' counsel with the clerk on my motion to quash my deposition, which was moot, after the case was dismissed.

I cannot appear at the hearing on Nov. 20th, or by 120a special appearance, because doing so would cause me to waive my objections to venue, jurisdiction and the fact that no action is pending, and I would waive everything, including service of process, on any new matter for which Leslie Ware seeks a protective order.

Respectfully,

Chelsea

Chelsea Davis
469.426.5850
cdavis@chelseadavispc.com

All rights are reserved by **CHELSEADAVISPC**, a Texas Professional Corporation. Please note that all communications and links associated with this email address are subject to the terms and conditions of CREATE INNOVATE CELERATE® secure domains. NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this email is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed. Thank you.

APP 031

# EXHIBIT C

**From:** Chelsea Davis [mailto:cdavis@chelseadavispc.com]
**Sent:** Tuesday, November 19, 2013 9:56 AM
**To:** Angie Bain
**Subject:** FUCK YOU

FUCK YOU AND YOUR BULLSHIT LAWYERING. I QUIT YOU SORRY BITCH.

All rights are reserved by **CHELSEADAVIS**PC, a Texas Professional Corporation. Please note that all communications and links associated with this email address are subject to the terms and conditions of CREATE INNOVATE CELERATE® secure domains. NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this email is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed. Thank you.

# EXHIBIT D

## Don Colleluori

| | |
|---|---|
| **From:** | Emily Tobolowsky [etobolowsky@dallascourts.org] |
| **Sent:** | Tuesday, November 19, 2013 10:25 AM |
| **To:** | Chelsea Davis |
| **Cc:** | Don Colleluori |
| **Subject:** | RE: Court appointed attorney |

Ms. Davis:

As I advised you yesterday, you may not communicate with me by email unless requested to. I have copied opposing counsel on this email.

Judge Emily G. Tobolowsky

**From:** Chelsea Davis [mailto:cdavis@chelseadavispc.com]
**Sent:** Tuesday, November 19, 2013 10:14 AM
**To:** Emily Tobolowsky
**Subject:** Court appointed attorney

As an indigent victim of human trafficking, I need a court appointed attorney under the trafficking victims protection act to figure out how to get a protective order in place for myself. Please appoint me an attorney. I have no money, I have not made any money, and I cannot get a job. I cannot do this!

Thanks,

Chelsea

Chelsea Davis
469.426.5850
cdavis@chelseadavispc.com

All rights are reserved by CHELSEADAVISPC, a Texas Professional Corporation. Please note that all communications and links associated with this email address are subject to the terms and conditions of CREATE INNOVATE CELERATE® secure domains. NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this email is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed. Thank you.

# EXHIBIT E

APP 036

**From:** Chelsea Davis [mailto:cdavis@chelseadavispc.com]
**Sent:** Tuesday, November 19, 2013 10:56 AM
**To:** Angie Bain
**Subject:** you little bitch

watch what happens if you go get a protective order for Les against me. you know there is no jurisdiction in family court, no dating relationship. you little bitch. you better watch your step. you're a disgrace to women in this profession. go suck les's dick for money. fuck him in his office. talk to him about how he wants to rape his 12 year old daughter. you're a little bitch with a fucking terrorist for a client. I HATE YOU.

All rights are reserved by CHELSEADAVISPC, a Texas Professional Corporation. Please note that all communications and links associated with this email address are subject to the terms and conditions of CREATE INNOVATE CELERATE® secure domains. NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this email is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed. Thank you.

# EXHIBIT F

**From:** Chelsea Davis [mailto:cdavis@chelseadavispc.com]
**Sent:** Tuesday, November 19, 2013 11:38 AM
**To:** Angie Bain
**Subject:** Re: 254th hearing November 20, 2013

go fuck yourself. i did not request a final protective order, and there is no statutory authority for les to request shit. if he wants a protective order, he has to file a new case and have me served. the court doesn't have jurisdiction. i am not coming tomorrow because you are full of shit. and i hope you croak on your way to the courtroom you little bitch.

Thanks,

Chelsea

Chelsea Davis
469.426.5850
cdavis@chelseadavispc.com
www.chelseadavispc.com

On Tue, Nov 19, 2013 at 11:17 AM, Angie Bain <abain@gbfamilylaw.com> wrote:

Ms. Davis---

I understand from Mr. Dwyer and Mr. Collelouri that you told Judge Tobolowsky that Case DF13-19281 has been dismissed. You appear to be under the impression that the entire case was dismissed when the request for a temporary protective order was dismissed and the Ex Parte protective order was allowed to expire.

The case is still active, Ms. Davis. You have a request for a *final* protective order on file and Mr. Ware has counter-petitioned for a protective order. There is a hearing set tomorrow morning, November 20, 2013 at 9:00 a.m, on two matters. I have set your Motion to Quash Deposition so that we may address obtaining your deposition. Additionally, Mr. Collelouri has set his motion to transfer the 298th case into the 254th case.

Accordingly, I will see you in the morning. And, Ms. Davis, please confine your emails to me to correspondence relevant to the case, without the profanity and personal attacks.

ANGIE BAIN"

Angeline L. Bain
Board Certified -- Family Law
Texas Board of Legal Specialization

Goranson Bain, PLLC
8350 N. Central Expy :: Ste.1700 :: Dallas, TX 75206 :: gbfamilylaw.com
P 214.373.7676 F 214.373.9959 E abain@gbfamilylaw.com

# EXHIBIT G

 Chelsea Davis   Timeline ⌄   Recent ⌄                          +1 Add Friend

Photos · 51

 

 **Chelsea Davis**
12 minutes ago ⌄

My lawsuit against McKool Smith P.C. was just transferred to Family Court. The
judicial system in Dallas, Texas is a complete disgrace. Judges are totally corrupt.
Money and power rule. Not only will I lose, but I will probably have to pay attorney
fees for the six law firms they hired to represent them. Hello Bankruptcy! I need ice
cream.

Share

# EXHIBIT H

APP 042

From: Chelsea Davis <cdavis@chelseadavispc.com>
Subject: GO SUCK LES'S DICK
Date: November 19, 2013 1:50:32 PM CST
To: Angie Bain <abain@gbfamilylaw.com>, "Leslie D. Ware"
<lware@thewarefirm.com>, amyaware <amyaware@gmail.com>

AND WATCH HIM RAPE YOUR MOTHER YOU BITCH. BE A GOOD LITTLE GIRL FOR DADDY, EAT FECES OFF DADDY'S DICK AND DRINK DADDY'S URINE FOR THREE YEARS, LOSE EVERYTHING AND WE'LL SEE HOW YOU TURN OUT YOU BITCH WHORE MOTHER FUCKING CUNT. I HATE YOU.

All rights are reserved by CHELSEADAVISPC, a Texas Professional Corporation.  Please note that all communications and links associated with this email address are subject to the terms and conditions of CREATE INNOVATE CELEBRATE® secure domains.  NOTICE OF CONFIDENTIALITY:  The information contained in and transmitted with this email is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL.  It is intended only for the individual or entity designated above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender by reply immediately.  Any e-mail erroneously transmitted to you should be immediately destroyed.  Thank you.

**Erin Dwyer**

| | |
|---|---|
| **From:** | Erin Dwyer |
| **Sent:** | Wednesday, December 11, 2013 3:11 PM |
| **To:** | Erin Dwyer |
| **Subject:** | FW: CLD's latest |
| **Attachments:** | MotionforProtectiveOrder.pdf |

**From:** Chelsea Davis <cdavis@chelseadavispc.com>
**Subject: GO FILE THIS YOU FUCKS**
**Date:** November 19, 2013 3:10:24 PM CST
**To:** Angie Bain <abain@gbfamilylaw.com>, Leslie Ware <lware@thewarefirm.com>,
"Samuel F. Baxter" <sbaxter@mckoolsmith.com>

SEND A COURIER TO THE GOD DAMN COURTHOUSE TO FILE THIS FOR ME TODAY YOU ASSHOLES. I CANNOT AFFORD THE $24 TO DRIVE TO FUCKING DALLAS TEXAS TO DO THIS MYSELF AND YOU FUCKS HAD THE CASE SEALED SO THAT I CANNOT FILE IT ONLINE. I HATE YOU MOTHER FUCKERS.

GO FUCK YOURSELF.

All rights are reserved by CHELSEADAVISPC, a Texas Professional Corporation. Please note that all communications and links associated with this email address are subject to the terms and conditions of CREATE INNOVATE CELERATE® secure domains. NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this email is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed. Thank you.

APP 044

**From:** Chelsea Davis <cdavis@chelseadavispc.com>
**Date:** December 8, 2013, 10:34:21 PM CST
**To:** Angie Bain <abain@gbfamilylaw.com>
**Subject: Re: Motion To Vacate Order of Dismissal**

Fuck you. You're not deposing me in the morning. I'm requesting depositions for a real lawsuit, not your family court bullshit. I don't have time for your bullshit.
Thanks,

Chelsea

Chelsea Davis
469.426.5850
cdavis@chelseadavispc.com
www.chelseadavispc.com

On Sun, Dec 8, 2013 at 9:39 PM, Angie Bain <abain@gbfamilylaw.com> wrote:

We can talk about this in the morning at your deposition.

Sent from my iPad

On Dec 8, 2013, at 9:24 PM, "Chelsea Davis" <cdavis@chelseadavispc.com> wrote:

This needs to be ruled on tomorrow.

Thanks,

Chelsea

Chelsea Davis
469.426.5850
cdavis@chelseadavispc.com
www.chelseadavispc.com

<MotiontoVacateOrderofDismissal.pdf>
<EXHIBITA_PROTECTIVEORDER.pdf>

# EXHIBIT I

APP 046

**From:** Chezler <chezler@gmail.com>
**Date:** December 7, 2013 at 10:45:07 PM CST
**To:** Don Colleluori <don.colleluori@figdav.com>, Angie Bain <abain@gbfamilylaw.com>
**Subject: Mailing address**

I already told you fucks that I moved to Princeton, Texas. My address is 2068 Meadow View Rd. 75407. Do not send another piece of mail to Highland Park. DO YOU UNDERSTAND YOU MISERABLE PIECES OF SHIT?! Do not send anyone to my house and do not tell anyone my address. I've made it one year without being raped in the middle of the night in my bed, and I plan to survive another year without being raped. I would prefer to be served by facsimile. DO ONE FUCKING THING THAT I ASK OF YOU - SERVE ME BY FACSIMILE. Now go suck Don's dick while Les fucks Don in the ass. Then you can trade places. You can suck Les's dick while Don fucks Les in the ass. Then little miss angie, can you take two dicks at once, or maybe three? Don can fuck you in the ass while you ride Les's dick. Then after you lick don's dick all clean, Don can fuck your cunt while Sam fucks you in the ass and Les fucks your throat and then comes on your face but you can't wipe your eyes because your hands are tied behind your back. And when Sam gets bored, he'll put his vibrating nipple clamps on your nipples. Then Sam will tie you up and put a few super powered vibrators in every hole until you cry for his dick instead. Les is so sick, he'll bring a dog for you to fuck while he videotapes it. And maybe he'll give you a disease too, but you'll just have to take it because if you were to sue him, he'd have his lawyers lie to you and to the judges to transfer your case to an expired protective order order case so that you get nothing and he can laugh at how fucking stupid you were to work for him and think he would pay you more money than he screwed you out of because if you had any sense, you would know that working for him will cause you to go crazy like all the other little bitch lawyers he and sam like to fuck.

All rights are reserved by CHELSEADAVISPC, a Texas Professional Corporation. Please note that all communications and links associated with this email address are subject to the terms and conditions of CREATE INNOVATE CELERATE® secure domains. NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this email is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed. Thank you.

**From:** Chelsea Davis <cdavis@chelseadavispc.com>
**Date:** December 8, 2013, 11:06:08 PM CST
**To:** Angie Bain <abain@gbfamilylaw.com>
**Subject: a thought**

here's a thought. suck my cunt. then enjoy the red oozing cold sore
that blisters on your face bitch. a little les ware for you. i have a
better idea - quit your job.

--

All rights are reserved by *CHELSEADAVIS*PC, a Texas Professional
Corporation.  Please note that all communications and links associated with
this email address are subject to the terms and conditions of CREATE
INNOVATE CELERATE® secure domains.  NOTICE OF CONFIDENTIALITY:  The
information contained in and transmitted with this email is SUBJECT TO THE
ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is
CONFIDENTIAL.
It is intended only for the individual or entity designated above.  You are
hereby notified that any dissemination, distribution, copying, use or
reliance upon the information contained in and transmitted with this e-mail
by or to anyone other than the addressee designated above by the sender is
unauthorized and strictly prohibited.  If you have received this e-mail in
error, please notify the sender by reply immediately.  Any e-mail
erroneously transmitted to you should be immediately destroyed.  Thank you.

# EXHIBIT J

**Don Colleluori**

| | |
|---|---|
| **From:** | Emily Tobolowsky [etobolowsky@dallascourts.org] |
| **Sent:** | Wednesday, December 04, 2013 8:55 AM |
| **To:** | Chelsea Davis (cdavis@chelseadavispc.com); Don Colleluori |
| **Subject:** | New Suit; Cause No. 13-14215 |

Ms. Davis:

It has come to my attention that you have filed a new suit in my Court which appears to be substantially similar to that transferred from my Court.  As you know, when I had jurisdiction over the original case, I had entered an order preventing further filings in the first case until the sealing order hearing.  Accordingly, I am available today and tomorrow to hear any emergency motions arising therefrom.


Emily G. Tobolowsky
Judge, 298th District Court

APP 050

# EXHIBIT K

-----Original Message-----
From: Chelsea Davis [mailto:cdavis@chelseadavispc.com]
Sent: Wednesday, December 04, 2013 11:08 AM
To: Emily Tobolowsky
Cc: Don Colleluori
Subject: Re: New Suit; Cause No. 13-14215

Judge,

Your orders are not stamped. Are they valid? Have you really effected the nonsuit
without prejudice of Samuel F. Baxter?

Thanks,

Chelsea Davis

On Wed, Dec 4, 2013 at 8:54 AM, Emily Tobolowsky <etobolowsky@dallascourts.org>
wrote:
> Ms. Davis:
>
>
>
> It has come to my attention that you have filed a new suit in my Court
> which appears to be substantially similar to that transferred from my
> Court.  As you know, when I had jurisdiction over the original case, I
> had entered an order preventing further filings in the first case
> until the sealing order hearing.  Accordingly, I am available today
> and tomorrow to hear any emergency motions arising therefrom.
>
>
>
>
>
> Emily G. Tobolowsky
>
> Judge, 298th District Court
>

# EXHIBIT L

**APP 053**

DC-13-12834

To: Judge Emily Tobolowsky
    298th District Court
    600 Commerce St.
    Dallas, TX 75202



From: Chelsea L Davis
      25 Highland Park Vlg. Ste. 100-830
      Dallas, TX 75205

Dear Honorable Judge Emily Tobolowsky:

   Don Colleluori forged Judge Don Turner's signature on the attached "Order Granting Motion to Transfer Related Case."[1] Mr. Colleluori photocopied and edited/pasted the signature from the "Temporary Ex Parte Protective Order and Order Setting Hearing"[2] onto the "Order Granting Motion to Transfer Related Case."

   This Court and the 254th Judicial District Court lack authority to transfer this action/case Cause No. DC-13-12834 because doing so would prejudice Plaintiff and cause an unfair outcome, denying Plaintiff a monetary recovery which she seeks - over $1,000,000. Consolidation would not allow Plaintiff to introduce all of her evidence and would prevent Plaintiff from introducing any of her evidence. Please vacate Order Transferring Case and allow Plaintiff to proceed with her claims against McKool Smith P.C.

Sincerely,

Chelsea L. Davis

[1,2] Enclosures - See Orders.

**Dismissed and Opinion Filed October 29, 2014**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-13-01747-CV

---

### CHELSEA L. DAVIS, Appellant

### V.

### MCKOOL SMITH P.C., Appellee

---

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-14215**

---

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Myers
Opinion by Chief Justice Wright

Appellee has filed a motion to strike appellant's corrected brief and to dismiss the appeal.

Our records reflect appellant's brief was originally due May 7, 2014. On appellant's motion, that

deadline was extended to July 7, 2014. We subsequently stayed that deadline to allow appellant,

again on her motion, to file, no later than July 11, 2014, an affidavit of indigence with the trial

court in compliance with Texas Rule of Appellate Procedure 20.1. *See* TEX. R. APP. P. 20.1.

Appellant asserted the affidavit was necessary because she could not afford the fee for a

supplemental clerk's record needed for the appeal to proceed. Instead of filing the affidavit,

however, appellant tendered her brief. Accordingly, we reinstated the briefing deadlines and

ordered the brief filed.



EXHIBIT
3

On August 7, 2014, we notified appellant her brief was deficient. We directed her to file an amended brief that complied with Texas Rule of Appellate Procedure 38.1 no later than August 18th and cautioned her that failure to comply could result in dismissal of the appeal without further notice. *See id.* 38.1, 38.8(a)(1), 42.3(b),(c). That deadline was subsequently extended twice, making her brief due September 12, 2014. When appellant had not filed the brief by September 23, 2014, we directed her to file the brief, along with an extension motion, no later than October 3, 2014 and cautioned her again that her appeal could be dismissed if she failed to comply. Appellant tendered her amended brief, but no extension motion, October 6, 2014.

Appellee asserts in support of its motion to strike brief and dismiss appeal that the brief is still deficient and appellant has no regard for the Court's rules and deadlines. Appellee filed its motion October 9, 2014. More than ten days have passed, and appellant has not responded. Because appellant has been given more than five months to file a proper brief but has failed to do so, we grant the motion and dismiss the appeal. *See id.* 38.8(a)(1), 42.3(b),(c).

131747F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHELSEA L. DAVIS, Appellant

No. 05-13-01747-CV          V.

MCKOOL SMITH, P.C., Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-14215.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee McKool Smith, P.C. recover its costs, if any, of this appeal from appellant Chelsea L. Davis.

Judgment entered October 29, 2014.

–3–

APP 057

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0056-N |
| | § | |
| MCKOOL SMITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant McKool Smith's motion to dismiss ("Def.'s Mot.

Dismiss") [Doc. 8]. For the following reasons, the Court grants the motion.

### I. THE EMPLOYMENT DISPUTE

As both parties acknowledge, the claims in this action arise from Plaintiff Chelsea

Davis's former employment with McKool Smith. *See* Def.'s Mot. Dismiss 3; Pl.'s Opp'n

13 [9]. Davis states claims for sex discrimination; disability discrimination; racial

discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false

imprisonment; quantum meruit and unjust enrichment; assault and battery and conspiracy to

commit assault and battery; wrongful termination; breach of contract; intentional infliction

of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and

retention; gross negligence; personal injury under 18 U.S.C.§ 2255; conspiracy to violate

various constitutional and statutory rights; sexual assault, aggravated sexual assault, federal

assault, and sexual abuse; violation of 18 U.S.C.§ 247; and violation of 18 U.S.C. § 1592.

ORDER – PAGE 1



EXHIBIT

4

On December 2, 2013, in an earlier lawsuit, Davis sued McKool Smith in the 298th

Judicial District Court of Dallas County.[1] The state court ultimately dismissed the case with

prejudice. McKool Smith now moves this Court to dismiss the complaint in this action.

## II. THE STANDARD FOR DISMISSAL

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether

the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*,

42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual

content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally

accepts well-pleaded facts as true and construes the complaint in the light most favorable to

the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does

not "accept as true conclusory allegations, unwarranted factual inferences, or legal

conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations

---

[1]When considering a motion to dismiss for failure to state a claim, the Court may consider, in addition to the facts contained in the complaint, "matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). "Courts may take notice of the judicial record in prior related proceedings." *Reneker v. Offill*, 2010 WL 1541350, at *5 (N.D. Tex. 2010).

ORDER – PAGE 2

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss . . . ." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

### III. THE COURT GRANTS MCKOOL SMITH'S MOTION TO DISMISS

#### A. Res Judicata Standard

McKool Smith first argues that Davis's claims are barred by res judicata. Under the principles of res judicata, a plaintiff cannot relitigate claims "that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Federal courts apply state res judicata law when determining the effect of a prior state court judgment. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In Texas, res judicata applies where the following elements are met: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250

ORDER – PAGE 3

S.W.3d 78, 86 (Tex. 2008) (citation omitted); *see also Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011).

### B. Res Judicata Bars Davis's Claims

*1. There Was a Final Judgment on the Merits.* – On December 27, 2013, in response to a motion for sanctions, the judge in the state court action entered an order dismissing all of Davis's claims in that action with prejudice. *See* Def.'s Mot. Dismiss App. 004–006. That dismissal was a final judgment on the merits. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."). That the court issued the order as a sanction does not change the fact that it is a final judgment. *See id.* (dismissal with prejudice as a discovery sanction was a final judgment with preclusive effect); *Logan v. First Bank of Hous., Tex.*, 736 S.W.2d 927, 930–31 (Tex. App. – Beaumont 1987, writ ref'd n.r.e.) (same).

Davis contends that the state court lacked jurisdiction to enter the order. Davis argues that, because she took a nonsuit of her claims on December 4, 2013 and the court dismissed her claims without prejudice the same day, the court was without jurisdiction over the merits of her claims as of that date. This argument is contrary to the law. A state trial court has plenary power to act for thirty days following its dismissal of a case. *See* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d

ORDER – PAGE 4

594, 595–56 (Tex. 1996) (trial court had authority during its plenary jurisdiction to grant

motion for sanctions that was filed following a dismissal in accordance with nonsuit). "A

trial court's power to modify its judgment is virtually absolute during the period of its

plenary power." *In re Provine*, 312 S.W.3d 824, 829 (Tex. App. – Houston [1st Dist.] 2009,

no pet.). Davis took nonsuit of her claims and the case was dismissed without prejudice on

December 4, 2013. Less than 30 days later, on December 27, 2013, the state court entered

an amended order dismissing all claims with prejudice and imposing sanctions. *See* Def.'s

Mot. Dismiss App. 004–006 (ordering that "the Court's prior Order of Nonsuit without

Prejudice is hereby vacated and replaced by this Order"). Because this action occurred

within 30 days of the initial order, it fell within the court's plenary power. Accordingly, the

state court judgment was a final judgment on the merits by a court of competent jurisdiction

for the purposes of res judicata.

   **2. *The Parties in Both Lawsuits Are Identical*.** – In both the state court action and

this action, Chelsea Davis sued McKool Smith. Davis does not dispute that this element of

res judicata has been established. *See* Pl.'s Opp'n 12. The second element of res judicata

is accordingly satisfied.

