IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHELSEA L. DAVIS
    *Plaintiff*

V.

MCKOOL SMITH P.C.; GECESP Associates LLC
    *Defendants*

                              CASE NO. 3:14-cv-3962-P
                              into which 3:14-cv-0056-B is consolidated.

## OBJECTIONS TO MAGISTRATE ORDER

I, Chelsea Davis, hereby specifically object to Magistrate Judge Toliver's Findings, Recommendations and Conclusion filed under Case 3:14-cv-03962-N, Document 14, on Nov. 17, 2014. *See Davis v. McKool Smith P.C. and GECESP Associates LLC,* Case No. 3:14-cv-03962-P (N.D. Tex. filed Sept. 10, 2010) into which 3:14-cv-3962-N and 3:14-cv-0056-B are consolidated. As a preliminary matter, Judge Toliver is not the magistrate judge for Judge Solis, who is the presiding judge over *Chelsea L. Davis v. McKool Smith P.C. and GECESP Associates LLC* Case No. 3:14-cv-3962-P (N.D. Tex. opened Nov. 10, 2014). I object to Special Order 3 as unconstitutional for lack of proper notice, vague and denying her due process. *Id.* at p. 1. I object to lack of notice of any cause being before the U.S. District Court for the Northern District of Texas for pretrial management. *Id.* at p. 1. I object to recommendation that the District Court sua sponte DISMISS this case WITH PREJUDICE. *Id.* at p. 1. I object to finding that "Plaintiff sues Defendants" as vague and incorrect in light of consolidation into a grievance investigation in which I am denied due process, there are no

1

parties, and there is no case as of yet because the grievance investigation has not yet concluded. I object to finding that "The claims in this case and many others in which Plaintiff is involved as a party arise from her former employment as an attorney with the law firm McKool Smith" and to citations at page 1. *Id.* at p. 1. The citations provided do not allege any facts that arise from my employment with McKool Smith P.C. I object to referring to GECESP Associates LLC and McKool Smith P.C. collectively as Defendants because entities cannot be parties to a grievance investigation that is not a case. I object to citations to non-"cases" such as "Crow v. Davis, Case No. 14-cv-01964-N-BF" and to unrelated "cases." *Id.* at p. 1-2. Judge Toliver states, "Plaintiff also has filed various cases in state court stemming from her employment with McKool Smith, including *Davis v. Baxter*, which was removed to the Eastern District of Texas." *Id.* at p. 2. First, there does not appear to be any claims in *Davis v. Baxter*, Case No. 4:13-cv-514-RC unless a case with claims against McKool Smith P.C. is later consolidated into Case No. 4:13-cv-514-RC or Samuel Baxter filed a claim for declaratory judgment against Chelsea Davis. I object because my employment with McKool Smith P.C. is not at issue in *Davis v. Baxter,* Case No. 4:13-cv-514-RC (E.D. Tex. opened Sept. 9, 2013) unless a case with claims against McKool Smith P.C. is later consolidated into Case No. 4:13-cv-514-RC. Case No. 4:13-cv-514-RC is neither relevant nor related to her employment with McKool Smith P.C. Facts raised in Case No. 4:13-cv-514-RC took place after her employment with McKool Smith P.C.

McKool Smith P.C. filed a grievance complaint against Chelsea Davis's law license with the State Bar of Texas, which is being investigated. The grievance investigation is not a "case," but McKool Smith P.C. and Samuel F. Baxter have sought consolidation of an alleged "case" into the grievance investigation to deny Chelsea Davis due process. The grievance does not

2

include any facts from Chelsea Davis's employment. The grievance investigation has nothing to do with Chelsea Davis's employment. It is for allegedly stalking Leslie Ware in January 2013.

Judge Toliver states "Plaintiff also has filed various cases in state court stemming from her employment with McKool Smith." *Id.* at p. 2. I object to the relevance and relatedness of any state court lawsuit against McKool Smith P.C. to Case No. 3:14-cv-3962-P. Also, this statement is not true. I only ever filed one state court lawsuit against McKool Smith P.C. and may not have been able to file that one lawsuit to the extent I was subject to an anti-suit injunction. Further, that lawsuit could not have been resolved on the merits because it was stayed on the merits and the stay has not yet been lifted.

