IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:14-CV-03962-N-BK |
| | § | |
| MCKOOL SMITH P.C.; | § | |
| GECESC ASSOCIATES LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S EMERGENCY MOTION TO ENFORCE JUDGMENTS AND
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND
<u>PERMANENT INUNCTION STAYING ARBITRATION</u>**

Defendants McKool Smith, P.C. ("McKool Smith) and GECESP Associates, LLC,

incorrectly named herein as "GECESC Associates LLC" ("GECESP"), file this motion to

enforce the Court's prior judgments and for a temporary restraining order and injunction

staying an arbitration filed by Plaintiff Chelsea Davis ("Davis") against McKool Smith

and GECESP, and in support thereof, would show the Court the following:

## I.   <u>INTRODUCTION</u>

For more than a year, McKool Smith and others have been inundated by frivolous

and duplicative lawsuits filed by Davis.  Davis is a licensed Texas attorney who briefly

worked as an associate at McKool Smith from March 2010 through January 2011.

Beginning in August 2013, Davis began filing a series of lawsuits against McKool Smith

and Samuel Baxter ("Baxter"), a McKool Smith shareholder.  All told, Davis has filed at

least a dozen different suits against McKool Smith, Baxter, or both in the state and federal courts.

Importantly, Davis's claims against McKool Smith have already been adjudicated by this Court.  On September 30, 2014, this Court entered an order in CA No. 3:14-cv-00056-N dismissing Davis's claims with prejudice, holding that they were barred by *res judicata* in light of a prior judgment entered by the 298th Judicial District of Dallas County in Cause No. DC-13-14215 (the "State Court Action").   This order was incorporated into a final judgment on December 8, 2014.  [App. 3-11.]  Undeterred, Davis filed a new action against McKool Smith and GECESP, which this Court again dismissed with prejudice in a second judgment entered on December 10, 2014. [Doc. 26.]

As part of her ongoing harassment, Davis also filed a demand for arbitration (the "Arbitration") with the American Arbitration Association ("AAA") against McKool Smith and GECESP in September 2014.  [*See* App. 12.]  McKool Smith moved to stay the Arbitration in the 298th District Court based on the prior judgment that court had entered in the State Court Action.  [App. 68-92.]  Shortly before the scheduled hearing on that motion to stay, however, Davis improperly removed the State Court Action to this Court. [*See* App. 19-62.]

Defendants now bring this motion requesting that the Court enjoin Davis from proceeding with the Arbitration.  The Court has already dismissed Davis's claims with

prejudice twice based on *res judicata*.   Because Davis continues to try to relitigate these issues in various forums, however, Defendants have been required to continue to seek protection from the Court.   In this regard, Defendants previously filed their Emergency Motion for Sanctions and for Preliminary and Permanent Injunction and Brief in Support herein ("First Emergency Motion") [Doc. 17], after Davis filed two more lawsuits against them in the Eastern District of Texas asserting the same claims.   They now seek similar relief with respect to the Arbitration.

## II.   STATEMENT OF FACTS

In the interest of brevity, Defendants adopt and incorporate the First Emergency Motion, along with its supporting evidence, for all purposes herein.   The following additional facts are relevant to this motion.

### A.   THE ARBITRATION.

On September 22, 2014, Davis filed the Arbitration against McKool Smith and GECESP, asserting employment discrimination claims and seeking damages of more than $100 million.   [App. 12.]   Significantly, Davis was never employed by GECESP, which is not an operating entity and has never had any employees.   [App. 93-94.]

### B.   THE STATE COURT MOTION TO STAY.

On October 23, 2014, Defendants filed a motion to stay the Arbitration in the 298th District Court, which was the first court that had dismissed Davis's claims against McKool Smith with prejudice.   [App. 68-92.]   Pursuant to its rules, the AAA stayed the Arbitration until December 22, 2014, based on this filing.   [App. 63-67.]   Defendants set

the motion to stay for hearing on December 5, 2014, the first date the 298th District Court had available.  [App. 13-14.]

