IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No. 3:14-CV-03962-N-BK |
| MCKOOL SMITH P.C.; | § | |
| GECESC ASSOCIATES LLC, | § | |
| | § | |
| Defendant. | § | |

**APPENDIX IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND PERMANENT INJUNCTION AND TO
ENFORCE JUDGMENT AND STAY ARBITRATION**

| App. Pages | Description |
|---|---|
| 003 - 010 | Order, CA No. 3:14-CV-0056 (September 30, 2014) |
| 011 | Final Judgment, CA No. 3:14-CV-0056 (December 8, 2014) |
| 012 | Chelsea Davis's Demand for Arbitration filed with the American Arbitration Association (September 22, 2014) |
| 013 - 014 | Notice Of Hearing On Defendant's (1) Motion To Enforce Judgment And Stay Arbitration, And (2) Motion To Declare Plaintiff A Vexatious Litigant, Cause No. DC-13-14215-M (October 28, 2014) |
| 015 | Order Of Referral On Recusal Sua Sponte in Cause No. DC-13-14215 (November 13, 2014) |
| 016 | Order of Transfer to the 160th Judicial District Court, Dallas County, Texas, Cause No. DC-13-14215 (November 17, 2014) |
| 017 - 018 | Amended Notice Of Hearing On Defendant's (1) Motion To Enforce Judgment And Stay Arbitration, And (2) Motion To Declare Plaintiff A Vexatious Litigant, Cause No. DC-13-14215-M (November 26, 2014) |
| 019 - 062 | Notice of Removal, Cause No. DC-13-14215-M (December 5, 2014) |
| 063 – 067 | E-mail from A. Shoneck to D. Colleluori, dated December 17, 2014 |

**APPENDIX IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY**                                    **PAGE 1**
**RESTRAINING ORDER AND PERMANENT INJUNCTION AND TO**
**ENFORCE JUDGMENT AND STAY ARBITRATION**

**APP 001**

068 – 092      Defendant's (1) Motion To Enforce Judgment And Stay Arbitration, And (2) Motion To Declare Plaintiff A Vexatious Litigant, Cause No. DC-13-14215-M (October 23, 2014)

093 – 100      Affidavit Of Gary W. Eden In Support of Defendant's (1) Motion To Enforce Judgment And Stay Arbitration, And (2) Motion To Declare Plaintiff A Vexatious Litigant, Cause No. DC-13-14215-M (December 4, 2014)

Respectfully submitted,

By:  /s/ Don Colleluori
   Erin Dwyer
   State Bar No. 06302700
   Erin.dwyer@figdav.com
   Don Colleluori
   State Bar No. 04581950
   Don.colleluori@figdav.com
   Lance V. Clack
   State Bar No. 24040694
   Lance.clack@figdav.com

Figari & Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202-3796
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR
McKOOL SMITH, P.C. and
GECESP ASSOCIATES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested, on the 19th day of December, 2014.

/s/ Don Colleluori
Don Colleluori

APPENDIX IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION AND TO ENFORCE JUDGMENT AND STAY ARBITRATION    PAGE 2

APP 002

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0056-N |
| | § | |
| MCKOOL SMITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant McKool Smith's motion to dismiss ("Def.'s Mot. Dismiss") [Doc. 8]. For the following reasons, the Court grants the motion.

### I. THE EMPLOYMENT DISPUTE

As both parties acknowledge, the claims in this action arise from Plaintiff Chelsea Davis's former employment with McKool Smith. *See* Def.'s Mot. Dismiss 3; Pl.'s Opp'n 13 [9]. Davis states claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery and conspiracy to commit assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C.§ 2255; conspiracy to violate various constitutional and statutory rights; sexual assault, aggravated sexual assault, federal assault, and sexual abuse; violation of 18 U.S.C.§ 247; and violation of 18 U.S.C. § 1592.

ORDER – PAGE 1

On December 2, 2013, in an earlier lawsuit, Davis sued McKool Smith in the 298th Judicial District Court of Dallas County.[1]  The state court ultimately dismissed the case with prejudice.  McKool Smith now moves this Court to dismiss the complaint in this action.

## II.  THE STANDARD FOR DISMISSAL

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Factual allegations

---

[1]When considering a motion to dismiss for failure to state a claim, the Court may consider, in addition to the facts contained in the complaint, "matters of which they may take judicial notice."  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).  "Courts may take notice of the judicial record in prior related proceedings."  *Reneker v. Offill*, 2010 WL 1541350, at *5 (N.D. Tex. 2010).

ORDER – PAGE 2

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss . . . ." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

### III. THE COURT GRANTS MCKOOL SMITH'S MOTION TO DISMISS

#### A. *Res Judicata Standard*

McKool Smith first argues that Davis's claims are barred by res judicata. Under the principles of res judicata, a plaintiff cannot relitigate claims "that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Federal courts apply state res judicata law when determining the effect of a prior state court judgment. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In Texas, res judicata applies where the following elements are met: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250

ORDER – PAGE 3

S.W.3d 78, 86 (Tex. 2008) (citation omitted); *see also Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011).

## B. Res Judicata Bars Davis's Claims

*1. There Was a Final Judgment on the Merits.* – On December 27, 2013, in response to a motion for sanctions, the judge in the state court action entered an order dismissing all of Davis's claims in that action with prejudice. *See* Def.'s Mot. Dismiss App. 004–006. That dismissal was a final judgment on the merits. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."). That the court issued the order as a sanction does not change the fact that it is a final judgment. *See id.* (dismissal with prejudice as a discovery sanction was a final judgment with preclusive effect); *Logan v. First Bank of Hous., Tex.*, 736 S.W.2d 927, 930–31 (Tex. App. – Beaumont 1987, writ ref'd n.r.e.) (same).

Davis contends that the state court lacked jurisdiction to enter the order. Davis argues that, because she took a nonsuit of her claims on December 4, 2013 and the court dismissed her claims without prejudice the same day, the court was without jurisdiction over the merits of her claims as of that date. This argument is contrary to the law. A state trial court has plenary power to act for thirty days following its dismissal of a case. *See* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d

ORDER – PAGE 4

594, 595–56 (Tex. 1996) (trial court had authority during its plenary jurisdiction to grant motion for sanctions that was filed following a dismissal in accordance with nonsuit). "A trial court's power to modify its judgment is virtually absolute during the period of its plenary power." *In re Provine*, 312 S.W.3d 824, 829 (Tex. App. – Houston [1st Dist.] 2009, no pet.). Davis took nonsuit of her claims and the case was dismissed without prejudice on December 4, 2013. Less than 30 days later, on December 27, 2013, the state court entered an amended order dismissing all claims with prejudice and imposing sanctions. *See* Def.'s Mot. Dismiss App. 004–006 (ordering that "the Court's prior Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order"). Because this action occurred within 30 days of the initial order, it fell within the court's plenary power. Accordingly, the state court judgment was a final judgment on the merits by a court of competent jurisdiction for the purposes of res judicata.

**2. The Parties in Both Lawsuits Are Identical**. – In both the state court action and this action, Chelsea Davis sued McKool Smith. Davis does not dispute that this element of res judicata has been established. *See* Pl.'s Opp'n 12. The second element of res judicata is accordingly satisfied.

**3. This Action Is Based on the Same Claims That Davis Raised or Could Have Raised in the State Court Action.** – Courts applying Texas law use the transactional test to determine whether two suits involve the same cause of action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). In applying this test, "a final judgment on an

ORDER – PAGE 5

action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) (citation omitted). Determining the scope of the transaction of the prior suit "requires 'an analysis of the factual matters that make up the gist of the complaint, without regard to the form of the action.'" *Daccach*, 217 S.W.3d at 449 (quoting *Barr*, 837 S.W.2d at 631). The Court should "giv[e] weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr*, 837 S.W.2d at 631 (citation omitted) (internal quotation marks omitted). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.* at 630.

Here, both actions arise from the employment relationship between Davis and McKool Smith as well as allegations of Leslie Ware's and Samuel Baxter's misconduct. *Compare* Pl.'s Compl., *with* Pl.'s Opp'n App. 005–014 ("Pl.'s State Ct. Pet."). Davis alleges facts regarding her employment with McKool Smith in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 10–13, and in her Complaint, *see* Pl.'s Compl. 2–3, 9–10. Davis also alleges facts regarding the misconduct of Ware and Baxter in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 11, 13, 14, and in her Complaint, *see* Pl.'s Compl. 3–4, 5–6, 7. In examining "the factual matters that make up the gist of the" State Court Petition, the scope

ORDER – PAGE 6

of the transaction in the state court action was Davis's employment with McKool and the alleged actions of Ware and Baxter.

Although Davis asserts additional claims in this action that she did not assert in the state court action, she *could have* asserted the claims in the state court action. As Texas law makes clear, "[t]he scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which *arise out of the same subject matter* and which *might have been litigated in the first suit*." *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979) (emphasis added) (citations omitted). The fact that Davis chose not to assert these additional claims is irrelevant for the purposes of claim preclusion because the relevant inquiry is whether the claims asserted by plaintiff *could have been litigated* in the state lawsuit. All of the claims asserted in this action could have been asserted in the state action because they all arise from the transactions at issue in the state court action – specifically, her employment with McKool Smith and the alleged misconduct of Ware and Baxter. Accordingly, res judicata precludes Davis from asserting these claims in this case.

## CONCLUSION

For the foregoing reasons, the Court grants McKool Smith's motion to dismiss.

ORDER – PAGE 7

Signed September 30, 2014.

David C. Godbey

United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0056-N |
| | § | |
| MCKOOL SMITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **FINAL JUDGMENT**

By Order dated September 30, 2014, this Court dismissed the claims brought by Plaintiff Chelsea L. Davis against Defendant McKool Smith.  *See* Order, Sept. 30, 2014 [Doc. 14].  By separate Order of this same date, the Court dismissed the claims brought by Davis against BOC without prejudice.   Accordingly, all claims in this matter are dismissed. Court costs are taxed against Davis.  All relief not expressly granted is denied.  This is a final judgment.

Signed December 8, 2014.

_____
David C. Godbey
United States District Judge

FINAL JUDGMENT – SOLO PAGE

**RECEIVED**

Voorhees, NJ

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Please visit our website at www.adr.org if you
would like to file this case online. AAA Case Filing
Services can be reached at 877-495-4185.

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

SEP 22 2014

AMERICAN ARBITRATION
ASSOCIATION

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box* ☑
There is no additional administrative fee for this service.

| | | | | | | |
|---|---|---|---|---|---|---|
| Name of Respondent<br>McKool Smith P.C. + GECESP Associates LLC | | | Name of Representative (if known)<br>Don Colleluori and Erin Dwyer | | | |
| Address<br>300 Crescent Court, Ste. 1500 | | | Name of Firm (if applicable)<br>Figari & Davenport | | | |
| | | | Representative's Address<br>901 Main St. Ste. 3400 | | | |
| City<br>Dallas | State<br>TX | Zip Code<br>75201 | City<br>Dallas | State<br>TX | Zip Code<br>75202 | |
| Phone No.<br>214-978-4000 | | Fax No.<br>214-978-4044 | Phone No.<br>214-939-2005 | | Fax No.<br>214-939-2090 | |
| Email Address:<br>gweden@mckoolsmith.com | | | Email Address:<br>don.colleluori@figdav.com | | | |

The named claimant, a party to an arbitration agreement dated 4/8/2010_____, which provides for arbitration under the
Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Sexual harassment, wage discrimination, and denied wages in employment through termination on July 11, 2014 using multiple
entities.

| | |
|---|---|
| Dollar Amount of Claim  $100,000,000.00 | Other Relief Sought:  ☒ Attorneys Fees   ☒ Interest<br>☒ Arbitration Costs ☒ Punitive/ Exemplary ☐ Other _____ |

Amount Enclosed $_____     In accordance with Fee Schedule: ☐Flexible Fee Schedule   ☐Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:

Hearing localeWilmington, Delaware_____   (check one) ☒ Requested by Claimant   ☐ Locale provision included in the contract

| | |
|---|---|
| Estimated time needed for hearings overall:<br>_____ hours or ___10.00___ days | Type of Business:  Claimant ___Attorney_____<br>Respondent Law Firm/Patent Troll |

Is this a dispute between a business and a consumer? ☐Yes ☐ No Does this dispute arise out of an employment relationship? ☒ Yes ☐ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range?  Note: This question is required
by California law. ☐Less than $100,000 ☐ $100,000 - $250,000 ☒ Over $250,000

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration
Association with a request that it commence administration of the arbitration.  The AAA will provide notice of your opportunity
to file an answering statement.

| | |
|---|---|
| Signature (may be signed by a representative)     Date:<br>8/3/2014 | Name of Representative |
| Name of Claimant<br>Chelsea L. Davis | Name of Firm (if applicable) |
| Address (to be used in connection with this case)<br>2068 Meadow View Dr. | Representative's Address |
| City<br>Princeton | State<br>TX | Zip Code<br>75205 | City | State | Zip Code |
| Phone No.<br>469-426-5850 | Fax No.<br>469-533-0466 | Phone No. | Fax No. |
| Email Address:<br>cdavis@chelseadavispc.com | Email Address: |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as
provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100
Voorhees, NJ  08043. Send the original Demand to the Respondent.

FILED
DALLAS COUNTY
12/28/2014 11:59:08 AM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| McKOOL SMITH, P.C., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

Please take notice that Defendant McKool Smith, P.C.'s (1) Motion to Enforce Judgment and Stay Arbitration, and (2) Motion to Declare Plaintiff a Vexatious Litigant will be heard at 2:30 p.m. on December 5, 2014.

Respectfully submitted,

By: *Don Colleluori*
    A. Erin Dwyer
    State Bar No. 06302700
    Erin.Dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.Colleluori@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000 - Telephone
(214) 939-2090 - Facsimile

ATTORNEYS FOR
McKOOL SMITH, P.C. and
GECESP ASSOCIATES, LLC

**NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 1**

## <u>CERTIFICATE OF SERVICE</u>

I certify that this instrument was served on Plaintiff on the 28th day of October, 2014, through the Efile Texas system, as well as in the manner noted below:

> ***<u>Via Email and Facsimile</u>***
> Chelsea L. Davis
> 2068 Meadow View Road
> Princeton, Texas 75407
> cdavis@chelseadavispc.com
> (469) 533-0466 – Facsimile

*Don Colleluori*                    

Don Colleluori

**NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** – Page 2

**APP 014**

349m ~ 000411

DC-13-14215

**CHELSEA DAVIS, et al**

vs.

**MCKOOL SMITH P.C., et al**

In the District Court
of Dallas County, Texas
298th District Court

## ORDER OF REFERRAL ON RECUSAL SUA SPONTE

I hereby recuse myself, SUA SPONTE, and request that the Local

Administrative District Judge assign a judge to hear the above cause.

Signed this ___13___ , day of ___November___ , 20 _14_ .

EMILY TOBOLOWSKY, Judge

**ORIGINAL SIGNED BY JUDGE**

APP 015

349 M   ᴖᴖ0446

NO. DC-13-14215

| | | |
|---|---|---|
| CHELSEA DAVIS, ET AL. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V | § | DALLAS COUNTY, TEXAS |
| | § | |
| MCKOOL SMITH P.C., ET AL. | § | |
| | § | 298TH JUDICIAL DISTRICT |

ORDER TRANSFERRING

Based on a recusal, this case is transferred to the 160st District Court of Dallas County,

Texas.

IT IS SO ORDERED.

Signed this _17_ day of ___November___, 2014.

_Mary Murphy_
MARY MURPHY, Presiding Judge
First Administrative Judicial Region

ORDER TRANSFERRING – Page 1 of 1

ORIGINAL SIGNED BY JUDGE

FILED
DALLAS COUNTY
12/26/2014 11:49:10 AM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| McKOOL SMITH, P.C., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**AMENDED NOTICE OF HEARING ON DEFENDANT'S (1)
MOTION TO ENFORCE JUDGMENT AND STAY
ARBITRATION, AND (2) MOTION TO DECLARE
PLAINTIFF A VEXATIOUS LITIGANT**

Please take notice that Defendant McKool Smith, P.C.'s (1) Motion to Enforce

Judgment and Stay Arbitration, and (2) Motion to Declare Plaintiff a Vexatious Litigant

will be heard at 9:30 p.m. on December 12, 2014. The Motion will be heard by Associate

Judge Sheryl McFarlin in Auxiliary Courtroom 6-C.

**AMENDED NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE
JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF
A VEXATIOUS LITIGANT – Page 1**

Respectfully submitted,

By: _Lance V. Clack_____
 A. Erin Dwyer
 State Bar No. 06302700
 Erin.Dwyer@figdav.com
 Don Colleluori
 State Bar No. 04581950
 Don.Colleluori@figdav.com
 Lance V. Clack
 State Bar No. 24040694
 Lance.Clack@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000 - Telephone
(214) 939-2090 - Facsimile

ATTORNEYS FOR
McKOOL SMITH, P.C.

## CERTIFICATE OF SERVICE

I certify that this instrument was served on Plaintiff on the 26th day of November,

2014, through the Efile Texas system, as well as in the manner noted below:

  ***Via Email and Facsimile***
  Chelsea L. Davis
  2068 Meadow View Road
  Princeton, Texas 75407
  cdavis@chelseadavispc.com
  (469) 533-0466 – Facsimile

    _Lance V. Clack_____
    Lance Clack

**AMENDED NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 2**

FILED
DALLAS COUNTY
12/5/2014 2:24:34 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-13-14215

| | |
|---|---|
| CHELSEA L. DAVIS | IN THE DISTRICT COURT FOR THE |
| v. | 298TH JUDICIAL DISTRICT |
| MCKOOL SMITH P.C. | JURY TRIAL DEMANDED |
| | DALLAS COUNTY, TEXAS |

## NOTICE OF NOTICE OF REMOVAL

I, Chelsea L. Davis, hereby provide notice of filing of the attached notice of removal in the U.S. District Court for the Northern District of Texas. The new cause number is 3:14-cv-3975. This 160th Judicial District Court is notified that this Court lacks all authority and jurisdiction to act due to the filing of the attached notice of removal.

Dated: Dec. 5, 2014

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis, *Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (972) 803-3576
cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using

1

the electronic case filing system of the Court. I hereby certify that I have served all counsel

and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is

electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of

Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern

District of Texas.