   **3. *This Action Is Based on the Same Claims That Davis Raised or Could Have***

***Raised in the State Court Action*.** – Courts applying Texas law use the transactional test to

determine whether two suits involve the same cause of action. *Citizens Ins. Co. of Am. v.*

*Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). In applying this test, "a final judgment on an

ORDER – PAGE 5

action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) (citation omitted). Determining the scope of the transaction of the prior suit "requires 'an analysis of the factual matters that make up the gist of the complaint, without regard to the form of the action.'" *Daccach*, 217 S.W.3d at 449 (quoting *Barr*, 837 S.W.2d at 631). The Court should "giv[e] weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr*, 837 S.W.2d at 631 (citation omitted) (internal quotation marks omitted). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.* at 630.

Here, both actions arise from the employment relationship between Davis and McKool Smith as well as allegations of Leslie Ware's and Samuel Baxter's misconduct. *Compare* Pl.'s Compl., *with* Pl.'s Opp'n App. 005–014 ("Pl.'s State Ct. Pet."). Davis alleges facts regarding her employment with McKool Smith in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 10–13, and in her Complaint, *see* Pl.'s Compl. 2–3, 9–10. Davis also alleges facts regarding the misconduct of Ware and Baxter in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 11, 13, 14, and in her Complaint, *see* Pl.'s Compl. 3–4, 5–6, 7. In examining "the factual matters that make up the gist of the" State Court Petition, the scope

ORDER – PAGE 6

of the transaction in the state court action was Davis's employment with McKool and the alleged actions of Ware and Baxter.

Although Davis asserts additional claims in this action that she did not assert in the state court action, she *could have* asserted the claims in the state court action. As Texas law makes clear, "[t]he scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which *arise out of the same subject matter* and which *might have been litigated in the first suit.*" *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979) (emphasis added) (citations omitted). The fact that Davis chose not to assert these additional claims is irrelevant for the purposes of claim preclusion because the relevant inquiry is whether the claims asserted by plaintiff *could have been litigated* in the state lawsuit. All of the claims asserted in this action could have been asserted in the state action because they all arise from the transactions at issue in the state court action – specifically, her employment with McKool Smith and the alleged misconduct of Ware and Baxter. Accordingly, res judicata precludes Davis from asserting these claims in this case.

## CONCLUSION

For the foregoing reasons, the Court grants McKool Smith's motion to dismiss.

ORDER – PAGE 7

Signed September 30, 2014.

David C. Godbey

United States District Judge

CAUSE NO. 429-03449-2014

| CHELSEA L. DAVIS, ~~Chelsea Davis~~ Plaintiff | IN THE DISTRICT COURT FOR THE |
| v. | _429_ JUDICIAL DISTRICT |
| LESLIE D. WARE, HARLAN R. CROW, SAMUEL F. BAXTER, EMILY TOBOLOWSKY, DONALD TURNER, JAMES MARTIN, LAWRENCE J. FRIEDMAN, JOHN DOES 1-20, AND JANE DOES 1-20, *Defendants* | JURY TRIAL DEMANDED  COLLIN COUNTY, TEXAS |

FILED 14 SEP -5 PM 4:46
ANDREA SIROH THOMPSON
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

## VERIFIED ORIGINAL COMPLAINT

TO THIS HONORABLE COURT:

1.     I, ~~Chelsea Davis~~ Chelsea L. Davis ("Chelsea Davis"), hereby swear under oath, Plaintiff CLD

subject to penalty of perjury, that each and every factual statement contained herein is true and

correct based on my personal knowledge at this time, and I file this Sworn and Verified Original

Complaint pro-se for cause against Defendants Leslie Ware, Harlan R. Crow, Samuel F. Baxter,

Emily Tobolowsky, Donald Turner, James Martin, Lawrence J. Friedman, John Does 1-20, and

Jane Does 1-20 (collectively "Defendants") and would show unto the Honorable Court as follows:

### I. PARTIES AND SERVICE

2.     Chelsea L. Davis resides in Collin County, Texas.

3.     Defendant Leslie D. Ware is a sexual predator who leads the human trafficking and

pornography operations responsible for victimizing Chelsea Davis.  He resides in Dallas County,

Texas.  He is a patent troll who finances patent litigation at McKool Smith P.C. and other law firms

using the funds that he manages, which include several investors.  He also finances judicial

campaigns for Dallas County judges.

**ORIGINAL COMPLAINT**



EXHIBIT
tabbies
5

1 of 25

4.      Defendant Samuel F. Baxter is Chelsea's former "boss" at McKool Smith P.C. and one of the nation's top ten intellectual property lawyers.  He resides in Harrison County, Texas. He is a former district court judge and former district attorney for Harrison County. He fed Chelsea to Leslie Ware as a condition of her employment under heinous threats for the benefit of himself and the law firm, to keep its financier happy.

5.      Defendant Harlan R. Crow is a billionaire investor with whom Chelsea Davis was paid to have sex, and he resides in Dallas County, Texas. He and his family built much of Dallas. His company, Crow Holdings Capital Partners LLC (hereinafter "CHCP") and CHCP-affiliated entities, have managed six private equity real estate funds totalling $4.1 billion in capital and reaped exponential profits. CHCP manages approximately $675 million of Harlan Crow's own money. CHCP also advises the family's non-real estate investments, which likely include patents and financing patent litigation.  He donates generously to the Republican party, he likely finances judicial campaigns, and he calls Supreme Court Justice Clarence Thomas a close friend.  But Harlan Crow's sex life is as liberal as his politics are conservative. Harlan Crow loves sex, and he maintains at least one pied a terre to accommodate his sexual appetite while protecting his privacy.

6.      Defendant Emily Tobolowsky is a Dallas County District Court Judge who witnessed Chelsea Davis and Leslie Ware's interactions on a weekly basis in 2012 and, instead of recusing herself, she has acted outside the scope of her public duties to sabotage Chelsea's human trafficking claim against each of McKool Smith P.C. and Harlan Crow (is that one or two claims?), which are not yet ripe as the labor trafficking, due to threatened abuse of law, is ongoing. After over one year of trying, she still has not gained access to any trial court to present any of her evidence in support of her claim for human trafficking.  For example, the Fifth Court of Appeals

**ORIGINAL COMPLAINT**                                              2 of 25

recently ordered Chelsea to file an affidavit of indigence in her trial court, but Judge Tobolowsky instructed her clerks to refuse Chelsea's documents such that she is unable to provide a certified record on appeal. Chelsea would not even have an appeal pending if Judge Tobolowsky had not acted when she clearly lacked jurisdiction to act, more than thirty days after she erroneously closed Chelsea's case prior to any discovery.

7.      Defendant Donald Turner is an Associate Judge of the 254th Judicial District Court, Dallas County, Texas, who has acted outside the scope of his public duties to sabotage Chelsea's human trafficking claims against McKool Smith P.C. and Harlan Crow by instructing the clerks to make mistakes on the public record, etc. He resides in Dallas County, Texas.

8.      Defendant James Martin is Presiding Judge of the 254th Judicial District Court, Dallas County, Texas who has stated, paraphrasing, that (if she does not settle), he really wants to put Chelsea Davis in jail for civil contempt of court for 180 days for no reason at all on Oct. 6, 2014, and he resides in Dallas County, Texas. He has instructed the clerks to make mistakes on the public record and move copies of public records which cannot be moved as if the records (of a new lawsuit for over $1,000,000) were filed in his Court in the midst of a protective order case during which a Court cannot expand its residual jurisdiction. Chelsea knows this because Leslie Ware told her he would do this to her, just as he did to his last victim, and get away with it.

9.      Defendant Larry Friedman is the first lawyer Chelsea Davis hired because of Leslie Ware, and he attempted to sabotage her claims to protect Leslie Ware from ever being deposed. He resides in Dallas County, Texas. Larry Friedman told her he immediately showed Phil Smith her naked pictures of her bruises, etc. Larry Friedman generously finances judicial campaigns for Dallas County judges.   For example, he told Chelsea Davis he and another city leader are

**ORIGINAL COMPLAINT**                                                   3 of 25

responsible for Phyllis Lister Brown serving as the Presiding Judge for the 162nd Judicial District Court, Dallas County, Texas. A lawyer who represents herself has a fool for a client, but no other lawyer is willing to challenge billionaire(s) who have already hired nine law firms to defend themselves against the truth.

10.     Defendants John Does 1-20 and Jane Does 1-20 will be added as they are identified through discovery.

## II. JURISDICTION AND VENUE

5.     This Court has jurisdiction herein because Chelsea Davis maintains a residence and principal office in Collin County, Texas.

6.     Venue is appropriate in Collin County, Texas because events or omissions giving rise to the claims occurred in Collin County, Texas.

## III. VERIFIED STATEMENT OF FACTS

7.     Leslie Ware is a sexual predator who runs a human trafficking and pornography enterprise. He is among the Who's Who of the Dallas Bar Association, figuratively speaking, because of his harem of women and his wealth I presume - he does not practice law. Harlan Crow and former judge Samuel Baxter are his friends who share in the pursuit to abuse women. According at least to documents that Samuel Baxter showed me in 2010, Leslie Ware preys on one female lawyer after the next. He also keeps a harem of prostitutes at any given time for his human trafficking enterprise. He traffics women to his friends, lawyers and investors, including Harlan Crow, Bill Carmody, and Eric Albritton, among others. Leslie Ware and his wife, Amy Abboud Ware, graduated from Southern Methodist University Law School in Dallas, Texas. Leslie Ware actually married into a family of criminals when he married Amy because the Abboud family from

**ORIGINAL COMPLAINT**                                          4 of 25

Omaha, Nebraska was found to have stolen nearly $100 million dollars in the 1990's by running the world's largest cable tv piracy ring. Amy and Leslie Ware live an over-the-top lifestyle in Highland Park, Texas. Leslie Ware has become so good at manipulating women with attachment theory tactics that he teaches his ways to his friends and brags by showing off and sharing his well-trained prey in person and online (or otherwise I believe) via sex tapes recorded without his victims' permission. I suspect he found me several years ago, at least through my home builder in 2007 because he is listed as registered agent for my home builder, but I did not meet him until 2010, after he had already devised his plan to capture me as his prey and cover his tracks, a plan which he planned and has executed perfectly for nearly five years. He used his position on the Board of Directors of SMU law school to gain access to my personal statement in my admissions file, which I believe because he quoted from it and psychoanalyzed me.

8.     Beginning in 2010, just after I began working at McKool Smith P.C., my boss, Sam Baxter, forced me, through force, fraud or coercion involving numerous threats of serious harm - threats to kill me, to have me raped by a judge who was HIV positive, to put me in jail, and to take away my law license - to have a controlling sexual relationship with Leslie Ware as a condition of my employment.

9.     I started with an annual salary of $175,000, but the money only lasted until January 2011, at which point I continued working, just as hard but for much less money. Baxter and Ware promised me $1,000,000 in exchange for my release of my claim for personal injuries (i.e. Herpes) which I acquired in 2010. In 2011 and 2012, Leslie Ware raised my annual pay to $240,000 per year, and, in 2013, Samuel Baxter extended a raise to $280,000, but they haven't paid their bills. I received minimal monthly payments for 33 consecutive months through December 2012 and

**ORIGINAL COMPLAINT**                                                          5 of 25

additional amounts during 2013, but I was never paid in full under any of my oral employment contracts. I have endured years of extreme sexual harassment and sadomasochistic sexual abuse. Leslie Ware and Samuel Baxter employed me, controlled my business and finances and burdened me with obligations and expenses that I could not afford unless I continued to work for them and have sex with them (that I definitely cannot afford now). Leslie Ware controlled my schedule seven days a week - when to walk my dog, when to have sex with him, where to go, never to be more than 15-30 minutes minutes away from him most days, etc. He owned me. He watched me on his way to and from work and, in 2012, on weekends too. We had threesomes with other women during the workday on multiple occasions. I endured Samuel Baxter's sexual harassment and had sex with Samuel Baxter on multiple occasions. McKool Smith P.C. claims to have fired me for cause - but my term of employment was specified through Dec. 31, 2010. I completed every task I was assigned, including due diligence assignments related to patent litigation and communications related to many of Leslie Ware's shell entities and potential litigation finance investments (no matter whether they were intended as legitimate assignments or not). While the details of the surrounding circumstances are not fully described here, like Leslie Ware instructing me to sue Samuel Baxter and go federal, the work has continued as I try to make the threats and abuse stop, which include physical assault most recently in January 2013, July 2013 and January 2014. I received notice of termination from Leslie Ware and the estimated 200 entities associated with Leslie Ware on July 11, 2014.

10.     Leslie Ware and Samuel Baxter, I believe, continue to abuse one female lawyer after the next using the same elaborate scheme to pimp them out and deny them pay under the guise of training them to practice law, and the Dallas County judges and lawyers seal the cases and cover

**ORIGINAL COMPLAINT**                                              6 of 25

their tracks. Their scheme is so outrageous they seem to be famous for it, and it appears I am the last to know exactly how it is they accomplish whatever they have planned for me. Perhaps in a few years, I will learn that not only do I have Herpes and HPV, but I also have Hepatitis and whatever else they have infected me with - I don't know. I need to conduct discovery. They threatened me with jail - and I went until the charges were dropped and I was released. They threatened to take away my law license, and the State Bar of Texas has specifically ordered me to go to Leslie Ware's sister's colleague (from what I can tell) to evaluate my fitness to practice law. It appears to be the same terrifying strategy they use on all of their female lawyer victims to make them look like crazy stalkers, instead of their chosen sexual prey, until they break. While I am irreversibly broken, I have gained strength through my suffering. I have enough fight in my veins to be an Olympic athlete, and I am not afraid anymore (or at least the fear has become my norm).

11.     I have learned that I do not stand a chance in Dallas County courts, and I suspect the odds are against me in the Northern District and especially Eastern District of Texas patent rocket docket. The Dallas Police Department knows I am not a crazy stalker, and the State Bar of Texas knows I am a good patent and trademark lawyer, but that doesn't stop them from bowing down to Defendants.

12.     The named Defendant Judges intentionally acted and made errors to lead to an unfair outcome when they clearly lacked jurisdiction to act. I will explain the exact details of which public records were manipulated by the named Defendants. For example, Associate Judge Donald Turner signed an order on Oct. 30, 2013 that could amount to an agreed protective order, but I clearly did not agree to any order and he clearly lacked jurisdiction to enter any such order. After Larry Friedman's debauchery last year, I have not fallen for the particular legal traps that

**ORIGINAL COMPLAINT**                                                    7 of 25

they used on me and suspected I would fall for.  Now, if this Court will give me a chance, I will explain the tricks Defendants have used to try to prevent me from ever deposing Leslie Ware, Samuel Baxter and Harlan Crow and from ever suing them in a lawsuit in which the Court has jurisdiction to award monetary damages. Because I did not fall for the traps of the best defense lawyering money can buy, Defendants resorted to plain and simple public corruption, damning the integrity of the judicial system.

13.     With regard to my human trafficking claim, I have described above how Sam Baxter "trafficked" me according to the defined tort of trafficking of persons separately and apart from my description below of how Leslie Ware "trafficked" me to Harlan Crow, and I will likely file a motion to sever the two claims for trial purposes.

14.     On or about October 15, 2010, Leslie Ware instructed Chelsea Davis to attend a business meeting between Ware and Harlan Crow at the Mansion Bar in Dallas, Texas. After Ware pushed down the bust and lifted up the hem of Ms. Davis's dress in public and told Crow that Chelsea Davis was his sex slave, Leslie Ware paid Ms. Davis $100 cash to engage in sexual conduct with Harlan Crow.   Afterward, Chelsea Davis had sex with Harlan Crow on multiple occasions.   Harlan Crow sent Chelsea multiple emails as follows, some of which are attached hereto as Exhibit A.

15.     On December 22, 2010, Harlan Crow stated, "I like your legs and your clothes off, let me know if you whant more, harder, more in you and and on you , travel and wiLder! Like a group fuck with private photos. I want more of you soon, let's stay in touch"; "Do you want to come by here and have a fuck while everybody is here, now?"; "I want to do us again soon, hope you got done tonight"; "I want you, nude."; "Or do you want to get fucked another time by the

guy you are fucking now and have a fresh dick in you at around 10:00 am. I'd prefer we do it here now, my dick is hard and for you to come in quietly while everybody, including security, is here, get nude ,do it, would be fun. There are plenty of dicks around for you and plenty of pussy for me but this would be risky and erotic".

16.     On January 6, 2011, Harlan Crow stated, "Can we fuck and travel and fuck soon? I want to fuck friday"; "Can we get together for a fuck soon and a plan a trip with multiple fucks with me and maybe others then?"; "Tried to call you< got no response.would like to fuck you in and with abunch of ppppppppeople soon."

17.     On January 7, 2011, Harlan stated, "I think we can do some fun and wild things but I need to be in your cunt and in your mouth really soon"; "Will you respond to about when we can fuck and travel and fuck?"; "want you this weekend and to wild, horry are you thinking have your cunt licked nicely and to suck me?".

18.     On December 9, 2013, Chelsea Davis filed a civil lawsuit against Harlan Crow for human trafficking, Cause No. DC-13-14479, in the 68th Judicial District Court, Dallas County, Texas. Immediately, without any notice or the opportunity to be heard, Harlan Crow's lawyers had the lawsuit sealed and allegedly ordered for transfer to family court by Associate Judge Donald Turner (who lacks all authority to act on behalf of the 68th Judicial District Court - he is Presiding Judge Martin's employee only). Chelsea's case was erroneously closed on Dec. 11, 2013 (just like her case against McKool Smith P.C. was erroneously closed on Nov. 26, 2013). The procedures by which Defendants accomplished the immediate statistical closure of the lawsuit constitute an abuse of process and indicate collusion. There was no earlier lawsuit or even any indication that the 254th Family District Court had subject matter jurisdiction over the dispute to

**ORIGINAL COMPLAINT**                                        9 of 25

order transfer under the Local Rules of the Civil District Courts of Dallas County, Texas, which are not followed by the Family District Courts. Plus, it was the associate judge, not the presiding judge, acting on behalf of the 68th, not the 254th. In fact, Chelsea Davis learned that Associate Judge Donald Turner, who hit her with a door in the hallway and was very rude to her, never even saw the complaint in *Chelsea L. Davis v. Harlan R. Crow* prior to signing an alleged "order" to transfer. Defendants are simply blocking Chelsea Davis from accessing the courts of Dallas County, Texas, preventing her from either obtaining a protective order to make the trafficking stop or pursuing her claim as a victim of human trafficking, which is quid pro quo continuing the trafficking and victimization. She refuses to present her evidence for her claim on the tort of human trafficking for monetary damages until a court (hopefully this Court) accepts her case for monetary damages.

19.   Defendants sought to prevent Chelsea from ever deposing Leslie Ware and Harlan Crow in any lawsuit, to prevent her from ever introducing any of her evidence of human trafficking in any court in Texas and to avoid liability. Chelsea Davis has not had any opportunity to present any of her evidence, and she has been further victimized by Defendants' threatened abuse of law or legal process which the laws against human trafficking specifically articulate to prevent. The text of Associate Judge Donald Turner's orders is meant to deprive me of my law license by default and prevent me from practicing law in any state for at least five years, so that I will be forced to settle with Defendants and accept their payout over five years. Now, James Martin is threatening to put me in jail for 180 days for contempt of court and says I will never be permitted a jury trial no matter what lawsuit I file against Defendants Harlan Crow, Leslie Ware, Samuel Baxter and McKool Smtih P.C. Donald Turner and James Martin are aiding a human

**ORIGINAL COMPLAINT**                                         10 of 25

trafficking enterprise, and they are subject to liability without immunity just like anyone else for threatening my livelihood, my freedom and depriving me of my Constitutional rights. State, Federal and International treaties protect my rights as a victim of human trafficking and trump their agenda.

20.     I respectfully request this Court for an order to compel the depositions of at least Harlan Crow and Leslie Ware.  When I ask Leslie Ware if he forced me to drink his urine and eat feces, what is he going to say, she wanted to eat it?  It is well known that the State of Texas reigns as a leader in human trafficking and that pornography of all illegal types is handled by intellectual property lawyers in Dallas.  The situation is much worse than what is seen on the surface, but no one, not even the FBI, investigates the rich and powerful who are in control.  At least I am trying to take a few depositions, but, in doing so, I have feared for my life at times, like when I was chased in my car and drugged.

21.     I have two lawsuits pending in federal court in the Northern District of Texas - the employment case against McKool Smith P.C. and the single incident gang-assault case against William Ackman, J. Kyle Bass, Chad Bushaw, Clint Carlson, James Chanos, Leon Cooperman, Stephen Jones Jim Chanos, Lee Cooperman, Chad Bushaw, and Stephen Jones, and associated entities Pershing Square Capital Management LP, Hayman Capital Management LP, Carlson Capital LP, Kynikos Associates LP, Omega Advisors Inc., Colt Ventures, and the Dallas Cowboys Football Club, Ltd.

## IV. CLAIM

### A.     *Claim for Human Trafficking Under State Law - Forced Labor and Sex Trafficking*

22.     Defendants have participated in a venture that involves trafficking of Chelsea Davis.

**ORIGINAL COMPLAINT**                                                    11 of 25

Defendants, for example, Harlan Crow and Crow Holdings Capital Partners LLC, have invested in one or more ventures with The Film Group LLC, PanOptis Corp., PanOptis LLC, PanOptis Holdings LLC, PanOptis Patent Management LLC, Panoptis Equity Holdings, LLC, Kingfisher Fund I, LP, Kingfisher Fund III, LP, Optis CT Holdings, LLC, Optis WT Holdings, LLC, Leslie Ware and/or entities associated with Leslie Ware,   Defendant(s) and/or entities associated with Defendant(s).   Leslie Ware and Harlan Crow knowingly owned, invested in, financed, controlled, supervised, or managed a prostitution enterprise that used two or more prostitutes, including Ware, which is defined by Section 43.04 of the Texas Penal Code as Aggravated Promotion of Prostitution. Ware has paid other women to engage in sexual conduct with Ware and Harlan Crow.

23.   Defendants have participated in a venture that involves trafficking of Chelsea Davis. Leslie Ware, Samuel Baxter and McKool Smith P.C. knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor and/or services. Defendants intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis. Each of Defendants has participated in a venture that involves human trafficking. Leslie Ware, Samuel Baxter, McKool Smith P.C. and each of Defendants knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1), including by receiving labor or services the person knows are forced labor or services.   Under Texas Penal Code Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services.   Leslie Ware, Samuel Baxter, and McKool Smith P.C. knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor or services.   Each of Defendants intentionally or knowingly benefited from participating in a venture that involves trafficking of

**ORIGINAL COMPLAINT**                                              12 of 25

Chelsea Davis.

24.     Each of Defendants has participated in a venture that involves human trafficking. Leslie Ware, Samuel Baxter, and McKool Smith P.C. trafficked Chelsea Davis and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution).  Each of Defendants intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

25.     Each of Defendants has participated in a venture that involves human trafficking. Leslie Ware, Samuel Baxter, and McKool Smith P.C. knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3).  Under Texas Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Leslie Ware, Samuel Baxter, and McKool Smith P.C. knowingly trafficked Chelsea Davis and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Harlan Crow, Leslie Ware and Samuel Baxter knowingly engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3). Each of Defendants intentionally or knowingly benefited from participating in a venture that involves trafficking of

**ORIGINAL COMPLAINT**                                                    13 of 25

Chelsea Davis.