I object to the conclusion that Case No. 3:14-cv-3962-P is barred as duplicative and should be dismissed as such, and I object to a finding that "she claimed was McKool Smith's parent entity" because I made no such claim. *Id.* at p. 2. *Davis v. McKool Smith P.C. and BOC* is under 3:14-cv-56-B, not 3:14-cv-56-N-BK. I object to transfer and consolidation into a newly consolidated matter, which is a grievance investigation under which Chelsea Davis is denied due process under Case No. 3:14-cv-0056-N. I object to finding that "The District Judge in Davis I ruled that Plaintiff's complaint was barred by res judicata because she had raised or could have raised the same claims against McKool Smith in an earlier state court lawsuit that had been resolved on the merits against her." *Id.* at p. 2. That is not true. No claims by Chelsea Davis against McKool Smith P.C. have been resolved on the merits against Chelsea Davis. There is no earlier state court lawsuit that has been resolved on the merits against Chelsea Davis. Chelsea Davis has no claims under Case No. 3:14-cv-56-N that could have been finally dismissed. I

object to references to "Davis I", "Plaintiff's complaint", "claims", "District Judge" and "state court lawsuit" as vague.

The District Judge in 3:14-cv-0056-B is Judge Jane Boyle, and no decision has yet been reached on the merits. Due to clerical error, it was necessary for Chelsea Davis to open 3:14-cv-3962-P so that this Court could decipher between the grievance investigation by the State Bar of Texas in which Chelsea Davis is denied due process and Chelsea Davis's Title VII claims against McKool Smith P.C. for which she must be afforded due process. I object to finding that "Because the instant case raises the same allegations that Plaintiff raised in Davis I, this case should be dismissed with prejudice as duplicative" because Davis I is not a case. The case is 3:14-cv-0056-B, and this case must be redesignated as such and/or severed into this new case no. 3:14-cv-3962-P in accordance with attached order granting motion to sever.

I object to allegation that I filed frivolous pleadings or committed sanctionable misconduct because I did not. *See Davis v. McKool Smith P.C. and GECESP Associates LLC,* "Case" No. 3:14-cv-3962-N, Doc. 14 at 3. I object because the only "case" in which Chelsea Davis is a defendant is the *State Bar of Texas v. Chelsea Davis*, which is not a case. It is a grievance investigation in which I am denied due process.

I object to finding that "The Court also notes that Plaintiff has twice removed cases in which she was a defendant to this court, and the court dismissed the actions because it was apparent from the state court petition that no federal subject matter jurisdiction existed." That is false, and I object to "the court" as vague. I object to citations on page 3 as vague and citing to "cases" that do not exist. I object to recommendation that "another of Plaintiff's recent complaints against McKool Smith be sua sponte dismissed with prejudice in that Plaintiff alleged

4

no basis for federal subject matter jurisdiction, and she impermissibly requested that this Court effectuate the transfer of a closed case from another district court to this court." *Id.* at p. 3. I object to citation on page 3 as irrelevant and citing to non-existent "case." Plus, the finding is false.

I object because I brought claims for which federal subject matter jurisdiction attaches in a case into which *Davis v. McKool Smith P.C. and BOC,* Case No. 3:14-cv-0056-B (N.D. Tex. opened Jan. 8, 2014) is consolidated. A preliminary anti-suit injunction appears to have been issued in federal court such that it must be dissolved by a federal court. A motion to dissolve antisuit injunction may include a claim which raises a federal question pursuant to federal laws. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968. Jurisdiction of this court for pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes at 28 U.S.C. §§1441, et seq., venue statutes at 28 U.S.C. §§1404, et seq, including transfer statutes at 28 U.S.C. §§1406, 1407, etc., federal common law and necessary corollaries to 28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements. I therefore invoked several bases for federal subject matter jurisdiction to attach.

Dated: Dec. 1, 2014     Respectfully,

/s/Chelsea L. Davis

Chelsea L. Davis, *pro-se*
TX Bar No. 24059652
2068 Meadow View Dr.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

On this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court,

Dated: Dec. 1, 2014 /s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*