### C.      THE 298TH DISTRICT COURT TRANSFERS THE CASE.

Shortly before the scheduled hearing, the presiding judge of the 298th District Court, the Honorable Emily Tobolowsky, voluntarily recused herself, apparently because Davis had named her as a defendant in another case she had filed in state court in Collin County.  [App. 15.]  The State Court Action was therefore reassigned to the 160th Judicial District Court of Dallas County. [App. 16.]  Upon transfer, Defendants promptly secured a new hearing date, December 12, 2014, before Associate Judge McFarlin, to whom the 160th District Court had referred the matter. [App. 17-18.]

### D.      DAVIS IMPROPERLY REMOVES THE STATE COURT ACTION.

On December 5, 2014, Davis removed the State Court Action to this Court in order to block the hearing on the state court motion to stay.  [App. 19-62.]  This removal was completely improper, as the State Court Action was filed over a year ago – ***by Davis*** – and the judgment was entered therein in December 2013.[1]  Nevertheless, the case has not yet been remanded and, at this point, Defendants are unable to get a hearing in state court prior to the expiration of the stay granted by the AAA.  Moreover, the AAA has refused to stay the Arbitration any further absent a court order. [App. 63.]

---

[1] Davis also improperly purported to remove the State Court Action into a specific case number, CA 3:14-cv-3975-N-BK, that Davis had succeeded in opening on November 10, 2014, despite the fact that she failed to file a complaint or notice of appeal.  Magistrate Judge Toliver has, *sua sponte,* recommended this "case" be dismissed with prejudice.

## III.  ARGUMENT

As this Court has already found, the prior judgments dismissing Davis's claims with prejudice bar Davis from relitigating her employment discrimination and other claims against McKool Smith and GECESP in this action.    [Docs. 14, 25-26.] Accordingly, the Court should, under its inherent authority to enforce its judgments, stay the Arbitration in its entirety.

### A.    THE ARBITRATION SHOULD BE STAYED.

The Court has inherent power to stay an arbitration to protect its prior judgments based on principles of *res judicata.  See Tai Ping Insurance Co., Ltd. v. M/V Warschau*, 731 F.2d 1141, 1143-44 (5th Cir. 1984) (holding that a federal court has inherent power to stay an arbitration in appropriate circumstances); *Kelly v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 985 F.2d 1067, 1070 (11th Cir.) (affirming district court's stay of arbitration based on the district court's determination that its prior judgment was res judicata as to the claims brought in arbitration), *cert. denied,* 510 U.S. 1011 (1993), and abrogated on other grounds by *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002); *In re Y&A Group Sec. Litig.*, 38 F.3d 380, 382 (8th Cir. 1994) ("No matter what, courts have the power to defend their judgment as *res judicata*, including the power to enjoin or stay subsequent arbitrations."); *see also Miller Brewing Co. v. Fort Worth Distr. Co.,* 781 F.2d 494 (5th Cir. 1986) (reversing district court's denial of motion to enjoin arbitration based on *res judicata* effect of prior state court judgment).  Further, a federal court may stay an arbitration where a party seeks to arbitrate claims not subject to

an arbitration agreement. *See United Offshore Co. v. S. Deepwater Pipeline Co.*, 899 F.2d 405, 406 (5th Cir 1990) (affirming district court injunction prohibiting arbitration where the claimant sought to arbitrate claims that were not subject to an arbitration agreement).

### 1.      The Arbitration is Barred By *Res Judicata*.

*Res judicata* (or claim preclusion) prevents a party from relitigating claims where there has been a prior adjudication on the merits of the same claims between the same parties. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). For *res judicata* purposes, this Court's dismissal of Davis's claims with prejudice in two prior judgments is a final determination on the merits. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). Davis's Arbitration demand involves the same cause of action that was at issue in the State Court Action, as well as the cases she filed in this Court. As the Court held the first time it dismissed Davis's claims:

> [B]oth actions arise from the employment relationship between Davis and McKool Smith as well as allegations of Leslie Ware's and Samuel Baxter's misconduct. … Davis alleges facts regarding her employment in both her State Court Petition, … and in her [Federal Court] Complaint. … Davis also alleges facts regarding the misconduct of Ware and Baxter in both her State Court Petition, …, and in her Complaint. … In examining "the factual matters that make up the gist of the" State Court Petition, the scope of the transaction in the state court action was Davis's employment with McKool, and the alleged actions of Ware and Baxter.