      Dated: Dec. 5, 2014                     Respectfully submitted,

                                              /s/Chelsea L. Davis
                                              Chelsea Davis, *Pro-Se*

2

NO. _____

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

---

**CHELSEA L. DAVIS**

**V.**

**MCKOOL SMITH P.C., SAMUEL F. BAXTER AND HARLAN R. CROW**

---

*Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter*
TRANSFERRED/REMOVED from the 298TH/160TH Judicial District Courts, Dallas County,
Texas, Cause Nos. DC-13-12834/ DC-13-14215
(Judges Emily Tobolowsky and Jim Jordan)
CONSOLIDATED WITH *Chelsea L. Davis v. Harlan R. Crow*, Cause No. DC-13-14479, in the
68th/298th Judicial District Court, Dallas County, Texas
REMOVED/TRANSFERRED TO/FROM:
*DAVIS V. BAXTER*
U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
CASE NOS. 4:13-CV-514-RC/4:14-CV-00754-RC;
AND/OR REMOVED/TRANSFERRED TO/FROM:
*MCKOOL SMITH P.C. V. DAVIS*
U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
CASE NOS. 3:13-CV-4926-N/3:14-CV-3975-N
(severed from the sealed State Bar of Texas grievance investigation, which appears to have been
removed from and remanded to the 298TH/254TH/68TH Judicial District Courts, Dallas County,
Texas, Cause Nos. DC-13-12834/ DC-13-14215/ DF-13-19281/ DF-14-11110/ DC-13-14479/
DF-13-23109)
(Judges Emily Tobolowsky, James Martin, Martin Hoffman and Associate Judge Donald Turner)
(including *Davis v. Baxter,* 199TH/429TH Judicial District Courts, Collin County, Texas
Cause Nos. 199-03395-2013/429-03449-2014 (Judges Angela Tucker and Jill Willis))

---

## SIXTH NOTICE OF REMOVAL

I, Chelsea L. Davis, hereby timely file my Notice of Removal of *Chelsea L. Davis v.*

*McKool Smith P.C., Samuel F. Baxter and Harlan R. Crow* to the U.S. District Court for the

1

Northern District of Texas. Under Cause No. DC-13-14215, and in a sealed investigation in which I have not been permitted to produce any evidence or testify on the merits, Samuel Baxter appears to have obtained the signature of State Court District Judges and Associate Judges on several orders as follows, which are incorporated by reference herein:

1. ORDER DISMISSAL WITHOUT PREJUDICE Oct. 7, 2013

2. Order to Stay on the merits for all purposes Nov. 6, 2013

3. Order Nonsuit Nov. 19, 2013

4. ORDER - TRANSFER (NOT CHANGE OF VENUE) Nov. 21, 2013

5. Order Transfer/Consolidate Nov. 26, 2013

6. ORDER - CHANGE VENUE TRANSFER Dec. 11, 2013

7. Order re: motion for sanctions Dec. 16, 2013

8. ORDER - SANCTIONS Dec. 27, 2013

9. ORDER - SANCTIONS Jan. 30, 2014

10. Order re: reinstatement Feb. 3, 2014

11. ORDER TRANSFER June 10, 2014

12. ORDER - SANCTIONS June 17, 2014

13. ORDER - CONSOLIDATE June 17, 2014

14. ORDER - SANCTIONS June 17, 2014

15. STATE COURT OF APPEALS 5TH COA ORDERS, 05-13-01747-CV

16. ORDER REGARDING NONSUIT July 28, 2014

17. ORDER GRANTING MOTION FOR EXTENSION OF DEADLINES AND ORDER EXTENDING DEADLINE FOR FILING MOTION FOR NEW TRIAL Oct. 30, 2014

2

18. ORDER - TRANSFER (NOT CHANGE OF VENUE) Oct. 30, 2014

19. Order Recusal Nov. 13, 2014

20. Order Transfer Nov. 17, 2014

21. ORDER VACATING DISMISSAL Nov. 18, 2014

22. Case assignment pursuant to standing order Nov. 19, 2014

Certain orders may be void due to notice(s) of removal and/or order of transfer and motions regarding transfer. I never intended to dismiss any claim or cause of action. I merely refused to introduce my evidence to a court that lacked jurisdiction and authority to hear my claim(s) and/or cause(s) of action due to stay, transfer, consolidation, removal, severance, etc. I am being denied due process in the sealed grievance investigation and objdect to starting/stopping/proceeding of case/controversy during period in which I am denied due process.

I obtained the listings of documents from the court coordinator who works for Judge James Martin even though I am not technically permitted to access the file at this time, which may be included in this "case" and relevant in light of a proposed alleged order of severance, refiling/reopening and/or other proposed and/or alleged orders and Samuel Baxter and McKool Smith P.C.'s motions for sanctions and enforcement, which may or may not have been served on me as a party and to which I object for lack of service, notice, process, case or controversy prior to severance, etc. However, I timely present my notice of removal of allegations against me allegedly made in motions for sanctions. Also, I object to the numerous errors on the case summary/docket sheets listing documents and events because the listings contain numerous errors, including party designations where there are no parties.

3

Multiple additional appeals may be opened or pending in the Fifth District Court of Appeals, Dallas, Texas, which have (likely erroneously and without authority) been assigned Docket Nos. 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV. 05-14-00095-CV, 05-14-01105-CV, 05-14-01036-CV, 05-14-01034-CV, 05-14-00841-CV and 05-14-00846-CV, which are removed to this Court. Certain "proceedings" and/or "appeals" have been consolidated into Docket No. 05-13-01747-CV by the Fifth District Court of Appeals, Dallas, Texas.

There is much confusion as to how any cause number could have been opened and any proceeding could have proceeded due to the preliminary anti-suit injunction. There is much confusion as to how the state court sealed cause numbers from the public record and consolidated anything into a grievance investigation(s) and/or an alleged proceeding before the Board of Disciplinary Appeals, especially when there may not have been any finding or showing of just cause or disability.  Pursuant to Tex. Gov. Code. Sec. 81.072(i), Chelsea Davis has requested a panel of a district grievance committee of the state bar that votes on a grievance matter to disclose to her "the number of members of the panel: (1) voting for a finding of just cause; (2)  voting against a finding of just cause; and (3) abstaining from voting on the matter," but she has not received the required disclosures. *Id.* No hearing has yet been held before an evidentiary panel or in district court.

A notice of removal was "filed" in state court in the 199th Judicial District Court of Collin County, Texas on Sept. 9, 2013 and in the 254th Judicial District Court of Dallas County, Texas on Oct. 28, 2013, Dec. 18, 2013, Jan. 9, 2014 and/or May 30, 2014.  Orders of remand were "entered" on Feb. 11, 2014 and June 2, 2014. Attached is the "docket" summary of the thing assigned Case No. DF-13-19281 before Judge James Martin of the 254th Judicial District Court, Dallas County, Texas and the many random documents and things that Harlan Crow, Samuel Baxter, and McKool Smith P.C. continue to have state court judges sign that are groundless, unsworn, unsupported by any evidence, and absolutely ridiculous and untrue.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is

4

commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving her right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction and the fact that a grievance investigation by the State Bar of Texas cannot be a case, Chelsea Davis may remove the thing to the extent it is alleged by a civil action or criminal prosecution because she is an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1).  She may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."  Chelsea Davis may remove allegations against her law license made in motions for sanctions presented in state court to federal court because she is an officer of the United States Patent and Trademark Office, Reg. No. 63,791.  Chelsea Davis is a person acting under the United States, its agencies or its officers that has been sued for or relating to any act under color of such office and has a colorable federal defense to the counter/intervenor plaintiff's claim. Because she asserts a colorable government contractor defense, this Court may obtain federal subject matter jurisdiction. *See State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so.").

Dated:  Dec. 2, 2014                           Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis*, Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (972) 803-3576
cdavis@chelseadavispc.com

APP 025

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Dec. 2, 2014                          Respectfully submitted,

/s/Chelsea L. Davis
Chelsea Davis, *Pro-Se*

6

# SUMMARY SHEET
## CASE NO. DC-13-14479

| | | |
|---|---|---|
| **CHELSEA DAVIS** | § | Location: **68th District Court** |
| **vs.** | § | Judicial Officer: **HOFFMAN, MARTIN** |
| **HARLAN CROW** | § | Filed on: **12/10/2013** |
| | § | |

### CASE INFORMATION

**Statistical Closures**                                                    Case Type:  **OTHER (CIVIL)**
12/11/2013     CHANGE OF VENUE TRANSFERS

### PARTY INFORMATION

*Lead Attorneys*

**PLAINTIFF**          **DAVIS, CHELSEA L**

                                                                                    **Pro Se**

**DEFENDANT**          **CROW, HARLAN R**

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/10/2013 | NEW CASE FILED (OCA) - CIVIL | |
| 12/10/2013 | ORIGINAL PETITION<br>*Original Petition* | |
| 12/10/2013 | CASE FILING COVER SHEET<br>*Case Filing Cover Sheet* | |
| 12/11/2013 | MOTION - TRANSFER - NO CHANGE OF VENUE<br>Party:  DEFENDANT  CROW, HARLAN R | |
| 12/11/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER* | |
| 12/11/2013 | MOTION - SEAL<br>Party:  DEFENDANT  CROW, HARLAN R<br>*EXPEDITED HEARING - TEMPORARY AND FOR A PERMANENT SEALING ORDER* | |
| 12/11/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER GRANTING DEFENDANT'S MOTION FOR EXPEDITED HEARING AND FOR A TEMPORARY SEALING ORDER* | |
| 12/11/2013 | ORDER - SEAL | *Vol./Book 478C, Page 780, 1 pages* |
| 12/11/2013 | **ORDER - CHANGE VENUE TRANSFER** (Judicial Officer: HOFFMAN, MARTIN) | *Vol./Book 478C , Page 781, 1 pages* |
| 12/18/2013 | MOTION - QUASH<br>Party:  DEFENDANT  CROW, HARLAN R | |
| 12/20/2013 | AMENDED PETITION<br>*Amended Petition* | |
| 12/20/2013 | CC TRANSFER | |

**APP 027**

# Summary Sheet

## Case No. DC-13-14479

*TRANSFERRED TO 254TH (NEW CAUSE NO.)*

| | | |
|---|---|---|
| 01/09/2014 | **MOTION HEARING** (9:30 AM) (Judicial Officer: TURNER, DON) | |
| | *M/SEAL* | |

01/24/2014  NOTICE OF APPEAL - CT. OF APPEALS
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-14-00090-CV Notice Of Appeal - CT. Of Appeals - DESIGNATION REQUESTED AT TIME OF FILING W/IN 3 DAYS*

03/17/2014  COA - POST CARD
*05-14-00090-CV*

03/25/2014  COA - CORRESPONDENCE LETTER
*COA 05-14-00090-CV SENT NO DESIGNATION LTR TO 5TH COA*

04/07/2014  NOTE - CLERKS
*COA case no 05-14-00090-CV, prepared clerk's record no designation basic record*

04/07/2014  CLERK'S RECORD PAYMENT INVOICE
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-14-00090-CV, prepared clerk's record, basic record, no designation submitted, sent plaintiff invoice via email, pending payment, Pages: 55 Clerk's Record- $55.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $80.00 Charged Plaintiff- Chelsea Davis*

04/07/2014  APPELLATE RECORD
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-14-00090-CV Received paid invoice of $80.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5890*

04/18/2014  SUPPLEMENTAL CLERK'S RECORD REQUEST
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-14-00090-CV*

04/18/2014  NOTE - CLERKS
*COA case no 05-14-00090-CV, preparing requested SUPP #1*

04/18/2014  CLERK'S RECORD PAYMENT INVOICE
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-14-00090-CV, prepared requested supplemental clerk's record, sent plaintiff attny invoice via email, pending payment, SUPP #1 Pages: 10 Clerk's Record- $10.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $35.00 Charged Plaintiff- Chelsea Davis*

04/21/2014  APPELLATE RECORD
Party: PLAINTIFF DAVIS, CHELSEA L
*SUPPLEMENTAL #1 COA case no 05-14-00090-CV Received paid invoice of $35.00 from plaintiff attny for preparation of requested SUPP #1 Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/21/2014 .with confirmation trace pg no 6077*

06/10/2014  NOTE - CLERKS
*RESENT, CLERK SAID DID NOT RECEIVE (REMOVED NOTATION ON NEW CASE # DF-13-23109)*

09/08/2014  AMENDED PETITION

**APP 028**

# SUMMARY SHEET
## CASE NO. DC-13-14479

| 09/09/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT *AMENDED* | |
| 09/09/2014 | CASE FILING COVER SHEET | |
| 09/09/2014 | NOTE - CLERKS *O/AMENDED TO C/ADMIN QUEUE FOR REVIEW* | |
| 09/09/2014 | CORRESPONDENCE - LETTER TO FILE | |
| 09/11/2014 | CORRESPONDENCE - LETTER TO FILE *JUDGE RECEIVED COPY .* | |
| 09/26/2014 | MOTION - MISCELLANOUS Party:  PLAINTIFF  DAVIS, CHELSEA L *TO UNSEAL* | |

| DATE | FINANCIAL INFORMATION |
|------|----------------------|

**PLAINTIFF**  DAVIS, CHELSEA L

| | | |
|---|---|---:|
| Total Charges | | 387.00 |
| Total Payments and Credits | | 387.00 |
| **Balance Due as of  9/26/2014** | | **0.00** |
| | | |
| Charge | PLAINTIFF DAVIS, CHELSEA L | 272.00 |
| CREDIT CARD -  Receipt # 68535-2013-DCLK TEXFILE (DC) | PLAINTIFF DAVIS, CHELSEA L | (272.00) |
| Charge | PLAINTIFF DAVIS, CHELSEA L | 80.00 |
| PAYMENT  Receipt # 19934-2014-DCLK (CASE FEES) | PLAINTIFF DAVIS, CHELSEA L | (80.00) |
| Charge | PLAINTIFF DAVIS, CHELSEA L | 35.00 |
| PAYMENT  Receipt # 22545-2014-DCLK (CASE FEES) | PLAINTIFF DAVIS, CHELSEA L | (35.00) |

*Printed on 09/26/2014 at 4:14 PM*

**APP 029**

# CASE SUMMARY
## CASE NO. DF-13-23109

| | | |
|---|---|---|
| **CHELSEA DAVIS** | § | Location: **254th District Court** |
| vs. | § | Filed on: **12/20/2013** |
| **HARLAN CROW** | § | |
| | § | |

**Related Cases**                                                    Case Type: **OTHER (FAMILY)**
🔒 DF-13-19281  (CONSOLIDATION)

PARTY INFORMATION

*Lead Attorneys*

**PETITIONER**      **DAVIS, CHELSEA L**

**Pro Se**

**RESPONDENT**      **CROW, HARLAN R**                        STONE, KENNETH C
*Retained*
214-954-4135(W)

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/10/2013 | 📄 INSTRUMENTS<br>*CASE FILE COVER SHEET* | |
| 12/10/2013 | 📄 INSTRUMENTS<br>*PETITION* | |
| 12/11/2013 | 📄 INSTRUMENTS<br>*DEFENDANTS MOTION TO TRANSFER* | |
| 12/11/2013 | 📄 INSTRUMENTS<br>*MOTION FOR EXPEDITED HEARING FOR A TEMPORARY SEALING ORDER AND FOR A PERMANENT SEALING ORDER* | |
| 12/11/2013 | 📄 INSTRUMENTS<br>*ORDER GRANTING DEFENDANTS MOTION TO TRANSFER* | |
| 12/11/2013 | 📄 INSTRUMENTS<br>*ORDER GRANTING MOTION FOR EXPEDITED HEARING FOR A TEMPORARY SEALING ORDER AND FOR A PERMANENT SEALING ORDER (NONSIGNED)* | |
| 12/11/2013 | 📄 INSTRUMENTS<br>*ORDER GRANTING DEFENDANTS MOTION TO TRANSFER* | |
| 12/11/2013 | 📄 INSTRUMENTS<br>*ORDER GRANTING MOTION FOR EXPEDITED HEARING FOR A TEMPORARY SEALING ORDER AND FOR A PERMANENT SEALING ORDER* | |
| 12/13/2013 | 📄 MISCELLANOUS EVENT<br>Party: RESPONDENT  CROW, HARLAN R<br>*NOTICE OF POSTING PUBLIC NOTICE-MOTION TO SEAL COURT RECORDS* | |
| 12/18/2013 | 📄 INSTRUMENTS<br>*DEFENDANT MOTION TO QUASH* | |

*Printed on 09/26/2014 at 4:11 PM*
**APP 030**

# CASE SUMMARY
## CASE NO. DF-13-23109

| | | |
|---|---|---|
| 12/20/2013 | NEW CASE FILED (OCA) - FAMILY | |
| 12/20/2013 | ORDER - AFTER JUDGMENT MOTION DISPOSED | *Vol./Book 478C, Page 00781* |
| 12/20/2013 | INSTRUMENTS<br>*FIRST AMENDED PETITION* | |
| 12/30/2013 | MOTION - CONSOLIDATE<br>*Motion to Consolidate* | |
| 01/03/2014 | MOTION - SANCTIONS<br>*DEFENDANT MOTION FOR SANCTIONS* | |
| 01/09/2014 | ASSOCIATE JUDGE'S REPORT | *Vol./Book 7839, Page 416, 1 pages* |
| 01/09/2014 | ORDER - SEAL | *Vol./Book 7839, Page 427, 1 pages* |
| 01/09/2014 | **MOTION HEARING** (9:30 AM)  (Judicial Officer: TURNER, DON)<br>*seal* | |
| 01/21/2014 | MOTION - PROTECT<br>Party:  RESPONDENT  CROW, HARLAN R | |
| 01/30/2014 | ORDER - SANCTIONS | *Vol./Book 7840, Page 191, 1 pages* |
| 01/30/2014 | **MOTION HEARING** (1:30 PM)  (Judicial Officer: TURNER, DON) | |
| 02/28/2014 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party:  RESPONDENT  CROW, HARLAN R | |
| 04/23/2014 | MOTION - QUASH<br>Party:  RESPONDENT  CROW, HARLAN R<br>*& PROTECTIVE ORDER* | |
| 04/23/2014 | MOTION - QUASH<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*DEPOSITION OF CHELSEA DAVIS* | |
| 05/14/2014 | MOTION - SANCTIONS<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*SECOND & MOTION FOR CONTEMPT* | |
| 05/15/2014 | NOTICE OF APPEARANCE<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*DAWN M. SMITH* | |
| 05/28/2014 | NOTICE OF HEARING / FIAT | *Vol./Book 7844, Page 387, 1 pages* |
| 05/28/2014 | MOTION - WITHDRAW ATTORNEY<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*W/D OF DAWN SMITH* | |

*Printed on 09/26/2014 at 4:11 PM*
**APP 031**

# CASE SUMMARY
## CASE NO. DF-13-23109

| | | |
|---|---|---|
| 05/30/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*NOTICE OF NOTICE OF REMOVAL* | |
| 06/02/2014 | ORDER - MISC.<br>*REMAND FROM US DIST COURT, N DIST TX* | *Vol./Book 7845,<br>Page 103, 1 pages* |
| 06/04/2014 | MOTION - SANCTIONS<br>Party: RESPONDENT CROW, HARLAN R<br>*SUPPLEMENT TO SECOND MOTION FOR SANCTIONS AND MOTION FOR CONTEMPT* | |
| 06/11/2014 | VACATION LETTER<br>*KEN STONE, ATTY FOR H. CROW* | |
| 06/12/2014 | JURY DEMAND<br>Party: PETITIONER DAVIS, CHELSEA L<br>*REQUEST FOR PRE-TRIAL HEARING & JURY DEMAND* | |
| 06/12/2014 | NOTICE OF HEARING / FIAT | |
| 06/12/2014 | NOTICE OF HEARING / FIAT | |
| 06/13/2014 | ORDER - WITHDRAW ATTORNEY<br>Party: PETITIONER DAVIS, CHELSEA L<br>*W/D DAWN SMITH* | *Vol./Book 7845,<br>Page 198, 1 pages* |
| 06/16/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L | |
| 06/16/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L | |
| 06/16/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT | |
| 06/17/2014 | RESPONSE<br>*C. DAVIS RESPONSE TO ANTI-DISCOVERY MOTIONS* | |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C.DAVIS PROPOSED ORDER OF DISMISSAL* | |
| 06/17/2014 | MOTION - VACATE<br>Party: PETITIONER DAVIS, CHELSEA L<br>*C.DAVIS MOTION TO VACATE ORDERS* | |
| 06/24/2014 | ORDER - DISMISSAL<br>*WITHOUT PREJUDICE* | *Vol./Book 7845,<br>Page 599, 1 pages* |
| 07/28/2014 | DOCKET SHEET | |
| 07/28/2014 | **PRETRIAL** (1:30 PM) (Judicial Officer: MARTIN, JAMES) | |