26.     Each of Defendants engaged in the trafficking of Chelsea Davis. Each of Defendants knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1). Under Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services. Leslie Ware, Samuel Baxter, and McKool Smith P.C. knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor or services.

27.     Each of Defendants engaged in the trafficking of Chelsea Davis. Each of Defendants knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3). Under Texas Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by: Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Leslie Ware, Samuel Baxter, and McKool Smith P.C. knowingly trafficked Chelsea Davis and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by: Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Each of Defendants knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3). Samuel Baxter, Leslie Ware and Harlan Crow engaged in sexual conduct with Chelsea Davis when he engaged in actual, simulated or deviate sexual intercourse with her; when he touched her anus, breast, or any

**ORIGINAL COMPLAINT**                                                    14 of 25

part of her genitals with intent to arouse or gratify the sexual desire of any person; when he masturbated on her; when he engaged in sado-masochistic abuse of Chelsea Davis; or when he engaged in lewd exhibition of his genitals or anus to Chelsea Davis or caused lewd exhibition of Chelsea Davis's genitals or anus or any portion of her breast below the top of the areola. Accordingly, Samuel Baxter, Leslie Ware and Harlan Crow knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3).

28.    As a proximate result of the venture and/or of the trafficking of Chelsea Davis, Chelsea Davis has suffered damages, in an amount to be ascertained according to proof at trial, within the jurisdictional limits of this Honorable Court, and seeks punitive and exemplary damages. Each of Defendants and all entities or associations to which each of Defendants belongs, including Crow Holdings Capital Partners LLC, are jointly and severally liable to Chelsea Davis for the entire amount of damages arising from the conduct complained of and added through discovery. Each of Defendants and all entities or associations to which each Defendant belongs, including, for example, Leslie Ware and his entities's managed funds, Crow Holdings Capital Partners LLC and its managed funds, are jointly and severally liable to Chelsea Davis for the entire amount of damages arising from the conduct complained of herein. Under Chapter 98A of the Texas Civil Practices and Remedies Code, a person who engages in conduct described by Chapters 98 and 98A, etc., and Section 98A.002, and is found liable under this chapter or other law for any amount of damages arising from that conduct is jointly and severally liable with any other defendant for the entire amount of damages arising from that conduct.  *See* Tex. Civ. Prac. & Rem. Code § 98A.005.

**ORIGINAL COMPLAINT**                                                    15 of 25

## IV. DAMAGES FOR CHELSEA DAVIS

30.    As a result, Chelsea Davis suffered serious harms, acquired at least two incurable sexually transmitted diseases, lost many friends and her faith in humanity and the justice system, lost her ability to have a normal relationship with a man during her fertile years, and lost almost all of her money. She has not been able to break free to make the money she would have made if Leslie Ware and Samuel Baxter had not sabotaged her career, and, especially now that she is off-track, her career is ruined forever and will likely have to move to a new city and start a new career.  She has suffered damages. She will seek experts, etc. to ascertain the amount of damages if necessary according to proof at trial, although no injury is required for my claim of human trafficking, which are defined by statute to be cumulative to any other lawsuit she may bring. Chelsea Davis suffered: loss of earnings in the past; loss of earnings in the future; and loss of employee entitled benefits, etc.  For purposes of Texas Rules of Civil Procedure, Chelsea Davis seeks monetary relief over $1,000,000.

31.    Chelsea Davis demands judgment against Defendants for money in an amount which may be based on Defendants' net worth, which is sufficient to punish Defendants for their wrongful conduct, etc. in the highest amount possible for actual and punitive damages, in excess of $100,000,000.

32.    Defendants' actions were a proximate cause of harm to Chelsea Davis and resulted in actual and general damages for which sums Chelsea Davis now sues Defendants, who, along with any entities or associations to which Defendants belong, should be held jointly and severally liable for the underlying acts.

33.    Chelsea Davis seeks special damages to compensate her for a loss of past earnings

**ORIGINAL COMPLAINT**                                      16 of 25

in an amount to be determined by proof at trial.

34.     Chelsea Davis seeks punitive and exemplary damages.   Chapter 98 of the Civil Practices and Remedies Code, effective June 19, 2009, provides exemplary damages to a victim of human trafficking. *See* Tex. Civ. Prac. & Rem. Code § 98.003(b) (added by Acts 2009, 81st Leg., R.S., ch. 309); *see also* Tex. Civ. Prac. & Rem. Code § 41.008(c) (stating that limitations on exemplary damages are inapplicable to defendants committing specified felonies, including trafficking of persons under Chapter 20A of the Texas Penal Code).   This statutory basis for recovery is an additional remedy available to a victim of human trafficking and does not displace any other common law or statutory remedy. *See* Tex. Civ. Prac. & Rem. Code § 98.004 (added by Acts 2009, 81st Leg., R.S., ch. 309).

35.     Conviction of the defendant for the offense of human trafficking is not required to impose civil liability under Chapter 98. Even acquittal of the defendant is not a defense to liability; likewise, neither the absence of any prosecution, nor the conviction of a different offense constitutes a defense to liability for human trafficking. *See* Tex. Civ. Prac. & Rem. Code § 98.002(b)(added by Acts 2009, 81st Leg., R.S., ch. 309).   Any defendant found liable under Chapter 98 for any portion of the damages arising from the trafficking is jointly and severally liable with any other defendant for all of Chelsea Davis's damages. *See* Tex. Civ. Prac. & Rem. Code § 98.005 (added by Acts 2009, 81st Leg., R.S., ch. 309), so the rules of proportionate responsibility do not apply to liability for human trafficking.

36.     For purposes of an award of exemplary damages based on malice, the wrongful acts of Defendants were done maliciously, oppressively, and with the intent to harm Chelsea Davis. Chelsea Davis is therefore entitled to punitive and exemplary damages.

**ORIGINAL COMPLAINT**                                              17 of 25

37.    For purposes of an award of exemplary damages based on gross negligence, a person can reasonably anticipate that one or more acts or omissions like pimping me out to have unprotected sex with Leslie Ware, distributing sex tapes without my permission to other predators, and having me drugged, involved an extreme degree of risk, and additional acts by Defendants, John Does 1-20 and Jane Does 1-20, as will be discovered during discovery, considering the probability and magnitude of the potential harm to others that is substantially certain to result from, for example, trafficking of persons; and Defendants Leslie Ware, Harlan Crow, Samuel Baxter, Emily Tobolowsky, Donald Turner, James Martin, Lawrence J. Friedman, John Does 1-20, and Jane Does 1-20 had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Chelsea Davis is therefore entitled to exemplary damages appropriate to punish and set an example of Leslie Ware, Harlan Crow, Samuel Baxter, Emily Tobolowsky, Donald Turner, James Martin, Lawrence J. Friedman, John Does 1-20, and Jane Does 1-20.

## V. PRAYER FOR RELIEF

38.    Chelsea Davis prays that Leslie Ware, Harlan Crow, Samuel Baxter, Emily Tobolowsky, Donald Turner, James Martin, Lawrence J. Friedman, John Does 1-20, and Jane Does 1-20 be summoned to appear in person, to give testimony and to produce documents, and to specifically answer this complaint, and that judgment be entered for Chelsea Davis against each and every one or one or more of Leslie Ware, Harlan Crow, Samuel Baxter, Emily Tobolowsky, Donald Turner, James Martin, Lawrence J. Friedman, John Does 1-20, and Jane Does 1-20 for an award of monetary damages, actual, punitive, and exemplary damages, etc., for liability for human trafficking, plus prejudgment interest to compensate her for the lost use of the money in a

**ORIGINAL COMPLAINT**                                      18 of 25

damages award during the time lapse between the accrual of Chelsea Davis's claim and the date of

the judgment at the maximum rate allowable by law, postjudgment interest to compensate her for

the lost use of the money in a damages award that accrues from the date the judgment is signed

until the date the judgment is satisfied at the legal rate, court costs, including clerk fees and service

fees, court reporter fees, and other costs permitted by law, and all other and further relief, at law

or in equity, to which Chelsea Davis is entitled on her claim for human trafficking.

## VI. DEMAND FOR JURY TRIAL

39.     Chelsea Davis demands a jury trial.

Dated: Sept. 5, 2014                           Respectfully submitted,

_Chelsea L. Davis_
Chelsea L. Davis, Pro-Se
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**ORIGINAL COMPLAINT**                                          19 of 25

APP 084

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LESLIE D. WARE, HARLAN R. | § | COLLIN COUNTY, TEXAS |
| CROW, SAMUEL F. BAXTER, | § | |
| EMILY TOBOLOWSKY, DONALD | § | |
| TURNER, JAMES MARTIN, | § | |
| LAWRENCE J. FRIEDMAN, JOHN | § | |
| DOES 1-20, AND JANE DOES 1-20, | § | |
| | § | |
| Defendants. | § | 429TH JUDICIAL DISTRICT |

## ORDER DISMISSING CLAIMS WITH PREJUDICE

On October 31, 2014, came on for hearing the Court's sua sponte Motion for

Sanctions and Dismissal With Prejudice of Claims.  Plaintiff Chelsea Davis

("Davis") was served with a copy of the Order to Show Cause and given notice of

the Court's basis for the Order in open court and on the record in this matter on

October 28, 2014 and Davis and counsel for Leslie D. Ware, Harlan R. Crow, and

Samuel F. Baxter ("Defendants") participated in a hearing thereon on October 31,

2014.

The Court finds that Davis has acted in bad faith and abused the judicial

system by filing groundless pleadings, motions, and other documents, including

filing lawsuits in multiple courts alleging the same claims as were already pending

ORDER DISMISSING CLAIMS WITH PREJUDICE - Page 1                                                    656840



before this Court and other courts, and filing additional lawsuits naming different defendants on the same claims so as to avoid sealing and/or transfer orders.

The Court finds that Davis's abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders.

Specifically, the Court finds, among other things, that Davis engaged in the following conduct: (1) Davis filed a lawsuit in this Court based on the same allegations on December 2, 2013 under Cause No. 429-04835-2013 and nonsuited the case on December 4, 2013; (2) Davis filed this lawsuit on September 5, 2014, filed numerous motions in this case and set them for hearing, at the hearing on the date Davis noticed for the hearings Davis requested the hearings be rescheduled, which was opposed by some of Defendants' counsel but Davis's request for a resetting of the hearings was granted, and after the parties agreed to a new date for the hearings on Davis's motions Davis filed an amended petition nonsuiting Defendants on the morning of the agreed upon date for the hearings; and (3) Davis has stated to counsel for some of the Defendants that she intends to keep filing lawsuits for the rest of her life unless they pay her money, get her a job, or give her a job recommendation. The Court finds that these actions show that Davis's filings

are being presented for an improper purpose, including to harass and to cause unnecessary delay and needlessly increase the costs of litigation. Davis's conduct is sanctionable as it violates Texas Civil Practice and Remedies Code Section 10.001 and Texas Rules of Civil Procedure 1 and 13, and pursuant to the Court's inherent power.

The Court finds that Davis's actions are in bad faith and constitute an abuse of the judicial system and that no lesser sanction or penalty could be imposed to secure compliance with the Court order or to dissuade the Plaintiff from the abuse of the judicial system and process.

The Court finds that monetary sanctions are insufficient to stop Davis's abuse of the judicial system. The evidence presented shows that Davis has no means to pay any monetary sanctions.

The Court finds: (1) that there is a direct relationship between the misconduct of Davis and the sanctions; (2) that the severity of the sanction is necessitated by the severe and repeated misconduct; (3) that the conduct of Davis is egregious and no lesser sanction can cure the conduct by Davis; and (4) the sanctions are appropriate in that the Court must presume that Davis's claims against Defendants are without merit.

IT IS THEREFORE ORDERED that all claims asserted by Davis herein against Defendants, Leslie D. Ware, ~~Harlan R. Crow~~, and Samuel F. Baxter, be and the same are hereby DISMISSED WITH PREJUDICE.

SIGNED this _31 st_ day of October 2014.

_____

JUDGE PRESIDING

APP 011

**APP 088**

11/17/2014 SCANNED Page 1

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LESLIE D. WARE, HARLAN R. | § | COLLIN COUNTY, TEXAS |
| CROW, SAMUEL F. BAXTER, | § | |
| EMILY TOBOLOWSKY, DONALD | § | |
| TURNER, JAMES MARTIN, | § | |
| LAWRENCE J. FRIEDMAN, JOHN | § | |
| DOES 1-20, AND JANE DOES 1-20, | § | |
| | § | |
| Defendants. | § | 429TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS WARE, BAXTER AND CROW'S MOTION TO SEVER

On the below stated date, the Court considered Defendants' Ware, Baxter

and Crow's Motion to Sever. The Court, after consideration of the motion is of the

opinion and finds that the motion should be GRANTED. It is, therefore,

ORDERED that the causes of action asserted by Plaintiff Chelsea L. Davis

against Leslie D. Ware, Harlan R. Crow and Samuel F. Baxter are severed from

this action and made a separate action to be styled, Chelsea L. Davis, Plaintiff v.

Leslie D. Ware, Harlan R. Crow and Samuel F. Baxter, Defendants, and shall be

assigned a new docket number _____ of the 429th Judicial District

Court of Collin County, Texas.

1

2394737.2

IT IS FURTHER ORDERED that the severance of all of Plaintiff's claims

against Leslie D. Ware, Harlan R. Crow and Samuel F. Baxter is effective

immediately upon the signing of this Order.

IT IS FURTHER ORDERED that the Order Granting Permanent Sealing

Order dated October 27, 2014 from the original case will continue as to the severed

action and such severed action shall be subject to and covered by such permanent

sealing order.

IT IS FURTHER ORDERED that the following pleadings, motions, and

other filings should be included in the separate cause:

| 1. | Plaintiff's Original Petition | Filed: 9-05-2014 |
|----|-------------------------------|------------------|
| 2. | Emergency Motion for Temporary and Permanent Sealing Order | Filed: 9-08-2014 |
| 3. | Order Granting Emergency Motion for Temporary Sealing Order | Signed: 9-08-2014 |
| 4. | Defendant Ware's Original Answer | Filed: 10-27-2014 |
| 5. | Defendant Ware's Original Counterclaim | Filed: 10-27-2014 |
| 6. | Order Granting Permanent Sealing Order | Signed: 10-27-2014 |
| 7. | Order to Show Cause As To Motion for Sanctions and Dismissal with Prejudice of Claims | Signed: 10-28-2014 |
| 7. | Defendant Crow's Original Answer | Filed: 10-29-2014 |

2

8.  Order Dismissing Claims With Prejudice        Signed: 10-31-2014

9.  Defendant Harlan R. Crow's Motion for Sanctions
    And Dismissal with Prejudice of Claims        Filed: 11-04-2014

10. Notice of Hearing        Served: 11-04-2014

11. Order Dismissing Claims with Prejudice Against

    Harlan R. Crow        Signed: 11-07-2014

12. Defendants Ware, Baxter and Crow's Motion
    To Sever        Filed: 11-10-2014

13. Notice of Submission        Served: 11-10-2014

14. Order Granting Defendants Ware, Baxter and
    Crow's Motion to Sever (this order signed)

SIGNED this _14th_ day of _November_, 2014.

_____
JUDGE PRESIDING

3

2394737.2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**CHELSEA L. DAVIS**

v.

**SAMUEL F. BAXTER, and MCKOOL SMITH
P.C.**

CASE NO. _____

CONSOLIDATED INTO CASE NO.
3:14-CV-514 and 14-7088, into which
*Chelsea L. Davis v. McKool Smith P.C. and
Samuel F. Baxter,* DC-13-12834, 298th
Jud. Dt. Ct., Dallas County, TX, is
consolidated

TO THE HONORABLE PRESIDING JUDGE:

### AMENDED CIVIL COMPLAINT FOR FEDERAL HUMAN TRAFFICKING; AND PENDANT FIRST AMENDED ORIGINAL PETITION TRANSFERRED IN AND CONSOLIDATED HEREWITH

1.      COMES NOW, Chelsea L. Davis ("Chelsea Davis"), who hereby limits the admissibility of the following statements pursuant to the Federal Rules of Evidence, and files this her SUPPLEMENTAL COMPLAINT FOR FEDERAL HUMAN TRAFFICKING against Samuel F. Baxter and McKool Smith P.C., and shows unto the Honorable Court as follows. Chelsea Davis is not a plaintiff who previously dismissed any action in any federal court or filed any action based on or including the same claim against the same defendant(s) because defendants in state court do not become defendants until they are served with a valid summons and complaint. This dispute began in 2010. Cause Number DC-13-12834 was opened in the 298th Judicial District Court, Dallas County, Texas, *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* on Oct. 28, 2013, but no proceeding proceeded due to this Court's order to



EXHIBIT

7

stay and preliminary anti-suit injunction against Chelsea Davis, Samuel F. Baxter and McKool Smith P.C. Accordingly, Samuel F. Baxter and McKool Smith P.C. could not be previously served prior to transfer in of previous filed actions removed to this United States District Court for the Eastern District of Texas.

2.      Chelsea L. Davis, the attorney issued TX Bar No. 24059652 and USPTO Reg. No. 63791 moved from Dallas County, Texas to Collin County, Texas in April 2013.

3.      Samuel F. Baxter resides in Harrison County, Texas and is the attorney issued TX Bar No. 01938000.

4.      McKool Smith P.C. is a Texas professional corporation having a principal office at 300 Crescent Court, Ste. 1500, Dallas, TX 75201.

## JURISDICTION AND VENUE

5.      This instrument includes a claim which raises a federal question pursuant to federal laws at 18 U.S.C. §1582-95 *et seq.*

6.      Acts or omissions giving rise to the claims occurred in the United States District Courts for the Northern and Eastern Districts of Texas.   For purposes of an arbitration proceeding before the American Arbitration Association, venue is proper in Wilmington, Delaware.  However, Chelsea Davis's arbitration agreement with Samuel F. Baxter and McKool Smith P.C. does not include arbitration of her claims of human trafficking.

## STATEMENT OF FACTS

7.      Chelsea Davis is a victim of Samuel Baxter's wrongful conduct. Samuel Baxter forced Chelsea Davis, through force, fraud or coercion, involving numerous threats of serious harm - threats to kill her, to have her raped by a judge who was HIV positive, to put her in jail,

and to take away her law license - to engage in forced labor and sexual conduct with investors in McKool Smith P.C.

8.      Samuel Baxter promised Chelsea Davis $1,000,000 in exchange for her release of her personal injury claim for intentional infection with the Herpes virus. Chelsea Davis was never paid in full as promised.

9.      In 2012, Chelsea Davis was sent to California on a business trip to interact with shareholders and clients of McKool Smith P.C. and McKool Smith Hennigan P.C., subjecting her to further demeaning sexual harassment and abuse after the admitted term of her employment with McKool Smith P.C. in violation of California statutes prohibiting discrimination based on sex and federal laws prohibiting human trafficking.

10.     Chelsea Davis is one of multiple female lawyers, paralegals and clerks that Samuel Baxter has sexually harassed and from whom Samuel Baxter has demanded sex.  The list of his victims dates back at least to the 1970's.  There are numerous stories of Samuel Baxter having sex with his assistants in his chambers when he was a judge. At McKool Smith P.C., Samuel Baxter continued his pattern of abusing female employees and has had sex with and sexually harassed multiple women at the firm.

11.     In 2010, McKool Smith P.C. did not have an anti-nepotism policy, and the women who worked at the firm sexually gratified the men.  This pattern is evident from the top down, during 2010, and historically through the years. For example, when Erin McKool was a young associate of McKool Smith P.C., she had sex with Mike McKool, who was a married man.   Later, Mike McKool left his wife and married his young associate, Erin. As another example,in 2010, Samuel Baxter had sexual relationships with a shareholder, with an associate,

APP 094

and with an employee of a client of the firm at the same time.  There are additional associates having sex with additional shareholders, clients and investors in McKool Smith P.C.

12.    Samuel Baxter pimped Chelsea Davis out to a major investor and client who manages the fund which finances McKool Smith P.C.'s patent litigation and to an investor in the fund. On one occassion, during her employment with McKool Smith P.C., she was paid $100 cash in addition to her salary specifically for the sexual conduct with investor Harlan R. Crow of Crow Holdings Capital Partners LLC, a Delaware limited liability corporation.  She was forced to tolerate receiving disgusting in-person, email and phone call invitations for sex from the firm's investors and clients as she worked in her office at McKool Smith P.C.  Accordingly, Chelsea Davis was paid to engage in forced labor and sexual conduct. Emails from the two investors, along with text messages from Samuel Baxter, and photographic evidence demonstrate the sexual demands to which Chelsea Davis was subjected; certain 9-1-1 phone calls, police reports, medical records and financial records evidence the threats of physical and financial harm that Samuel Baxter made to Chelsea Davis which terrified her at certain times for good reason. Additional records in 2013 and 2014 demonstrate proof of the first amount owed of $1,000,000 and additional threats to which Chelsea Davis has been subjected, continuing the trafficking and forced labor. Chelsea Davis's evidence establishes a prima facie case of human trafficking which Samuel F. Baxter and McKool Smith P.C. have not and cannot deny.

13.    Chelsea Davis's claims for trafficking are statutorily cumulative to claims that she could bring in independent civil actions if she were not subject to an anti-suit injunction. The legislative histories of the federal trafficking victims protection act, and state laws providing a civil remedy for trafficking of persons recognize the extremely prejudicial nature of trafficking

claims by codifying the cumulative nature of the remedies available.

14.     Samuel Baxter and McKool Smith P.C. knowingly received a benefit, namely, financing of its patent litigation, enabling it to make hundreds of millions of dollars in revenues, from participating in a venture which engaged in human trafficking.

### I.     Claim for Human Trafficking Under Federal Law - Sex Trafficking

15.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.  SAMUEL BAXTER was the perpetrator and/or participated in a venture which engaged in the forced labor and/or sex trafficking of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against SAMUEL BAXTER and McKool Smith P.C. under 18 U.S.C.  § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, SAMUEL BAXTER  and McKool Smith P.C. are liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. SAMUEL BAXTER knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation. SAMUEL BAXTER and McKool Smith P.C. participated in a venture

APP 096

which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SAMUEL BAXTER and McKool Smith P.C. knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of sex trafficking in violation of 18 U.S.C. § 1591, which states, "(a) Whoever knowingly—(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." *Id.* Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish Samuel Baxter  and McKool Smith P.C. for his and/or its wrongful conduct.

16.    Chelsea Davis seeks a judgment for monetary damages and an order of restitution

6

**APP 097**

for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SAMUEL BAXTER  and McKool Smith P.C. of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.), exemplary damages and attorney fees.