[App. 8-9 (citations omitted).]

Based on this analysis, the Court held that the prior judgment in the State Court Action precluded Davis from reasserting her claims against McKool Smith on the basis of *res judicata*.  [App. 9.]  Now, Davis seeks to arbitrate the very same claims after they have been dismissed twice more by this Court.  The same analysis that led this Court to dismiss Davis's claims forecloses Davis's effort to relitigate those claims in the Arbitration, where she once again asserts claims for various forms of employment discrimination.  [App. 12.]  In order to enforce and protect the integrity of its judgments, therefore, the Court should stay the Arbitration.

2.    <u>There Is No Arbitration Agreement With GECESP.</u>

The Court should also stay the Arbitration as to GECESP since there is no arbitration agreement between that entity and Davis.  [App. 94.]  *See United Offshore,* 899 F.2d at 406.  Indeed, Davis has absolutely no relationship with GECESP, which does not even have any employees, so her claims against it are frivolous and represent nothing more than a further effort to use the judicial process for harassment.  [App. 94.]

B.    A TEMPORARY RESTRAINING ORDER IS NECESSARY TO PREVENT<br/><u>THE AAA FROM MOVING FORWARD WITH THE ARBITRATION.</u>

It is well-established the federal courts may enjoin vexatious litigants from filing new lawsuits, and that the traditional elements of injunctive relief are not applicable in such cases.  *See, e.g., Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 186 (5th Cir. 2008).  Defendants are likewise entitled to a temporary restraining order and preliminary and permanent injunction staying the Arbitration.  If the Court does not act immediately

by issuing a temporary restraining order, the stay granted by the AAA will expire on December 22, 2014.  [App. 63-67.]  If the Arbitration goes forward, Defendants will be forced to expend significant time and money defending an Arbitration that is based on claims that have been dismissed with prejudice at least three different times, twice by this Court.  Significantly, under the AAA's Employment Arbitration Rules, the cost of such an Arbitration would be borne almost entirely by Defendants.  This is absurd.  Davis should not be allowed to continue to harass and impose these costs on Defendants through her repeated, bad faith assertion of claims that have been dismissed multiple times over.

## IV.  CONCLUSION

For all of the foregoing reasons, McKool Smith and GECESP request that the Court enter a temporary restraining order and preliminary and permanent injunction staying the Arbitration in its entirety.

Respectfully submitted,

By: _/s/ Don Colleluori_

    Erin Dwyer
    State Bar No. 06302700
    Erin.dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.colleluori@figdav.com
    Lance V. Clack
    State Bar No. 24040694
    Lance.clack@figdav.com

FIGARI & DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202-3796
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR
McKOOL SMITH, P.C. and
GECESP ASSOCIATES, LLC

## VERIFICATION

STATE OF TEXAS         §
                       §
COUNTY OF DALLAS       §

BEFORE ME, the undersigned notary public, on this day personally appeared Donald Colleluori, who, being by me duly sworn on his oath, deposed and said that he has read the above and foregoing document; and states the factual statements contained therein are within his personal knowledge and are true and correct.

_____
Donald Colleluori


SUBSCRIBED AND SWORN TO BEFORE ME on the 19th day of December, 2014, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

My Commission



KAREN KNIGHT
Notary Public
STATE OF TEXAS
My Comm. Exp. June 28, 2016

---

**DEFENDANT'S EMERGENCY MOTION TO ENFORCE JUDGMENTS AND FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INUNCTION STAYING ARBITRATION**          **PAGE 10**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has conferred with Plaintiff, who advised that she opposes the relief sought in this Motion.


/s/*Don Colleluori*
Don Colleluori



## CERTIFICATE OF SERVICE

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested, on the 19th day of December, 2014.


/s/ *Don Colleluori*
Don Colleluori