# CASE SUMMARY
## CASE NO. DF-13-23109

| | |
|---|---|
| 08/04/2014 | MOTION - NEW TRIAL<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/04/2014 | MOTION - VACATE<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/06/2014 | *CANCELED* **\*DISMISSAL FOR WANT OF PROSECUTION** (2:00 PM) **(Judicial Officer: MARTIN, JAMES)**<br>*REQUESTED BY ATTORNEY/PRO SE* |
| 08/11/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*CORRESPONDANCE WITH STATE BAR* |
| 08/25/2014 | MOTION - APPOINT MISC<br>*COURT APPOINTED ATTY* |
| 08/29/2014 | NOTICE OF APPEAL OF AJ<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/29/2014 | NOTICE OF NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/29/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER TO VACATE* |
| 08/29/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER OF DISMISSAL* |
| 09/11/2014 | CORRESPONDENCE - LETTER TO FILE<br>*OBJECTION TO ENTRY OF NEW ORDERS* |
| 09/12/2014 | MOTION - REINSTATE<br>Party: PETITIONER DAVIS, CHELSEA L |
| 09/12/2014 | AMENDED PETITION<br>Party: PETITIONER DAVIS, CHELSEA L<br>*2ND* |
| 09/12/2014 | MOTION - LEAVE<br>Party: PETITIONER DAVIS, CHELSEA L<br>*TO REDESIGNATE DOCKET ENTRIES* |
| 09/12/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*AMD COMPLAINT* |
| 09/12/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*AMD COMPLAINT* |
| 09/12/2014 | MOTION - LEAVE |

APP 033

# CASE SUMMARY
## CASE NO. DF-13-23109

Party: PETITIONER DAVIS, CHELSEA L
*TO REDESIGNATE DOCKET ENTRIES*

| 09/12/2014 | MOTION - MISCELLANOUS |
| | Party: PETITIONER DAVIS, CHELSEA L |
| | *DENY APPLICATIONS FOR A P/O* |

| 09/25/2014 | MOTION - MISCELLANOUS |
| | Party: PETITIONER DAVIS, CHELSEA L |
| | *UNSEAL* |

| DATE | FINANCIAL INFORMATION |
|------|----------------------|

**PETITIONER** DAVIS, CHELSEA L

| | | |
|---|---|---|
| Total Charges | | 332.00 |
| Total Payments and Credits | | 70.00 |
| **Balance Due as of 9/26/2014** | | **262.00** |
| | | |
| Charge | PETITIONER DAVIS, CHELSEA L | 262.00 |
| Charge | PETITIONER DAVIS, CHELSEA L | 45.00 |
| PAYMENT (CASE FEES) | Receipt # 33668-2014-DCLK   PETITIONER DAVIS, CHELSEA L | (45.00) |
| Charge | PETITIONER DAVIS, CHELSEA L | 25.00 |
| PAYMENT (CASE FEES) | Receipt # 53515-2014-DCLK   PETITIONER DAVIS, CHELSEA L | (25.00) |

*Printed on 09/26/2014 at 4:11 PM*
**APP 034**

# CASE SUMMARY
## CASE NO. DF-13-19281

|  |  |  |
|---|---|---|
| § | Location: | **254th District Court** |
| § | Judicial Officer: | **MARTIN, JAMES** |
| § | Filed on: | **10/16/2013** |
| § |  |  |

---

### CASE INFORMATION

**Related Cases**
DC-13-12834  (LOCAL RULE 1.06/1.07)
🔒 DF-13-23109  (CONSOLIDATION)

Case Type:  **PROTECTIVE ORDER**

---

### PARTY INFORMATION

| **PETITIONER** | DAVIS, CHELSEA L | |
|---|---|---|
| **RESPONDENT** | BAXTER, SAMUEL F | |
| | MCKOOL SMITH P.C. | |
| | WARE, LESLIE D | BAIN, ANGELINE LINDLE<br>*Retained*<br>214-373-7676(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 01/01/1960 | 🔒 NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*DC1312834-TRANSFERRING TO 254* | |
| 10/16/2013 | ORIGINAL PETITION (OCA) | |
| 10/16/2013 | 🔒 APPLICATION - PROTECTIVE ORDER | |
| 10/16/2013 | 🔒 CASE FILING COVER SHEET | |
| 10/16/2013 | 🖳 ORDER - EXPARTE (TEMP) PROTECTIVE ORDER | *Vol./Book 7836,<br>Page 492, 1 pages* |
| 10/17/2013 | ISSUE TEMPORARY PROTECTIVE ORDER | |
| 10/17/2013 | **TEMPORARY PROTECTIVE ORDER**<br> 🖳 WARE, LESLIE D<br>Served: 10/17/2013<br> 🖳 BAXTER, SAMUEL F<br>Served: 10/18/2013<br>*2-TPO/NOT ATTY RR* | |
| 10/18/2013 | 🖳 MOTION - SEAL<br> Party: RESPONDENT  WARE, LESLIE D;  RESPONDENT  BAXTER, SAMUEL F<br>*OPPOSED BY CHELSEA DAVIS* | |
| 10/18/2013 | | *Vol./Book 7836,* |

APP 035

# CASE SUMMARY
## CASE NO. DF-13-19281

|  |  |  |
|---|---|---|
| | 🔒 ORDER - SEAL | *Page 533, 1 pages* |
| 10/21/2013 | 🔒 ORIGINAL ANSWER - GENERAL DENIAL<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F | |
| 10/24/2013 | 📄 AMENDED ANSWER - AMENDED GENERAL DENIAL<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F<br>*1ST, AND RESPONSE TO APP FOR PROTECTIVE ORDER* | |
| 10/25/2013 | 📄 RETURN OF SERVICE<br>*1 ATTY (CHELSEA DAVIS) ISSUED SUBP TO (LESLIE D. WARE) EXEC 10-24-13 PPS* | |
| 10/27/2013 | 📄 MOTION - QUASH<br>Party: PETITIONER DAVIS, CHELSEA L<br>*NOTICE OF DEPOSITION TO CHELSEA DAVIS (BY ELITE REPRESENTATIVE)* | |
| 10/28/2013 | NOTE - CLERKS<br>*E-FILED DOCUMENTS PRESENTED TO AJ (FIRST MODIFIED APP TEMP EX PARTE PROTECTIVE ORDER & FIRST MOD TEMP EX PARTE PROTECTIVE ORDER)* | |
| 10/28/2013 | 🔒 CASE FILING COVER SHEET<br>*DC1312834-CHELSEA DAVIS (PERSONAL INJURY) V. MCKOOL SMITH & SAMUEL BAXTER* | |
| 10/28/2013 | 🔒 ORIGINAL PETITION<br>*DC1312834-CHELSEA DAVIS (PERSONAL INJURY) V. MCKOOL SMITH & SAMUEL BAXTER* | |
| 10/29/2013 | 📄 NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*FIRST MODIFIED TEMP EX PARTE PROTECTIVE ORDER* | |
| 10/29/2013 | 📄 NOTICE OF HEARING / FIAT<br>*ON CHELSEA DAVIS' MOTION TO QUASH DEPOSITION (SET BY A. BAIN) (unserved)*<br>*CERT OF SERVICE BY A BAIN BY FORWARDING TO COUNSEL OR PARTIES* | |
| 10/29/2013 | 🔒 ISSUE CITATION<br>*DC1312834-BAXTER* | |
| 10/29/2013 | 🔒 ISSUE CITATION<br>*DC1312834-MCKOOL SMITH PC* | |
| 10/29/2013 | 🔒 MOTION - SEAL<br>Party: RESPONDENT BAXTER, SAMUEL F<br>*DC1312834-BY BAXTER AND MCKOOL-SMITH-OPPOSED BY C.DAVIS* | |
| 10/30/2013 | 📄 ORDER - MISC.<br><br>*AGREED ORD EXPIRATION EX PARTE PROT ORDER (C. DAVIS STATED SHE DID NOT AGREE)* | *Vol./Book 7837,*<br>*Page 292, 1 pages* |
| 10/30/2013 | NOTE - CLERKS<br>*6/16/2014-MS. DAVIS ATTEMPTED TO CANCEL HEARING-DID NOT APPEAR AT HEARING.* | |
| 10/30/2013 | **PROTECTIVE ORDER - FAM VIOLENCE** (1:30 PM) (Judicial Officer: TURNER, DON) | |

APP 036

Contents of Family Record/Case

# CASE SUMMARY
## CASE NO. DF-13-19281

| | |
|---|---|
| | *AND MOTION TO QUASH* |
| 11/01/2013 | 🔒 APPLICATION - PROTECTIVE ORDER<br>Party: RESPONDENT WARE, LESLIE D<br>*L. WARE APPLICATION FOR PROT ORDER AGAINST C.DAVIS (TX FAM CODE 71.002 ONLY)* |
| 11/01/2013 | 🔒 NOTICE OF HEARING / FIAT<br>*C. DAVIS MOTION TO QUASH DEPOSITION OF C. DAVIS(SET BY A. BAIN) SET FOR 11/20/2013. CERT OF SERVICE BY A BAIN BY FORWARDING TO COUNSEL OR PARTIES* |
| 11/01/2013 | 🔒 MOTION - COMPEL<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F<br>*RESP MOTION FOR RELEASE OF MEDICAL RECORDS OF C. DAVIS* |
| 11/01/2013 | 🔒 MISCELLANOUS EVENT<br>Party: RESPONDENT BAXTER, SAMUEL F<br>*DC1312834-NOTICE OF POSTING PUBLIC NOTICE TO SEAL DC1312834 BY S. BAXTER AND MCKOOL SMITH* |
| 11/04/2013 | 🔒 MOTION - TRANSFER - NO CHANGE OF VENUE<br>Party: RESPONDENT BAXTER, SAMUEL F<br>*TRANSFER DC1312834 FROM 298TH (TOBOLOWSKY) TO 254TH DF1319281 BY S. BAXTER & MCKOOL SMITH* |
| 11/04/2013 | 🔒 AMENDED PETITION<br>Party: PETITIONER DAVIS, CHELSEA L<br>*FIRST-DC1312834 (COMPLAINT C. DAVIS V MCKOOL SMITH (HUMAN TRAFFICKING/PERSONAL INJURY/OVER $1MILLION))* |
| 11/05/2013 | 🔒 MOTION - SEAL<br>Party: RESPONDENT BAXTER, SAMUEL F<br>*& STAY-DC1312834 (MCKOOL SMITH * S. BAXTER EMERGENCY SUPPLEMENTAL MOTION FOR TEMP AND PERM SEALING ORDER & MOTION TO STAY)* |
| 11/06/2013 | 🔒 ORDER - STAY<br>*DC1312834 (TOBOLOWSKY) & TEMPORARY SEALING ORDER* | *Vol./Book 345M, Page 1050, 1 pages* |
| 11/11/2013 | 🔒 RETURN OF SERVICE<br>*DC1312834-AFFIDAVIT OF SVC-CIT-MCKOOL SMITH-EXEC 10/31/2013-12:01PM-PPS* |
| 11/13/2013 | 🔒 MOTION - MISCELLANOUS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC1312834-DENY TRANSFER OF ENTIRE CASE TO 254 & TO SEVER CIVIL ACTION FOR MONETARY DAMAGES & OPPOSITION TO JUDGE TURNER & REQUEST TO LIFT STAY* |
| 11/14/2013 | 🔒 NOTICE OF HEARING / FIAT<br>*DC1312834 HEARING ON MOT TO DENY TRANSF TO 254 ON 11/18 BY C. DAVIS.* |
| 11/15/2013 | 🔒 RESPONSE<br>*DC1312834-TO REQUEST TO LIFT STAY & CROSS-MOTION FOR SANCTIONS (RESPONSE TO C DAVIS 11/13 MOTION)* |

*Printed on 11/20/2014 at 10:23 AM*

**APP 037**

# CASE SUMMARY
## CASE NO. DF-13-19281

| Date | | Entry | Vol./Book |
|---|---|---|---|
| 11/18/2013 | 🔒 | CORRESPONDENCE - LETTER TO FILE<br>*DC1312834-D COLLELUORI LETTER TO C.DAVIS* | |
| 11/18/2013 | 🔒 | NOTICE OF NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC1312834-OF SAMUEL F. BAXTER* | |
| 11/19/2013 | 🔒 | MOTION - MISCELLANOUS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DISCOVERY MOTION TO COMPEL DEPOSITIONS AND NOTICE OF UNSIGNED DISCOVERY REQUEST* | |
| 11/19/2013 | 🔒 | MISCELLANOUS EVENT<br>*E-MAIL REQUESTING COURT APPOINTED ATTY-DC1312834-TO JUDGE TOBOLOWSKY* | |
| 11/19/2013 | 🔒 | ORDER - NONSUIT<br>*DC1312834-SAMUEL BAXTER-DISMISS WITHOUT PREJUDICE* | Vol./Book 345M, Page 78, 1 pages |
| 11/20/2013 | 🔒 | ORDER - QUASH<br>*PET ORD TO APPEAR FOR DEPO (ORDER ON MOTION TO QUASH DEPOSITION OF CHELSEA DAVIS. CHELSEA DAVIS ORDERED TO APPEAR FOR DEPOSITION AT OFFICES OF ANGIE BAIN ON 12/9 FOR C. DAVIS DEPOSITION ON EXPIRED APP FOR TEMP EX PARTE PROTECTIVE ORDER AGAINST L. WARE & S BAXTER) SIGNED BY AJ DON TURNER AT MOTION HEARING FOR EX PARTE ORDER* | Vol./Book 7838, Page 86, 1 pages |
| 11/20/2013 | | **MOTION HEARING** (9:30 AM) (Judicial Officer: TURNER, DON)<br>*QUASH DEPOSITION* | |
| 11/21/2013 | 🔒 | ORDER - TRANSFER (NOT CHANGE OF VENUE)<br>*DC-13-12834 INTO DF-13-19281-R-254* | Vol./Book 7838, Page 85, 1 pages |
| 11/22/2013 | 🔒 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party: RESPONDENT MCKOOL SMITH P.C.<br>*DC1312834-* | |
| 11/26/2013 | 🔒 | AMENDED PETITION<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC1312834-SECOND AMENDED ORIGINAL PETITION AGAINST DEFENDANT MCKOOL SMITH* | |
| 11/26/2013 | 🔒 | CORRESPONDENCE - LETTER TO FILE<br>*DC 1312834 PARTY: MKOOL SMITH P.C. LETTER TO JUDGE TOBOLOWSKY TO TRANSFER DC1312834 TO 254TH ENCLOSING 11/21/13 ORDER IN DF 1319281 TO TRANSFER SIGNED BY AJ DON TURNER & ENCLOSING NONSIGNED PROPOSED ORDER TRANSFERRING CASE* | |
| 11/26/2013 | 🔒 | ORDER - TRANSFER (NOT CHANGE OF VENUE)<br>*TRANSFER DC1312834 (FROM 298) TO DF-13-19281 (254) AND CONSOLIDATE WITH DF1319281. SIGNED BY JUDGE TOBOLOWSKY* | Vol./Book 354M, Page 151, 1 pages |
| 11/27/2013 | 🔒 | MOTION - COMPEL<br>*AND MOTION FOR DISCOVERY-OPPOSED BY C. DAVIS TO COMPEL DISCOVERY RESPONSES TO L. WARE'S DISCOVERY REQUEST TO C. DAVIS AND DISCOVERY* | |

APP 038

# CASE SUMMARY
## CASE NO. DF-13-19281

| | |
|---|---|
| | *SANCTIONS AGAINST C. DAVIS* |
| 11/27/2013 | NOTICE OF HEARING / FIAT<br>*FOR 11/27 MOTION TO COMPEL & MOTION FOR DISCOVERY SANCTIONS* |
| 11/27/2013 | MOTION - COMPEL<br>*RELEASE OF MEDICAL RECORDS* |
| 11/27/2013 | NOTICE OF HEARING / FIAT<br>*FOR 11/27 MOTION FOR RELEASE FOR MEDICAL RECORDS* |
| 11/27/2013 | MOTION - VACATE<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*DC 1312834-ORDER TRANSFERRING & CONSOLIDATING WITH DF1319281* |
| 12/04/2013 | MOTION - VACATE<br>Party:  PETITIONER  DAVIS, CHELSEA L |
| 12/04/2013 | NOTICE OF NONSUIT<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*MS. DAVIS-CAUSE NUMBER [NEW] & DC 1312834. NONSUIT FOR MCKOOL SMITH<br>P.C. (AND ALL PARTIES) WITHOUT PREJUDICE* |
| 12/04/2013 | NOTICE OF NONSUIT<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*DC 1312834-MCKOOL SMITH PC* |
| 12/05/2013 | MOTION - MISCELLANOUS<br>Party:  RESPONDENT  BAXTER, SAMUEL F;  RESPONDENT  MCKOOL SMITH P.C.<br>*CONSOLIDATE W/ DC-13-12834-M & FOR ANTI-SUIT INJUNCTION* |
| 12/10/2013 | NOTICE OF HEARING / FIAT<br>*MOTION TO CONSOLIDATE AND FOR ANTI-SUIT INJUNCTION/CLERK<br>SIGNATURE/NO CERT OF SERVICE* |
| 12/10/2013 | MOTION - MISCELLANOUS<br>Party:  RESPONDENT  WARE, LESLIE D<br>*CONSOLIDATE W/ DC-13-12834-M & FOR ANTI-SUIT INJUNCTION* |
| 12/13/2013 | MOTION - SANCTIONS<br>Party:  RESPONDENT  BAXTER, SAMUEL F;  RESPONDENT  MCKOOL SMITH P.C.<br>*SECOND MOTION FOR SANCTIONS AGAINST CHELSEA DAVIS* |
| 12/13/2013 | CORRESPONDENCE - LETTER TO FILE<br>*LETTER DATED 12/10/2013 FROM A. BAIN TO C. DAVIS SETTING HEARING FOR MOT<br>TO CONS AND ANTI SUIT INJUNCTION ON 1/8/14 BEFORE AJ D. TURNER* |
| 12/16/2013 | CORRESPONDENCE - LETTER TO FILE<br>*DON COLLELOURI LETTER (12/13/13) TO C. DAVIS, HEARING ON MOTION TO<br>CONSOLIDATE & FOR ANTI- SUIT INJUNCTION 01/08/2014* |
| 12/17/2013 | MOTION - QUASH<br>Party:  RESPONDENT  WARE, LESLIE D<br>*& MOTION FOR PROTECTIVE ORDER* |

*Printed on 11/20/2014 at 10:23 AM*

**APP 039**

# CASE SUMMARY
## CASE NO. DF-13-19281

| | |
|---|---|
| 12/17/2013 | 🔒 MOTION - MISCELLANOUS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*SECOND DISCOVERY MOTION TO COMPEL DEPOSITION AND NOTICE OF UNSIGNED DISCOVERY REQUEST* |
| 12/17/2013 | 📄 MOTION - REINSTATE<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC1312834-REINSTATE ACTION AGAINST MCKOOL SMITH & REQUEST FOR HEARING* |
| 12/18/2013 | ISSUE NOTICE<br>*FOR 1/8/14 HEARING ON MOTION FOR SANCTIONS AND CONTEMPT* |
| 12/18/2013 | ISSUE NOTICE<br>*FOR 1/8/14 HEARING ON MOTION FOR SANCTIONS AND CONTEMPT* |
| 12/18/2013 | 📄 MOTION - MISCELLANOUS<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F<br>*CONTEMPT-FAILURE TO APPEAR AT DEPOSITION AT ANGIE BAIN'S OFFICES FOR CHELSEA DAVIS APPLICATION FOR PROTECTIVE ORDER AGAINST L. WARE* |
| 12/18/2013 | **NOTICE**<br>🔒 DAVIS, CHELSEA L<br>Served: 12/20/2013<br>*ATTY/CM FOR 1/8/14 HEARING ON MOTION FOR SANCTIONS AND CONTEMPT* |
| 12/18/2013 | **NOTICE**<br>🔒 DAVIS, CHELSEA L<br>Served: 12/20/2013<br>*ATTY/CM FOR 1/8/14 HEARING ON MOTION FOR SANCTIONS AND CONTEMPT* |
| 12/18/2013 | 📄 MOTION - SANCTIONS<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F |
| 12/18/2013 | NOTICE OF HEARING / FIAT |
| 12/20/2013 | 🔒 MOTION - QUASH<br>Party: RESPONDENT BAXTER, SAMUEL F |
| 01/07/2014 | 📄 MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*NOTICE OF REMOVAL TO FEDERAL COURT 3:13-CV-04926 JUDGE GODBEY PRESIDING* |
| 01/08/2014 | **MOTION HEARING** (9:30 AM) (Judicial Officer: TURNER, DON)<br>*COMPEL DISCOVERY/ RELEASE OF MEDICAL RECORDS/CONSOLIDATE/ MOT SANCTIONS/CONTEMPT ALSO MOT/CONSOLIDATE FROM MCKOOL SMITH-RELATED CASE DF-13-23109* |
| 01/09/2014 | 📄 CORRESPONDENCE - LETTER TO FILE<br>*CC OF A LETTER TO JUDGE TOBOLOWSKY REFERENCING DC1314215* |
| 02/13/2014 | 📄 MISCELLANOUS EVENT<br>*COPY OF JUDGMENT REMANDING BACK TO 254TH DISTRICT COURT* |
| 02/14/2014 | |