        ***II.***     ***Claim for Human Trafficking Under Federal Law - Forced Labor***

      17.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. SAMUEL BAXTER was the perpetrator and/or participated in a venture which engaged in the forced labor of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against SAMUEL BAXTER and McKool Smith P.C. under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, each of SAMUEL BAXTER and McKool Smith P.C. is liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. SAMUEL BAXTER and McKool Smith P.C. knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that

APP 098

the venture has engaged in such violation. SAMUEL BAXTER  and McKool Smith P.C. participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SAMUEL BAXTER  and McKool Smith P.C. knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of labor trafficking in violation of 18 U.S.C. § 1589, which states that "[w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d)." *Id.* Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish Samuel Baxter for his wrongful conduct.

18.     Chelsea Davis seeks a judgment for monetary damages and an order of restitution

**APP 099**

for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SAMUEL BAXTER of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.), exemplary damages and attorney fees.

### III.   Claim for Conspiracy to Interfere with Chelsea Davis's Rights Conferred on her by Section 1981, the Equal Protection Clause of the 14th Amendment and for Deprivation of Rights Under 42 U.S.C. §1983

19.     Samuel F. Baxter and McKool Smith P.C. are two or more persons who conspired to injure, oppress, threaten, or intimidate Chelsea Davis in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to her by the Constitution or laws of the United States, or because of her having so exercised the same. Samuel Baxter and Roderick Dorman intentionally discriminated against Chelsea Davis and interfered with her contractual rights in violation of 42 U.S.C. §1981 and 42 U.S.C. §1983. The actions of Samuel Baxter, Roderick Dorman and McKool Smith P.C. violated Chelsea Davis's substantive due process rights in that she has been deprived of a liberty interest, employment, in violation of the law. Samuel F. Baxter and McKool Smith P.C. conspired to interfere with Chelsea Davis's employment with other law firms in violation of 42 U.S.C § 1981 – her right to make and enforce contracts. Samuel F. Baxter and McKool Smith P.C. further conspired to deprive Chelsea Davis of equal protection under the law and her substantive due process rights under the 14th Amendment in that they sought to categorically malign, bring into dispute and libel Chelsea Davis to the public in violation of 42 U.S.C. § 1983. A § 1983 conspiracy claim may arise when a private actor conspires with state actors to deprive a person of their constitutional rights under color of state law.  Samuel F. Baxter and McKool Smith P.C. have

APP 100

conspired with Associate Judge Donald Turner and Judge James Martin of the 254th Judicial District Court, Dallas County, Texas, to have Chelsea Davis unlawfully arrested for failure to child support to Samuel Baxter even though Chelsea Davis has never been married to Samuel Baxter and does not have any children, just so he could try to transfer this suit to family court and allege that this suit arises under the Texas Family Code when it most definitely does not arise under the Texas Family Code, as a means of gaining an advantage and depriving Chelsea Davis of her property and her freedom in violation of the law.

### IV.    Claim for Human Trafficking Under State Law - Sex Trafficking

20.    Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.  Samuel Baxter and McKool Smith P.C. participated in a venture that involves trafficking of Chelsea Davis.  For example, Samuel Baxter invested in one or more ventures with another.  A person was forced to engage in sexual conduct with him by force, fraud or coercion and was paid for sex.

21.    Samuel Baxter and McKool Smith P.C. trafficked a person and, through force, fraud, or coercion, caused the person to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution).  Samuel Baxter and McKool Smith P.C. intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis, as a female employee, independent contractor or otherwise.

22.    Samuel Baxter and McKool Smith P.C. knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3).  Under Texas

Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by:   Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Samuel Baxter and McKool Smith P.C. knowingly trafficked women and, through force, fraud, or coercion, caused one or more women to engage in conduct prohibited by:   Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Samuel Baxter knowingly engaged in sexual conduct with female employees, including a person trafficked in the manner described in Subdivision (3). Samuel Baxter intentionally or knowingly benefited from participating in a venture that involves trafficking of a person.

23.    Samuel Baxter engaged in sexual conduct with Chelsea Davis when he touched her breast with intent to arouse or gratify the sexual desire of any person; and when he engaged in lewd exhibition of his genitals or anus to Chelsea Davis or caused lewd exhibition of Chelsea Davis's genitals or anus or any portion of her breast below the top of the areola. Accordingly, Samuel Baxter and McKool Smith P.C. knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3).

24.    As a direct or proximate result of the venture and/or of the trafficking of Chelsea Davis, Chelsea Davis suffered damages. Damages sought are in excess of $75,000. Chelsea Davis seeks exemplary damages and attorney fees. *See* Tex. Civ. Prac. & Rem. Code § 98A.001-005.

APP 102

### V.   Claim for Human Trafficking Under State Law - Forced Labor

25.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.   Samuel Baxter and McKool Smith P.C. participated in a venture that involves trafficking of Chelsea Davis. Samuel Baxter knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor and/or services. Samuel Baxter intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis. Samuel Baxter has participated in a venture that involves human trafficking. Samuel Baxter knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1), including by receiving labor or services the person knows are forced labor or services.   Under Texas Penal Code Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services.   Samuel Baxter knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor or services.   Samuel Baxter intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

26.     Samuel Baxter engaged in the trafficking of Chelsea Davis. Samuel Baxter knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1). Under Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services. Samuel Baxter and McKool Smith P.C. knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor or services.

APP 103

27.     As a direct or proximate result of the venture and/or of the trafficking of Chelsea Davis, Chelsea Davis suffered damages. Damages sought are in excess of $75,000. Chelsea Davis seeks exemplary damages and attorney fees.  *See* Tex. Civ. Prac. & Rem. Code § 98A.001-005.

## VI.     *Declaratory Judgment of No Liability To Samuel F. Baxter*

28.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.  Chelsea Davis seeks declaratory judgment of no liability to Samuel Baxter and for Declaratory Judgment of No Binding Contract and No Liability To McKool Smith P.C. or Samuel F. Baxter.

29.     There exists a contract of adhesion of permanent employment with McKool Smith P.C. and possible gag order.  Chelsea Davis seeks a declaratory judgment of no liability on the contract(s) of adhesion, which are unconscionable, and no liability for attorney fees to Samuel Baxter or to McKool Smith P.C., especially in regard to Cause Nos. DC-13-12834, DC-13-14215, under which no action may have been pending other than McKool Smith P.C.'s motion for a gag order, which is transferred to this Court from the 298th Judicial District Court in Dallas County, Texas.

## VII.     *Claims for 42 U.S.C. §§ 1983 et seq. Wrongful Injunction and Unlawful Arrest*

30.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.

31.     Jurisdiction of this court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968.

APP 104

32.     Jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).  Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes 28 U.S.C. §1441, et seq., venue statutes 28 U.S.C. §1404, et seq, including transfer statutes at 28 U.S.C. §1406, 1407, etc., federal common law and necessary corollaries to  28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988).   Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements.

33.     A Dallas County judge had Chelsea Davis maliciously arrested for failure to pay child support in October 2014 even though Chelsea Davis has never had a child, nor is she married to Samuel Baxter, nor does she reside in Dallas County, Texas.  She is not in a dating relationship and there has never been any application of the Texas Family Code because the Texas Family Code does not apply to Chelsea Davis's relationship with Samuel Baxter, who was her former boss. The Dallas County judge has threatened to put Chelsea Davis in jail for 180 days for contempt of court even though the state court lacks all authority to act.  Courts appear to be ignoring the Article III case or controversy requirement of the United States Constitution, Chelsea Davis's due process rights, and various notice requirements, including the notice required to issue injunctive relief. *See* Tex. R. Civ. P. 680 *et seq.*

34.     Samuel Baxter and McKool Smith P.C. had an ulterior motive, namely, personal financial benefit, for causing anti-suit injunction to issue against Chelsea Davis and charging her with crimes and allegations she has not committed.

35.     Samuel Baxter and McKool Smith P.C. had the improper purpose of trying to gain an advantage against Chelsea Davis in litigation by preventing her from instituting litigation, filing documents, and presenting claims and defenses to unlawfully deprive Chelsea Davis of her property and liberty, rights, privileges and immunities.

36.     Samuel Baxter and McKool Smith P.C.'s purpose was to aid and abet a human trafficking enterprise involving forced labor and sex trafficking, to benefit himself and itself, by sexually gratifying its investors without getting caught, and to deprive Chelsea Davis of her property and liberty.

37.     There was no warrant for the arrest of Chelsea Davis by proper authorities. The arrest was without reasonable grounds for Samuel Baxter and McKool Smith P.C. to believe Chelsea Davis had committed an offense and Samuel Baxter and McKool Smith P.C. knew there was no probable cause to arrest Chelsea Davis in October and November 2014.

38.     No complaint, information, or indictment was ever sworn against Chelsea Davis alleging offenses occurring prior to the moment an Officer handcuffed Chelsea Davis and told her he was under arrest for failure to pay child support in the alleged marriage between Chelsea Davis and Samuel Baxter.  Chelsea Davis is not married and does not have children.

39.     As a result of the unlawful injunction and malicious prosecution and issuance of order of capias by Samuel Baxter's attorneys colluding with judges and unlawful arrest, Chelsea Davis was deprived of both her liberty without due process of law and her right to equal

protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 et seq. Chelsea Davis was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 et seq. and §§ 1985, et seq.

40.     WHEREFORE, Chelsea Davis demands judgment for the false injunction, two orders of capias, and arrests for failure to pay child support against McKool Smith P.C. and Samuel F. Baxter, jointly and severally, for actual, general, special, compensatory damages in the maximum amount under the law and further demands judgment against each of said McKool Smith P.C. and Samuel F. Baxter, jointly and severally, for punitive damages in the amount of $100,000 or the maximum amount allowable under the law, whichever is greater, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

*8. Negligent Misrepresentation*

41.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.  McKool Smith P.C. and Samuel Baxter (1) made a representation in the course of its business or in a transaction in which it had a pecuniary interest; (2) supplied false information for the guidance of Chelsea Davis in her business; (3) did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Chelsea Davis suffered pecuniary loss by justifiably relying on the representation.  There was a relationship of trust and confidence, a breach of fiduciary duty imposed by the confidential relationship,

APP 107

common law fraud of misrepresentation of existing fact and failure to disclose material information, and/or negligent misrepresentation.

42.     As a direct and producing cause of one or more of Defendants' one or more foregoing acts of negligent or grossly negligent misrepresentation, and concealment, and by reason of Chelsea Davis's reliance on the negligent or grossly negligent misrepresentations and/or fraudulent concealment of material facts by one or more of Samuel F. Baxter and McKool Smith P.C., and as defined by the Deceptive Trade Practices Act, Chelsea Davis has suffered economic and noneconomic losses. Chelsea Davis seeks actual and exemplary damages as described herein.

*9. Tortious Interference with Contracts and/or Prospective Business Relations*

43.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. There exists a contract that is subject to interference. One or more Defendants willfully and intentionally acted to interfere with the contract; and the intentional act of interference was a proximate cause of actual damages to Plaintiff as described herein.

44.     Plaintiff has had the opportunity to enter into prospective contracts. One or more Defendants willfully and intentionally acted to prevent execution of prospective contracts; and the intentional act of interference was a proximate cause of actual damages to Plaintiff as described herein. Defendants intentionally, knowingly, recklessly and/or maliciously assisted in the tortious interference with contracts and/or prospective business relations of Plaintiff. Defendants intentionally, knowingly, recklessly and/or maliciously participated in a conspiracy to accomplish the tortious interference with contracts and/or prospective business relations of Plaintiff.

45.     Plaintiff seeks actual, consequential and incidental damages resulting from Defendants' tortious interference with contracts and/or prospective business relations.   The wrongful acts of Defendants were done maliciously, oppressively, and with the intent to harm Plaintiff, and Plaintiff is entitled to punitive and exemplary damages, which are appropriate to punish and set an example of Defendants.

**10.     Breach of Fiduciary Duty**

46.     Plaintiff re-alleges each and every one of the foregoing paragraphs as though set forth fully herein. A special relationship of trust and confidence between Samuel Baxter and Chelsea Davis existed prior to, and separate from, Chelsea Davis's additional business transactions. Moreover, an informal fiduciary relationship was formed in each of the business transactions such that there existed a fiduciary relationship between Samuel Baxter and Chelsea Davis.  Samuel Baxter as informal trustee to Chelsea Davis had a fiduciary duty to her because she trusted in and relied upon his business judgement, good faith and fair dealing.  Defendants breached a fiduciary duty to Chelsea Davis; and his breach proximately caused injury to Chelsea Davis or benefit to one or more Defendants. Samuel Baxter gave work to Chelsea Davis to harm her and ruin her business, not for legitimate business purposes, deceiving her in her business and taking up her time, depriving her of legitimate work and contracts.

47.     Defendants owed fiduciary duties to Plaintiff.  Defendants breached one or more of the following fiduciary duties owed to Plaintiff:

> -the duty of loyalty and utmost good faith;
>
> -the duty of candor;
>
> -the duty to act with integrity of the strictest kind;

18

-the duty of fair, honest dealing;

-the duty of full disclosure;

-the duty of good faith, fair dealing, loyalty, and fidelity;

-the duty of full disclosure on all matters affecting Plaintiff; and

-the duty of utmost good faith, fairness and honesty in dealing with Plaintiff.

The breaches of fiduciary duty by one or more Defendants resulted in injuries to Plaintiff. Accordingly, Plaintiff seeks all actual, consequential, and incidental damages resulting from Defendants' breaches of fiduciary duties in an amount to be ascertained according to proof at trial within the jurisdictional limits of this Honorable Court. Further, Plaintiff seeks forfeiture and disgorgement of all benefits that have been received by Defendants as a result of their breaches of fiduciary duties. The wrongful acts of Defendants were done maliciously, oppressively, and with the intent to harm Plaintiff, and Plaintiff is entitled to punitive and exemplary damages, which are appropriate to punish and set an example of Defendants.

### 11. State Law Cause of Action for Assault

Samuel Baxter intentionally or knowingly threatened Chelsea Davis with imminent bodily injury; intentionally or knowingly caused physical contact with Chelsea Davis when Samuel Baxter knew or should have reasonably believed that Chelsea Davis would regard the contact as offensive or provocative; and invaded Chelsea Davis's privacy with insulting touching. Samuel Baxter intended to cause and did cause Chelsea Davis to suffer apprehension of an immediate harmful contact. Samuel Baxter intentionally, knowingly, recklessly and/or maliciously participated in a conspiracy to accomplish the assaults of Chelsea Davis. Samuel Baxter intentionally or knowingly caused the penetration of the anus or sexual organ or mouth of

APP 110

Chelsea Davis by any means, without Chelsea Davis's consent.  One or more of Defendant Samuel Baxter's sexual assaults constituted aggravated sexual assault because the assault(s) by acts or words placed the victim in fear that any person will become the victim of an offense under Section 20A.02(a)(3), (4), (7), or (8) or that death, serious bodily injury, or kidnapping will be imminently inflicted on any person; by acts or words occurring in the presence of the victim threatens to cause any person to become the victim of an offense under Section 20A.02(a)(3), (4), (7), or (8) or to cause the death, serious bodily injury, or kidnapping of any person; uses or exhibits a deadly weapon in the course of the same criminal episode; acted in concert with another who engages in conduct described by Subdivision (1) directed toward the same victim and occurring during the course of the same criminal episode; and as a public servant, Samuel Baxter coerced Chelsea Davis to submit or participate. As a direct and proximate result of Samuel Baxter's conduct, Chelsea Davis has suffered mental anguish and emotional distress in an amount within the jurisdictional limits of this Court and seeks actual, punitive and exemplary damages.

### Damages for Chelsea L. Davis

48.    Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(a), "(a) A claimant who prevails in a suit under this chapter shall be awarded: (1) actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown; (2) court costs; and (3) reasonable attorney's fees." *Id.* Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(b), "(b) In addition to an award under Subsection (a), a claimant who prevails in a suit under this chapter may recover exemplary damages." *Id.*

APP 111

49.     Samuel Baxter and McKool Smith P.C.'s actions directly and proximately caused Chelsea Davis suffer mental anguish.  Accordingly, Chelsea Davis seeks (1) actual damages for mental anguish; (2) court costs; (3)  reasonable attorney's fees and (4) exemplary damages.  For purposes of Rule 47(c-d) of the Texas Rules of Civil Procedure, if applicable in this case, Chelsea Davis seeks monetary relief in excess of $1,000,000, and Chelsea Davis demands judgment for all the other relief to which Chelsea Davis deems herself entitled.

50.     Chelsea Davis seeks exemplary damages.  Chapter 98 of the Civil Practices and Remedies Code, effective June 19, 2009, provides exemplary damages to a victim of human trafficking. *See* Tex. Civ. Prac. & Rem. Code § 98.003(b) (added by Acts 2009, 81st Leg., R.S., ch. 309); *see also* Tex. Civ. Prac. & Rem. Code § 41.008(c) (stating that limitations on exemplary damages are inapplicable to defendants committing specified felonies, including trafficking of persons under Chapter 20A of the Texas Penal Code).  This statutory basis for recovery is an additional remedy available to a victim of human trafficking and does not displace any other common law or statutory remedy.  *See* Tex. Civ. Prac. & Rem. Code § 98.004 (added by Acts 2009, 81st Leg., R.S., ch. 309).

51.     Chelsea Davis demands judgment against Samuel Baxter for money in an amount which may be based on Samuel Baxter's net worth and which is sufficient to punish Samuel Baxter for his wrongful conduct up to and in excess of $1,000,000.  Under Tex. Civ. Prac. & Rem. Code Sec. 98.006, "[t]his chapter shall be liberally construed and applied to promote its underlying purpose to protect persons from human trafficking and provide adequate remedies to victims of human trafficking." *Id.*

**Attorney Fees**

52.     As a result of Samuel Baxter and McKool Smith P.C.'s wrongful conduct, Chelsea L. Davis, TX Bar No. 24059652, has been required to work as the undersigned attorney to file suit.  Chelsea Davis is entitled to recover attorney fees.  In addition, Samuel Baxter promised to pay Chelsea Davis all costs and attorney fees.

### Prayer

53.     Chelsea Davis prays that: Samuel Baxter and McKool Smith P.C. be summoned to appear in person, to give testimony and to produce documents, and to specifically answer this complaint in this civil action and to respond to discovery requests, judgment be entered for Chelsea Davis against Samuel Baxter and McKool Smith P.C., for an award of monetary damages, for liability, in a monetary amount of damages sufficient to punish Samuel Baxter and McKool Smith P.C. for his and its wrongful conduct up to $1,000,000 and over $1,000,000, Chelsea Davis be awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded judgment for reasonable attorney fees, Chelsea Davis be awarded judgment for all costs of court incurred by Chelsea Davis, including clerk fees and service fees, court reporter fees, and other costs permitted by law, and Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgment is paid.

### DEMAND FOR JURY TRIAL

54.     Chelsea Davis demands a jury trial.

**ADDITIONAL COUNSEL 1.**     Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

APP 113

**ADDITIONAL COUNSEL 2.**      Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.**      Gray Reed & McGraw P.C. (*and* Looper Reed &
McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.**      Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.**      FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.**      MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.**      Friedman & Feiger LLP
Lawrence J. Friedman

State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.**          Gibson Dunn LLP
Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.**          Abernathy, Roeder, Boyd & Joplin, P.C.
Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com


**ADDITIONAL COUNSEL 10.**          Figari & Davenport LLC
Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007
FAX:  214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.**          Herring & Irwin
CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.**          Clinesmith Wooten Smith

24

APP 115

Dawn Smith
dawn@clinesmithwootensmith.com
> **ADDITIONAL COUNSEL 13.**   Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-741-7474
> **ADDITIONAL COUNSEL 14.**   Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX  75204
Phone: 214-740-9955
> **ADDITIONAL COUNSEL 15.**   Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-522-0000
> **ADDITIONAL COUNSEL 16.**   Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com
> **ADDITIONAL COUNSEL 17.**   Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS
> **ADDITIONAL COUNSEL 18.**   Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON
> **ADDITIONAL COUNSEL 19.**   Jamie McKey

Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN
    **ADDITIONAL COUNSEL 20.**    Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES
    **ADDITIONAL COUNSEL 21.**    Lewis T. Stevens
TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW
    **ADDITIONAL COUNSEL 22.**    ROYCE WEST
Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399


        Dated:  Nov. 19, 2014            Respectfully,

                                     /s/Chelsea L. Davis
                                     Chelsea L. Davis
                                     TX Bar No. 24059652
                                     25 Highland Park Vlg., Ste. 100-830
                                     Dallas, TX 75205
                                     Telephone: (469) 426-5850
                                     Facsimile: (469) 533-0466
                                     cdavis@chelseadavispc.com


## CERTIFICATE OF SERVICE

       I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the

court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis, pro-se
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**APP 118**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

**CHELSEA L. DAVIS**
  *Plaintiff*

v.

**GECESC ASSOCIATES LLC**
  *Defendant*

Civ. Action No. _____

---

TO THE HONORABLE APPOINTED FEDERAL JUDGE OF THIS UNITED STATES
DISTRICT COURT:

### TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION

1.      Plaintiff Chelsea L. Davis (hereinafter referred to as "CLD", "Chelsea Lynn Davis", or

"Chelsea Davis") is the attorney issued TX Bar No. 24059652, who timely brought her Title VII

complaint against GECESC Associates LLC for cause based on her complaint in 2010, when

dispute began.  Because an order of transfer was entered, she comes now to this Court to see if

her case is here.  Chelsea Davis is a victim of unlawful sexual harassment and discrimination,

and she timely filed her Title VII Complaint to commence a civil action against GECESC

Associates LLC.  Chelsea Davis has been represented by an attorney, and she does not consent to

proceed before a magistrate judge.

2.      Attorney TX Bar No. 24059652 has been licensed to practice law in the State of Texas

since 2007 and was admitted to practice before the United States District Court for the Eastern

District of Texas in February of 2009.

3.      Defendant GECESC Associates LLC is an entity used by McKool Smith P.C. to avoid

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION**  1



EXHIBIT

tabbies

8

liability for sexual harassment claims and maintains an office at the same address.  For purposes of this Complaint, GECESC Associates LLC is a common employer of Chelsea Davis and may be held liable independently or as an obligor for the conduct of McKool Smith P.C. and its partners, employees and shareholders. GECESC Associates LLC has been served with summons and complaint simultaneously at the principal office of McKool Smith P.C. at 300 Crescent Court, Ste. 1500, Dallas, TX 75205.  The identity of GECESC Associates LLC was previously unknown.