**APP 040**

# CASE SUMMARY
## CASE NO. DF-13-19281

|  |  |  |
|---|---|---|
|  | 🔒 MISCELLANOUS EVENT<br>*CHELSEA DAVIS DID NOT GO TO ANGIE BAINE'S OFFICE* |  |
| 05/28/2014 | 🔍 NOTICE OF HEARING / FIAT<br>*FOR 6/2 HEARING. MOTIONS TO COMPEL RELEASE OF MED RECORDS, DISCOVERY AND DISCOVERY SANCTIONS, CONSOLIDATE AND ANTI SUIT INJUNCTION, SANCTIONS AND CONTEMPT.* | *Vol./Book 7844,<br>Page 385, 1 pages* |
| 05/30/2014 | 🔍 MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*NOTICE OF NOTICE OF REMOVAL* |  |
| 06/02/2014 | 🔒 ORDER - MISC.<br>*REMAND US DIST COURT, N DIST TX* | *Vol./Book 7845,<br>Page 104, 1 pages* |
| 06/02/2014 | **SPECIAL SET** (9:30 AM)  (Judicial Officer: TURNER, DON) |  |
| 06/04/2014 | ISSUE NOTICE<br>*MOTIONS TO COMPEL RELEASE OF MED RECORDS, DISCOVERY AND DISCOVERY SANCTIONS, CONSOLIDATE AND ANTI SUIT INJUNCTION, SANCTIONS AND CONTEMPT.* |  |
| 06/04/2014 | **NOTICE**<br>DAVIS, CHELSEA L<br>Unserved<br>*MOTIONS TO COMPEL RELEASE OF MED RECORDS, DISCOVERY AND DISCOVERY SANCTIONS, CONSOLIDATE AND ANTI SUIT INJUNCTION, SANCTIONS AND CONTEMPT.* |  |
| 06/04/2014 | 🔍 NOTICE OF HEARING / FIAT<br>*MOTIONS TO COMPEL RELEASE OF MED RECORDS, DISCOVERY AND DISCOVERY SANCTIONS, CONSOLIDATE AND ANTI SUIT INJUNCTION, SANCTIONS AND CONTEMPT.* |  |
| 06/09/2014 | 🔍 MOTION - SANCTIONS<br>Party:  RESPONDENT  WARE, LESLIE D;  RESPONDENT  BAXTER, SAMUEL F<br>*AMENDED AND CUMULATIVE& BRIEF IN SUPPORT* |  |
| 06/13/2014 | 🔍 MOTION - VACATE<br>Party:  PETITIONER  DAVIS, CHELSEA L |  |
| 06/13/2014 | 🔍 NOTICE OF HEARING / FIAT |  |
| 06/16/2014 | 🔍 MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L |  |
| 06/16/2014 | 🔍 MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L |  |
| 06/16/2014 | 🔍 MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L |  |
| 06/16/2014 | 🔍 MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L |  |

**APP 041**

# CASE SUMMARY
## CASE NO. DF-13-19281

*NOTICE OF MISSING DOCUMENTS, EVENTS AND ORDERS*

| | | |
|---|---|---|
| 06/16/2014 | REQUEST CLERK PREPARE RECORD<br>Party: PETITIONER DAVIS, CHELSEA L<br>*& REQUEST TO INDEX ALL DOCUMENTS AND EVENTS* | |
| 06/17/2014 | ORDER - SANCTIONS | *Vol./Book 7845,<br>Page 402, 1 pages* |
| 06/17/2014 | ORDER - CONSOLIDATE<br>*DF13-23109 INTO DF 13-19281* | *Vol./Book 7845,<br>Page 403, 1 pages* |
| 06/17/2014 | ORDER - SANCTIONS<br>*AND MOT/ CONTEMPT* | *Vol./Book 7845,<br>Page 404, 1 pages* |
| 06/17/2014 | RESPONSE<br>*C. DAVIS RESPONSE AND OBJECTIONS TO ANTI-DISCOVERY MOTIONS* | |
| 06/17/2014 | RESPONSE<br>*C. DAVIS RESPONSE AND OBJECTIONS TO DISCOVERY REQUESTS* | |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C. DAVIS PROPOSED ORDER OF DISMISSAL W/O PREJUDICE DF 1319281,DC1314479,DF1323109* | |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C.DAVIS PROPOSED ORDER OF DISMISSAL W/O PREJUDICE DF1319281,DC1312384,DF1411110* | |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C.DAVIS PROPSED ORDER OF DISMISSAL W/O PREJUDICE DF1319381* | |
| 06/17/2014 | EXHIBITS<br>*C. DAVIS APP FOR EX PARTE PROTECTIVE ORDER AGAINST L. WARE AND S. BAXTER* | |
| 06/17/2014 | MOTION - NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L | |
| 06/17/2014 | ASSOCIATE JUDGE'S REPORT | *Vol./Book 7845,<br>Page 370, 1 pages* |
| 06/17/2014 | **SPECIAL SET** (9:30 AM) (Judicial Officer: TURNER, DON)<br>*M/PROTECT* | |
| 06/24/2014 | NOTE - CLERKS<br>*called and spoke to attny davis, got clarificaton as to what her request was about...transcripts/appeal will do nothing with this request as attny davis is asking for the documents within her case in oddyssey need to be re-indexed, informed her we do not maintain the court case in oddyssey we only prepare requested documents into the clerk's record* | |
| 06/24/2014 | ORDER - DISMISSAL<br>*WITHOUT PREJUDICE* | *Vol./Book 7845,<br>Page 599, 1 pages* |

**APP 042**

# CASE SUMMARY
## CASE NO. DF-13-19281

| | | |
|---|---|---|
| 07/03/2014 | 5TH COA ORDER<br>*7846/251//DISMISSAL* | |
| 07/03/2014 | 5TH COA ORDER<br>*MEMORANDUM OPINION 7846/321* | |
| 07/08/2014 | ISSUE CITATION<br>*MOTION FOR CONTEMPT, ETC* | |
| 07/08/2014 | ISSUE NOTICE | |
| 07/08/2014 | MOTION - CONTEMPT OR ENFORCE TEMP ORDER<br>Party: RESPONDENT  WARE, LESLIE D;  RESPONDENT  BAXTER, SAMUEL F | |
| 07/08/2014 | ORDER - APPEAR | *Vol./Book 7846,<br>Page 323, 1 pages* |
| 07/09/2014 | **CITATION**<br>DAVIS, CHELSEA L<br>Served: 07/12/2014<br>*SB/ATTY* | |
| 07/09/2014 | **NOTICE**<br>DAVIS, CHELSEA L<br>Served: 07/12/2014<br>*SB/ATTY* | |
| 07/15/2014 | ORDER - COMPEL<br>*DISCOVERY/SANCTIONS* | *Vol./Book 7846,<br>Page 445, 1 pages* |
| 07/15/2014 | ORDER - COMPEL<br>*RELEASE OF MED RECS* | *Vol./Book 7846,<br>Page 446, 1 pages* |
| 07/28/2014 | RESPONSE<br>*VERIFIED ANSWER, RESPONSE AND SPECIAL APPEARANCE* | |
| 07/28/2014 | DOCKET SHEET | |
| 07/28/2014 | ORDER - APPEAR<br>*REAPPEAR* | *Vol./Book 7846,<br>Page 90, 1 pages* |
| 07/28/2014 | ORDER - MISC.<br>*REGARDING NON-SUIT* | *Vol./Book 7847,<br>Page 354, 1 pages* |
| 07/28/2014 | **PRETRIAL** (1:30 PM)  (Judicial Officer: MARTIN, JAMES)<br>*contempt* | |
| 08/04/2014 | MOTION - NEW TRIAL<br>Party: PETITIONER  DAVIS, CHELSEA L | |
| 08/04/2014 | MOTION - VACATE | |

APP 043

# CASE SUMMARY
## CASE NO. DF-13-19281

|  | Party: PETITIONER DAVIS, CHELSEA L | |
|---|---|---|
| 08/04/2014 | MOTION - CONTEMPT OR ENFORCE TEMP ORDER<br>Party: PETITIONER DAVIS, CHELSEA L | |
| 08/05/2014 | APPLICATION - PROTECTIVE ORDER<br>Party: RESPONDENT WARE, LESLIE D<br>*FIRST AMENDED APPLICATION FOR A PROTECTIVE ORDER* | |
| 08/05/2014 | NOTICE OF APPEAL - CT. OF APPEALS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DESIGNATION REQUESTED AT TIME OF FILING W/IN 3 DAYS.* | |
| 08/07/2014 | NOTE - CLERKS<br>*SUBMITTED NOA TO THE 5TH COA CONF. NO. 7804* | |
| 08/11/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*CORRESPONDANCE WITH STATE BAR* | |
| 08/11/2014 | NOTICE OF HEARING / FIAT | *Vol./Book 7847,<br>Page 459, 1 pages* |
| 08/11/2014 | ORDER - SET HEARING | *Vol./Book 7847,<br>Page 517, 1 pages* |
| 08/21/2014 | ISSUE CITATION | |
| 08/21/2014 | ISSUE NOTICE | |
| 08/22/2014 | **CITATION**<br>DAVIS, CHELSEA L<br>Served: 08/28/2014<br>*ATTY / AM* | |
| 08/22/2014 | CITATION ISSUED | |
| 08/22/2014 | **NOTICE**<br>DAVIS, CHELSEA L<br>Served: 08/28/2014<br>*ATTY / AM* | |
| 08/22/2014 | NOTICE ISSUED | |
| 08/22/2014 | NOTICE OF HEARING / FIAT | |
| 08/22/2014 | MOTION - MISCELLANOUS<br>Party: RESPONDENT WARE, LESLIE D<br>*EXTENSION OF DEADLINES AND NEW TRIAL* | |
| 08/25/2014 | MOTION - APPOINT MISC<br>*COURT APPOINTED ATTY* | |
| 08/26/2014 | NOTICE OF HEARING / FIAT | |

APP 044

Online... www.dallascourts.org

# CASE SUMMARY
## CASE NO. DF-13-19281

| | |
|---|---|
| 09/10/2014 | **AFFIDAVIT**<br>Party: RESPONDENT WARE, LESLIE D<br>*NOTICE OF FILING OF BUSINESS RECORD AFFIDAVID - TURKESSA TERRELL - DALLAS COUNTY HOSPITAL DISTRICT(PARKLAND)* |
| 09/11/2014 | **CORRESPONDENCE - LETTER TO FILE**<br>*OBJECTION TO ENTRY OF NEW ORDERS* |
| 09/12/2014 | **AMENDED PETITION**<br>Party: PETITIONER DAVIS, CHELSEA L<br>*4TH* |
| 09/12/2014 | **AMENDED PETITION**<br>Party: PETITIONER DAVIS, CHELSEA L<br>*3RD* |
| 09/12/2014 | **MISCELLANOUS EVENT**<br>Party: PETITIONER DAVIS, CHELSEA L<br>*AMENDED COMPLAINT* |
| 09/12/2014 | **MOTION - MISCELLANOUS**<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DENY APPLICATIONS FOR A P/O* |
| 09/12/2014 | **APPLICATION - PROTECTIVE ORDER**<br>Party: PETITIONER DAVIS, CHELSEA L<br>*4TH AMD APPL FOR TEMP EX PARTE P/O* |
| 09/12/2014 | APPLICATION - PROTECTIVE ORDER<br>Party: PETITIONER DAVIS, CHELSEA L<br>*AMD APPL FOR TEMP EX PARTE P/O* |
| 09/12/2014 | **MISCELLANOUS EVENT**<br>Party: PETITIONER DAVIS, CHELSEA L<br>*AMD COMPLAINT* |
| 09/15/2014 | NOTE - CLERKS<br>*spoke to attny davis, she is withdrawing her notice of appeal and will submit a motion to dismiss her appeal.....she understands we need something officially ...has requested we do not proceed with preparation of the clerk's record* |
| 09/25/2014 | **MOTION - MISCELLANOUS**<br>Party: PETITIONER DAVIS, CHELSEA L<br>*UNSEAL* |
| 09/25/2014 | **MOTION HEARING** (9:00 AM) (Judicial Officer: MARTIN, JAMES)<br>Events: 08/04/2014 MOTION - VACATE<br>08/22/2014 MOTION - MISCELLANOUS<br>08/25/2014 MOTION - APPOINT MISC<br>*M/EXT DEADLINES/M/APPT ATTY/ MOTION VACATE* |
| 10/01/2014 | **COA - POST CARD**<br>*05-14-01036-CV POST CARD CR DUE* |
| 10/06/2014 | **ORDER - CAPIAS** |

*Vol./Book 7849,*
*Page 593, 1 pages*

**APP 045**

Cristina Luna, Walker, District Clerk

# CASE SUMMARY
## CASE NO. DF-13-19281

| | |
|---|---|
| 10/06/2014 | 🔍 DOCKET SHEET |
| 10/06/2014 | **CONTEMPT/ENFORCEMENT** (1:30 PM)  (Judicial Officer: MARTIN, JAMES) |
| 10/08/2014 | ISSUE CAPIAS |
| 10/08/2014 | ISSUE CAPIAS |
| 10/08/2014 | **ATTACHMENT, CAPIAS, COMMITMENT**<br>DAVIS, CHELSEA L<br>Unserved<br>*NOT PREPARED BY DALLAS COUNTY* |
| 10/09/2014 | 🔍 MOTION - MISCELLANOUS<br>Party:  RESPONDENT  WARE, LESLIE D<br>*TRANSFER RELATED CASE* |
| 10/10/2014 | 🔍 NOTICE OF HEARING / FIAT |
| 10/13/2014 | 🔍 OBJECTIONS - MISC<br>*AND SPECIAL EXCEPTIONS* |
| 10/21/2014 | 🔍 ORDER - APPEAR |
| 10/22/2014 | 🔍 JURY DEMAND<br>Party: PETITIONER  DAVIS, CHELSEA L |
| 10/22/2014 | 🔍 MISCELLANOUS EVENT<br>Party: PETITIONER  DAVIS, CHELSEA L<br>*PLEA TO JURISDICTION* |
| 10/22/2014 | 🔍 OBJECTIONS - MISC<br>*SUPPLEMENTAL* |
| 10/22/2014 | 🔍 NOTICE OF APPEARANCE<br>Party:  ATTORNEY  DAVIS, CHELSEA L |
| 10/22/2014 | 🔍 MISCELLANOUS EVENT<br>*DEFENDANT'S ELECTION OF PUNISHMENT IN JURY TRIAL* |
| 10/22/2014 | 🔍 NOTICE OF APPEAL OF AJ<br>Party:  PETITIONER  DAVIS, CHELSEA L |
| 10/22/2014 | 🔍 SPECIAL EXCEPTIONS<br>*AND NON-APPEARANCE SPECIAL EXCEPTIONS* |
| 10/23/2014 | ISSUE NOTICE |
| 10/23/2014 | **NOTICE**<br>DAVIS, CHELSEA L<br>Unserved<br>*ATTY / AM* |

*Vol./Book 7850, Page 308, 1 pages* (ORDER - APPEAR, 10/21/2014)

**APP 046**

# Case Summary
## Case No. DF-13-19281

| | |
|---|---|
| 10/23/2014 | NOTICE ISSUED | |
| 10/28/2014 | 🔍 RETURN OF SERVICE<br>*1 ATTY ISSUED SUBP TO (LESLIE D. WARE) EXEC 10-24-14 PPS* | |
| 10/30/2014 | 🔍 ORDER - EXTEND MISC<br>*DEADLINES* | *Vol./Book 7850, Page 445, 1 pages* |
| 10/30/2014 | 🔍 ORDER - TRANSFER (NOT CHANGE OF VENUE)<br>*DC-14-11682 INTO 254TH* | *Vol./Book 7850, Page 446, 1 pages* |
| 10/30/2014 | 🔍 ORDER - CAPIAS | *Vol./Book 7850, Page 464, 1 pages* |
| 10/30/2014 | ISSUE CAPIAS | |
| 10/30/2014 | **CONTEMPT/ENFORCEMENT** (9:00 AM)  (Judicial Officer: MARTIN, JAMES) | |
| 10/31/2014 | **ATTACHMENT, CAPIAS, COMMITMENT**<br>📧 DAVIS, CHELSEA L<br>Served: 10/17/2014<br>*ATTY / AM* | |
| 10/31/2014 | 🔍 WRIT ISSUED | |
| 11/04/2014 | 🔍 CORRESPONDENCE - LETTER TO FILE | |
| 11/05/2014 | 🔍 CASH BOND | |
| 12/08/2014 | **APPEAL AJ** (2:30 PM)  (Judicial Officer: MARTIN, JAMES)<br>*CHELSEA CALLED SET IT BUT DIDN'T FILE THE APPEAL YET 10/21* | |
| 02/17/2015 | **BENCH TRIAL** (9:00 AM)  (Judicial Officer: MARTIN, JAMES)<br>*Application for Protective order* | |
| 02/18/2015 | **BENCH TRIAL** (9:00 AM)  (Judicial Officer: MARTIN, JAMES) | |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **PETITIONER**  DAVIS, CHELSEA L | | |
| | Total Charges | | 126.00 |
| | Total Payments and Credits | | 126.00 |
| | **Balance Due as of  11/20/2014** | | **0.00** |
| 10/16/2013 | Charge | PETITIONER DAVIS, CHELSEA L | 16.00 |
| 12/11/2013 | PAYMENT (CASE FEES) | Receipt # 68527-2013-DCLK | PETITIONER DAVIS, CHELSEA L | (16.00) |
| 06/13/2014 | Charge | PETITIONER DAVIS, CHELSEA L | 15.00 |
| 06/13/2014 | PAYMENT (CASE FEES) | Receipt # 33930-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (15.00) |
| 08/04/2014 | Charge | PETITIONER DAVIS, CHELSEA L | 15.00 |
| 08/04/2014 | PAYMENT (CASE FEES) | Receipt # 44257-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (15.00) |
| 08/04/2014 | Charge | PETITIONER DAVIS, CHELSEA L | 25.00 |
| 08/04/2014 | PAYMENT (CASE FEES) | Receipt # 44259-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (25.00) |

*Printed on 11/20/2014 at 10:23 AM*

**APP 047**

# CASE SUMMARY
## CASE NO. DF-13-19281

| | | | | |
|---|---|---|---|---|
| 08/04/2014 | Charge | | PETITIONER DAVIS, CHELSEA L | 25.00 |
| 08/04/2014 | PAYMENT (CASE FEES) | Receipt # 44261-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (25.00) |
| 10/22/2014 | Charge | | PETITIONER DAVIS, CHELSEA L | 30.00 |
| 10/22/2014 | PAYMENT (CASE FEES) | Receipt # 61712-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (30.00) |