4.      During Chelsea Davis's employment with GECESC Associates LLC, Chelsea Davis was unlawfully sexually harassed to an extreme degree and discriminated against based on her sex. GECESC Associates LLC paid her less than similarly situated males in the same position doing the same work with the same level of experience, which constitutes unlawful wage discrimination. Chelsea Davis timely filed her complaint within one hundred and eighty days of the sexual harassment she experienced by GECESC Associates LLC and timely filed her complaint of wage discrimination. She continued to complain about the unlawful hostile work environment to which she was subjected and the sexual harassment she suffered. Title VII and other state and federal laws prohibit GECESC Associates LLC's wrongful conduct and provide Chelsea Davis with cumulative causes of action and civil remedies.

5.      Neither the doctrine of res judicata nor any law, rule or order bars Chelsea L. Davis from litigating the claims asserted herein against GECESC Associates LLC Chelsea Davis pleads the discovery rule as a precaution, as any delay and improper venue is due to the misconduct of GECESC Associates LLC  This document is to be considered as a whole such that each fact asserted herein supports each claim/complaint/cause of action under Title VII, the Fair Labor

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION** 2

Standards Act, and the Equal Pay Act for relief.

6.     The claims herein raise a federal question jurisdiction pursuant to 28 U.S.C. §1331 because Chelsea Davis asserts claims arising under federal statutes. Wage discrimination, for example, under the Equal Pay Act is a federal question that gives rise to a civil claim for which the law and equity provide Chelsea Davis a right to relief and a civil remedy.

7.     GECESC Associates LLC has committed acts within the state of Texas and within this judicial district giving rise to this action and each has established minimum contacts with the forum such that the exercise of jurisdiction over each of GECESC Associates LLC would not offend traditional notions of fair play and substantial justice.

8.     Chelsea Davis filed for arbitration and administrative remedies and filed suit within the statutory limitations period.

### I.   CLAIMS FOR SEXUAL HARASSMENT, UNLAWFUL DISCRIMINATION, AND WAGE DISCRIMINATION

9.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.

10.    When Chelsea Davis was working, Samuel Baxter, a shareholder of GECESC Associates LLC and officer of GECESC Associates LLC, came into Chelsea Davis's office and Samuel Baxter forced her to show him her breasts. Samuel Baxter sexually harassed Chelsea Davis and forced her, by force, fraud or coercion, to engage in sexual conduct with him.  He forced her to pull down her shirt or pull up her skirt for him to see and touch her.   Samuel Baxter made unwanted sexual advances toward Chelsea Davis. Chelsea Davis was subjected to a hostile work environment. Chelsea Davis has been segregated, classified, and discriminated against because she is a female.

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION** 3

11.     GECESC Associates LLC paid Chelsea Davis less than male employees of GECESC Associates LLC and on a continuing basis. GECESC Associates LLC willfully discriminated against Chelsea Davis by paying her less than males.  GECESC Associates LLC discriminated against Chelsea Davis based on her sex. Chelsea Davis is entitled to recover lost wages, liquidated damages, reasonable costs and all attorneys fees.

12.     There is equitable tolling of any statute of limitations with respect to Chelsea Davis's causes of action to the extent any tolling is necessary.  Chelsea Davis pleads the discovery rule due to the misconduct of GECESC Associates LLC Chelsea Davis is not precluded from litigating the same causes of action against the same or different actors.

13.     The effect of the practices complained of herein has been to deprive Chelsea Davis of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

14.     At all material times, GECESC Associates LLC acted, directly or indirectly, in the interest of an employer with respect to Chelsea Davis. At all times, GECESC Associates LLC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). *See* Fair Labor Standards Act ("FLSA"), 29 U.S.C.S. § 207.  At all times, GECESC Associates LLC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times, GECESC Associates LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION** 4

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). At all times, Chelsea Davis was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Chelsea Davis has worked for GECESC Associates LLC from within the last two years. Despite misclassifying Chelsea Davis as an independent contractor, GECESC Associates LLC controlled all aspects of Chelsea Davis's work. Specifically, Chelsea Davis was required to wear certain clothing and identify the company name on filings. In addition, GECESC Associates LLC assigned Chelsea Davis's work and her schedule. Chelsea Davis was required to adhere to the schedule GECESC Associates LLC GECESC Associates LLC, also dictated the manner in which Chelsea Davis performed her job duties as well as how much Chelsea Davis was to be paid for each job. Chelsea Davis was paid a fixed amount for each job regardless of the number of hours she worked. Chelsea Davis routinely worked over 40 hours per week. However, she was not paid wages and overtime for doing so. GECESC Associates LLC knew that Chelsea Davis worked in excess of 40 hours per week and allowed and directed her to do so. Chelsea Davis is entitled to receive minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 hours per work week.

15.    Title VII makes it illegal for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin [ ] or to limit, segregate, or classify its employees [ ] in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her]

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION**  5

status as an employee, because of such individual's race, color, religion, sex, or national origin."
42 U.S.C. 2000e-2(a) (2010). Chelsea Davis is the victim of quid pro quo and hostile work environment sexual harassment and discrimination based on her sex under state and federal law with respect to her compensation, terms, conditions and privileges of employment.

16.    GECESC Associates LLC, through its agents, supervisors, or employees violated Chelsea Davis's civil rights in violation of 42 U.S.C. §1981 and Title VII, by discriminating against her with respect to her compensation, terms, conditions, and/or privileges of employment, because of Chelsea Davis's sex, limiting, segregating, or classifying its employees in any way which would deprive or tend to deprive Chelsea Davis of employment opportunities, and otherwise adversely affecting her status as an employee, because of her sex. These violations consisted of discrimination of a continuous nature during her employment with GECESC Associates LLC beginning in 2010. GECESC Associates LLC, through its agents, supervisors, and/or employees, discriminated against Chelsea Davis, which led to the loss and impairment in whole or in part, of the wages, benefits, privileges, and/or terms and conditions of employment.

17.    Chelsea Davis is an employee within the meaning of Title VII and belongs to a class protected under the statute. 42 U.S.C. § 2000e(f).

18.    GECESC Associates LLC is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b).

19.    GECESC Associates LLC intentionally discriminated against Chelsea Davis because of her sex  in violation of Title VII. 42 U.S.C. § 2000e-2.

20.    GECESC Associates LLC as an employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION**  6

programs unlawfully discriminated against Chelsea Davis because of her sex in admission to, or employment in, any program established to provide apprenticeship or other training.

21.     GECESC Associates LLC willfully discriminated against Chelsea Davis by paying her less than males in her position and denying her wages and promotions on the basis of her sex in violation of the Equal Pay Act.   GECESC Associates LLC's wage discrimination led to the loss and impairment in whole or in part, of the wages, benefits, privileges, and/or terms and conditions of employment.

22.     Chelsea Davis seeks a declaratory judgment of no liability to GECESC Associates LLC.

23.     GECESC Associates LLC's conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Chelsea Davis in her occupation, trade and business. Because of GECESC Associates LLC' unlawful conduct, Chelsea Davis has incurred out-of-pocket expenses, which include litigation costs and other expenses.

24.     As a direct and proximate result of GECESC Associates LLC's conduct, Chelsea Davis suffered:

      a.  loss of earnings in the past;

      b.  loss of earnings in the future; and

      c.  loss of employee entitled benefits.

25.     For purposes of an award of exemplary damages based on malice, the wrongful acts of one or more GECESC Associates LLC were done maliciously, oppressively, and with the intent to harm Chelsea Davis. Chelsea Davis is therefore entitled to exemplary damages appropriate to punish and set an example of one or more of GECESC Associates LLC.

**II.     CLAIM FOR WRONGFUL INJUNCTION UNDER 42 U.S.C. § 1981-83**

<u>**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION**</u>  7

26.     Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.   Jurisdiction of this court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1981-83, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968. Jurisdiction of this court for pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).  Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes 28 U.S.C. §1441, et seq., venue statutes 28 U.S.C. §1404, et seq, including transfer statutes at 28 U.S.C. §1406, 1407, etc., federal common law and necessary corollaries to 28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements.

27.     Chelsea Davis was subjected to a wrongful preliminary anti-suit injunction due to the misconduct of GECESC Associates LLC prior to filing of this Complaint, which was subsequently dissolved in her favor. GECESC Associates LLC. had an ulterior motive, namely, to deprive the Court of original jurisdiction to enter monetary damages for its financial benefit, for causing an anti-suit injunction to issue against Chelsea Davis. GECESC Associates LLC. had the improper purpose of trying to gain an advantage against Chelsea Davis in litigation by preventing her from instituting litigation, filing documents, and presenting claims and defenses to unlawfully deprive Chelsea Davis of her property and liberty, rights, privileges and immunities.

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION**  8

28.     GECESC Associates LLC.'s purpose was to aid and abet a human trafficking enterprise involving forced labor and sex trafficking, to benefit itself and its members, by sexually gratifying its investors without getting caught, and to deprive Chelsea Davis of her property and liberty.

29.     No complaint, information, or indictment was ever sworn against Chelsea Davis alleging offenses occurring prior to the moment a preliminary anti-suit injunction took effect.

30.     As a result of the unlawful injunction, Chelsea Davis was deprived of her freedom of speech, liberty and property without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the First, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1981-83 et seq. Chelsea Davis was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1981-83 et seq. and §§ 1985, et seq.

31.     WHEREFORE, Chelsea Davis demands judgment for the false injunction against GECESC Associates LLC for actual, general, special, compensatory damages in the maximum amount under the law and further demands judgment against GECESC Associates LLC for punitive damages in the amount of $100,000 or the maximum amount allowable under the law, whichever is greater, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

32.     Chelsea Davis demands a jury trial.

33.     WHEREFORE, Chelsea Davis prays that judgment be entered against GECESC

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION**  9

Associates LLC for:

    a.  Permanent injunction enjoining GECESC Associates LLC, its agents, successors, employees, and those acting in consort with GECESC Associates LLC from engaging in any employment practice which discriminates on the basis of FMLA needs, disability, sex and race discrimination;

    b.  back pay, front pay in lieu of reinstatement, loss of earnings in the past, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

    c.  compensatory damages for job search related expenses, lost wages, and lost benefits;

    d.  front pay in an amount of $100,000 per month for no less than two years from the date of judgment;

    e.  punitive damages;

    f.  prejudgment interest to compensate her for the lost use of the money in a damages award during the time lapse between the accrual of Chelsea Davis's claim and the date of the judgment at the maximum rate allowable by law,

    g.  postjudgment interest to compensate her for the lost use of the money in a damages award that accrues from the date the judgment is signed until the date the judgment is satisfied at the legal rate,

    h.  payment of bond amounts by GECESC Associates LLC including

**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION**  10

$1,000,000 to Chelsea Davis;

i.   court costs, including clerk fees and service fees, court reporter fees, and

other costs and attorney fees permitted by law, and

j.   such other and further relief to which Chelsea Davis deems herself justly

entitled.

Respectfully submitted,


/s/Chelsea L. Davis
Chelsea L. Davis
TX BAR NO. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com
ATTORNEY FOR CHELSEA L. DAVIS


**CERTIFICATE OF SERVICE**

I hereby certify that I electronically submitted the foregoing document with the clerk of

court for the U.S. District Court using the electronic case filing system of the court. I hereby

certify that I have served all counsel and/or pro se parties of record electronically or by another

manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Chelsea L. Davis
Chelsea L. Davis


**TITLE VII COMPLAINT AND COMPLAINT FOR WRONGFUL INJUNCTION**  11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**CHELSEA L. DAVIS**

**v.**

**MCKOOL SMITH P.C. ET AL**

NO. _____

---

### CHELSEA DAVIS'S MOTION TO TRANSFER, CONSOLIDATE, SEVER, CHANGE VENUE, REMOVE, REMAND AND/OR REOPEN CASE; AND FOR ANTI-SUIT INJUNCTION TO STAY STATE COURT "PROCEEDINGS"

Chelsea Davis moves this Court to direct the clerk to transfer, consolidate, sever, change venue, remove, remand and/or reopen this case in light of the opening of *Davis v. McKool Smith P.C., and Samuel F. Baxter,* Case No. 4:14-cv-754 (E.D. Tex.), and this Court's orders of transfer, consolidation, severance, change of venue, removal, remand and/or to reopen case.

It appears this case was not closed due to dismissal. Instead, it appears this case may not be filed until an anti-suit injunction is dissolved and stay is lifted. A case was stayed on the merits for all purposes by order signed on Nov. 6, 2013, except for the purpose of McKool Smith P.C. and Samuel F. Baxter's motion to seal (which is really a motion for anti-suit injunction and a gag order). Then, it appears there are orders transferring case and remanding case, causing an administrative closure. However, transfer and remand do not appear to have been properly completed. Again, on Nov. 17, 2014, there appears to be an order transferring case to the 160th Judicial District Court in Dallas County, Texas.

Chelsea Davis has diligently been trying to make her case against McKool Smith P.C. et



**EXHIBIT**
**9**

al, but the preliminary anti-suit injunction seems to be preventing her from doing so. So far, no case could have been litigated and no dismissals could have been entered in any case in which Chelsea Davis brings a claim or cause of action against McKool Smith P.C.

Chelsea Davis requests this Court to reopen or transfer this case back to this Court as a pendant matter or otherwise to clarify where this case is, to dissolve the anti-suit injunction, and to permit Chelsea Davis to proceed against Samuel F. Baxter and McKool Smith P.C. To the extent it would be in Chelsea Davis's financial interest to transfer, consolidate, sever, change venue, remove, remand and/or reopen this case to maximize the amount of money in a damages award that Chelsea Davis will receive to benefit her financially in this and all pendant matters, Chelsea Davis moves for the appropriate relief. In support, Chelsea Davis cites the removal statutes, transfer rules, and jurisdiction and venue statutes and caselaw, including the jurisdiction recited in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Samuel Baxter, Leslie Ware and Harlan Crow have consented to transfer, consolidation, severance, change of venue and removal.

In addition or in the alternative, Chelsea Davis moves for an injunction under the corollary to the prohibition of predecessor to 28 USCS § 2283 (i.e. the anti- anti-suit injunction rule allowing for anti-suit injunctions) to stay state court "proceedings," which includes all steps taken or which may be taken in state court or by its officers from institution of suit to close of final process.

Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205

Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com
ATTORNEY FOR CHELSEA L. DAVIS

**ADDITIONAL COUNSEL 1.**   Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.**   Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.**   Gray Reed & McGraw P.C. (*and* Looper Reed
     & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.**   Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.**   FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215

Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.**       MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.**       Friedman & Feiger LLP
Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.**       Gibson Dunn LLP
Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.**       Abernathy, Roeder, Boyd & Joplin, P.C.
Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.**       Figari & Davenport LLC

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007
FAX:  214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.**     Herring & Irwin
CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.**     Clinesmith Wooten Smith
Dawn Smith
dawn@clinesmithwootensmith.com

**ADDITIONAL COUNSEL 13.**     Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-741-7474

**ADDITIONAL COUNSEL 14.**     Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX  75204
Phone: 214-740-9955

**ADDITIONAL COUNSEL 15.**     Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-522-0000

**ADDITIONAL COUNSEL 16.**     Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com

**ADDITIONAL COUNSEL 17.**     Trevor R. Jefferies
Arnold & Porter LLP

700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS

   **ADDITIONAL COUNSEL 18.**  Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON

   **ADDITIONAL COUNSEL 19.**  Jamie McKey
Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN

   **ADDITIONAL COUNSEL 20.**  Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES

   **ADDITIONAL COUNSEL 21.**  Lewis T. Stevens
TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

   **ADDITIONAL COUNSEL 22.**  ROYCE WEST
Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document using the electronic case filing system.

I hereby certify that I have served all counsel and/or pro se parties of record (or non-record)

electronically by email or, as a pro-se party, on the date it is electronically docketed in the

court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the

Local Rules of this Court (in the Eastern District of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis, pro-se
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHELSEA DAVIS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **Civil Action No. 3:13-CV-4926-N-BK** |
| | § | |
| **MCKOOL SMITH, P.C.,** *et al.,* | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. A review of the pleadings reveals that this case was improperly removed from the state court. Thus, it should be **REMANDED,** *sua sponte*.[1]

Plaintiff filed her Notice of Removal in this case on December 18, 2013, seeking to remove the state court action she filed in the 254th District Court of Dallas County to this Court on the basis of diversity jurisdiction. (Docs. 1, 4, 11, 12). Under the law, however, she may not do so.

Any civil action brought in a state court of which the district court also has jurisdiction "may be removed by the <u>defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In this case, Plaintiff has attempted to remove her own action from the state court in which she filed it, which is clearly not permitted by the removal statute. 28 U.S.C.

---

[1] Although there is no binding precedent in this Circuit addressing whether a Magistrate Judge may adjudicate remands, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases). Accordingly, the undersigned will issue a recommendation, rather than a final order in this case.

1



EXHIBIT

10

**APP 137**

§ 1441(a).  Accordingly, because the notice of removal was improperly filed, this case must be remanded to the 254th District Court of Dallas County.

## RECOMMENDATION

For the foregoing reasons, the Court should *sua sponte* **REMAND** this action to the state court.

**SO RECOMMENDED** on December 26, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

APP 138

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA DAVIS, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | Civil No. 3:13-CV-4926-N-BK |
| | § | |
| MCKOOL SMITH, P.C. et al., | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

SO ORDERED.

SIGNED February 11, 2014.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA DAVIS, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **Civil No. 3:13-CV-4926-N-BK** |
| | § | |
| MCKOOL SMITH, P.C. et al., | § | |
| | § | |
| **Defendant.** | § | |

## JUDGMENT

This action came on for consideration by the court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED, ADJUDGED, AND DECREED that Plaintiff's case is *sua sponte* REMANDED to the 254th District Court of Dallas County.

IT IS FURTHER ORDERED that the Clerk shall transmit a true copy of this judgment and the order accepting the Findings, Conclusions and Recommendation of the United States Magistrate Judge, to counsel for the parties.

SIGNED February 11, 2014.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

**CHELSEA L. DAVIS**

**v.**

**SAMUEL F. BAXTER, and MCKOOL SMITH
P.C.**

CASE NO. _____
CONSOLIDATED INTO CASE NO.
3:14-CV-514 and 14-7088

---

## MOTION FOR ANTI-SUIT INJUNCTION

TO THE HONORABLE PRESIDING JUDGE:

NOW COMES CHELSEA L. DAVIS, who moves for anti-suit injunction against Samuel

F. Baxter and McKool Smith P.C.

**I.    Introduction**

Chelsea Davis appears to be enjoined from proceeding against Samuel F. Baxter and

McKool Smith P.C. and from conducting discovery. If Chelsea Davis cannot sue Samuel Baxter

and McKool Smith P.C., then Samuel Baxter and McKool Smith P.C. should not be permitted to

sue Chelsea Davis.  They should not be permitted to obtain ridiculous orders against Chelsea

Davis while she is enjoined from defending herself.

Just this week, Cause Nos. 429-03449-2014 and 429-04623-2014 have allegedly been

created in Collin County, Texas, and Samuel Baxter appears to have re-filed Chelsea Davis's

original petition, without her permission, to sue himself again to obtain another court order

against Chelsea Davis. Samuel Baxter seeks to delude the courts with his hopes that Chelsea



1

**APP 141**

Davis's causes of action have already been litigated when no causes of action have been litigated nor could they have been litigated YET.

An anti-suit injunction, including a stay on the merits for all purposes, was ordered by the Eastern District of Texas on Nov. 6, 2013, in *Davis v. McKool Smith P.C. and Samuel F. Baxter*, Case No. DC-13-12834 (Dallas County, Texas, opened Oct. 28, 2013) pursuant to Tex. Gov. Code Sec. 24.003 after *McKool Smith P.C.* joined the federal suit, *Davis v. Baxter,* Case No. 4:13-cv-514 (E.D. Tex., opened 2013).

After Nov. 6, 2013, no case could have been made or assigned to a judge or litigated in any court, which includes Cause Nos. 199-03395-2013, 429-03449-2014 and 429-04623-2014 in Collin County, Texas and DC-13-12834, DC-13-14215 and DF-13-19281 in Dallas County, Texas. Further, no case could have been made or removed to Federal Court under Case No. 3:13-cv-4926-N, 3:14-cv-1963 or 3:14-cv-1964.

Chelsea Davis's motion for anti-suit injunction against others was first *presented* to this Court and to the Northern District of Texas in 2013. Accordingly, Samuel F. Baxter and McKool Smith P.C. could not proceed against Chelsea Davis in any court either and still are not permitted to proceed against her. No orders could have been entered in any state court against Chelsea Davis, McKool Smith P.C. and Samuel Baxter from 2013 to present. All cause numbers which have been opened are to remain open because court officers cannot act to close them and no documents may be accepted for filing. All orders signed by state court judges in *Davis v. McKool Smith P.C. and Samuel F. Baxter* after Nov. 6, 2013 are void. Neither Samuel Baxter, McKool Smith P.C. nor Chelsea Davis could have appeared or litigated or consented to proceed in any civil case in any state court from 2013 to present.

2

## II.   Argument

Chelsea Davis hereby files her previously presented motion for anti-suit injunction, which was previously presented to this Court in 2013. Chelsea Davis moves for anti-suit injunction against Samuel F. Baxter and McKool Smith P.C. in any and all actions and proceedings, including preventing state courts from proceeding in opened cause numbers, for example, in Cause Nos. DC-13-12834, DF-13-19281, DC-13-14215, DC-13-14479, DF-13-23109 and DC-14-11997 in Dallas County, Texas, and in Cause Nos. 429-03449-2014, 429-04835-2013, and 429-04623-2014, in Collin County, Texas, and with trial on February 17-18, 2015, prior to the dissolution of both the preliminary anti-suit injunction against Chelsea Davis and the preliminary anti-suit injunction against McKool Smith P.C. and Samuel F. Baxter.

Chelsea L. Davis, who is to become Plaintiff in *Chelsea L. Davis v. Samuel F. Baxter and McKool Smith P.C.,* has not yet been able to proceed in any lawsuit because of what appears to be a sealed motion for anti-suit injunction against Chelsea L. Davis, the Attorney Issued TX Bar No. 24059652, presented by Samuel F. Baxter, the attorney issued TX Bar No. 01938000, to which McKool Smith P.C. joined, prohibiting Chelsea Davis from instituting any proceedings and from proceeding in any proceeding in any court or other forum against Samuel F. Baxter and McKool Smith P.C.

Likewise, Samuel F. Baxter and McKool Smith P.C., who are to become Defendants in *Chelsea L. Davis v. Samuel F. Baxter and McKool Smith P.C.,* have not yet been able to proceed in any lawsuit against Chelsea L. Davis because of what appears to be a sealed motion for anti-suit injunction against Samuel F. Baxter and McKool Smith P.C., prohibiting Samuel F.

3

Baxter and McKool Smith P.C. from instituting any proceedings and from proceeding in any proceeding in any court or other forum against Chelsea Davis.

Because of the joinder by McKool Smith P.C. as movants in presenting motions, Chelsea Davis has not yet and could not have instituted any civil lawsuit or administrative proceeding against Samuel F. Baxter and McKool Smith P.C. regarding facts since 2010.