**RESPONDENT** WARE, LESLIE D
Total Charges     125.00
Total Payments and Credits     125.00
**Balance Due as of 11/20/2014**     **0.00**

| | | | | |
|---|---|---|---|---|
| 12/18/2013 | Charge | | RESPONDENT WARE, LESLIE D | 36.00 |
| 12/18/2013 | PAYMENT (CASE FEES) | Receipt # 69821-2013-DCLK | RESPONDENT WARE, LESLIE D | (36.00) |
| 06/04/2014 | Charge | | RESPONDENT WARE, LESLIE D | 8.00 |
| 06/04/2014 | PAYMENT (CASE FEES) | Receipt # 31584-2014-DCLK | RESPONDENT WARE, LESLIE D | (8.00) |
| 07/08/2014 | Charge | | RESPONDENT WARE, LESLIE D | 25.00 |
| 07/08/2014 | PAYMENT (CASE FEES) | Receipt # 38494-2014-DCLK | RESPONDENT WARE, LESLIE D | (25.00) |
| 07/08/2014 | Charge | | RESPONDENT WARE, LESLIE D | 16.00 |
| 07/08/2014 | PAYMENT (CASE FEES) | Receipt # 38512-2014-DCLK | RESPONDENT WARE, LESLIE D | (16.00) |
| 08/21/2014 | Charge | | RESPONDENT WARE, LESLIE D | 16.00 |
| 08/21/2014 | PAYMENT (CASE FEES) | Receipt # 48281-2014-DCLK | RESPONDENT WARE, LESLIE D | (16.00) |
| 10/08/2014 | Charge | | RESPONDENT WARE, LESLIE D | 148.00 |
| 10/08/2014 | Adjustment | | RESPONDENT WARE, LESLIE D | (148.00) |
| 10/08/2014 | Charge | | RESPONDENT WARE, LESLIE D | 8.00 |
| 10/08/2014 | PAYMENT (CASE FEES) | Receipt # 59001-2014-DCLK | RESPONDENT WARE, LESLIE D | (8.00) |
| 10/23/2014 | Charge | | RESPONDENT WARE, LESLIE D | 8.00 |
| 10/23/2014 | PAYMENT (CASE FEES) | Receipt # 61823-2014-DCLK | RESPONDENT WARE, LESLIE D | (8.00) |
| 10/30/2014 | Charge | | RESPONDENT WARE, LESLIE D | 8.00 |
| 10/30/2014 | PAYMENT (CASE FEES) | Receipt # 63399-2014-DCLK | RESPONDENT WARE, LESLIE D | (8.00) |

APP 048

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back          Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-13-14215

| | | |
|---|---|---|
| CHELSEA DAVIS, et al vs. MCKOOL SMITH P.C., et al | § <br> § <br> § <br> § <br> § | Case Type: **OTHER (CIVIL)** <br> Date Filed: **12/02/2013** <br> Location: **160th District Court** |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **MCKOOL SMITH P.C.** | **DONALD COLLELUORI** <br> *Retained* <br> 214-939-2000(W) |
| **PLAINTIFF** | **DAVIS, CHELSEA L.** | **CHELSEA L DAVIS** <br> *Retained* |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| | |
|---|---|
| 12/04/2013 | NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER (Judicial Officer: TOBOLOWSKY, EMILY) <br> Vol./Book 345M, Page 188,  1 pages |
| 12/27/2013 | NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER (Judicial Officer: TOBOLOWSKY, EMILY) <br> Vol./Book 345M, Page 388,  3 pages |

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/02/2013 | NEW CASE FILED (OCA) - CIVIL |
| 12/02/2013 | ORIGINAL PETITION <br> *Original Petition* |
| 12/04/2013 | NOTICE OF NONSUIT <br> *Notice of Nonsuit* |
| 12/04/2013 | NOTE - CLERKS <br> *SUBMITTED ORDER NONSUIT* |
| 12/04/2013 | MOTION - SEAL <br> *EMRG AND TO TRANSFER* |
| 12/04/2013 | NOTICE OF NONSUIT <br> *AMD* |
| 12/04/2013 | ORDER - SEAL <br> *TEMP* <br> Vol./Book 345M, Page 189,  1 pages |
| 12/06/2013 | MOTION - NONSUIT <br> *Motion - Nonsuit* |
| 12/09/2013 | NOTICE OF NONSUIT <br> *Notice of Nonsuit* |
| 12/16/2013 | ORDER - MISC. <br> *O/SETTING HEARING (DF) M/SANCTIONS* <br> Vol./Book 345M, Page 268,  2 pages |
| 12/16/2013 | MOTION - SANCTIONS <br> *(2ND)SEALED FILING - TRACKED TO CLOSET* |
| 12/17/2013 | NOTICE OF HEARING / FIAT <br> *2ND M/SANCTIONS* |
| 12/17/2013 | NOTICE OF NONSUIT <br> *WITHDRAWAL* |
| 12/20/2013 | MOTION - QUASH |
| 12/20/2013 | RETURN OF SERVICE <br> *ORDER SETTING HEARING ISSUED EXEC 13/16/13 ( CHELSEA L DAVIS) COLLIN CO* |
| 12/23/2013 | NOTICE OF APPEAL - CT. OF APPEALS <br> *COA case no 05-13-01747-CV* |
| 12/23/2013 | NOTICE OF APPEAL - CT. OF APPEALS <br> *05-13-01747-CV notice of appeal* |
| 12/26/2013 | Motion - Sanctions  (9:30 AM) (Judicial Officer TOBOLOWSKY, EMILY) <br> *DF/M/SANCTIONS FILED 12/16/13 30M* |
| 12/28/2013 | CORRESPONDENCE - LETTER TO FILE <br> *E-MAIL TO JUDGE RE: HEARING* |
| 12/31/2013 | COA - POST CARD <br> *05-13-01747-CV* |
| 01/06/2014 | NOTICE OF APPEAL - CT. OF APPEALS <br> *05-14-00095-CV (not submitted to the 5th COA yet, same appeal was submitted to the 5th COA later on 1/24/2014) SPOKE TO PRO SE. NEED TO AMEND NOA TO REFLECT DC V. DF IN CAUSE NUMBER/FILE DESIGNATION W/IN 3 DAYS.* |
| 01/07/2014 | MOTION - REINSTATE |
| 01/07/2014 | MOTION - VACATE |

01/10/2014 **COA - POST CARD**
*05-13-01747-CV*

01/13/2014 **COA - CORRESPONDENCE LETTER**
*COA NO. 05-13-01747-CV, SUBMITTED A NO DESIGNATION LTR. TO LISA MATZ, CONF. NO. 4390*

01/14/2014 **COA - CORRESPONDENCE LETTER**
*05-13-01747-CV*

01/24/2014 **NOTICE OF APPEAL - CT. OF APPEALS**
*05-14-00095-CV .... 1 NOA w/dallas county file stamp and 1 NOA w/5th COA file stamp Notice Of Appeal - CT. Of Appeals*

01/24/2014 **REQUEST CLERK PREPARE RECORD**
*05-13-01747-CV Request Clerk Prepare Record*

01/27/2014 **NON-SIGNED PROPOSED ORDER/JUDGMENT**
*O/SETTING HEARING RE: SANCTIONS*

01/31/2014 **Motion - Reinstate** (2:00 PM) (Judicial Officer TOBOLOWSKY, EMILY)
*CHELSEA DAVIS P/M/REINSTATE FILED 01/07/2014 30MIN*

02/03/2014 **ORDER - DENY**
*O/DENY REINSTATE*
Vol./Book 346M, Page 197, 1 pages

02/10/2014 **NOTE - CLERKS**
*COA case no 05-13-01747-CV preparing requested clerk's record*

02/11/2014 **CLERK'S RECORD PAYMENT INVOICE**
*COA case no 05-13-01747-CV, prepared requested clerk's record, sent plaintiff attny invoice via email on 2/11/2014, pending payment, pgs: 90 Clerk's Record- $ 90.00 Transcript Fee- $ 25.00 Attorney Copy Fee- N/A Total Fee- $115.00 Charged Plaintiff- Chelsea Davis*

02/28/2014 **COA - POST CARD**
*05-14-00095-CV*

03/10/2014 **COA - CORRESPONDENCE LETTER**
*no designation letter to 5th COA w/conf trace pg*

04/04/2014 **NOTE - CLERKS**
*COA case no 05-14-00095-CV, preparing requested clerk's record*

04/07/2014 **CLERK'S RECORD PAYMENT INVOICE**
*05-14-00095-CV, prepared clerk's record, basic record, no designation submitted, sent plaintiff invoice via email, pending payment, pgs: 91 Clerk's Record- $91.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $116.00 Charged Plaintiff- Chelsea Davis*

04/07/2014 **APPELLATE RECORD**
*COA case no 05-13-01747-CV Received paid invoice of $115.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5886*

04/07/2014 **APPELLATE RECORD**
*COA case no 05-14-00095-CV Received paid invoice of $116.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5887*

08/07/2014 **SUPPLEMENTAL CLERK'S RECORD REQUEST**
*COA 05-13-01747-CV Defendant's Request to Supplement Sealed Clerk's Record*

08/11/2014 **NOTE - CLERKS**
*COA case no 05-13-01747-CV....preparing requested supp #1 CR*

08/11/2014 **CLERK'S RECORD PAYMENT INVOICE**
*COA case no 05-13-01747-CV, prepared supp #1 clerk's record, sent def attny invoice via email on 8/11/2014, pending payment, pgs: 54 supp #1 Clerk's Record- $ 54.00 Transcript Fee- $ 25.00 Attorney Copy Fee- N/A Total Fee- $79.00 Charged def- McKool Smith*

08/15/2014 **APPELLATE RECORD**
*sent supp #1 CR w/conf pg 7930....54 pgs $79.00 cost*

09/05/2014 **MISCELLANOUS EVENT**
*Amended Filing AMD COMPLAINT*

09/08/2014 **AMENDED PETITION**
*Amended Filing*

09/08/2014 **NOTICE OF NONSUIT**
*AMD*

09/11/2014 **MISCELLANOUS EVENT**
*Request*

10/03/2014 **REQUEST FOR SERVICE**
*TRANSMITTAL LETTER*

10/03/2014 **ISSUE CITATION**

10/03/2014 **CITATION**
*TJ ATTY ESERVE 2720510.*
MCKOOL SMITH P.C. Unserved

10/07/2014 **AMENDED PETITION**
*5TH AMENDED PETITION*

10/07/2014 **ISSUE CITATION**

10/08/2014 **CITATION**
*TJ ATTY 2CITS ESERVE 2758881.*
ROBERTS, TERRI Unserved
MCKOOL SMITH PC Unserved

10/09/2014 **AFFIDAVIT**
*CERTIFICATE OF ATTORNEY*

10/19/2014 **NOTICE OF APPEARANCE**
*NOTICE OF APPEARANCE*

10/23/2014 **MOTION - CONTEMPT OR ENFORCE FINAL ORDER**
*Motion for Enforcement of Judgment and Stay Arbitration and Motion to Declare Plaintiff a Vexatious Litigant*

10/28/2014 **NOTICE OF HEARING / FIAT**
*Notice of Hearing*

11/13/2014 **ORDER - RECUSAL**
Vol./Book 349M, Page 411, 1 pages

11/17/2014 **ORDER - TRANSFER**
*160TH COURT*
Vol./Book 349M, Page 446, 1 pages

11/26/2014 **NOTICE OF HEARING / FIAT**
*Amended Notice of Hearing on Defendant's (1) Motion to Enforce Judgment and Stay Arbitration, and (2) Motion to Declare Plaintiff a Vexatious Litigant*

12/05/2014 *CANCELED* **MOTION HEARING** (2:30 PM) (Judicial Officer TOBOLOWSKY, EMILY)
*REQUESTED BY JUDGE*
*D/ENFORCE OF JUDGMENT FILED 10/23/2014 1 HOUR*

12/12/2014 **MOTION HEARING** (9:30 AM) (Judicial Officer MCFARLIN, SHERYL)
*MOTION FOR CONTEMPT / LANCE / 214-939-2031 / 1 HOUR*

---

**Financial Information**

---

**DEFENDANT** MCKOOL SMITH P.C.

| | | | |
|---|---|---|---|
| | Total Financial Assessment | | 79.00 |
| | Total Payments and Credits | | 79.00 |
| | **Balance Due as of 12/02/2014** | | **0.00** |
| 08/11/2014 | Transaction Assessment | | 79.00 |
| 08/12/2014 | PAYMENT (CASE FEES)   Receipt # 46175-2014-DCLK | FIGARI & DAVENPORT LLP | (79.00) |

**INTERVENOR** MCKOOL SMITH PC

| | | | |
|---|---|---|---|
| | Total Financial Assessment | | 25.00 |
| | Total Payments and Credits | | 25.00 |
| | **Balance Due as of 12/02/2014** | | **0.00** |
| 10/27/2014 | Transaction Assessment | | 25.00 |
| 10/27/2014 | CREDIT CARD - TEXFILE (DC)   Receipt # 62357-2014-DCLK | MCKOOL SMITH PC | (25.00) |

**PETITIONER** Davis, Chelsea L.

| | | | |
|---|---|---|---|
| | Total Financial Assessment | | 16.00 |
| | Total Payments and Credits | | 16.00 |
| | **Balance Due as of 12/02/2014** | | **0.00** |
| 10/08/2014 | Transaction Assessment | | 16.00 |
| 10/08/2014 | CREDIT CARD - TEXFILE (DC)   Receipt # 58819-2014-DCLK | Davis, Chelsea L. | (16.00) |

**PLAINTIFF** DAVIS, CHELSEA L.

| | | | |
|---|---|---|---|
| | Total Financial Assessment | | 551.00 |
| | Total Payments and Credits | | 551.00 |
| | **Balance Due as of 12/02/2014** | | **0.00** |
| 12/11/2013 | Transaction Assessment | | 272.00 |
| 12/11/2013 | PAYMENT (CASE FEES)   Receipt # 68534-2013-DCLK | DAVIS, CHELSEA L. | (272.00) |
| 01/07/2014 | Transaction Assessment | | 40.00 |
| 01/07/2014 | PAYMENT (CASE FEES)   Receipt # 865-2014-DCLK | DAVIS, CHELSEA L. | (40.00) |
| 02/11/2014 | Transaction Assessment | | 115.00 |
| 04/07/2014 | Transaction Assessment | | 116.00 |
| 04/07/2014 | PAYMENT (CASE FEES)   Receipt # 19933-2014-DCLK | ANDREW JEE PC | (231.00) |
| 10/03/2014 | Transaction Assessment | | 8.00 |
| 10/03/2014 | CREDIT CARD - TEXFILE (DC)   Receipt # 58108-2014-DCLK | DAVIS, CHELSEA L. | (8.00) |

# CASE SUMMARY
## CASE NO. DC-13-12834

| | | | |
|---|---|---|---|
| **CHELSEA DAVIS** | § | Location: | **298th District Court** |
| vs. | § | Judicial Officer: | **TOBOLOWSKY, EMILY** |
| **MCKOOL SMITH PC, et al** | § | Filed on: | **10/28/2013** |
| | § | | |

### CASE INFORMATION

**Related Cases**
🔒 DF-13-19281  (LOCAL RULE 1.06/1.07)

Case Type: **OTHER PERSONAL INJURY**
Subtype: **OTHER PERSONAL INJURY**

**Statistical Closures**
11/26/2013     ALL OTHER DISPOSITIONS

### PARTY INFORMATION

*Lead Attorneys*

| | | |
|---|---|---|
| **PLAINTIFF** | **DAVIS, CHELSEA L** | |
| | | **Pro Se** |
| **DEFENDANT** | **BAXTER, SAMUEL F** | **COLLELUORI, DONALD** |
| | | *Retained* |
| | | 214-939-2000(W) |
| | **MCKOOL SMITH PC** | **COLLELUORI, DONALD** |
| | | *Retained* |
| | | 214-939-2000(W) |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/28/2013 | 🔒 ORIGINAL PETITION (OCA) | |
| 10/28/2013 | 📄 ISSUE CITATION | |
| 10/28/2013 | 📄 CASE FILING COVER SHEET | |
| 10/29/2013 | **CITATION**<br>MCKOOL SMITH PC<br>Unserved<br>BAXTER, SAMUEL F<br>Unserved | |
| 10/29/2013 | 📄 MOTION - TEMPORARY ORDERS<br>*& PERMANENT SEALING ORDER* | |
| 10/30/2013 | 🔒 ORDER - SEAL<br>*TEMPORARY* | *Vol./Book 435M,*<br>*Page 968, 1 pages* |
| 11/01/2013 | 📄 MISCELLANOUS EVENT<br>Party:  DEFENDANT  MCKOOL SMITH PC;  DEFENDANT  BAXTER, SAMUEL F<br>*NOTICE OF POSTING PUBLIC NOTICE* | |
| 11/04/2013 | 🔒 AMENDED PETITION<br>Party:  PLAINTIFF  DAVIS, CHELSEA L<br>*1ST* | |
| 11/05/2013 | 📄 MOTION - TEMPORARY ORDERS<br>*EMERGENCY SUPPLEMENTAL & PERM. SEALING ORDER & M/STAY* | |

PAGE 1 OF 5

# CASE SUMMARY
## CASE NO. DC-13-12834

| | | |
|---|---|---|
| 11/06/2013 | ORDER - SEAL | *Vol./Book 345,* |
| | *TEMPORARY & STAY UNTIL SEALING HEARING* | *Page 1050, 2 pages* |
| 11/06/2013 | **TEMPORARY ORDERS HEARING** (9:00 AM) (Judicial Officer: TOBOLOWSKY, EMILY) | |
| | Events: 11/05/2013 MOTION - TEMPORARY ORDERS | |
| | *D/EMERG. SUPPLEMENTAL M/TEMP & PERM. SEAL O/& M/STAY DON 30MIN filed 11/05/2013* | |
| 11/11/2013 | RETURN OF SERVICE | |
| | *AFFIDAVIT OF SERVICE ( SUSAN H STANISLAV FOR MCKOOL SMITH PC EXEC 10/31/13) PPS* | |
| 11/13/2013 | MOTION - EXPEDITED HEARING | |
| | *Motion - Expedited Hearing* | |
| 11/14/2013 | NOTICE OF HEARING / FIAT | |
| | *Notice Of Hearing / Fiat* | |
| 11/15/2013 | RESPONSE | |
| | *DF/REQUEST/LIFT STAY AND X-M SANCTIONS* | |
| 11/18/2013 | CORRESPONDENCE - LETTER TO FILE | |
| | *RESPONSE TO LIFT STAY* | |
| 11/18/2013 | NOTICE OF NONSUIT | |
| | *Notice of Nonsuit of Samuel F. Baxter* | |
| 11/18/2013 | **MOTION HEARING** (8:30 AM) (Judicial Officer: TOBOLOWSKY, EMILY) | |
| | Events: 11/13/2013 MOTION - EXPEDITED HEARING | |
| | *PL/EMERG M DENY TRSF & SEVER FILED 11/14/13 30M* | |
| 11/19/2013 | NOTE - CLERKS | |
| | *SUBMITED ORDER NONSUIT* | |
| 11/19/2013 | CORRESPONDENCE - LETTER TO FILE | |
| | *E-MAIL- PLTF, CHELSEA DAVIS TO JUDGE* | |
| 11/19/2013 | ORDER - NONSUIT | *Vol./Book 345M,* |
| | *SAMUEL F. BAXTER* | *Page 078, 1 pages* |
| 11/22/2013 | ORIGINAL ANSWER - DEFENDANT | |
| | *Defendant McKool Smith, P.C.'s Original Answer* | |
| 11/26/2013 | ORDER - TRANSFER/CONSOLIDATE | *Vol./Book 345M,* |
| | *W/DF-13-19281/254TH* | *Page 151, 1 pages* |
| 11/26/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT | |
| | *TRSF CASE* | |
| 11/26/2013 | CORRESPONDENCE - LETTER TO FILE | |
| | *TRSF CASE LTR JUDGE* | |