The preliminary injunctions are obtained under the corollary to the prohibition of predecessor to 28 USCS § 2283 (i.e. the anti- anti-suit injunction rule allowing for anti-suit injunctions) to stay state court "proceedings," which includes all steps taken or which may be taken in state court or by its officers from institution of suit to close of final process. The date on which injunctive relief is sought in federal court, rather than the date on which injunctive relief is granted, determines whether state actions are "pending" within the meaning of the Anti-Injunction Act. *National City Lines, Inc. v LLC Corp* 687 F2d 1122 (1982, CA8 Mo).

The injunction applies to appellate as well as to original proceedings, applies to action by court and by its ministerial officers, applies not only to execution issued on judgment but to any proceeding supplemental or ancillary taken with view to making suit or judgment effective and whether such supplemental or ancillary proceeding is taken in court which rendered judgment or in some other forum, and governs privy to state court proceeding as well as parties of record. *Hill v Martin* (1935) 296 US 393; *Resolute Ins. Co. v North Carolina* (1967, ED NC) 276 F. Supp. 660, aff'd. (1968, CA4 NC) 397 F2d 586, cert den (1968) 393 US 978, 21 L Ed 2d 439, 89 S Ct 446; *Drexler v Walters* 290 F. Supp. 150 (1968, DC Minn). This includes all pendant matters under the jurisdiction recited in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). "Pendent jurisdiction," the Supreme Court said, "in the sense of judicial power, exists

4

whenever there is a claim 'arising under the Constitution, the Laws of the United States, and Treaties made . . . under their Authority . . .' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case'." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Accordingly, all statutes of limitations are being tolled on all claims by Chelsea Davis since the first filing, likely on Sept. 8, 2010, and no proceeding since then has proceeded.

The Anti-Injunction Act applies when (1) a court of the United States (2) grants an injunction (3) to stay proceedings (4) in a state court. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Elements 1, 2, 3 and 4 have been satisfied in this case. The district judge ordered a "stay of the state court proceedings" that suspended or terminated the state case. But such a literal construction of the third element mistakes title for effect. The practical result of the district judge's order here was to cast doubt on the effectiveness of any ruling and on any judgment that might result from it. The district court's order could effectively prevent the state trial judge from proceeding. The injunction, by obstructing and interfering with the state courts' process, thus has the effect of a stay within the meaning of the statute.

The procedural history includes the following aspects, and the Order to Stay the case dated Nov. 6, 2013 prevented Chelsea Davis, McKool Smith P.C., Samuel Baxter and the courts from making a case or proceeding in the following subsequently opened case numbers:

1. *Chelsea L. Davis, et al v. Samuel F. Baxter,* Cause Nos. 429-04385-2013, 429-03449-2013, 429-03552-2014, 429-04272-2014, 429-04623-2014, 199th/429th Jud. Dist. Ct., Collin County, Texas.
2. *Chelsea L. Davis et al v. McKool Smith P.C. and Samuel F. Baxter,* Cause Nos. DC-13-12834, DC-13-14215, DF-13-19281, 298th/254th Judicial District Court, Dallas County, Texas.

5

3. *Chelsea L. Davis v. Harlan R. Crow,* Cause No. DC-13-14479, DF-13-23109, 68th/254th Judicial District Court, Dallas County, Texas.

4. *Chelsea L. Davis v. McKool Smith P.C. et al,* Case Nos., 3:14-cv-0056-B, Northern District of Texas, opened Jan. 8, 2013 or Dec. 18, 2013.

**III.   Conclusion**

Chelsea Davis requests a hearing as soon as possible so that the motions for anti-suit injunctions previously presented may be heard so that litigation may proceed without further delay.   The following additional counsel are hereby notified of this motion and request for hearing.

**ADDITIONAL COUNSEL 1.**     Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.**     Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.**     Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.**     Jeff Hall

6

Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.**      FOX ROTHSCHILD LLP

DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.**      MILLER BROWN LLP

J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.**      Friedman & Feiger LLP

Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.**      Gibson Dunn LLP

Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912

Tel: +1 214.698.3100
Fax: +1 214.571.2900
     **ADDITIONAL COUNSEL 9.**     Abernathy, Roeder, Boyd & Joplin, P.C.
Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com


     **ADDITIONAL COUNSEL 10.**     Figari & Davenport LLC
Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007
FAX:  214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com
     **ADDITIONAL COUNSEL 11.**     Herring & Irwin
CHARLES HERRING
cherring@herring-irwin.com
     **ADDITIONAL COUNSEL 12.**     Clinesmith Wooten Smith
Dawn Smith
dawn@clinesmithwootensmith.com
     **ADDITIONAL COUNSEL 13.**     Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-741-7474
     **ADDITIONAL COUNSEL 14.**     Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX  75204
Phone: 214-740-9955
     **ADDITIONAL COUNSEL 15.**     Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX  75202

8

Phone: 214-522-0000
      **ADDITIONAL COUNSEL 16.**     Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com
      **ADDITIONAL COUNSEL 17.**     Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS
      **ADDITIONAL COUNSEL 18.**     Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON
      **ADDITIONAL COUNSEL 19.**     Jamie McKey
Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN
      **ADDITIONAL COUNSEL 20.**     Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES
      **ADDITIONAL COUNSEL 21.**     Lewis T. Stevens
TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

9

**ADDITIONAL COUNSEL 22.**      ROYCE WEST

Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399


Dated: Nov. 19, 2014                    Respectfully,

                                        /s/Chelsea L. Davis
                                        Chelsea L. Davis
                                        TX Bar No. 24059652
                                        25 Highland Park Vlg., Ste. 100-830
                                        Dallas, TX 75205
                                        Telephone: (469) 426-5850
                                        Facsimile: (469) 533-0466
                                        cdavis@chelseadavispc.com


## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.


                                        /s/Chelsea L. Davis
                                        Chelsea L. Davis, pro-se
                                        TX Bar No. 24059652
                                        Mailing Address:
                                        25 Highland Park Vlg., Ste. 100-830
                                        Dallas, TX 75205
                                        Telephone: (469) 426-5850
                                        Facsimile: (469) 533-0466
                                        cdavis@chelseadavispc.com

APP 150

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

CHELSEA L. DAVIS

v.

SAMUEL F. BAXTER

CASE NO. 4:13-CV-514-RC

---

TO THE HONORABLE PRESIDING JUDGE:

**CHELSEA DAVIS'S MOTION TO TRANSFER, CONSOLIDATE, SEVER, CHANGE
VENUE, REMOVE, REMAND AND/OR REOPEN CASE AND FOR ALL OTHER
RELIEF**

Chelsea Davis moves this Court to direct the clerk to transfer, consolidate, sever, change

venue, remove, remand and/or reopen this case in light of the opening of *Davis v. McKool Smith*

*P.C., and Samuel F. Baxter,* Case No. 4:14-cv-754, (E.D. Tex.) for consolidation into this case

and replacing the former motion to dismiss.  Chelsea Davis desires to pursue her claims to a final

jury trial.

It appears this case was not closed due to dismissal. Instead, it appears this case was not

filed until Oct. 28, 2013, and then it was stayed on the merits for all purposes on Nov. 6, 2013,

except for McKool Smith P.C. and Samuel F. Baxter's motion to seal (which is really a motion

for anti-suit injunction and a gag order). Then, it appears there were orders transferring this case

and remanding this case, causing an administrative closure. However, transfer and remand do not

appear to have been properly completed.  Again, on Nov. 17, 2014, there appears to be an order

transferring this case to the 160th Judicial District Court in Dallas County, Texas.

Chelsea Davis has diligently been trying to pursue her claims against McKool Smith P.C.

and Samuel F. Baxter, but the preliminary anti-suit injunction is preventing her from doing so. So far, no claims have been litigated and no dismissals have been entered in any case in which the parties have asserted claims.

Chelsea Davis requests this Court reopen or transfer this case back to this Court as a pendant matter to clarify where this case is, to dissolve the anti-suit injunction, and to permit Chelsea Davis to proceed with her claims against Samuel F. Baxter and McKool Smith P.C. To the extent it would be in Chelsea Davis's financial interest to transfer, consolidate, sever, change venue, remove, remand and/or reopen this case to maximize the amount of money in a damages award that Chelsea Davis will receive to benefit her financially in this and all pendant matters, Chelsea Davis moves for the appropriate relief.  In support, Chelsea Davis cites the removal statutes, transfer rules, and jurisdiction and venue statutes and caselaw, including the jurisdiction recited in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

In addition or in the alternative, Chelsea Davis moves for an injunction under the corollary to the prohibition of predecessor to 28 USCS § 2283 (i.e. the anti- anti-suit injunction rule allowing for anti-suit injunctions) to stay state court "proceedings," which includes all steps taken or which may be taken in state court or by its officers from institution of suit to close of final process.

WHEREFORE, premises considered, Chelsea Davis moves for all relief to which she deems herself justly entitled, including attorney fees and monetary relief up to and over $1,000,000.

Dated: Nov. 21, 2014                              Respectfully,

                                                  /s/Chelsea L. Davis
                                                  Chelsea L. Davis
                                                  TX Bar No. 24059652

25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

### ADDITIONAL COUNSEL 1.        Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

### ADDITIONAL COUNSEL 2.        Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

### ADDITIONAL COUNSEL 3.        Gray Reed & McGraw P.C. (*and* Looper Reed
    & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

### ADDITIONAL COUNSEL 4.        Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

### ADDITIONAL COUNSEL 5.        FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200

Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.**         MILLER BROWN LLP

J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.**         Friedman & Feiger LLP

Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.**         Gibson Dunn LLP

Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.**         Abernathy, Roeder, Boyd & Joplin, P.C.

Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.**  Figari & Davenport LLC

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007
FAX:  214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.**  Herring & Irwin

CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.**  Clinesmith Wooten Smith

Dawn Smith
dawn@clinesmithwootensmith.com

**ADDITIONAL COUNSEL 13.**  Law Office of Chris Knox

Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-741-7474

**ADDITIONAL COUNSEL 14.**  Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX  75204
Phone: 214-740-9955

**ADDITIONAL COUNSEL 15.**  Law Office of Bill Knox

William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-522-0000

**ADDITIONAL COUNSEL 16.**  Baker Botts LLP

George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com

**ADDITIONAL COUNSEL 17.**  Trevor R. Jefferies

Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS

**ADDITIONAL COUNSEL 18.**      Vanessa Griffith

Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON

**ADDITIONAL COUNSEL 19.**      Jamie McKey

Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN

**ADDITIONAL COUNSEL 20.**      Levi G. McCathern, II

McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES

**ADDITIONAL COUNSEL 21.**      Lewis T. Stevens

TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

**ADDITIONAL COUNSEL 22.**      ROYCE WEST

Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Eastern District of Texas), or otherwise, to the extent possible.

Dated:  Nov. 21, 2014

/s/Chelsea L. Davis
Chelsea L. Davis, pro-se
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

** NOT PRINTED FOR PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 4-13-CV-514 |
| v. | § | |
| | § | JUDGE RON CLARK |
| SAMUEL F. BAXTER, | § | |
| | § | |
| *Defendant.* | § | |

**<u>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION TO VACATE
ORDER OF DISMISSAL</u>**

Before the court is Plaintiff's Motion to Strike and Motion to Vacate Order of Dismissal.
[Doc. # 14]. She seeks to vacate virtually all pleadings and papers filed in this case before, and
after, it was dismissed at Plaintiff's request. Plaintiff filed this suit on August 27, 2013 in state
court in Collin County, Texas. [Doc. # 1]. Defendant removed to federal court on September 9,
2013. [Doc. # 1]. Plaintiff moved to dismiss on September 10, 2013, and Defendant consented
to the dismissal without prejudice. [Doc. # 6]. This court entered an order dismissing the case
without prejudice. [Doc. # 7].

Inexplicably, Plaintiff filed a series of motions to vacate. [Doc. ## 8-11, 14]. Plaintiff
states that she wishes to file a complaint. As the original order dismissing this case was without
prejudice, she may do so by following the Federal Rules of Civil Procedure and the Local Rules
concerning filing a complaint, and paying the relevant filing fees. It is unnecessary, and indeed
would be improper, to vacate the dismissal in this case or strike any of the previously entered

1



EXHIBIT

12

Orders.  IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike and Motion to Vacate

Order of Dismissal [Doc. # 14] are DENIED.

The clerk is directed to not accept any additional filings by Plaintiff in this case, under

this docket number, without express leave of the court.

So **ORDERED** and **SIGNED** this **5**   day of **May, 2014.**

_____

Ron Clark, United States District Judge

2

APP 031

**APP 159**

NO. <u>DF 13-19281</u>

| | | |
|---|---|---|
| **CHELSEA L. DAVIS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Applicant** | § | |
| | § | |
| **v.** | § | **254th JUDICIAL DISTRICT** |
| | § | |
| **LESLIE D. WARE AND** | § | |
| **SAMUEL F. BAXTER,** | § | |
| | § | |
| **Respondents** | § | **DALLAS COUNTY, TEXAS** |

## <u>ORDER ON RESPONDENTS' AMENDED AND CUMULATIVE MOTION FOR SANCTIONS</u>

On June 17, 2014, came on for hearing Respondents' Amended and Cumulative Motion for Sanctions (the "Motion".)

Based on the conduct detailed in the Motion, Respondents seek the imposition of sanctions on Davis in the form of an Order (1) prohibiting Davis from communicating in any manner with Respondents, their wives and children, except through Respondents' attorneys or a person appointed by the Court; (2) enjoining Davis from filing further lawsuits against Respondents outside this Court; (3) imposing a monetary sanction of $50,000.00; (4) prohibiting Davis from issuing any further discovery until she responds to Respondents' Request for Production and is deposed by counsel for Respondents' as previously Ordered by the Court; and (5) awarding Respondents all of their costs and attorneys' fees incurred in connection with these cases, together with reasonable fees in the event of any appeal.

**EXHIBIT**

tabbies®

13

Based on the evidence and argument introduced at the hearing, the Court finds and concludes that Davis has failed to respond to written discovery and has failed to appear for her deposition twice, the last time in direct violation of this court's order; and she has twice avoided hearings set by Respondents by groundlessly filing notices of removal to federal court.

Davis has repeatedly filed, and dismissed, numerous lawsuits against Respondents in multiple courts asserting the same or related claims, with no intention of prosecuting these various suits but instead for the purpose of harassing Respondents; and that such filings were an effort by Davis to forum shop and evade sealing and stay orders of this and other courts solely to generate publicity.

The Court further finds that Davis has acted in bad faith, and abused the judicial system, by repeatedly violating sealing and stay orders entered by this Court; improperly communicating with the Court on an ex parte basis, and by uninvited emails despite being instructed not to do so; filing groundless pleadings, motions, and other documents, including filing lawsuits in multiple courts on the same day alleging the exact same claims as were already pending before other courts, filing additional lawsuits naming different respondents on the same claims so as to avoid sealing and/or transfer orders, and filing discovery or groundless motions in cases already dismissed; making groundless accusations of misconduct against counsel and the judiciary, including forgery and corruption; and delivering numerous vile, obscene and offensive email communications to opposing counsel, Respondents, and non-parties.

Davis' abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders. These actions are sanctionable as violations of Tex. Civ. Prac. And Rem. Code §§10.001(1) and (3), and pursuant to the Court's inherent power. It is, therefore, accordingly

ORDERED that the Motion is hereby granted in its entirety; it is further

ORDERED that Davis pay to Respondents, Leslie D. Ware and Samuel F. Baxter, fifty thousand dollars ($50,000.00) as a monetary sanction; it is further

ORDERED that the Anti-Suit Injunction is GRANTED restraining Davis from filing additional suits against Respondents outside this court; it is further

ORDERED that Respondents have and recover from Davis the sum of _____ payable to Angeline L. Bain at Goranson Bain, 8350 North Central Expressway, Suite 1700, Dallas, Texas 75206, as reasonable and necessary attorney's fees and expenses incurred by them as a result of Davis' sanctionable misconduct by the _____ day of _____ 2014; it is further

ORDERED that any further discovery of any kind by Davis pursuant to Texas Rules of Civil Procedure 215.2 (b)(1) is prohibited until Davis responds to Respondents' Request for Production and is deposed by counsel for Respondents as previously ordered by this Court; it is further

ORDERED that Davis is prohibited from communicating in any manner with Respondents, Leslie D. Ware and Samuel F. Baxter, their wives and children, except through Respondents' attorneys or a person appointed by the Court.

SIGNED this _17_ day of June, 2014.

Associate Judge
JUDGE PRESIDING 254th District Court

## CAUSE NO. DF-13-19281

| | | |
|---|---|---|
| **CHELSEA L. DAVIS,**<br>Applicant | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§<br>§ | **254TH JUDICIAL DISTRICT** |
| **LESLIE D. WARE AND**<br>**SAMUEL F. BAXTER**<br>Respondents | §<br>§<br>§ | **DALLAS COUNTY, TEXAS** |



## MOTION FOR CONTEMPT
## AND ORDER TO APPEAR

This Motion for Contempt is brought by Movants, Leslie D. Ware and Samuel F. Baxter.

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules

of Civil Procedure.

1.     On June 17, 2014, this Court entered an *Order on Respondent's Amended and

Cumulative Motion for Sanctions ( THE SANCTIONS ORDER)* which states in relevant part as

follows:

> *"IT IS ....ORDERED that Davis is prohibited from communicating in any*
> *manner with Respondents, Leslie D. ware and Samuel F. Baxter,*
> *their wives and children, except through Respondents' attorneys*
> *or a person appointed by the Court."*

2.     This Court has continuing, exclusive jurisdiction of this case as a result of prior

proceedings.

3.     The parties entitled to notice are as follows:

a.     Chelsea L. Davis

Process should be served wherever she may be found.

Movants are the Respondents and Chelsea L. Davis is the Petitioner in these

proceedings.

Motion for Contempt and Order to Appeal, Page 1


EXHIBIT
14

4.      Chelsea L. Davis has violated the order described above as follows:

Chelsea L. Davis has repeatedly contacted Respondents and their families since the date of entry of the Sanctions Order. Chelsea L. Davis, is in contempt of court for failing to obey the Sanctions Order as set out in Exhibit "A" attached hereto and incorporated herein for all purposes.

5.      Movants request that for **each** violation alleged above, Chelsea L. Davis be held in contempt, jailed and fined up to $500, and that each period of confinement run and be satisfied concurrently.

6.      Movants believe, based on the repeated past violations of the Court's order by Chelsea L. Davis, that Chelsea L. Davis will continue to fail to comply with the order. Movants request that Chelsea L. Davis be held in contempt, jailed, and fined for each failure to comply with the Court's order from the date of this filing to the date of the hearing on this motion.

7.      Movants request that Chelsea L. Davis be confined in the county jail until Respondent complies with the order of the Court.

8.      Movants request that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Chelsea L. Davis and giving Respondent a reasonable time within which to comply.

9.      It was necessary to secure the services of Angeline L. Bain, a licensed attorney, to enforce and protect the rights of Movants. Chelsea L. Davis should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Chelsea L. Davis and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Movants request post-judgment interest as allowed by law.

Motion for Contempt and Order to Appear, Page 2

Movants pray that Chelsea L. Davis be held in contempt and punished as requested, that a judgment be granted in favor of Movants, that the Court clarify any part of its prior order found not specific enough to be enforced by contempt, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted

Goranson Bain, PLLC
Campbell Centre I, Suite 1700
8350 N. Central Expressway
Dallas, TX 75206-1815
Tel: (214) 373-7676
Fax: (214) 373-9959


By: _____
Angeline L. Bain
State Bar No. 01546650
E-Mail: abain@gbfamilylaw.com
Attorney for Movants

### Order to Appear

Respondent, CHELSEA L. DAVIS, is ORDERED to appear and respond to this Motion for Contempt on the 28th day of July , 2014, at 1:30 o'clock P. m. The purpose of this hearing is to determine whether the relief requested in this motion should be granted.

It is further ordered that any authorized person eighteen years of age or older who is not a party to or interested in the outcome of this suit may serve any citation, notice, or process in this case.

SIGNED on _____JUL 0 8 2014_____.


_____
JUDGE PRESIDING

Motion for Contempt and Order to Appeal, Page 3

Exhibit A

| Schedule of Violations of Court's June 17. 2014 Order by Chelsea Davis | | | |
|---|---|---|---|
| **Date of Contact** | **Method of Contact** | **Recipient of Contact** | **Time of Contact** |
| June 18, 2014 | Texts from cell # 469-426-5850 | Les Ware<br>Les Ware<br>Sam Baxter | 9:49 am<br>Middle of the night<br>Middle of the night |
| June 19, 2014 | Texts from cell # 469-426-5850 | Les Ware<br>Ware 14 year old son | 9:49 am<br>8:01 am |
| June 20, 2014 | Texts from cell # 469-426-5850 | Les Ware | 6:00 pm<br>10:05 pm |
| June 21, 2014 | Texts from cell # 469-426-5850 | Les Ware | 9:09 am & 9:10 am |
| | 34 separate emails from cdavis@chelseadavispc.com | Les Ware | 10:09 am  5:34 pm  6: 16 pm<br>11:49 am  5:41 pm  6: 19 pm<br>5:09 pm  5:43 pm  6: 24 pm<br>5:16 pm  5:45 pm  6:25 pm<br>5:19 pm  5:47 pm  6:26 pm<br>5:20 pm  5:50 pm  6:28 pm<br>5:22 pm  6:05 pm  6:52 pm<br>5:24 pm  6:07 pm  7:03 pm<br>5:27 pm  6:08 pm  8:16 pm<br>5:29 pm  6:10 pm  8:44 pm<br>5:30 pm  6:12 pm<br>5:32 pm  6:13 pm |
| June 22, 2014 | Texts from cell # 469-426-5850 | Les Ware<br>Ware's 14 year old son | 5:21 am<br>8:20 pm |
| June 23, 2014 | Texts from cell # 469-426-5850 | Les Ware | 8:43 am |
| June 28, 2014 | Phone call | Wife of Sam Baxter | 10:20 am |
| July 2, 2014 | Email from cdavis@chelseadavispc.com | Les Ware,<br>Wife of Les Ware,<br>Sam Baxter &<br>Wife of Sam Baxter | 6:44pm |
| July 4, 2014 | Text from cell # 469-426-5850 | Sam Baxter | 2:30am |
| July 5, 2014 | Text from cell # 469-426-5850 | Sam Baxter | 11:00pm |
| | 45 separate emails from either cdavis@chelseadavispc.com or admin@lawofficeofchelseadavis.com or admin@chelseadavispc.com | Les Ware | 1:16 pm  1:24 pm  1:25 pm<br>1:16 pm  1:24 pm  1:25 pm<br>1:16 pm  1:24 pm  1:25 pm<br>1:16 pm  1:24 pm  1:25 pm<br>1:16 pm  1:24 pm  1:25 pm<br>1:24 pm  1:24 pm  1:25 pm<br>1:24 pm  1:24 pm  1:25 pm<br>1:24 pm  1:24 pm  1:26 pm<br>1:24 pm  1:25 pm  2:14 pm<br>1:24 pm  1:25 pm  1:51 pm<br>1:24 pm  1:25 pm  4:28 pm<br>1:24 pm  1:25 pm  6:22 pm<br>1:24 pm  1:25 pm  6:32 pm<br>1:24 pm  1:25 pm  7:02 pm<br>1:24 pm  1:25 pm  7:02 pm |
| July 7, 2014 | Emails from cdavis@chelseadavispc.com | Les Ware & Sam Baxter<br>Sam Baxter | 11:22 am<br>11:55 am |
| | | Les Ware | 11:39 am  6:45 pm  8:01 pm<br>6:44 pm  6:50 pm<br>6:45 pm  7:41 pm |

**EXHIBIT**

A

## NO. <u>DF 13-19281</u>

| | | |
|---|---|---|
| CHELSEA L. DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| Applicant | § | |
| | § | |
| v. | § | 254th JUDICIAL DISTRICT |
| | § | |
| LESLIE D. WARE AND | § | |
| SAMUEL F. BAXTER, | § | |
| | § | |
| Respondents | § | DALLAS COUNTY, TEXAS |

## <u>ORDER FOR CAPIAS AND SETTING OF BOND</u>

On this date, the Court heard Leslie D. Ware and Samuel F. Baxter's *Motion for Contempt*. Petitioners, Leslie D. Ware and Samuel F. Baxter appeared in person and through their attorney of record, Angeline L. Bain and requested that a capias be issued for the arrest of Chelsea L. Davis, due to her failure to appear.