**APP 053**

# CASE SUMMARY
## CASE NO. DC-13-12834

| | |
|---|---|
| 11/26/2013 | 🔒 AMENDED PETITION<br>  Party:  PLAINTIFF  DAVIS, CHELSEA L<br>  *SEALED 2ND* |
| 11/27/2013 | 📄 MOTION - VACATE<br>  *Motion - Vacate - $15* |
| 12/03/2013 | NOTE - CLERKS<br>  *SENT TO TRSF DEPT COPY OF ORDER* |
| 12/04/2013 | 📄 NOTICE OF NONSUIT<br>  *Notice of Nonsuit* |
| 12/06/2013 | *CANCELED*  **TEMPORARY ORDERS HEARING** (4:00 PM)  **(Judicial Officer: TOBOLOWSKY, EMILY)**<br>  *BY COURT ADMINISTRATOR*<br>  *TEMP. SEALING ORDER DON 214-939-2007 30MIN* |
| 12/17/2013 | 📄 MOTION - REINSTATE<br>  Party:  PLAINTIFF  DAVIS, CHELSEA L |
| 12/17/2013 | 📄 MOTION - ENTER ORDER<br>  Party:  PLAINTIFF  DAVIS, CHELSEA L<br>  *DISCOVERY CONTROL PLAN* |
| 12/23/2013 | 📄 NOTICE OF APPEAL - CT. OF APPEALS<br>  Party:  PLAINTIFF  DAVIS, CHELSEA L<br>  *05-13-01748-CV FILED W/5THCOA ONLY. SPOKE TO PRO SE CONCERNING DESIGNATION LETTER. NEED IMMEDIATELY. WILL BRING IN TODAY. SAY SHE FILED 3 APPEALS. TOLD HER WE NEED 3 DESIGNATION ONE FOR EACH. COA FILED UNDER THIS CAUSE V. DF13-19281.* |
| 12/23/2013 | 📄 NOTICE OF APPEAL - CT. OF APPEALS<br>  Party:  PLAINTIFF  DAVIS, CHELSEA L<br>  *COA case no 05-13-01744-CV Notice Of Appeal* |
| 12/23/2013 | 📄 NOTICE OF APPEAL - CT. OF APPEALS<br>  Party:  PLAINTIFF  DAVIS, CHELSEA L<br>  *05-13-01744-CV AMENDED Notice Of Appeal* |
| 12/31/2013 | 📄 COA - POST CARD<br>  *05-13-01744-CV* |
| 01/10/2014 | 📄 COA - POST CARD<br>  *05-13-01748-CV* |
| 01/13/2014 | 📄 COA - CORRESPONDENCE LETTER<br>  Party:  PLAINTIFF  DAVIS, CHELSEA L<br>  *COA NO. 05-13-01748-CV, SUBMITTED A NO DESIGNATION LTR. TO LISA MATZ, CONF. NO. 4393* |
| 01/14/2014 | 📄 COA - CORRESPONDENCE LETTER<br>  Party:  PLAINTIFF  DAVIS, CHELSEA L<br>  *COA NO. 05-13-01744-CV* |

**APP 054**

# CASE SUMMARY
## CASE NO. DC-13-12834

| | |
|---|---|
| 01/24/2014 | 📄 REQUEST REPORTER RECORD<br>*05-13-01748-CV Request Reporter Record* |
| 01/24/2014 | 📄 REQUEST CLERK PREPARE RECORD<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*05-13-01748-CV Request Clerk Prepare Record* |
| 01/24/2014 | 📄 REQUEST REPORTER RECORD<br>*05-13-01744-CV Request Reporter Record* |
| 01/24/2014 | 📄 REQUEST CLERK PREPARE RECORD<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*05-13-01744-CV Request Clerk Prepare Record* |
| 02/05/2014 | NOTE - CLERKS<br>*COA case no 05-13-01744-CV, preparing requested clerk's record* |
| 02/05/2014 | NOTE - CLERKS<br>*COA case no 05-13-01744-CV, preparing requested clerk's record* |
| 02/10/2014 | 📄 CLERK'S RECORD PAYMENT INVOICE<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-13-01744-CV, prepared requested clerk's record sent plaintiff invoice via email on 2/10/2014, pending payment, pg: 165 Clerk's Record- $165.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $190.00 Charged Plaintiff- Chelsea Davis* |
| 02/10/2014 | 📄 CLERK'S RECORD PAYMENT INVOICE<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-13-01748-CV, prepared requested clerk's record sent plaintiff invoice via email on 2/10/2014, pending payment, pg: 165 Clerk's Record- $165.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $190.00 Charged Plaintiff- Chelsea Davis* |
| 04/07/2014 | 🔒 APPELLATE RECORD<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-13-01744-CV Received paid invoice of $190.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5888* |
| 04/07/2014 | 🔒 APPELLATE RECORD<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-13-01748-CV Received paid invoice of $190.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5889* |

| DATE | FINANCIAL INFORMATION |
|---|---|

| | | | |
|---|---|---|---|
| **PLAINTIFF** DAVIS, CHELSEA L | | | |
| Total Charges | | | 688.00 |
| Total Payments and Credits | | | 688.00 |
| **Balance Due as of 9/26/2014** | | | **0.00** |
| | | | |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 16.00 |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 272.00 |
| PAYMENT (CASE FEES) | Receipt # 62111-2013-DCLK | PLAINTIFF DAVIS, CHELSEA L | (288.00) |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 20.00 |
| PAYMENT (CASE FEES) | Receipt # 69533-2013-DCLK | PLAINTIFF DAVIS, CHELSEA L | (20.00) |

*Printed on 09/26/2014 at 4:11 PM*

**APP 055**

UNKNOWN HANDLE, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-13-12834

| | | | |
|---|---|---|---|
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 190.00 |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 190.00 |
| PAYMENT (CASE FEES) | Receipt # 19931-2014-DCLK | PLAINTIFF DAVIS, CHELSEA L | (380.00) |

**APP 056**

# CASE SUMMARY
## CASE NO. DF-14-11110

| | | |
|---|---|---|
| **CHELSEA DAVIS**<br>vs.<br>**MCKOOL SMITH PC, et al** | §<br>§<br>§<br>§ | Location: **254th District Court**<br>Judicial Officer: **MARTIN, JAMES**<br>Filed on: **06/10/2014** |

---

### CASE INFORMATION

Case Type: **OTHER (FAMILY)**

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **PETITIONER** | **DAVIS, CHELSEA L** | |
| | | **Pro Se** |
| **RESPONDENT** | **BAXTER, SAMUEL F** | **COLLELUORI, DONALD**<br>*Retained*<br>214-939-2000(W) |
| | **MCKOOL SMITH PC** | **COLLELUORI, DONALD**<br>*Retained*<br>214-939-2000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/28/2013 | INSTRUMENTS<br>*CASE SUMMARY* | |
| 10/28/2013 | 🔒 INSTRUMENTS<br>*ORIGINAL PETITION* | |
| 10/29/2013 | INSTRUMENTS<br>*MOTION FOR TEMPORARY AND PERMANENT SEALING ORDER* | |
| 10/30/2013 | INSTRUMENTS<br>*ORDER GRANTING MOTION FOR TEMPORARY SEALING ORDER* | |
| 11/01/2013 | INSTRUMENTS<br>*NOTICE OF POSTING PUBLIC NOTICE* | |
| 11/04/2013 | INSTRUMENTS<br>*FIRST AMENDED ORIGINAL PETITION* | |
| 11/05/2013 | INSTRUMENTS<br>*EMERGENCY SUPPLEMENTAL MOTION FOR TEMPORARY AND PERMANENT SEALING ORDER AND MOTION TO STAY* | |
| 11/06/2013 | INSTRUMENTS<br>*ORDER GRANTING EMERGENCY SUPPLEMENTAL MOTION FOR TEMPORARY SEALING ORDER AND MOTION TO STAY* | |
| 11/11/2013 | INSTRUMENTS<br>*CITATION* | |
| 11/13/2013 | INSTRUMENTS<br>*PLAINTIFF EMERGENCY MOTION TO DENY TRANSFER AND TO SEVER AND OPPOSITION TO DEFENDANTS EMERGENCY MOTION TO STAY* | |

# CASE SUMMARY
## CASE NO. DF-14-11110

| | | |
|---|---|---|
| 11/14/2013 | INSTRUMENTS | |
| | *NOTICE OF HEARING* | |
| 11/15/2013 | INSTRUMENTS | |
| | *DEFENDANTS RESPONSE TO REQUEST TO LIFT STAY AND CROSS-MOTION FOR SANCTIONS* | |
| 11/18/2013 | INSTRUMENTS | |
| | *CORRESPONDENCE* | |
| 11/18/2013 | INSTRUMENTS | |
| | *NOTICE OF NONSUIT OF SAMUEL F BAXTER* | |
| 11/19/2013 | INSTRUMENTS | |
| | *ORDER OF NONSUIT OF SAMUEL F BAXTER* | |
| 11/19/2013 | INSTRUMENTS | |
| | *CORRESPONDENCE* | |
| 11/22/2013 | INSTRUMENTS | |
| | *DEFENDANT MCKOOL SMITH PC ORIGINAL ANSWER* | |
| 11/26/2013 | INSTRUMENTS | |
| | *SECOND AMENDED ORIGINAL PETITION* | |
| 11/26/2013 | INSTRUMENTS | |
| | *CORRESPONDENCE* | |
| 11/26/2013 | INSTRUMENTS | |
| | *ORDER TRANSFERRING CASE (NONSIGNED)* | |
| 11/26/2013 | INSTRUMENTS | |
| | *ORDER TRANSFERRING CASE* | |
| 11/27/2013 | INSTRUMENTS | |
| | *PLAINTIFF MOTION TO VACATE ORDER TRANSFERRING CASE* | |
| 12/04/2013 | INSTRUMENTS | |
| | *NOTICE OF NONSUIT* | |
| 12/17/2013 | INSTRUMENTS | |
| | *MOTION TO ENTER A DISCOVERY CONTROL PLAN* | |
| 12/17/2013 | INSTRUMENTS | |
| | *PLAINTIFF MOTION TO REINSTATE* | |
| 06/10/2014 | NEW CASE FILED (OCA) - FAMILY | |
| 06/10/2014 | INSTRUMENTS | |
| | *ORDER TRANSFERING CASE* | |

APP 058

# CASE SUMMARY
## CASE NO. DF-14-11110

| 06/10/2014 | 🔍 INSTRUMENTS<br>*CASE FILE COVER SHEET* |
|---|---|
| 06/11/2014 | 🔍 CORRESPONDENCE - LETTER TO FILE |
| 06/12/2014 | 🔍 NOTICE OF HEARING / FIAT |
| 06/12/2014 | 🔍 NOTICE OF HEARING / FIAT |
| 06/12/2014 | 🔍 JURY DEMAND<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*REQUEST FOR PRE-TRIAL HEARING AND JURY DEMAND* |
| 06/12/2014 | 🔍 MOTION - MISCELLANOUS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*MOTION TO LIFT STAY ENTERED 12/06/2014* |
| 06/16/2014 | 🔍 MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L |
| 06/16/2014 | 🔍 NON-SIGNED PROPOSED ORDER/JUDGMENT |
| 06/17/2014 | 🔍 NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C.DAVIS PROPOSED ORDER OF DISMISSAL* |
| 06/17/2014 | 🔍 MOTION - CONSOLIDATE<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/04/2014 | 🔍 MOTION - NEW TRIAL<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/04/2014 | 🔍 MOTION - VACATE<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/11/2014 | 🔍 MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*CORRESPONDANCE WITH STATE BAR* |
| 08/25/2014 | 🔍 MOTION - APPOINT MISC<br>*COURT APPOINTED ATTY* |
| 08/29/2014 | 🔍 NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER OF DISMISSAL W/O PREJUDICE-SUBMITTED BY C. DAVIS* |
| 08/29/2014 | 🔍 NOTICE OF NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L |

| DATE | FINANCIAL INFORMATION |
|---|---|

**PLAINTIFF** DAVIS, CHELSEA L

| | |
|---|---|
| Total Charges | 30.00 |
| Total Payments and Credits | 30.00 |
| **Balance Due as of 9/4/2014** | **0.00** |

*Printed on 09/04/2014 at 3:03 PM*

**APP 059**

# CASE SUMMARY
## CASE NO. DF-14-11110

| | | | |
|---|---|---|---|
| Charge | | DAVIS, CHELSEA L | 267.00 |
| Charge | | DAVIS, CHELSEA L | 30.00 |
| PAYMENT (CASE FEES) | Receipt # 33671-2014-DCLK | DAVIS, CHELSEA L | (30.00) |
| Adjustment | | DAVIS, CHELSEA L | (267.00) |

*Printed on 09/04/2014 at 3:03 PM*

**APP 060**

## Notices

3:14-cv-03975-N-BK McKool Smith PC v. Davis

APPEAL,CASREF,JURY

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

### U.S. District Court

### Northern District of Texas

## Notice of Electronic Filing

The following transaction was entered by Davis, Chelsea on 12/2/2014 at 10:29 PM CST and filed on 12/2/2014

**Case Name:**       McKool Smith PC v. Davis
**Case Number:**     3:14-cv-03975-N-BK
**Filer:**           Chelsea L Davis
**Document Number:** 23

**Docket Text:**
**NOTICE of *REMOVAL (SIXTH IN SERIES)* re: [1] Notice (Other) filed by Chelsea L Davis. Party Harlan R. Crow added. (Davis, Chelsea)**


**3:14-cv-03975-N-BK Notice has been electronically mailed to:**

Chelsea L Davis       usdocket@lawofficeofchelseadavis.com

Chelsea L Davis       cdavis@chelseadavispc.com


**3:14-cv-03975-N-BK The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=12/2/2014] [FileNumber=8115700-0
] [47e67fabc8427dfa6d9e38986d0d991592afd3539e026ef54eafd6311dcf622d74e
a8fc17daa44953b613e271bf7b2b7ec64e6fa3d1b603c7c8bc60503a188eb]]

**Lance Clack**

| | |
|---|---|
| **Subject:** | FW: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116 |

-----Original Message-----
From: Adam Shoneck [mailto:shonecka@adr.org]
Sent: Wednesday, December 17, 2014 2:59 PM
To: Don Colleluori
Cc: Erin Dwyer; 'Chelsea Davis'
Subject: RE: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116

Mr. Colleluori:

Absent an order staying the arbitration, we are without ability to extend the stay. The issue may be raised to the arbitrator upon appointment.

Sincerely,

Adam Shoneck

-----Original Message-----
From: Don Colleluori [mailto:don.colleluori@figdav.com]
Sent: Tuesday, December 16, 2014 11:05 AM
To: Adam Shoneck; 'Chelsea Davis'
Cc: Erin Dwyer
Subject: RE: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116
Importance: High

Adam, I am writing to request a 60 day extension of the stay in this matter.  The basis for this request is as follows.

The day after your email below, Respondents set their motion to stay arbitration for hearing on December 5, 2014, before the 298th Judicial District Court of Dallas County. A copy of the Notice of Hearing is attached. This was the first date the Court had available for the hearing. Unfortunately, several weeks later the presiding judge of the 298th District Court, the Honorable Emily Tobolowsky, voluntarily recused herself, apparently based on Ms. Davis having named her as a defendant in a related case she filed in a different Texas court. The case was therefore reassigned to the 160th Judicial District Court of Dallas County.  Copies of the recusal order and order of reassignment are attached.

Respondents then promptly secured a new hearing date, December 12, 2014, before Associate Judge McFarlin to whom the 160th District Court had referred the matter. (See attached Amended Notice of Hearing.) Shortly before this hearing was to be held, however, Ms. Davis purported to remove the case (which she had originally filed in State Court a year before) to federal court in order to prevent the 160th District Court or Judge McFarlin from proceeding. A copy of Ms. Davis's notice of the filing of the removal is attached hereto. The federal court has not yet remanded the case, although we are certain that it will, and it appears therefore that the hearing on our motion will not be held before the December 22 deadline referred to in your email below.

Finally, you should know that approximately 10 days after you advised that this matter was stayed for 60 days, Ms. Davis filed a new action against Respondents on these same claims in

1

the United States District Court for Northern District of Texas. A copy of the complaint in that action is attached. Based on the fact that Ms. Davis's claims had already been dismissed with prejudice by more than one court, the Magistrate Judge recommended, on her own motion, that Ms. Davis's newest lawsuit against Respondents be immediately dismissed with prejudice. On December 10, 2014, the District Court accepted this recommendation and entered a final judgment dismissing Ms. Davis's claims against Respondents with prejudice. Copies of the Magistrate Judge's recommendation and the District Court's orders are also attached to this email.

Based on all of the foregoing, there is more than sufficient grounds for AAA to extend the stay of these proceedings for an additional 60 days. Ms. Davis has engaged in improper and frivolous tactics in order to prevent the State Court from hearing Respondents' motion to stay in a timely fashion. Moreover, she filed the same claims she seeks to assert in arbitration in federal court - after she initiated this arbitration - and the federal court has dismissed such claims with prejudice. Respondents should not be required to incur time and expense in another forum based on Ms. Davis's duplicative and vexatious filings before the court has the opportunity to rule on its motion to stay. In this regard, it should be noted that another Texas state court recently ruled, in another one of the many suits Ms. Davis has filed over the last year, that Ms. Davis is a "vexatious litigant" within the meaning of Texas Civil Practice & Remedies Code, and that she may not, therefore, file any further lawsuits in the Texas state courts without obtaining advance permission from the appropriate local administrative judge. A copy of this vexatious litigant order if also attached.

Please advise promptly if AAA will extend the stay. Of course, if you have any questions or require any further information, you should not hesitate to contact me. Thank you for your consideration of this matter.

Don Colleluori
Figari & Davenport, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
214-939-2007 (Direct)
214-939-2090 (Fax)
don.colleluori@figdav.com


-----Original Message-----
From: Adam Shoneck [mailto:shonecka@adr.org]
Sent: Monday, October 27, 2014 9:05 AM
To: Don Colleluori; 'Chelsea Davis'
Cc: Erin Dwyer
Subject: RE: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116

Dear Counsel:

On the basis on Respondent's filing of the Motion to Stay arbitration, we will place this matter in abeyance for 60 days in accordance with Rule 1 of the Employment Arbitration Rules. The abeyance will end December 22, 2014, or if the court denies the motion, whichever is sooner. If the action is stayed by the court, we will not take further action until the stay is lifted.

Sincerely,

APP 064

Adam Shoneck


Adam Shoneck
Case Filing Specialist
American Arbitration Association
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
http://www.adr.org
T:856 679 4610
F:877 304 8457

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

-----Original Message-----
From: Don Colleluori [mailto:don.colleluori@figdav.com]
Sent: Friday, October 24, 2014 9:01 AM
To: Adam Shoneck
Cc: Erin Dwyer; 'Chelsea Davis'
Subject: RE: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116

Adam, attached please find the e-filing notification for McKool Smith's and GECESP's motion to stay the arbitration, which was filed yesterday in the 298th Judicial District Court of Dallas County, Texas.  There is a link at the bottom of the notification to access the filing.  In addition, I have attached pdf copies of the motion and exhibits to this email for your convenience.

If you have any questions, please don't hesitate to contact me.  Thank you.

Don Colleluori
Figari & Davenport, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
214-939-2007 (Direct)
214-939-2090 (Fax)
don.colleluori@figdav.com


-----Original Message-----
From: Don Colleluori
Sent: Friday, October 17, 2014 7:55 PM
To: 'Adam Shoneck'
Cc: Erin Dwyer; 'Chelsea Davis'
Subject: RE: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116

Understood.  As noted in my earlier email, we will provide AAA with a copy of our motion to stay when it is filed with the court.  Thank you.

-----Original Message-----

APP 065

From: Adam Shoneck [mailto:shonecka@adr.org]
Sent: Friday, October 17, 2014 3:46 PM
To: Don Colleluori
Cc: Erin Dwyer; 'Chelsea Davis'
Subject: RE: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116

Mr. Colleluori:

For clarification, in order to invoke a Rule 1 stay, a party must submit a copy of the filed motion to stay arbitration, or the equivalent of such a motion.