The Court, after reviewing the pleadings and hearing the argument of counsel, finds that this matter was duly and properly set for hearing on October 6, 2014 at 1:30 o'clock p.m. in the 254TH Judicial District Court of Dallas County, Texas, and that Applicant, Chelsea L. Davis, failed to appear.

The Court further finds that Chelsea L. Davis was properly served with notice to appear at the above time, date and place as evidenced by the original return of notice which is on file with the papers in this cause.

The Court further finds that the request for writ of capias for the arrest of Chelsea L. Davis, should be granted.

IT IS THEREFORE ORDERED that the clerk of this Court issue a writ of capias, directed to the sheriff or any peace officer of any county within the state of Texas, commanding that sheriff or peace officer to take the body of Chelsea L. Davis, Applicant, and bring her before this Court to answer the allegations of the *Motion for Contempt* previously served on Chelsea L. Davis.

EXHIBIT

15

IT IS ORDERED that Applicant, Chelsea L. Davis, shall be permitted to post a cash bond only in the sum of $ 2,500.°° , such sum is to be deposited into the registry of this Court and is subject to forfeiture in accordance with law if Chelsea L. Davis fails to appear for hearing on the court date following release from custody.

SIGNED on October 6 , 2014.

_____
JUDGE PRESIDING

Order for Capias, page 2 of 2

CAUSE NO. <u>DF-13-19281</u>

| | |
|---|---|
| SERVICE OFFICER: | <u>ATTY</u> |
| Clerk's fees | $8.00 |
| Officer's fees collected | $ |
| Officer's fees not collected | $XXX |
| Costs not complied with | $ |
| Affidavit Inability to Pay | $ |

STYLE
<u>CHELSEA L DAVIS</u>
<u>VS.</u>
<u>LESLIE D WARE AND SAMUEL F BAXTER</u>

# The State of Texas

**To any Sheriff or Constable of the State of Texas--Greetings:**

You are hereby commanded to Arrest and take the body of <u>**CHELSEA L DAVIS**</u> D.O.B. MAY 6, 1982 Description <u>**BLONDE, 5'5, 100 POUNDS, WHITE**</u> who resides at <u>2068 MEADOW VIEW ROAD PRINCETON TEXAS 75407</u>, and bring him/her to the Dallas County Jail to await the availability of the court; and Detain in custody of the Sheriff until he shall be duly discharged by the court, or if respondent is arrested outside of Dallas County, he/she may be detained in the jail of the county in which arrested for Dallas County authorities until he/she may be duly discharged by the court or transferred to Dallas County. To then and there answer to the charge of <u>**FAILURE TO APPEAR**</u>. It is further ordered, that the Sheriff shall HOLD IN CUSTODY UNTIL THE COURT CAN SCHEDULE A HEARING IN THIS MATTER conditioned on respondents promise to appear in court for a hearing on the merits as required by this court without further service of notice.

HEREIN FAIL NOT, But of this writ make due return showing how you have executed same.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts, Dallas County, Texas.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the city of Dallas, **ON THIS THE 31ST DAY OF OCTOBER, 2014**

Issued at request of:

**ANGELINE LINDLE BAIN**
**8350 NORTH CENTRAL EXPRWY STE 1700**
**DALLAS TEXAS 75206**
**214-373-7676**

ATTEST:   GARY FITZSIMMONS
Clerk of the District Courts
Dallas County, Texas

By _____, Deputy
        <u>ARMANDO MENDOZA</u>

NO. DF 13-19281

| | | |
|---|---|---|
| CHELSEA L. DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| Applicant | § | |
| | § | |
| v. | § | 254th JUDICIAL DISTRICT |
| | § | |
| LESLIE D. WARE AND | § | |
| SAMUEL F. BAXTER, | § | |
| | § | |
| Respondents | § | DALLAS COUNTY, TEXAS |

### SECOND ORDER FOR CAPIAS ~~AND SETTING OF BOND~~   *JBM*

On this date, the Court heard Leslie D. Ware and Samuel F. Baxter's *Motion for Contempt*. Petitioners, Leslie D. Ware and Samuel F. Baxter appeared in person and through their attorney of record, Angeline L. Bain and requested that a capias be issued for the arrest of Chelsea L. Davis, due to her failure to appear.

The Court, after reviewing the pleadings and hearing the argument of counsel, finds that *JBM* this matter was duly and properly set for hearing on October 30, 2014 at 9:00 o'clock a.m. in the *JBM* 254TH Judicial District Court of Dallas County, Texas, and that Applicant, Chelsea L. Davis, failed to appear.

The Court further finds that Chelsea L. Davis was properly served with notice to appear at the above time, date and place as evidenced by the original return of notice which is on file with the papers in this cause.

The Court further finds that the request for writ of capias for the arrest of Chelsea L. Davis, should be granted.

IT IS THEREFORE ORDERED that the clerk of this Court issue a writ of capias, directed to the sheriff or any peace officer of any county within the state of Texas, commanding that sheriff or peace officer to take the body of Chelsea L. Davis, Applicant, and bring her before this Court to answer the allegations of the *Motion for Contempt* previously served on Chelsea L. Davis.

Second Order for Capias, page 1 of 2

IT IS ORDERED that Applicant, Chelsea L. Davis, shall not be permitted to post a cash bond and shall be held in custody, *until the Court can schedule a hearing in this matter.*                    *JBM*

SIGNED on *Oct. 30*, 2014.

*James B. Martin*
JUDGE PRESIDING

Second Order for Capias, page 2 of 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

**CHELSEA L. DAVIS**
   *Plaintiff*

**v.**

**MCKOOL SMITH P.C., SAMUEL F. BAXTER, LESLIE D. WARE, HARLAN R. CROW, STATE BAR OF TEXAS, HON. JAMES MARTIN, HON. EMILY TOBOLOWSKY, HON. DONALD TURNER, HON. JILL WILLIS, DONALD COLLELUORI, ANGELINE BAIN, BRIAN S. LIDJI**
   *Defendants*

                                    **CASE NO._____**

---

TO THE HONORABLE PRESIDING JUDGE:

## FEDERAL COMPLAINT

    1.    COMES NOW, Chelsea L. Davis ("Chelsea Davis"), who hereby files this her FEDERAL COMPLAINT for cause against these named Defendants MCKOOL SMITH P.C., Leslie Ware, Samuel Baxter, Harlan Crow, James Martin, Emily Tobolowsky, Donald Turner, Jill Willis, the State Bar of Texas, Angeline Bain, Brian S. Lidji and Donald Colleluori for duress, unlawful arrest, civil conspiracy and wrongful injunction in violation of her civil rights, for violation of her freedom of speech, in addition to her claims of human trafficking under federal law, and her state-law claims of tortious interference, negligent misrepresentation, breach of contract, promissory estoppel and breach of fiduciary duty, and shows unto the Honorable Court as follows. Chelsea Davis is not a plaintiff who previously dismissed any action in any court based on or including the same claims against the same defendants.

    2.    Chelsea L. Davis is the attorney issued TX Bar No. 24059652 and USPTO Reg. No. 63791 who resides in Texas (hereinafter referred to as "Chelsea"). McKool Smith P.C. is the

**FEDERAL COMPLAINT**                                                          1



**EXHIBIT**

___16___

law firm with a principal office at 300 Crescent Court, Ste. 1500, Dallas, TX 75201. Samuel F. Baxter is the attorney issued TX Bar No. 01938000 who resides in Texas. Leslie D. Ware is the attorney issued TX Bar No. 00785179 who resides in Texas. Harlan Crow is a billionaire resident of the State of Texas and CEO of Crow Holdings Capital Partners LLC, a Delaware limited liability corporation. The State Bar of Texas may be served by and through an office of the Chief Disciplinary Counsel. Angeline Bain, Don Colleluori and Brian S. Lidji are the attorneys whose contact information is shown below. Judges Emily Tobolowsky, James Martin, Donald Turner, and Jill Willis are sitting Texas state district court judges in Dallas and Collin Counties.

3.      This instrument includes a claim which raises a federal question pursuant to federal laws and involves the United States such that the United States may intervene as a party. Jurisdiction of this court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968. Jurisdiction of this court for pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes 28 U.S.C. §1441, et seq., venue statutes 28 U.S.C. §1404, et seq, including transfer statutes at 28 U.S.C. §1406, 1407, etc., federal common law and necessary corollaries to 28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. See 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements.

**FEDERAL COMPLAINT**                                                    2

4.      Acts or omissions giving rise to the claims occurred in the Northern and Eastern Districts of Texas.  Defendants reside in or maintain principal offices in the Northern District of Texas.  There is an agreement to arbitrate certain claims asserted herein by Chelsea Davis against McKool Smith P.C. for unlawful discrimination and harassment.

5.      Chelsea is a victim of the wrongful conduct of each of the Defendants. After Chelsea was extended an offer of employment but prior to her first day of work at McKool Smith P.C., Leslie Ware, Samuel Baxter and Mark Werbner conspired to intentionally infect Chelsea with the Herpes Virus and did so infect her. She has the admission of Mark Werbner on a tape recorded phone call.  After she began working at McKool Smith P.C., Samuel Baxter forced Chelsea, through force, fraud or coercion, involving numerous threats of serious harm - threats to kill her, to have her raped by a judge who was HIV positive, to put her in jail, to take away her law license and to cause her financial ruin - to engage in forced labor and sexual conduct with the firm's clients and investors.  Chelsea was paid for sex in addition to her salary as an associate at McKool Smith P.C.

6.      Samuel Baxter and Leslie Ware promised Chelsea $1,000,000 in exchange for her release of her personal injury claim for intentional infection with the Herpes virus. The oral contract was renewed multiple times, promises and payments continued through 2013, but Chelsea was never paid in full as promised.

7.      Chelsea was required to take off her clothes for Leslie Ware and Samuel Baxter in her office, talk to Leslie Ware like a 900-number service while he masterbated on the phone to her, and tolerate demeaning, disgusting and harmful physical abuse - Leslie Ware forced her to drink urine and eat feces, he damaged her throat and her colon through sadomasochistic sexual

**FEDERAL COMPLAINT**                                              3

abuse. Samuel Baxter tied her to his bed in his corporate apartment with four restraints and took advantage of her sexually.  They also paid her to have sex with billionaire Harlan Crow, who is an investor, and tolerate his disgusting emails. She was forced to have threesomes with Leslie Ware and his prostitutes in hotel rooms during the workday and allow Harlan Crow to pick her up to go have sex with him. Unlike the others, Leslie Ware refused to wear a condom, and on a specific date, in a specific threesome, he intentionally infected Chelsea with the Human Papilloma Virus ("HPV"). Chelsea now has the particular DNA-tested type of HPV that causes cervical cancer. Her doctor recommends surgical removal of her cervix.

8.     In 2012, they sent Chelsea to California on a business trip to interact with shareholders and clients of McKool Smith P.C., who took her to dinner and talked about her breasts and wanting to have sex with her, subjecting her to further demeaning sexual harassment and abuse in violation of California statutes prohibiting discrimination based on sex and federal laws prohibiting human trafficking.  Chelsea is one of multiple female lawyers and paralegals at McKool Smith P.C. that Leslie Ware and Samuel Baxter have abused over the years. In fact, Samuel Baxter showed Chelsea what he claimed was a deposition transcript of the last girl to assure her that Leslie Ware was not violent. He lied. The transcript described the same ridiculous pool house story that Leslie Ware used against Chelsea in January 2013 to kick off their campaign to terrify Chelsea and destroy her credibility.

9.     Samuel Baxter pimped Chelsea out, for example, to Leslie Ware and paid her to engage in forced labor and sexual conduct. Leslie Ware pimped Chelsea out, for example, to Harlan Crow and paid her to engage in forced labor and sexual conduct. Emails, along with text messages from Leslie Ware, Samuel Baxter and Harlan Crow, and photographic evidence

**FEDERAL COMPLAINT**                                             4

demonstrate the sexual demands to which Chelsea was subjected; certain 9-1-1 phone calls, police reports, medical records and financial records evidence the threats of physical and financial harm that Samuel Baxter and Leslie Ware made to Chelsea. Additional records in 2013 and 2014 demonstrate proof of the first amount owed of $1,000,000 and additional threats to which Chelsea has been subjected. Chelsea will prove that she is a victim of human trafficking.

10.     For example, on or about October 15, 2010, she attended a meeting with Leslie Ware and Harlan Crow at the Mansion Bar in Dallas, Texas. At the meeting, Leslie Ware pushed down the bust and lifted up the hem of Chelsea's dress for Harlan Crow to see and told Harlan Crow that she was his sex slave.  Leslie Ware paid Chelsea cash to engage in sexual conduct with Harlan Crow.

11.     Following the meeting, Harlan Crow sent Chelsea multiple emails as follows. On December 22, 2010, Harlan Crow stated, "I like your legs and your clothes off, let me know if you whant more, harder, more in you and and on you , travel and wiLder! Like a group fuck with private photos. I want more of you soon, let's stay in touch"; "Do you want to come by here and have a fuck while everybody is here, now?"; "I want to do us again soon, hope you got done tonight"; "I want you, nude."; "Or do you want to get fucked another time by the guy you are fucking now and have a fresh dick in you at around 10:00 am. I'd prefer we do it here now, my dick is hard and for you to come in quietly while everybody, including security, is here, get nude ,do it, would be fun. There are plenty of dicks around for you and plenty of pussy for me but this would be risky and erotic".  On January 6, 2011, Harlan Crow stated, "Can we fuck and travel and fuck soon? I want to fuck friday"; "Can we get together for a fuck soon and a plan a trip with multiple fucks with me and maybe others then?"; "Tried to call you< got no response.would like

**FEDERAL COMPLAINT**                                         5

to fuck you in and with abunch of pppppppeople soon." On January 7, 2011, Harlan stated, "I think we can do some fun and wild things but I need to be in your cunt and in your mouth really soon"; "Will you respond to about when we can fuck and travel and fuck?"; "want you this weekend and to wild, horry are you thinking have your cunt licked nicely and to suck me?".

12.    Each of Leslie Ware, Samuel Baxter, Harlan Crow, and McKool Smith PC invested in one or more ventures with Crow Holdings Capital Partners LLC (hereinafter "CHCP"), McKool Smith P.C. and funds and entities managed by Leslie Ware and shareholders/partners of McKool Smith P.C.   They finance McKool Smith P.C.'s patent litigation, and they reap the benefits of a venture that involves human trafficking because they pay women to have sex with them inside and outside of each of their offices.

13.    Chelsea's claims for trafficking are statutorily cumulative claims that she may bring in independent civil actions. The legislative histories of the federal trafficking victims protection act and state laws providing a civil remedy for trafficking of persons recognize the extremely prejudicial nature of trafficking claims and rationale for codifying the cumulative nature of the remedies available.   She will file motions to sever to appropriately sever additional claims for trial if this Court lets her in the door to file a document and set a hearing.

14.    Defendants are desperate to avoid liability to Chelsea on her claims of human trafficking, but they cannot and still have not denied any of Chelsea's allegations under oath. On the contrary, Chelsea has sworn that her allegations are true and has enough evidence to fill a box truck.   Instead of defending themselves against Chelsea's claims of human trafficking, Harlan Crow, Samuel Baxter and McKool Smith P.C. have enlisted the State Bar of Texas to threaten Chelsea with the loss of her law license if she continues to pursue her claims against

**FEDERAL COMPLAINT**                                        6

them. In this vein, Defendants are colluding with one another and conspiring to prevent and continue to enjoin Chelsea from making and proceeding with any lawsuit in any state or federal court and with arbitration for her claims under Title VII for sexual harassment, under the Equal Pay Act for wage discrimination based on sex, for human trafficking, for sexual assault, for state law breach of contract causes of action, and for 42 U.S.C. Sec. 1983 claims for unlawful arrest and wrongful injunction, against multiple actors. Defendants are conspiring to deprive Chelsea of her due process rights, specific property rights, liberties, immunities, privileges, waivers and freedom of speech. Defendants seek to transfer and consolidate everything into a grievance proceeding by the State Bar of Texas with McKool Smith as the complainant because due process rights are not afforded to Chelsea in a grievance proceeding by the State Bar of Texas.

15.     Chelsea seeks to prevent and enjoin Defendants from transferring and consolidating her lawsuits into the grievance proceeding, from depriving her of her due process rights and from staying the arbitration and other proceedings until the conclusion of the grievance proceeding.  She has been kicked out of court, prevented from accessing court records, unlawfully arrested, wrongfully enjoined, and prevented from conducting discovery and taking a single deposition.

16.     In addition, the State Bar of Texas has no right to continue and must dismiss the grievance proceeding for numerous reasons, including that the State Bar of Texas failed to find just cause to discipline Chelsea within the time period allotted under the rules. The State Bar of Texas also sua sponte transferred the proceeding to the Board of Disciplinary Appeals alleging that Chelsea is currently suffering from a disability that prevents her from completing contracts of employment.  As of November, 2014, Chelsea is not suffering from any such disability, she

**FEDERAL COMPLAINT**                                         7

has provided such proof to the State Bar of Texas, and she has completed all contracts of employment. To the extent McKool Smith P.C. is claiming that Chelsea is a permanent employee of McKool Smith P.C., such contract is one of adhesion and is unconscionable to the extent it requires any further labor from Chelsea.

17. McKool Smith P.C. lacks standing to file a grievance against her with the State Bar of Texas because McKool Smith P.C. is not a client of Chelsea and has no personal knowledge of any allegations which it alleges against her, which consist of stalking Leslie Ware. In the alternative, if Leslie Ware and McKool Smith P.C. are part of the same entity PanOptis IP LLC or other entity, like GECESC Associates LLC, then perhaps they are a client of Chelsea and personal knowledge of human trafficking may be imputed from Leslie Ware to McKool Smith P.C. not only during her employment with McKool Smith P.C. but from 2010 through January 2013, July 2014 or to present. However, Leslie Ware never submitted a sworn affidavit in support of his allegation of stalking against Chelsea, and Chelsea was no-billed and cleared of such charge because there was never any probable cause to arrest her. The grievances filed by McKool Smith P.C. lack merit and are now moot. For any proceeding to continue based on a complaint filed by McKool Smith P.C. or any other Defendant, the evidence must conclusively establish the existence of an attorney-client relationship. Chelsea seeks an order compelling McKool Smith P.C. and each of Defendants to meet its burden to show the existence of an attorney-client relationship or else withdraw its complaint and all motions and non-motions in all proceedings and non-proceedings.

18. Nearly two years (2013 and 2014) have passed, and just now the State Bar of Texas is ordering Chelsea to submit to a mental examination by the end of December 2014 by

**FEDERAL COMPLAINT**                                        8

two particular doctors who are colleagues of Leslie Ware's sister. The State Bar of Texas appears to be rejecting Chelsea's proof as of October 2014 that she is competent from her psychiatrist and psychologist, and the State Bar of Texas overruled her objections to the two doctors chosen by McKool Smith P.C. even though they are clearly biased.  In short, the State Bar of Texas is unlawfully colluding and conspiring with McKool Smith P.C. to deprive Chelsea of her rights with respect to grievance matters, whether or not the grievances were or could have been filed. In addition, Chelsea holds the right under contract to waive confidentiality of grievance proceedings against her. She maintains the confidentiality of her medical records and objects to the disclosure of old medical records from 2013 because they are not relevant to her current mental health and competence to practice law. In addition, she reserves her right to disclose her medical records within the context of a lawsuit against McKool Smith P.C., Samuel Baxter, Leslie Ware, Harlan Crow and others. She seeks to enjoin the State Bar of Texas from obtaining her old medical records, from destroying her old medical records, and from preventing her from introducing her old medical records in a future lawsuit. Her medical records prove that she is a victim of human trafficking, and they prove that Judge Carlos R. Cortez sexual assaulted her, Leslie Ware assaulted her and Leslie Ware intentionally infected her with a sexually transmitted disease.

19.     Chelsea was just unlawfully arrested again on Oct. 17, 2014 for failure to pay child support, i.e. contempt of a child support order, and she paid $2500 to the registry of the court even though she does not have any children and she is not married to Leslie Ware and Samuel Baxter.   Angeline Bain appears to be responsible, along with each of Defendants. Angeline Bain is Leslie Ware and Samuel Baxter's attorney, she is conspiring with attorney Don

**FEDERAL COMPLAINT**                                                9

Colleluori who represents McKool Smith P.C., and she is on the grievance committee of the State Bar of Texas. I object to Angeline Bain as biased. Whatever is going on is absurd and Chelsea has not received or been served with proper and timely notices. Defendants are at fault, liable to Chelsea, and they should pay for damages. Defendants have a duty to speak and provide notice to Chelsea of what she must defend herself against.

20.     Chelsea has not waived any of her rights, except for the confidentiality of this lawsuit, and she has submitted over eighty pages of objections. No lawyer can defend Chelsea until she receives notice, and all of the many law firms who previously wanted to take her case against McKool Smith P.C. have retracted their offers, especially in light of the threats, the unlawful arrests and the falsifying of the nature of the proceeding as arising under the Texas Family Code.  Meanwhile, the one and only state lawsuit that Chelsea ever filed against McKool Smith P.C. is still stayed on the merits, Cause No. DC-13-12834, the court refuses to accept for filing her motions to lift the stay, and Judge Emily Tobolowsky has just recused herself sua sponte.