Sincerely,

Adam Shoneck

-----Original Message-----
From: Don Colleluori [mailto:don.colleluori@figdav.com]
Sent: Thursday, October 16, 2014 11:49 AM
To: Adam Shoneck
Cc: Erin Dwyer
Subject: RE: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116

Adam, as discussed in our telephone conversation yesterday, Respondents have not paid their portion of the filing fee because we intend to seek judicial intervention to stay the arbitration. As I indicated in an earlier conversation, Ms. Davis has already brought two lawsuits against McKool Smith arising out of her prior employment with the firm, and both cases were dismissed with prejudice. Copies of the dismissal orders are attached hereto for your review. Pursuant to Rule 1 of the Employment Arbitration Rules, I understand that we should provide AAA with a copy of our court filing by no later than October 29, at which time the arbitration proceedings will be automatically stayed for up to 60 days.

In addition to the dismissal of the prior lawsuits filed by Ms. Davis, I would also like to reiterate two other points we have previously discussed. First, Ms. Davis was never employed by GECESP Associates, LLC, the second named Respondent in her arbitration demand, and there is no agreement to arbitrate that exists between Ms. Davis and that entity. Second, for unknown reasons, Ms. Davis's Demand for Arbitration identifies Wilmington, Delaware as the hearing locale for the arbitration. However, both respondents are based in Dallas, Ms. Davis formerly worked for McKool Smith in Dallas, and Ms. Davis currently lives in a Dallas suburb. There is absolutely no connection to Delaware in this dispute, and it would make no sense to select an arbitrator in Delaware or conduct any hearing in that state.

If you have any questions, please don't hesitate to contact me.

Don Colleluori
Figari & Davenport, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
214-939-2007 (Direct)
214-939-2090 (Fax)
don.colleluori@figdav.com

-----Original Message-----

4

From: shonecka@adr.org [mailto:shonecka@adr.org]
Sent: Wednesday, October 15, 2014 12:46 PM
To: Don Colleluori
Subject: Chelsea Davis V. McKool Smith PC and GECESP Associates LLC - Case 01-14-0001-5116

Attached please find correspondence related to the captioned matter.
Thank you.
Adam Shoneck
Case Filing Specialist
American Arbitration Association
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
http://www.adr.org
T:856 679 4610
F:877 304 8457

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

APP 067

FILED
DALLAS COUNTY
10/23/2014 1:25:21 PM
DISTRICT CLERK
Tonya Pointer

CAUSE NO. DC-13-14215-M

| | |
|---|---|
| CHELSEA L. DAVIS, | § IN THE DISTRICT COURT |
| Plaintiff, | § |
| | § |
| Vs. | § 298TH JUDICIAL DISTRICT OF |
| | § |
| McKOOL SMITH, P.C., | § |
| Defendant. | § |
| | § DALLAS COUNTY, TEXAS |

GARY FITZSIMMONS

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT
AND STAY ARBITRATION, AND
(2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

Defendant McKool Smith, P.C. ("McKool Smith), joined by GECESP Associates,

LLC ("GECESP" and, together with McKool Smith, "Movants"), file this motion to

enforce the Court's prior judgment and stay an arbitration filed by Plaintiff Chelsea Davis

("Davis") against McKool Smith and GECESP, and to have Davis declared a vexatious

litigant pursuant to Chapter 11 of the Civil Practice and Remedies Code, and in support

thereof, would show the Court the following:

## I.   INTRODUCTION

For more than a year, McKool Smith and others have been inundated by frivolous

and duplicative lawsuits filed by Davis.  Davis is a licensed Texas attorney who briefly

worked as an associate at McKool Smith from March 2010 through January 2011.

Beginning in August 2013, Davis began filing a series of lawsuits against McKool Smith

and Samuel Baxter ("Baxter"), a McKool Smith shareholder.  All told, Davis has filed at

least 8 different suits against McKool Smith, Baxter, or both in the state and federal

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 1**

courts in Dallas and Collin counties. In a number of these cases Davis voluntarily dismissed her claims, only to turn around and re-file them in another action.

Importantly, Davis's claims against McKool Smith have already been adjudicated by this Court. On December 27, 2013, the Court entered an order in this action (the "Sanctions Order") sanctioning Davis for her abuse of the judicial system by, among other things, violating court orders, filing lawsuits in multiple courts, and filing discovery and groundless motions in cases that had already been dismissed. [*See* Exhibit A.] Based on this conduct, the Court imposed monetary sanctions on Davis and dismissed all of her claims against McKool Smith with prejudice.

Unfortunately, the Court's Sanctions Order did not deter Davis, and she continues to deluge McKool Smith and others with voluminous, frivolous, and usually nonsensical pleadings and other filings in this Court and elsewhere. Since the Sanctions Order was entered, for example, Davis has filed new lawsuits against Baxter and McKool Smith, as well as additional pleadings in this and other cases that have long been dismissed. She has also sent unsolicited emails and letters to the clerks, court coordinators, presiding judges, and administrative judges of Dallas and Collin County alleging judicial and other misconduct.

The United States District Court for the Northern District of Texas (the "Federal Court") has already dismissed a suit Davis filed against McKool Smith on *res judicata* grounds based on the Sanctions Order. [*See* Exhibit B.] In her latest gambit, Davis recently filed a demand for arbitration (the "Arbitration") against McKool Smith and

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 2**

**APP 069**

GECESP, an investment entity owned by several shareholders and employees of McKool

Smith, raising the same claims again. [*See* Exhibit C.]

The time has come to put an end to Davis's abuse of the judicial process.  The

Court should stay the Arbitration, which is barred by *res judicata* based on the Sanctions

Order.  In addition, the Court should declare Davis a vexatious litigant under TEX. CIV.

PRAC. & REM. CODE §11.101 and enter an order prohibiting her from filing any new

lawsuits *pro se,* and barring her from further abusive use of the Court's electronic filing

system, without first obtaining permission to do so from the local administrative judge,

the Honorable Robert Burns.

## II.  STATEMENT OF FACTS

As noted above, the Court has already dismissed this case with prejudice as a

sanction for Davis's litigation misconduct through the date of the Sanctions Order.  That

conduct was detailed in the Defendant's Second Motion for Sanctions ("Sanctions

Motion") filed herein on December 16, 2013, and, in the interest of brevity, Movants

adopt and incorporate the Sanctions Motion.  As set forth below, Davis's conduct has

continued unabated since the Sanctions Motion was filed.

### A.  Davis Removes Her Own Lawsuit.

Just days after the Sanctions Motion was filed, Davis attempted to remove a case

she had previously filed against Baxter and Leslie Ware ("Ware") in the 254th District

Court.   Contemporaneously with her notice of removal, Davis attempted to file a

Complaint in the removed action, naming McKool Smith, Baxter, Ware, and others as

defendants.  The Federal Court quickly remanded the removed action to the 254th District

DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 3

APP 070

Court *sua sponte,* and Davis voluntarily withdrew her purported Complaint in that proceeding.

**B.    Davis Files Another Federal Court Action.**

Less than two weeks after the Court dismissed this action, Davis filed another lawsuit against McKool Smith, Civil Action No. 3:14-CV-00056, in the Federal Court, asserting a wide assortment of statutory and common law claims arising out of her employment at McKool Smith and her alleged mistreatment by McKool Smith and Baxter.   McKool Smith promptly moved to dismiss on the ground that, among other things, Davis's claims were barred under principles of *res judicata* based on this Court's Sanctions Order.   On September 30, 2014, the Federal Court granted McKool Smith's motion and ordered Davis's clams against McKool Smith dismissed with prejudice. [*See* Exhibit B.]

**C.    Davis Files Multiple Pleadings In Dismissed Cases.**

Prior to this action, Davis had filed another action in this Court, Cause No. DC-13-12834, against McKool Smith and Baxter.   The Court transferred that case to the 254th District Court (where Davis had previously sued Ware and Baxter), and Davis nonsuited all of her claims therein.   In September 2014, however, Davis began filing multiple documents, including amended pleadings in the transferred action as if it were still ongoing.   Davis also continues to file documents in this case, despite the fact it has been dismissed with prejudice, including various amended petitions.   Davis's most recent pleading herein, filed on October 7, 2014, and denominated as Plaintiff's Fifth Amended Petition, specifically challenges the validity and preclusive effect of the Sanctions Order.

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 4**

**D.      Davis Files Another Case Against Baxter, Ware And Others.**

On September 5, 2014, Davis filed yet another action against Baxter and Ware in Collin County, Texas (the "Collin County Action"), once again complaining of their supposed mistreatment in connection with her employment at McKool Smith. Davis also named her former attorney, the judge and associate judge for the 254th District Court, and the presiding judge of this Court as defendants in the Collin County Action.

**E.      Davis Files The Arbitration.**

On September 22, 2014, Davis filed the Arbitration against McKool Smith and GECESP, again asserting employment discrimination claims and seeking damages of more than $100 million. [*See* Exhibit C.]  Significantly, Davis was never employed by GECESP, which is not an operating entity and has never had any employees.

## III.  ARGUMENT

As the Federal Court has already found, the Sanctions Order entered in this case bars Davis from relitigating her employment discrimination and other claims against McKool Smith.   Moreover, Davis never had an employment agreement or any other relationship with GECESP, nor does she have any agreement to arbitrate with that entity. Accordingly, the Court should, under its inherent authority to enforce its judgments and TEX. CIV. PRAC. & REM. CODE §171.023, stay the Arbitration in its entirety.  In addition, based on her continuing abuse of the judicial process, even after the Sanctions Order was entered, Davis should be declared a vexatious litigant and prohibited from filing additional lawsuits without first obtaining permission from the local administrative judge.

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 5**

APP 072

**A.      The Arbitration Should Be Stayed.**

The Court has both statutory and inherent power to enforce its judgments, even after its plenary power has expired. *See Hines v. Villalba,* 231 S.W.3d 550, 553 (Tex. App. – Dallas 2007, no pet.). As part of the authority to enforce its judgment, the Court can determine whether an arbitration proceeding is precluded by such prior judgment. *See W. Dow Hamm III Corp. v. Millennium Income Fund,* 237 S.W.3d 745, 755 (Tex. App. – Houston [1st Dist.] 2007, no pet.); *see also Rapid Settlements, Ltd. v. Symetra Life Ins. Co.,* 234 S.W.3d 788, 795-96 (Tex. App. – Tyler 2007, no pet.) (court is empowered to enjoin other court proceedings to confirm, enforce or compel arbitration in order to enforce its own prior judgment or to protect a party from vexatious or harassing litigation).

In addition to the inherent power to enforce its judgment, a court "may stay an arbitration commenced or threatened on application and a showing that there is not an agreement to arbitrate." TEX. CIV. PRAC. & REM. CODE §171.023(a). If there is not a pending proceeding involving an issue referable to arbitration, the application to stay the arbitration may be made to any court. TEX. CIV. PRAC. & REM. CODE §171.024.

**1.      The Arbitration is Barred By *Res Judicata*.**

Under Texas law, *res judicata* (or claim preclusion) prevents a party from relitigating claims where there has been a prior adjudication on the merits of the same claims between the same parties. *Igal v. Brightstar Info. Tech. Grp., Inc.,* 250 S.W.3d 78, 86 (Tex. 2008). For *res judicata* purposes, the Court's dismissal of Davis's claims with prejudice in the Sanctions Order is a final judgment on the merits. *Mossler v. Shields,*

DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 6

818 S.W.2d 752, 754 (Tex. 1991). And Davis's Arbitration demand involves the same cause of action that was at issue in this case and her Federal Court action against McKool Smith. As Judge Godbey held in dismissing Davis's claims against McKool Smith in the latter suit:

> [B]oth actions arise from the employment relationship between Davis and McKool Smith as well as allegations of Leslie Ware's and Samuel Baxter's misconduct. ... Davis alleges facts regarding her employment in both her State Court Petition, ... and in her [Federal Court] Complaint. ... Davis also alleges facts regarding the misconduct of Ware and Baxter in both her State Court Petition, ..., and in her Complaint. ... In examining "the factual matters that make up the gist of the" State Court Petition, the scope of the transaction in the state court action was Davis's employment with McKool, and the alleged actions of Ware and Baxter.

[Exhibit B at 6-7 (citations omitted).]

Based on this analysis, Judge Godbey held that the Sanctions Order precluded Davis from reasserting her claims against McKool Smith on the basis of *res judicata*. [Exhibit B at 7.] This same analysis also forecloses Davis's effort to relitigate those claims in the Arbitration. As the Court can see from the attached Exhibit C, Davis's Arbitration demand once again asserts claims for various forms of employment discrimination against McKool Smith. These claims are barred by *res judicata*. In order to enforce and protect the integrity of its judgment in this case, therefore, the Court should stay the Arbitration.

## 2. There Is No Arbitration Agreement With GECESP.

The Court should also stay the Arbitration as to GECESP since there is no arbitration agreement between that entity and Davis. TEX. CIV. PRAC. & REM. CODE

DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 7

APP 074

§171.023(a) (authorizing court to stay an arbitration where there is no agreement to arbitrate); *see also In re Kellogg Brown v. Root, Inc,* 166 S.W.3d 732, 737 (Tex. 2005) (party seeking to compel arbitration must establish that a valid arbitration agreement exists and that the asserted claims fall within the scope of that agreement). Indeed, Davis has absolutely no relationship with GECESP, which doesn't even have any employees, so her claims against it are frivolous and represent nothing more than a further effort to use the judicial process for harassment.

### B.  The Court Should Declare Davis A Vexatious Litigant And Prohibit Her From Filing Additional Lawsuits Without The Permission Of The Local Administrative Judge.

The Court should also determine that Davis is a vexatious litigant under Chapter 11 of the CIVIL PRACTICE AND REMEDIES CODE. Under the criteria set forth in §11.054, Davis is a vexatious litigant because: (1) there is no reasonable probability that she will prevail against McKool Smith, and (2) she has repeatedly attempted to relitigate her claims against McKool Smith and the validity of the Court's decision in this case. Indeed, Davis is a textbook example of why the vexatious litigant statute was passed. Rather than simply appeal the Sanctions Order if she was dissatisfied with the Court's conclusion, she has repeatedly attempted to evade that order by numerous half-baked filings in this and other cases.[1] Moreover, she filed first a lawsuit in the Federal Court and now the Arbitration, asserting the same causes of action this Court has dismissed

---

[1] Davis has in fact appealed the Sanctions Order, but has failed to file an appellant's brief in conformity with the rules of appellate procedure.

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** – Page 8

with prejudice. As the Federal Court has already concluded, there is no reasonable probability Davis can prevail on these claims because they are barred by *res judicata*.

In light of Davis's blatant abuse of the judicial process, the Court should find that Davis is a vexatious litigant and enter a pre-filing order under TEX. CIV. PRAC. & REM. CODE §11.101. *See Pandozy v. Beaty,* 254 S.W.3d 613, 619 (Tex. App. – Texarkana 2008, no pet.) (upholding finding that party was vexatious litigant where there was evidence of at least 7 separate actions he had instituted and lost or dismissed, as well as his attempts to continue proceedings in a case that had been dismissed). Pursuant to such an order, Davis would be prohibited from filing any new litigation without first obtaining the permission of the local administrative judge, the Honorable Robert Burns. Davis's history of vexatious ligation, as partially set forth in this motion and the Sanctions Motion,[2] demonstrates that nothing else will relieve the courts and the parties of the significant time and expense associated with having to deal with her countless frivolous filings. Moreover, given her perversion of the electronic filing system to abuse and harass McKool Smith, Baxter, and others with a torrent of filings in this and other suits that have already been dismissed or administratively closed, the Court should revoke her permission or privileges to use that system to make any filings in the future.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, McKool Smith and GECESP request that, upon notice to Davis and hearing, the Court enter an order that: (1) the Arbitration is

---

[2] Movants have only included in the facts recited above the cases filed by Davis against McKool Smith or Baxter. Davis has also continued to use various lawsuits to harass, among others, Ware and Harlan Crow.

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 9**

permanently stayed in its entirety; (2) Davis is a vexatious litigant as defined in TEX. CIV. PRAC. & REM. CODE §11.054; and (3) Davis is prohibited from filing any new litigation in the courts of this state without obtaining the permission of the local administrative judge as set forth in TEX. CIV. PRAC. & REM. CODE §11.101(a).

Respectfully submitted,

By: *Don Colleluori*
     A. Erin Dwyer
     State Bar No. 06302700
     Erin.Dwyer@figdav.com
     Don Colleluori
     State Bar No. 04581950
     Don.Colleluori@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000 - Telephone
(214) 939-2090 - Facsimile

ATTORNEYS FOR
McKOOL SMITH, P.C. and
GECESP ASSOCIATES, LLC

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has conferred with Plaintiff, who advised that she opposes the relief sought in this Motion.

*Don Colleluori*
Don Colleluori

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** – Page 10

APP 077

## CERTIFICATE OF SERVICE

I certify that this instrument was served on Plaintiff on the 23rd day of October, 2014, in the manner noted below:

*Via Email and Facsimile*
Chelsea L. Davis
2068 Meadow View Road
Princeton, Texas 75407
cdavis@chelseadavispc.com
(469) 533-0466 – Facsimile

*Don Colleluori*
Don Colleluori

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** – Page 11

**APP 078**

345m. 000388

Cause No. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT |
| | § | |
| MCKOOL SMITH, P.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## AMENDED ORDER DISMISSING ALL CLAIMS WITH PREJUDICE, IMPOSING SANCTIONS, AND ENJOINING FURTHER FILINGS

On December 26, 2013, came on for hearing Defendants' Second Motion for Sanctions (the "Motion"). Although duly served with a copy of the Motion and an Order to Appear and Show Cause why the Court should not grant the Motion, and impose sanctions, based on the conduct detailed in the Motion, Plaintiff Chelsea Davis ("Davis") failed to respond to the Motion or appear at the hearing thereon.

Based on the conduct detailed in the Motion, Defendants seek the imposition of sanctions on Davis in the form of an Order (1) modifying the prior orders of dismissal so as to dismiss Davis's claims against Defendants with prejudice; (2) enjoining Davis from filing further lawsuits against Defendants; (3) imposing a monetary sanction of $10,000.00, and (4) awarding Defendants all of their costs and attorneys' fees incurred in connection with these cases, together with reasonable fees in the event of any appeal.

Based on the evidence and argument introduced at the hearing, the Court finds and concludes that Plaintiff has repeatedly filed, and dismissed, numerous lawsuits against Defendants in multiple courts asserting the same or related claims, with no intention of

---

AMENDED ORDER DISMISSING CLAIMS, ETC.

**EXHIBIT**
A

PAGE 1

prosecuting these various suits but instead for the purpose of harassing Defendants; and that such filings were an effort by Davis to forum shop and evade sealing and stay orders of this and other courts solely to generate publicity.

The Court further finds that Davis has acted in bad faith, and abused the judicial system, by repeatedly violating sealing and stay orders entered by this Court; improperly communicating with the Court on an ex parte basis, and by uninvited emails despite being instructed not to do so; filing groundless pleadings, motions, and other documents, including filing lawsuits in multiple courts on the same day alleging the exact same claims as were already pending before other courts, filing additional lawsuits naming different defendants on the same claims so as to avoid sealing and/or transfer orders, and filing discovery or groundless motions in cases already dismissed; making groundless accusations of misconduct against counsel and the judiciary, including forgery and corruption; and delivering numerous vile, obscene and offensive email communications to opposing counsel and Defendants.

Davis' abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders. These actions are sanctionable as violations of Tex. Civ. Prac. And Rem. Code §§10.001(1) and (3), and pursuant to the Court's inherent power. It is, therefore, accordingly

APP 080

ORDERED that the Motion is hereby granted in ~~its entirety~~ *Part and* the Court's prior Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order; it is further

ORDERED that all claims asserted by Davis herein against these Defendants be and the same are hereby DISMISSED WITH PREJUDICE; it is further

ORDERED that Davis pay to Defendants the sum of $10,000.00 as a sanction; it is further

ORDERED that Defendants have and recover from Davis the sum of $65,000.00 as reasonable and necessary attorney's fees and expenses incurred by them as a result of Davis' sanctionable misconduct; it is further *EGT*

~~ORDERED that Davis be, and she hereby is, enjoined from any further filing against Defendants of the claims dismissed herein.~~

SIGNED this ___27___ day of December, 2013.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHELSEA L. DAVIS,                    §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §         Civil Action No. 3:14-CV-0056-N
                                     §
MCKOOL SMITH, *et al.*,              §
                                     §
        Defendants.                  §

## ORDER

This Order addresses Defendant McKool Smith's motion to dismiss ("Def.'s Mot.