21.     Donald Colleluori continues to lie, saying Chelsea's case was dismissed with prejudice when it was not so dismissed. And Angeline Bain continues to get warrants to arrest Chelsea for no reason. I can see why every other woman before me gave up and surrendered to the almighty power of McKool Smith P.C., Samuel Baxter, Leslie Ware and Harlan Crow, especially due to the involvement of the State Bar of Texas, but I am not giving up and no court can make me destroy my evidence.  The State Bar of Texas cannot make me produce all of my evidence in a sealed grievance proceeding as a means of preventing me from using my evidence later, after the stay is lifted.

**FEDERAL COMPLAINT**                                        10

22.     In addition to conspiring to deprive Chelsea of her due process rights and her rights with respect to the processing and handling of investigations of attorneys and judges by the State Bar of Texas, and having Chelsea unlawfully arrested under color of state law, Defendants are conspiring to unlawfully deprive Chelsea of her freedom of speech in violation of her first amendment rights under the U.S. Constitution and the Texas Constitution.  The orders to seal, whether or not they have yet been entered in any lawsuit, are unconstitutional gag orders.

*I.*     ***Claim for Human Trafficking Under Federal Law - Forced Labor***

23.     Each of the foregoing and following paragraphs is incorporated herein by reference. Each of Defendants was the perpetrator and/or participated in a venture which engaged in the forced labor and sex trafficking of Chelsea in violation of federal law. Chelsea may bring this action against Defendants under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, each of Defendants is liable to Chelsea because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. Each of Defendants knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that

**FEDERAL COMPLAINT**                                           11

the venture has engaged in such violation. Each of Defendants participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* Each of Defendants knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea. Chelsea is a victim of one and/or more acts of labor trafficking in violation of 18 U.S.C. § 1589, which states that "[w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d)." *Id.* Each act directly and proximately caused harm to Chelsea. As a direct and proximate result of the acts, Chelsea suffered damages. Chelsea seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish Defendants for their wrongful conduct.

      24.     Chelsea seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the

**FEDERAL COMPLAINT**          12

gross income or value to Defendants of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.), exemplary damages and attorney fees.

## II.   *Economic Duress/Coercion*

25.   Plaintiff re-alleges each and every one of the foregoing and following paragraphs as though set forth fully herein. One or more Defendants posed a threat or acted without legal justification. The threat or action was of such a character as to destroy Plaintiff's free agency. The threat or action overcame Plaintiff's free will and caused her to do that which she would not otherwise have done and was not legally bound to do. The restraint was imminent. Plaintiff had no present means of protection.  As a proximate result of the threat or action, Plaintiff suffered bodily harm and economic damages in excess of $75,000.

## III.   *Harassment*

26.   Plaintiff re-alleges each and every one of the foregoing and following paragraphs as though set forth fully herein.  Each of Defendants intentionally communicated (by telephone or writing) in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and by such action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient.  As a proximate result of the threat or action, Plaintiff suffered bodily harm and economic damages in excess of $75,000.

## IV.   *Claims for Violations of, Deprivations of and Conspiracy To Interfere With Chelsea Davis's Rights, Liberty Interests and Property Interests Conferred On Her By 42 U.S.C. §§ 1981, 1983 et seq., Title VII, FLSA and the First, Fifth and Fourteenth Amendments of the Constitution of the United States, Including the Equal Protection Clause*

27.   Each of the foregoing and following paragraphs is incorporated herein by

**FEDERAL COMPLAINT**                                                13

reference.   Defendants threatened to put Chelsea Davis in jail for 180 days for contempt of court even though the state court lacks all authority to act. Defendants had an ulterior motive, namely, personal financial benefit, for causing antisuit injunction to issue against Chelsea Davis and charging her with crimes and allegations she has not committed.   Defendants, Judges and the State Bar of Texas, and attorneys hired by Defendants benefit financially through Leslie Ware's litigation finance fund, donations to political campaigns and fundraising efforts and through investments made into and by the general appropriations fund of the State of Texas. Each of Defendants had an improper purpose, namely, to unlawfully deprive Chelsea Davis of her property and liberty, rights, privileges and immunities, when he/she/it wrongfully enjoined, maliciously prosecuted, unlawfully arrested, conspired with another Defendant to deprive her of rights, privileges and protected interests, deprived her of rights privileges and protected interests, deprived her of substantive and procedural due process, and otherwise acted to gain an advantage for Defendants against Chelsea Davis, to prevent her from instituting litigation, to prevent her from filing and presenting documents, to prevent her from conducting discovery, especially concerning financial benefits, and to prevent her from presenting claims and defenses. Defendants had an ulterior motive, namely, financial benefit, for conspiring to unlawfully threaten to deprive Chelsea of due process, property and liberty interests, including her law license. Her interest in her law license is a property interest. She has the prima facie right to renew her law licence.   A trustee's rights with regard to property is also a property interest. Chelsea has a protected interest in her continued employment and renewal of her law license and prevention of suspension of her law license. Chelsea's interests such that procedural due process applies to the deprivation of them secured by the Fourteenth Amendment to the U.S.

**FEDERAL COMPLAINT**                                        14

Constitution. The State Bar of Texas attempts to impose on her any stigma or other disability that forecloses her freedom to take advantage of other employment opportunities. Defendants' purpose was to aid and abet a human trafficking enterprise involving forced labor and sex trafficking, to benefit himself and itself, by sexually gratifying its investors without getting caught, and to deprive Chelsea of her property and liberty.

28.    On or about May 10, 2013, after Chelsea moved to Collin County, Leslie Ware appears to have presented a criminal complaint orally with the Dallas Police Department and with District Attorney Messina Madson of Dallas County, Texas. The complaint accused Chelsea of having committed the offense of stalking, but no affidavit was ever filed and no evidence was presented. A warrant issued for Chelsea's arrest and an emergency protection order issued in Collin County Court, Cause No. 01-JM-13-4225. Chelsea was arrested on multiple dates at her home in Collin County and taken to Collin County Jail. Leslie Ware then sent an email to himself from Chelsea's account to cause her to violate a condition of her bond. Leslie Ware acted without probable cause in making statements to the prosecuting attorney that Chelsea violated a condition of bond that he did not honestly, reasonably, and in good faith believe, and he conspired with Defendants and others, causing Chelsea to be detained in custody for a period of 75 days beginning on January 10, 2014.

29.    On March 25, 2014, because there was no probable cause to arrest Chelsea on any of the dates she was arrested, Chelsea was no billed and released. Chelsea is innocent of the charge of stalking brought against her. Leslie Ware and Defendants acted without probable cause in initiating the prosecution of Chelsea *and* in making the statement to the prosecuting attorney in that he did not honestly, reasonably, and in good faith believe Chelsea to be guilty of

**FEDERAL COMPLAINT**                                              15

the crime charged. Leslie Ware and Defendants acted maliciously in instigating the prosecution, not dismissing it and in making a false and/or incomplete statement to the prosecuting attorney.

30.     As a proximate result of the criminal and civil prosecution, Chelsea suffered damages in excess of $75,000. As a further proximate result of the criminal prosecution initiated by Defendants, Chelsea incurred the cost of posting bail in the sum of $11,500 plus at least $2,500 in payments to registry of court allegedly for contempt of child support order and the cost of attorney's fees in defending against the prosecution, including representing herself, in the amount of at least $25,000 per month.

31.     Defendants are two or more persons who conspired to injure, oppress, threaten, or intimidate Chelsea Davis in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to her by the Constitution or laws of the United States, or because of her having so exercised the same. Defendants intentionally discriminated against Chelsea Davis and interfered with her contractual and other rights, liberty and property interests in violation of 42 U.S.C. §§1981, 1983 and the First, Fifth and Fourteenth Amendments. The actions of Defendants violated Chelsea Davis's substantive due process rights in that she has been deprived of rights, liberty interests and property interests in violation of the law. Defendants conspired to interfere with Chelsea Davis's rights, liberty interests and property interest in violation of 42 U.S.C § 1981 – her right to make and enforce contracts. Defendants further conspired to deprive Chelsea Davis of equal protection under the law and her substantive due process rights under the 14th Amendment in that they sought to categorically malign, bring into dispute and libel Chelsea Davis to the public in violation of 42 U.S.C. §1983. A § 1983 conspiracy claim may arise when a private actor conspires with state actors to deprive a person

**FEDERAL COMPLAINT**                                                    16

of their constitutional rights under color of state law. Defendants have conspired to have Chelsea Davis unlawfully arrested on knowingly false and incomplete charges of stalking and for failure to pay child support even though Chelsea Davis does not have any children. An improper purpose was to transfer and consolidate suits with grievance proceeding to allege finality of proceeding prior to notice, to deprive her of her right to de novo review, and to gain advantage through false categorization of proceeding as arising under the Texas Family Code even though no proceeding arises under the Texas Family Code, as a means of gaining an advantage and depriving Chelsea Davis of her rights, liberty interests and property interests in violation of the law. Courts appear to be ignoring the Article III case or controversy requirement of the United States Constitution, Chelsea's due process rights, and various notice requirements, including the notice required to issue injunctive relief. *See* Tex. R. Civ. P. 680 *et seq.* No complaint, information, or indictment was ever sworn against Chelsea alleging offenses occurring prior to the moment an Officer handcuffed and threatened handcuffing of Chelsea and told her she was and would be again under arrest.

39.   As a result of the unlawful issuance of orders of capias, Chelsea was deprived of both her liberty and property interests without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 et seq. and §§ 1985, et seq.

40.   Chelsea demands judgment for the unlawful signing of two orders of capias, against Defendants, jointly and severally, for actual, general, special, and compensatory damages in the maximum amount under the law and further demands judgment against each of

**FEDERAL COMPLAINT**                                                        17

Defendants for punitive damages in the amount of $100,000 or the maximum amount allowable under the law, whichever is greater, plus the costs of this action, including attorney's fees, and for such other relief to which she deems herself justly entitled.

41.     Disbarment proceedings impose a punishment or penalty on a lawyer and, therefore, a lawyer is "entitled to due process, which includes fair notice of the charge." *In re Ruffalo*, 390 U.S. 544, 550, 88 S. Ct. 1222, 1226, 20 L. Ed. 2d 117 (1968). Due process, including notice of the charges, is required "in any proceeding which is to be accorded finality." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899, 99 L. Ed. 2d 75 (1988). Due process, however, is not implicated by a grievance committee investigation because it is not accorded finality; the lawyer has a right to respond to charges either before an evidentiary panel of the grievance committee or at trial in district [317] court. *Weiss v. Comm'n for Lawyer Discipline*, 981 S.W.2d 8, 13 (Tex. App.--San Antonio 1998, pet. denied); *see Minnick v. State Bar of Tex.*, 790 S.W.2d 87, 90 (Tex. App.--Austin 1990, writ denied) (grievance committee proceeding not final because lawyer had right to de novo trial in district court); *Sims v. Comm'n for Lawyer Discipline*, No. 34229, 2006 WL 6242395, at *5 (Tex. Bd. Disciplinary Appeals June 8, 2006) (lawyer not entitled to due process during initial investigation by grievance committee because no discipline can be imposed until lawyer given notice and opportunity to choose between evidentiary panel and trial in district court).

42.     A person's property interest may arise from "such rules or mutually explicit understandings that support his claim of entitlement." *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S. Ct. 2694, 2699, 33 L. Ed. 2d 570 (1972). A mutually explicit understanding can be supported by a written contract or an implied contract. *Id.* at 601-02, 92 S. Ct. at 2699-2700; *see*

**FEDERAL COMPLAINT**                                                    18

also *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989) (stating property interest "may be created directly by state statute or by a written contract, or by a mutually explicit understanding' enforceable under state law as an implied contract").

43.     Whether express or implied, "[p]arties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 236 (Tex. App.--Houston [1st Dist.] 2008, no pet.)* (citing *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.--Houston [1st Dist.] 2007, no pet.)). "Meeting of the minds' describes the mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract." *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 720 (Tex. App.--Fort Worth 2008, pet. denied).

44.     The free communication of thoughts and opinions, is one of the inviolable rights of man; and every person may freely speak, write, print, and publish, on any subject, being responsible for the abuse of that liberty. *Proposed Constitution for the State of Texas* (1833) art. 16, *reprinted in Documents of Texas History*, at 80 (Ernest Wallace ed. 1963)." Davenport v. Garcia, 834 S.W.2d 4, 7 (Tex. 1992). The orders to seal are unconstitutional gag orders beccause they are prior restraints and pre-speech sanctions. The free speech provision of the Texas Constitution is broader and more expansive than the First Amendment of the United States Constitution Bill of Rights. It is an abuse of discretion to impose any penalty assessed without an

**FEDERAL COMPLAINT**                                                    19

evidentiary hearing or consideration of the factors in R. Gov. the St. Bar of Tex., art. X, § 23(B) (1984).

45.     From January 2013 to present, Chelsea has been unlawfully discriminated against based on her sex and retaliated against for a protected activity of filing a complaint. Chelsea timely filed her complaint within one hundred and eighty days of the sexual harassment she experienced by McKool Smith P.C.  Title VII and other state and federal laws prohibit each of Defendants' wrongful conduct and provide Chelsea with civil remedies.  Chelsea was segregated, classified, and discriminated against because she is a female. Chelsea is entitled to recover lost wages, liquidated damages, reasonable costs and all attorneys fees.  There is equitable tolling of any statute of limitations with respect to Chelsea's causes of action to the extent any tolling is necessary. Chelsea pleads the discovery rule due to the misconduct of Defendants. Chelsea is not precluded from litigating the same causes of action against the same or different actors. The effect of the practices complained of herein is to deprive Chelsea of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex. At all material times, Defendants acted, directly or indirectly, in the interest of an employer having more than fifteen employees with respect to Chelsea. There was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). See Fair Labor Standards Act ("FLSA"), 29 U.S.C.S. § 207. There was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times, one or more or another of Defendants was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

**FEDERAL COMPLAINT**                                                20

working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). At all times, Chelsea was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Chelsea had worked for the employer from within the last two years. Chelsea routinely worked over 40 hours per week. However, she was not paid. The employer knew that Chelsea worked in excess of 40 hours per week and allowed and directed her to do so. Chelsea is entitled to receive minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 hours per work week. Title VII makes it illegal for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin [ ] or to limit, segregate, or classify its employees [ ] in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e2(a) (2010). Chelsea is the victim of quid pro quo sexual harassment and discrimination based on her sex under state and federal law with respect to her compensation, terms, conditions and privileges of employment. Her employer, through its agents, supervisors, or employees violated Chelsea's civil rights in violation of 42 U.S.C. §1981 and Title VII, by discriminating against her with respect to her compensation, terms, conditions, and/or privileges of employment, because of Chelsea's sex, limiting, segregating, or classifying its employees in any way which would deprive or tend to

**FEDERAL COMPLAINT**                                          21

deprive Chelsea of employment opportunities, and otherwise adversely affecting her status as an employee, because of her sex. These violations consisted of discrimination of a continuous nature during her employment until April 2010. Chelsea is an employee within the meaning of Title VII and belongs to a class protected under the statute. 42 U.S.C. § 2000e(f). One or more or another of Defendants is an employer within the meaning of Title VII. 42 U.S.C. §2000e(b) and intentionally discriminated against Chelsea because of her sex in violation of Title VII. 42 U.S.C. § 2000e2. As an employer, labor organization, or joint labor management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, unlawfully discriminated against Chelsea because of her sex in admission to, or employment in, any program established to provide apprenticeship or other training. Each of Defendant's conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Chelsea in her occupation, trade and business.

### Damages for Chelsea L. Davis

46.     Each of Defendant's actions directly and proximately caused Chelsea suffer mental anguish. Accordingly, Chelsea seeks (1) actual damages for mental anguish; (2) court costs; (3) reasonable attorney's fees and (4) exemplary damages. For purposes of Rule 47(c-d) of the Texas Rules of Civil Procedure, if applicable in this case, Chelsea seeks monetary relief up to and in excess of $1,000,000, and Chelsea demands judgment for all the other relief to which Chelsea deems herself entitled.

47.     Chelsea demands judgment against each of Defendants for money in an amount which may be based on their net worth and which is sufficient to punish each of them for their wrongful conduct up to and in excess of $1,000,000. Under Tex. Civ. Prac. & Rem. Code Sec.

**FEDERAL COMPLAINT**                                    22

98.006, "[t]his chapter shall be liberally construed and applied to promote its underlying purpose to protect persons from human trafficking and provide adequate remedies to victims of human trafficking." *Id.*

## Attorney Fees

48.     As a result of the wrongful conduct, Chelsea L. Davis, TX Bar No. 24059652, has been required to work as the undersigned attorney to file suit.  Chelsea is entitled to recover attorney fees.  In addition, at least Samuel Baxter and Leslie Ware promised to pay Chelsea for all costs and attorney fees at her hourly rate of $350 per hour in addition to her monthly retainer, salary and damages. The State Bar of Texas promised to pay for all attorney fees incurred in defending Chelsea against allegations that she is suffering from a disability that prevents her from completing contracts of employment.

## Prayer

49.     Chelsea Davis prays that: Defendants be cited to appear in person, to give testimony and to produce documents, and to specifically answer this complaint in this civil action and to respond to discovery requests, judgment be entered for Chelsea Davis against Defendants, for an award of monetary damages, for liability, in a monetary amount of damages sufficient to punish Defendants for their wrongful conduct up to $1,000,000 and over $1,000,000, Chelsea Davis be awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded judgment for reasonable attorney fees, Chelsea Davis be awarded judgment for all costs of court incurred by Chelsea Davis, including clerk fees and service fees, court reporter fees, and other costs permitted by law, and Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgment is paid.

**FEDERAL COMPLAINT**                                                          23

50.     WHEREFORE, Chelsea Davis prays that Defendants and sureties take notice of the filing of this lawsuit, and that Defendants take nothing by their suit and that Chelsea Davis have and recover from Defendants and sureties, jointly and severally, release of bond amounts and monies paid into the registry of the state courts for unlawfully interfering with her business and for damages in an amount in excess of $75,000, prejudgment and postjudgment interest as provided by law, all costs of court, and such other relief to which Chelsea Davis deems herself justly entitled.

51.     Chelsea Davis requests an EMERGENCY order of this Court vacating the order of remand and judgment in *Davis v. McKool Smith P.C. et al,* under Case No. 3:13-cv-4926 in the Northern District of Texas and *Davis v. Baxter,* Case No. 4:13-cv-514-RC in the Eastern District of Texas, nullifying all actions taken by the state courts since Feb. 11, 2014; vacating the order of remand in *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter,* under Case No. 3:14-cv-1963; vacating the order of remand in *Chelsea L. Davis v. Harlan R. Crow,* under Case No. 3:14-cv-1964; and directing the Collin County and Dallas County Sheriff's Departments not to execute any orders of capias calling for the arrest of Chelsea L. Davis.

52.     Chelsea Davis requests an EMERGENCY order compelling McKool Smith P.C. and each of Defendants to meet its burden to show the existence of an attorney-client relationship or else withdraw its complaint and all motions and non-motions in all proceedings and non-proceedings.

53.     Chelsea Davis requests an EMERGENCY order enjoining Defendants from transferring and consolidating her lawsuits into the grievance proceeding, from depriving her of her due process rights, from causing a non-final grievance proceeding to be a final proceeding,

**FEDERAL COMPLAINT**                                                24

from preventing her from her right to de novo trial in district court after conclusion of state bar grievance proceeding, and from staying the arbitration and other proceedings until the conclusion of the grievance proceeding.

54.     Chelsea Davis requests an EMERGENCY order severing or compelling severance of the grievance proceeding from all other proceedings and then dismissing the State Bar of Texas grievance proceedings against her. In addition, Chelsea Davis requests an order preserving her right to de novo review of all grievance committee, State Bar of Texas, Commission for Lawyer Discipline and Board of Displinary Appeals investigations. In addition, Chelsea Davis requests an order preserving her right to a new trial, to appeals and to writs and processes like petitions for writ of mandamus, habeas corpus, etc.

55.     Chelsea Davis requests an order enjoining the State Bar of Texas from obtaining her old medical records, from destroying her old medical records, and from preventing her from introducing her old medical records in this and future lawsuits.

56.     WHEREFORE, Chelsea Davis requests that Defendants be cited to appear and answer, and that Chelsea Davis have:

     a.  Judgment against Defendants for monetary damages up to and in excess of $1,000,000;

     b.  Prejudgment interest as provided by law;

     c.  An award of exemplary damages;

     d.  Postjudgment interest as provided by law;

     e.  Costs of suit; and

     f.  Such other and further relief to which Chelsea Davis deems herself justly entitled.

**FEDERAL COMPLAINT**                                                          25

## DEMAND FOR JURY TRIAL

Chelsea Davis demands a jury trial.

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone:  (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**ADDITIONAL COUNSEL 1.**     Lidji Dorey & Hooper

Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.**     Goranson Bain PLLC

ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.**     Gray Reed & McGraw P.C. (*and* Looper Reed
                                      & McGraw)

KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.**     Jeff Hall

**FEDERAL COMPLAINT**                                    26

Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.**     FOX ROTHSCHILD LLP

DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.**     MILLER BROWN LLP

J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.**     Friedman & Feiger LLP

Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.**     Gibson Dunn LLP

Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912

**FEDERAL COMPLAINT**                    27

Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.**          Abernathy, Roeder, Boyd & Joplin, P.C.
Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com


**ADDITIONAL COUNSEL 10.**          Figari & Davenport LLC
Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007
FAX:  214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.**          Herring & Irwin
CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.**          Clinesmith Wooten Smith
Dawn Smith
dawn@clinesmithwootensmith.com

**ADDITIONAL COUNSEL 13.**          Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-741-7474

**ADDITIONAL COUNSEL 14.**          Law Office of Nicole Knox
Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX  75204
Phone: 214-740-9955

**ADDITIONAL COUNSEL 15.**          Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX  75202

**FEDERAL COMPLAINT**                                    28

Phone: 214-522-0000
   **ADDITIONAL COUNSEL 16.**    Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com
   **ADDITIONAL COUNSEL 17.**    Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS
   **ADDITIONAL COUNSEL 18.**    Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON
   **ADDITIONAL COUNSEL 19.**    Jamie McKey
Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN
   **ADDITIONAL COUNSEL 20.**    Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES
   **ADDITIONAL COUNSEL 21.**    Lewis T. Stevens
TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

**FEDERAL COMPLAINT**            29

ADDITIONAL COUNSEL 22.    Hanshaw Kennedy Marquis PLLC

Collin D. Kennedy
1415 Legacy Dr., Ste 350
Frisco, Texas 75034
972-731-6500 (t)
972-731-6555 (f)
cdk@hanshawkennedy.com

**ADDITIONAL COUNSEL 23.**    ROYCE WEST

Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document using the electronic case filing system.

I hereby certify that I have served all counsel and/or pro se parties of record (or non-record)

electronically by email or, as a pro-se party, on the date it is electronically docketed in the

court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the

Local Rules of this Court (in the Eastern District of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis

**FEDERAL COMPLAINT**         30