Dismiss") [Doc. 8]. For the following reasons, the Court grants the motion.

### I. THE EMPLOYMENT DISPUTE

As both parties acknowledge, the claims in this action arise from Plaintiff Chelsea

Davis's former employment with McKool Smith. *See* Def.'s Mot. Dismiss 3; Pl.'s Opp'n

13 [9]. Davis states claims for sex discrimination; disability discrimination; racial

discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false

imprisonment; quantum meruit and unjust enrichment; assault and battery and conspiracy to

commit assault and battery; wrongful termination; breach of contract; intentional infliction

of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and

retention; gross negligence; personal injury under 18 U.S.C.§ 2255; conspiracy to violate

various constitutional and statutory rights; sexual assault, aggravated sexual assault, federal

assault, and sexual abuse; violation of 18 U.S.C.§ 247; and violation of 18 U.S.C. § 1592.

ORDER – PAGE 1

EXHIBIT
B

On December 2, 2013, in an earlier lawsuit, Davis sued McKool Smith in the 298th Judicial District Court of Dallas County.[1]  The state court ultimately dismissed the case with prejudice.  McKool Smith now moves this Court to dismiss the complaint in this action.

## II. The Standard For Dismissal

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Factual allegations

---

[1]When considering a motion to dismiss for failure to state a claim, the Court may consider, in addition to the facts contained in the complaint, "matters of which they may take judicial notice."  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).  "Courts may take notice of the judicial record in prior related proceedings."  *Reneker v. Offill*, 2010 WL 1541350, at *5 (N.D. Tex. 2010).

ORDER – PAGE 2

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss . . . ." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

### III. THE COURT GRANTS MCKOOL SMITH'S MOTION TO DISMISS

#### A. Res Judicata Standard

McKool Smith first argues that Davis's claims are barred by res judicata. Under the principles of res judicata, a plaintiff cannot relitigate claims "that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Federal courts apply state res judicata law when determining the effect of a prior state court judgment. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In Texas, res judicata applies where the following elements are met: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250

ORDER – PAGE 3

S.W.3d 78, 86 (Tex. 2008) (citation omitted); *see also Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011).

## B. Res Judicata Bars Davis's Claims

*1. There Was a Final Judgment on the Merits.* – On December 27, 2013, in response to a motion for sanctions, the judge in the state court action entered an order dismissing all of Davis's claims in that action with prejudice. *See* Def.'s Mot. Dismiss App. 004–006. That dismissal was a final judgment on the merits. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."). That the court issued the order as a sanction does not change the fact that it is a final judgment. *See id.* (dismissal with prejudice as a discovery sanction was a final judgment with preclusive effect); *Logan v. First Bank of Hous., Tex.*, 736 S.W.2d 927, 930–31 (Tex. App. – Beaumont 1987, writ ref'd n.r.e.) (same).

Davis contends that the state court lacked jurisdiction to enter the order. Davis argues that, because she took a nonsuit of her claims on December 4, 2013 and the court dismissed her claims without prejudice the same day, the court was without jurisdiction over the merits of her claims as of that date. This argument is contrary to the law. A state trial court has plenary power to act for thirty days following its dismissal of a case. *See* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d

ORDER – PAGE 4

APP 085

594, 595–56 (Tex. 1996) (trial court had authority during its plenary jurisdiction to grant motion for sanctions that was filed following a dismissal in accordance with nonsuit). "A trial court's power to modify its judgment is virtually absolute during the period of its plenary power." *In re Provine*, 312 S.W.3d 824, 829 (Tex. App. – Houston [1st Dist.] 2009, no pet.). Davis took nonsuit of her claims and the case was dismissed without prejudice on December 4, 2013. Less than 30 days later, on December 27, 2013, the state court entered an amended order dismissing all claims with prejudice and imposing sanctions. *See* Def.'s Mot. Dismiss App. 004–006 (ordering that "the Court's prior Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order"). Because this action occurred within 30 days of the initial order, it fell within the court's plenary power. Accordingly, the state court judgment was a final judgment on the merits by a court of competent jurisdiction for the purposes of res judicata.

   *2. The Parties in Both Lawsuits Are Identical*. – In both the state court action and this action, Chelsea Davis sued McKool Smith. Davis does not dispute that this element of res judicata has been established. *See* Pl.'s Opp'n 12. The second element of res judicata is accordingly satisfied.

   *3. This Action Is Based on the Same Claims That Davis Raised or Could Have Raised in the State Court Action.* – Courts applying Texas law use the transactional test to determine whether two suits involve the same cause of action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). In applying this test, "a final judgment on an

ORDER – PAGE 5

action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) (citation omitted). Determining the scope of the transaction of the prior suit "requires 'an analysis of the factual matters that make up the gist of the complaint, without regard to the form of the action.'" *Daccach*, 217 S.W.3d at 449 (quoting *Barr*, 837 S.W.2d at 631). The Court should "giv[e] weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr*, 837 S.W.2d at 631 (citation omitted) (internal quotation marks omitted). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.* at 630.

Here, both actions arise from the employment relationship between Davis and McKool Smith as well as allegations of Leslie Ware's and Samuel Baxter's misconduct. *Compare* Pl.'s Compl., *with* Pl.'s Opp'n App. 005–014 ("Pl.'s State Ct. Pet."). Davis alleges facts regarding her employment with McKool Smith in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 10–13, and in her Complaint, *see* Pl.'s Compl. 2–3, 9–10. Davis also alleges facts regarding the misconduct of Ware and Baxter in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 11, 13, 14, and in her Complaint, *see* Pl.'s Compl. 3–4, 5–6, 7. In examining "the factual matters that make up the gist of the" State Court Petition, the scope

ORDER – PAGE 6

APP 087

of the transaction in the state court action was Davis's employment with McKool and the alleged actions of Ware and Baxter.

Although Davis asserts additional claims in this action that she did not assert in the state court action, she *could have* asserted the claims in the state court action. As Texas law makes clear, "[t]he scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which *arise out of the same subject matter* and which *might have been litigated in the first suit.*" *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979) (emphasis added) (citations omitted). The fact that Davis chose not to assert these additional claims is irrelevant for the purposes of claim preclusion because the relevant inquiry is whether the claims asserted by plaintiff *could have been litigated* in the state lawsuit. All of the claims asserted in this action could have been asserted in the state action because they all arise from the transactions at issue in the state court action – specifically, her employment with McKool Smith and the alleged misconduct of Ware and Baxter. Accordingly, res judicata precludes Davis from asserting these claims in this case.

## CONCLUSION

For the foregoing reasons, the Court grants McKool Smith's motion to dismiss.

ORDER – PAGE 7

APP 088

Signed September 30, 2014.

David C. Godbey

United States District Judge

ORDER – PAGE 8

APP 089


**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Please visit our website at www.adr.org if you
would like to file this case online. AAA Case Filing
Services can be reached at 877-495-4185.

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

**MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☑
*There is no additional administrative fee for this service.*

| Name of Respondent<br>McKool Smith P.C.  + GECESP Associates LLC | | | Name of Representative (if known)<br>Don Colleluori and Erin Dwyer | | |
| --- | --- | --- | --- | --- | --- |
| Address<br>300 Crescent Court, Ste. 1500 | | | Name of Firm (if applicable)<br>Figari & Davenport | | |
| | | | Representative's Address<br>901 Main St. Ste. 3400 | | |
| City<br>Dallas | State<br>TX | Zip Code<br>75201 | City<br>Dallas | State<br>TX | Zip Code<br>75202 |
| Phone No.<br>214-978-4000 | | Fax No.<br>214-978-4044 | Phone No.<br>214-939-2005 | | Fax No.<br>214-939-2090 |
| Email Address:<br>gweden@mckoolsmith.com | | | Email Address:<br>don.colleluori@figdav.com | | |

The named claimant, a party to an arbitration agreement dated ___4/8/2010___, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

**THE NATURE OF THE DISPUTE**
Sexual harassment, wage discrimination, and denied wages in employment through termination on July 11, 2014 using multiple entities.

| Dollar Amount of Claim $100,000,000.00 | Other Relief Sought:  ☒ Attorneys Fees   ☒ Interest<br>☒ Arbitration Costs ☒ Punitive/ Exemplary ☐ Other _____ |
| --- | --- |

Amount Enclosed $_____      In accordance with Fee Schedule: ☐Flexible Fee Schedule   ☐Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:

Hearing locale Wilmington, Delaware _____   (check one) ☒ Requested by Claimant   ☐ Locale provision included in the contract

| Estimated time needed for hearings overall:<br>_____ hours or ___10.00___ days | Type of Business:  Claimant ___Attorney___<br>Respondent Law Firm/Patent Troll |
| --- | --- |

Is this a dispute between a business and a consumer? ☐Yes ☐ No Does this dispute arise out of an employment relationship? ☒ Yes ☐ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range?  Note: This question is required by California law. ☐Less than $100,000 ☐ $100,000 - $250,000 ☒ Over $250,000

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

| Signature (may be signed by a representative)      Date:<br>8/3/2014 | Name of Representative |
| --- | --- |
| Name of Claimant<br>Chelsea L. Davis | Name of Firm (if applicable) |
| Address (to be used in connection with this case)<br>2068 Meadow View Dr. | Representative's Address |

| City<br>Princeton | State<br>TX | Zip Code<br>75205 | City | State | Zip Code |
| --- | --- | --- | --- | --- | --- |
| Phone No.<br>469-426-5850 | | Fax No.<br>469-533-0466 | Phone No. | | Fax No. |
| Email Address:<br>cdavis@chelseadavispc.com | | | Email Address: | | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak F Voorhees, NJ 08043. Send the original Demand to the Respondent.

**EXHIBIT**

tabbies

C

MUST BE FILLED OUT
SIGNED, DATED AND
RETURNED

## ARBITRATION AGREEMENT

**READ THIS AGREEMENT CAREFULLY BEFORE YOU SIGN. THEN RETURN FOR RETENTION IN YOUR PERSONNEL FILE.**

To resolve disputes which might become civil court cases. you and McKool Smith agree that the following disputes will be submitted to final and binding arbitration before a neutral arbitrator and not to any court.

- Claims of unlawful harassment or discrimination which cannot be resolved by the parties or during an investigation by an administrative agency (such as the Department of Fair Employment and Housing or the Equal Employment Opportunity Commission).
- Claims of unfair demotion or reduction in pay.
- Claims of wrongful discharge or termination.
- Claims of post-termination defamation.

You begin the arbitration process by delivering a written request for arbitration to McKool Smith within the time limits which would apply to the filing of a civil complaint in court. A late request will be void.

If we are unable to agree upon a neutral arbitrator. we will obtain a list of arbitrators from the American Arbitration Association. The arbitrator shall be bound by the provisions and procedures set forth in the 1989 Model Employment Arbitration Procedures of the American Arbitration Association. The arbitrator shall determine the prevailing party in the arbitration and the costs of the arbitration shall be paid by the non-prevailing party. The arbitrator shall have the authority to order any legal and equitable remedy which would be available in a civil or administrative action on the claim.

This arbitration shall be exclusive means of resolving any disputes(s) listed in this agreement and no other action will be brought in any court or administrative forum.

If any court of competent jurisdiction declares that any part of this Arbitration Agreement is illegal. invalid or unenforceable. such a declaration will not affect the legality. validity or enforceability of the remaining parts of the Agreement, and the illegal: invalid or unenforceable part will no longer be part of this Agreement.

**THIS AGREEMENT IS A WAIVER OF ALL RIGHTS TO A CIVIL JURY TRIAL FOR A DISPUTED TERMINATION, DEMOTION, AND/OR A CLAIM FOR UNLAWFUL HARASSMENT OR EMPLOYMENT DISCRIMINATION.**

_____        4/8/10
Employee Signature                                      Date

COPY

HR 2264/1

FILED
DALLAS COUNTY
12/4/2014 2:56:58 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-13-14215-M

| | |
|---|---|
| CHELSEA L. DAVIS, | § IN THE DISTRICT COURT |
| Plaintiff, | § |
| | § |
| | § |
| Vs. | § 298TH JUDICIAL DISTRICT OF |
| | § |
| McKOOL SMITH, P.C., | § |
| | § |
| Defendant. | § DALLAS COUNTY, TEXAS |

**AFFIDAVIT OF GARY W. EDEN IN SUPPORT OF DEFENDANT'S
(1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS      §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Gary W. Eden, who, being duly sworn, deposes and states as follows:

1.      My name is Gary W. Eden.  I am over eighteen (18) years of age and am otherwise competent to testify to the matters stated hereinafter. I am the Managing Member of GECESP Associates, LLC ("GECESP"), and have held that position since the initial formation of GECESP in 2007.   I am also the Executive Director of McKool Smith, P.C. ("McKool Smith").  As such, I have personal knowledge of the facts set forth herein, all of which are true and correct.

2.      GECESP is a limited liability company whose sole purpose is to make investments. Specifically, GECESP is a limited partner in a real estate partnership known as Centcom/Vista Grove LP, Limited Partnership. Certain members of GECESP are

employed by, or are shareholders of, the law firm McKool Smith. However, there is no legal or business relationship between GECESP and McKool Smith, which are completely separate and distinct legal entities with different management and ownership. McKool Smith does not have any ownership interest in GECESP, and GECESP does not have any ownership interest in McKool Smith. Neither Leslie D. Ware nor Samuel F. Baxter has ever had any ownership interest in, or other affiliation with, GECESP.

3.      Chelsea L. Davis ("Davis") was hired as an associate attorney by McKool Smith in March 2010. A true and correct copy McKool Smith's offer of employment to Davis, which was signed by me as the firm's Executive Director, is attached hereto as Exhibit A, and a true and correct copy of Davis's email accepting such offer is attached hereto as Exhibit B. McKool Smith terminated Davis's employment on January 11, 2011. A true and correct copy of the memorandum I sent to Davis advising her that her employment at McKool Smith had been terminated is attached hereto as Exhibit C.

4.      GECESP never employed or agreed to employ Davis for any purpose. Indeed, as an investment entity, GECESP does not have, nor has it ever had, any employees. Likewise, Davis never provided any legal services to GECESP, and GECESP never asked Davis to render any legal services to it.

5.      GECESP never entered into an agreement with Davis to arbitrate any dispute. Indeed, GECESP has never entered into any kind of contract or agreement with Davis at all, much less one that includes an arbitration agreement.

AFFIDAVIT OF GARY W. EDEN IN SUPPORT OF DEFENDANT'S
(1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 2

Further, affiant sayeth not.

_____
Gary W. Eden

SUBSCRIBED AND SWORN TO BEFORE ME on this 3rd day of December, 2014, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

_____
Stamped/Printed Name of Notary

SABRENA BLAY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 05-28-2016

AFFIDAVIT OF GARY W. EDEN IN SUPPORT OF DEFENDANT'S
(1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 3

## CERTIFICATE OF SERVICE

I certify that this instrument was served on Plaintiff on the 4th day of December,

2014, through the Court's e-filing system, as well as in the manner noted below:

*Via Email and Facsimile*
Chelsea L. Davis
2068 Meadow View Road
Princeton, Texas 75407
cdavis@chelseadavispc.com
(469) 533-0466 – Facsimile


*Don Colleluori*
Don Colleluori


AFFIDAVIT OF GARY W. EDEN IN SUPPORT OF DEFENDANT'S
(1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 4

# MCKOOL SMITH

A PROFESSIONAL CORPORATION • ATTORNEYS
300 Crescent Court
Suite 1500
Dallas, Texas 75201

Gary W. Eden
Direct Dial: (214) 978-4099
gweden@mckoolsmith.com

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

March 22, 2010

VIA E-MAIL

Ms. Chelsea Davis
texaspatent@gmail.com

Dear Chelsea:

I am pleased to extend to you an offer of employment as an Associate of McKool Smith in its Dallas office. Your employment will be subject to the following terms: your monthly salary will be $14,583.33 and the term of employment will be through December 31, 2010. On or before December 1, 2010, we will review our current needs and advise you if your employment will be continued on a permanent basis past December 31.

In addition to your cash compensation the firm will provide you with group term life insurance of $500,000 and long term disability insurance with benefits up to 60% of your monthly earnings (up to a maximum monthly amount of $25,000). The firm provides health insurance for each employee through United Health Care's Choice Plus plan and is effective the first of the month following date of hire. The employee's cost of coverage per month is as follows: Employee only $106; Employee & Children $570; Employee & Spouse $667; and Employee + Family $853. These rates are effective through December 31, 2010, and are subject to a potential increase each year when the insurance contract is renewed. Enclosed are materials which summarize health plan coverage. We will be happy to provide you with additional materials which describe the health plan in greater detail upon your request. Additionally, you will also be eligible to participate in the firm's 401(k) retirement plan. Participants may begin on the first day of a new plan quarter after 30 days of service with the firm. The plan is on a fiscal year which begins November 1.

This offer is subject to the following: (1) verification that there are not any potential conflicts of interest that have not been resolved, (2) that you are duly licensed to practice law in the Sate of Texas, (3) that you have not been subject to a reprimand or disciplinary action by any State Bar, and (4) that you satisfactorily complete and return the attached questionnaire along with your acceptance of our offer on or before April 1, 2010.

Dallas 298057v1

EXHIBIT

Ms. Chelsea Davis
March 22, 2010
Page 2


    Chelsea, the firm is very much looking forward to your accepting this offer.  If you have any questions or wish to discuss this offer in any respect, please do not hesitate to call me.

Very truly yours,


Gary W. Eden
Executive Director

GE:shs
Enclosures

cc:    Sam Baxter, Principal

Dallas 298057v1

Page 1 of 1

**Susan Stanislav**

| | |
|---|---|
| **From:** | Chelsea Davis [texaspatent@gmail.com] |
| **Sent:** | Wednesday, March 31, 2010 5:09 PM |
| **To:** | Susan Stanislav |
| **Cc:** | Gary W. Eden; Sam Baxter |
| **Subject:** | Re: McKool Smith Offer |
| **Attachments:** | Insurance Questionnaire.JPG |

Susan,

I accept your offer to join the Dallas office. I have attached my response to your insurance questionnaire. Please feel free to contact me with any questions you may have at (469) 426-5850. I am available to begin working at any time.

Thanks,

Chelsea
Chelsea Davis
texaspatent@gmail.com
469.426.5850

On Mon, Mar 22, 2010 at 1:12 PM, Susan Stanislav <sstanislav@mckoolsmith.com> wrote:
Dear Ms. Davis,

Attached is your offer to join our Dallas office. Feel free to contact Gary Eden or myself if you have any questions about the offer.

We look forward to hearing from you soon.

Susan H. Stanislav
Attorney Recruiting Coordinator
**MCKOOL SMITH**
P 214.978.4034
F 214.978.4044
C 214.808.7210

NOTICE OF CONFIDENTIALITY:
The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.



EXHIBIT

B

4/6/2010

# McKool Smith

### A PROFESSIONAL CORPORATION · ATTORNEYS

*Confidential, Privileged, and/or Attorney Work Product*

## MEMORANDUM

| | |
|---|---|
| **TO:** | Chelsea Davis |
| **FROM:** | Gary W. Eden |
| **DATE:** | January 11, 2011 |
| **RE:** | Termination of Employment |

Please be advised that effective today, January 11, 2011 your employment with the Firm is terminated. You will be given a severance payment in lieu of notice to February 28, 2011 (check is enclosed).

Richard Sheard will assist you in packing up your office and getting your personal belongings over to your apartment. Also enclosed is a memo from HR regarding your medical benefits which will remain in effective until February 28, 2011. Cobra paperwork will be mailed to your from Ceridian. If you have any questions in this regard, please contact Dee Lee or Sandra Ashmore.

Thank you.

HR 5151v1

**EXHIBIT**
tabbies
C